UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

GERVIL ST. LOUIS,

          Plaintiff,

   vs.

DOUGLAS PERLITZ, et al.,

          Defendants.

Civ. A. No. 3:13-cv-01132-RNC

**ANSWER OF FR. PAUL E. CARRIER TO COMPLAINT OF
DAPHELUS BAPTISTE (CIV. A. NO. 3:13-CV-01881)**

The defendant, Father Paul E. Carrier, answers the plaintiff's complaint as follows.

ANSWERS TO THE ALLEGATIONS OF THE COMPLAINT

1.     Carrier admits that Perlitz operated a residential school in Haiti and that in 2011 he was convicted of violating 18 U.S.C. § 2423(b). Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that Perlitz sexually molested dozens of Haitian boys, including Daphelus Baptiste, or that he molested numerous children in his care over a period of many years. Carrier otherwise denies the allegations of paragraph 1 of the Complaint.

2.     Carrier admits that Perlitz established a residential school in Haiti called Project Pierre Toussaint ("PPT"). Carrier admits that PPT provided services to very poor children in Haiti, many of whom lacked homes and regular meals. Carrier admits that Perlitz resided in Haiti and was the director of PPT. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that Perlitz's position as director of PPT provided him with an image of substantial trust and authority or that Haiti is the poorest country in the western hemisphere. Carrier otherwise denies the allegations of paragraph 2 of the Complaint.

3.      Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 of the Complaint.

4.      Carrier denies the allegations of paragraph 4 of the Complaint.

5.      No response to paragraph 5 of the Complaint is required. To the extent a response is required. Carrier admits that the plaintiff is seeking damages for personal injury but denies that he is entitled to damages from Carrier and otherwise denies the allegations of paragraph 5.

6.      Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning the plaintiff's citizenship and thus the allegation that the Court has jurisdiction under 28 U.S.C. § 1332. Carrier admits the remainder of the allegations of paragraph 6 of the Complaint.

7.      Carrier admits the allegations of paragraph 7 of the Complaint.

8.      Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 of the Complaint.

9.      Carrier denies the allegation that Perlitz was a resident of Connecticut when he resided in Haiti. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that Perlitz frequently traveled from Connecticut to Haiti. Carrier otherwise admits the allegations of paragraph 9 of the Complaint.

10.     Carrier admits that Haiti Fund, Inc. ("the Haiti Fund") is a corporation organized under the laws of the State of Connecticut and that it is deemed to be a citizen of Connecticut for purposes of 28 U.S.C. § 1332. Carrier admits that the Haiti Fund provided funding to PPT. Carrier admits that at various times, PPT operated an intake center at one location and two separate residential centers at other locations, all in or around Cap-Haitien. Carrier admits that

Perlitz was the director of PPT. Carrier otherwise denies the allegations of paragraph 10 of the Complaint.

11.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that Fairfield University is a corporation organized under the laws of the State of Connecticut. Carrier admits the remaining allegations of paragraph 11 of the Complaint.

12.     Carrier admits that he was an employee of Fairfield University at all relevant times. Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 12 of the Complaint.

13.     Carrier denies the allegations of paragraph 13 of the Complaint.

14.     Carrier denies the allegations of paragraph 14 of the Complaint.

15.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 15 of the Complaint.

16.     Carrier admits that the Society of Jesus of New England ("SJNE") is a charitable corporation organized under the laws of the Commonwealth of Massachusetts and that it is deemed to be a citizen of Massachusetts for purposes of 28 U.S.C. § 1332. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that SJNE does business in Connecticut. Carrier denies that SJNE "hired or retained" him. Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16 of the Complaint.

17.     Carrier admits that the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. ("Order of Malta") is an one of three associations of the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta in the United States, that the Sovereign Military Hospitaller Order of St.

John of Jerusalem of Rhodes and of Malta is a lay religious order in the Roman Catholic Church, and that it was established by the Pope but lacks knowledge of the New York corporate status of the Order of Malta. Carrier admits that the members of the Order of Malta are known as knights or dames. Carrier otherwise denies the allegations of paragraph 17 of the Complaint.

18.     Carrier denies the allegations of paragraph 18 of the Complaint.

19.     Carrier admits that he is a citizen of the Commonwealth of Massachusetts and that he is domiciled in Weston Massachusetts. Carrier admits that during the relevant time period he was a religious priest of the Society of Jesus and a magistral chaplain of the Order of Malta and the University Chaplain and Director of Campus Ministry at Fairfield University. Carrier admits that at various times he was the chairman, president, or vice president of the Haiti Fund. Carrier otherwise denies the allegations of paragraph 19 of the Complaint.

20.     Carrier admits that Carter is a citizen of the State of Connecticut with a domicile in New Canaan, Connecticut, and that at relevant times she was a dame of the Order of Malta and secretary and a director of the Haiti Fund. Carrier lacks knowledge or information sufficient to form a belief about the allegation that during relevant times Carter served at least portions of two three-year terms on the Board of Councillors, the governing body of the Order of Malta. Carrier otherwise denies the allegations of paragraph 20 of the Complaint.

21.     Carrier denies the allegations of paragraph 21 of the Complaint.

22.     Carrier denies the allegations of paragraph 22 of the Complaint.

23.     Carrier admits that at all relevant times he was a religious priest of the Society of Jesus and that his canonical superior was the Provincial of the New England Province of the Society. Carrier denies the remaining allegations of paragraph 23 of the Complaint.

24.      Carrier admits that Fairfield University is a Jesuit university. Carrier denies that that Fairfield University is operated by the New England Jesuit Order. Carrier otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint.

25.      Carrier admits that members of the Society of Jesus in the New England Province have been accused of abuse of children over the past four decades. Carrier lacks knowledge or information sufficient to form a belief as to the truth of the allegation that such abuse occurred. Carrier otherwise denies the allegations of paragraph 25 of the Complaint.

26.      Carrier denies the allegations of paragraph 26 of the Complaint.

27.      Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 of the Complaint.

28.      Carrier admits the allegations of paragraph 28 of the Complaint.

29.      Carrier admits that he and Carter assisted Perlitz in obtaining funding from the Order of Malta to start offering schooling to boys in Cap-Haitien, Haiti. Carrier admits that the Haiti Fund was formed to be the vehicle to raise money for PPT. Carrier otherwise denies the allegations of paragraph 29.

30.      Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that the youngest children served by PPT were six years of age. Carrier denies that Perlitz employed Americans at PPT. Carrier otherwise admits the allegations of paragraph 30 of the Complaint.

31.      Carrier admits that Perlitz obtained funding to expand PPT to include the Village on or about 1999 with the assistance of Carrier, Carter, the Order of Malta and the Haiti Fund. Carrier lacks knowledge about the remainder of the allegations of paragraph 31.

32.     Carrier admits that from the formation of the Haiti Fund, he served as a director, and that within a year he became an officer of the Haiti Fund. Carrier admits that he required and had the permission of the Provincial of the New England Province of the Society of Jesus to participate in the activities of the Haiti Fund. Carrier otherwise denies the allegations of paragraph 32 of the Complaint.

33.     Carrier admits the allegations of paragraph 33 of the Complaint.

34.     Carrier admits that he and Carter each travelled to Haiti from time to time to visit PPT. Carrier otherwise denies the allegations of paragraph 34 of the Complaint.

35.     Carrier admits that the Haiti Fund provided funding to PPT in the 2000s and otherwise denies the allegations of paragraph 35.

36.     Carrier admits that Fairfield University students volunteered at PPT and otherwise denies the allegations of paragraph 36.

37.     Carrier admits that he traveled to Haiti from time to time to visit PPT. Carrier admits that the references to the quotations from him and from a brochure and *Fairfield Now* are authentic. Carrier otherwise denies the allegations of paragraph 37 of the Complaint.

38.     Carrier admits that the quotations from him and from *Fairfield Now* are authentic. Carrier otherwise denies the allegations of paragraph 38.

39.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39, except that he admits that Perlitz was the commencement speaker at Fairfield University in 2002 and that he received an honorary degree and an award from the university, and denies that he sent a fundraising email in 2004.

40.     Carrier admits that the Haiti Fund had a fundraiser called "Jazz It Up for Haiti" and that after Carrier's departure from Fairfield University, the University gave approximately

$50,000 over a two year period to the Haiti Fund. Carrier lacks knowledge or information sufficient to form a belief about the truth about the allegation about the press release. Carrier otherwise denies the allegations of paragraph 40.

41.     With the exception of the word "frequently," Carrier admits the allegations of paragraph 41 of the Complaint.

42.     Carrier admits that early donations made out to the Haiti Fund were deposited in Fairfield University bank accounts. Carrier otherwise denies the allegations of paragraph 42 of the Complaint.

43.     Carrier admits that there was an event in November 2005 in which some money would have been received by Fairfield University Campus Ministry to support missions in Haiti and Bridgeport. Carrier otherwise denies the allegations of paragraph 43 of the Complaint.

44.     Carrier admits that he signed a contract with Philip Paolella regarding Precision Blocks in 2005 and that the contract contains the quoted material but states that the document speaks for itself. Carrier otherwise denies the allegations in paragraph 44 of the Complaint.

45.     Carrier admits that the Order of Malta provided a grant to the Haiti Fund each year. Carrier denies that Carter supervised PPT or that she supervised it on behalf of the Order of Malta. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Order of Malta claimed PPT and Perlitz as its own. Carrier otherwise denies the allegations of paragraph 45 of the Complaint.

46.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations that the Order of Malta recognized PPT as a "work" of the Order of Malta, that the Haiti Fund reported this designation to the Raskob Foundation in connection with a grant application, or that the Haiti Fund explained that the "the designation of 'work' of the Order

necessitates not just financial support but also hands on involvement." Carrier otherwise denies the allegations of paragraph 46 of the Complaint.

47.     Carrier admits that the Order of Malta did on occasion refer to PPT as a "work" and the PPT volunteers as "Malta Missionaries" but denies that this meant that the Order of Malta had any control over PPT. Carrier admits the remainder of the allegations of paragraph 47.

48.     Carrier admits that he wrote annual letters to "Malta Friends of PPT" to solicit direct support for all of the American volunteers at PPT. Carrier otherwise denies the allegations of paragraph 48 of the Complaint.

49.     Carrier admits the allegations of paragraph 49 of the Complaint.

50.     Carrier denies the allegations of paragraph 50 of the Complaint.

51.     Carrier admits that members of the Society of Jesus may be sent anywhere in the world to serve and that members of the Society of Jesus in the New England Province have been sent to work in other provinces. Carrier otherwise denies the allegations of paragraph 51 of the Complaint.

52.     Carrier admits that a Jesuit novice was sent to PPT and lived at PPT's volunteer residence in early 2008. Carrier otherwise denies the allegations of paragraph 52 of the Complaint.

53.     Carrier admits that Perlitz traveled to Haiti via airline and that he visited Connecticut for fundraising purposes. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the details of Perlitz's itineraries. Carrier admits that the Haiti Fund provided funding for the travel. Carrier otherwise denies the allegations of paragraph 53.

54.     Carrier denies that he made trips as representative of Fairfield, the New England Province of the Society of Jesus, or the Order of Malta, and he denies the characterization of his travel as "regular." Further answering, Carrier states that he traveled to Haiti from time to time. Carrier otherwise admits the allegations of paragraph 54 of the Complaint.

55.     Carrier admits that Perlitz used funds that came from donations to the Haiti Fund to pay for travel to and from Haiti. Carrier otherwise denies the allegations of paragraph 55 of the Complaint.

56.     Carrier admits that the Haiti Fund purchased supplies in the United States for use in Haiti. Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 56 of the Complaint.

57.     Carrier admits that the PPT volunteer residence was in Bel Air, Haiti, that Perlitz lived there for the majority of the time it was maintained as a PPT volunteer residence and that some Jesuits stayed in the PPT volunteer residence. Carrier otherwise denies the allegations of paragraph 57 of the Complaint.

58.     Carrier admits Perlitz had no experience running a program such as PPT. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the details of Perlitz's training, the safeguards for children set up at PPT by Perlitz, what Perlitz provided in the way of rules, standards, guidance, or supervision, and the allegations about the degree of dependence of the children at PPT. Carrier admits that no other person provided rules, standards, guidance, or supervision for PPT, but further answering states that no one other than Perlitz had the obligation to provide rules, standards, guidance, or supervision for PPT. Carrier denies that Perlitz was hired by anyone to direct PPT and otherwise denies the allegations of paragraph 58 of the Complaint.

59.     Carrier admits that the Haiti Fund created policies to ensure the safety of American volunteers whose stipends it paid and that there were rules regarding the volunteer residence and travel within Haiti that applied to the American volunteers. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the rules regarding interactions with children or the sleeping arrangements of children at the volunteer residence. Carrier otherwise denies the allegations in paragraph 59 of the Complaint.

60.     Carrier admits the document entitled "Walk in the Light" exists but states that the document speaks for itself. Carrier otherwise denies the allegations in paragraph 60 of the Complaint.

61.     Carrier admits that Perlitz was at PPT. Carrier otherwise denies the allegations in paragraph 61 of the Complaint because it is unclear what the phrase "access to, authority over, and control over the boys at PPT" means.

62.     Carrier denies the allegation that he had knowledge of what the minor boys believed. Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 62 of the Complaint.

63.     Carrier denies the allegation that he had knowledge of what the minor boys believed. Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 63 of the Complaint.

64.     Carrier admits that he and Carter traveled to Cap-Haitien to visit Perlitz and PPT from time to time. Carrier otherwise denies the allegations of paragraph 64 of the Complaint.

65.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 65.

66.     Carrier admits that at least one boy stayed at the detached garage at the PPT volunteer residence for a limited period of time. Carrier otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 66.

67.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67.

68.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 68.

69.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69.

70.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.

71.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71.

72.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 72.

73.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 73.

74.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 74.

75.     Carrier admits that he, Carter, the Haiti Fund, Fairfield University and the Order of Malta knew that PPT was providing basic services to very poor Haitian children and that in some cases PPT was their sole place to live and attend school. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 75

concerning the other defendants' state of mind. Carrier otherwise denies the allegations of paragraph 75 of the Complaint.

76.     Carrier denies that the PPT volunteer residence was small. Carrier admits that a room was added to the house after the original construction. Carrier denies that the outside window to Perlitz's room was visible from other rooms in the house, so that someone inside the house could look out, through the window, back into Perlitz's room. Carrier denies there was little privacy in the house and that it was difficult to conceal from the rest of the house activities taking place in any part of it. Carrier otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76 of the Complaint.

77.     Carrier admits that in 2008 a Jesuit novice visited Cap-Haitien and PPT and that he made observations concerning PPT. Carrier denies the remaining allegations of paragraph 77 of the Complaint, which seek to characterize the novice's observations.

78.     Carrier admits that there was a bathroom across from Perlitz's bedroom. Carrier denies the space adjacent to Perlitz's bedroom was a passage. Further answering, Carrier states there was a room between Perlitz's bedroom and the bathroom. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations about what the Jesuit novice was able to observe or hear or about what the sounds he may have heard suggested. Carrier denies that sounds carried easily within the house. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that the novice used a passage across from a bathroom as a sleeping area. Carrier admits that there was a bathroom across the hallway from Perlitz's bedroom. Carrier otherwise denies the allegations of paragraph 78 of the Complaint.

79.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79 of the Complaint.

80.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 80 of the Complaint.

81.     Carrier denies the allegations of paragraph 81 of the Complaint.

82.     Carrier admits that some American volunteers resided in the staff residence at times. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what those volunteers saw. Carrier otherwise denies the allegations of paragraph 82 of the Complaint.

83.     Carrier denies the allegation that "other persons in the house could have and would have heard them" and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83 of the Complaint.

84.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 84 of the Complaint.

85.     Carrier admits that he and Carter travelled to Haiti from time to time to visit PPT, that on occasion he met with Perlitz at the house in Bel Air, which was also PPT's business office, and that on occasion he celebrated mass for some PPT students. Carrier otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 85 of the Complaint.

86.     Carrier admits that he did not speak with many of the boys but denies the characterization of this as a failure. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning Carter's communication or lack of

communication with the boys. Carrier otherwise denies the allegations of paragraph 86 of the Complaint.

87.    Carrier denies the allegations of paragraph 87 of the Complaint.

88.    Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 88 of the Complaint concerning the nun, who is not named. Carrier otherwise denies the allegations of paragraph 88 of the Complaint.

89.    Carrier denies the allegations of paragraph 89 of the Complaint, except that Carrier admits that he and Carter were present at the volunteer residence in Bel Air, which also served as PPT's business office, while PPT students were there, that he was aware that Bel Air was several miles from PPT's residential facility, and that one student lived in the detached garage at the volunteer residence for a limited period of time.

90.    Carrier admits the allegations concerning his and Carter's affiliation with the Order of Malta and that he was an officer of the Haiti Fund but denies the remaining allegations of paragraph 90 of the Complaint.

91.    Carrier admits that the US Conference of Catholic Bishops released the Charter for the Protection of Children and Young People in 2002 and that the New England Province issued an Ethics in Ministry policy in 2006. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning other unnamed documents. Carrier otherwise lacks knowledge or information concerning the allegations of paragraph 91 of the Complaint.

92.    Carrier admits by the relevant time period child sex abuse was an issue of concern within the Catholic Church. Carrier denies that he had any duty to protect children in Haiti. Carrier otherwise denies the allegations of paragraph 92 of the Complaint.

93.      Carrier denies the allegations of paragraph 93 of the Complaint, except that he admits that an adult volunteer's adult girlfriend had spent the night at Bel Air and lacks any knowledge of a phone call to that volunteer.

94.      Carrier denies the allegations of paragraph 94 of the Complaint.

95.      Carrier denies the allegations of paragraph 95 of the Complaint, except that he admits that he was a member of the Society of Jesus.

96.      Carrier denies the allegations of paragraph 96 of the Complaint.

97.      Carrier denies the allegations of paragraph 97 of the Complaint, except that Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of what US investigators found on Perlitz's computer or Carter's actions with respect to the computers.

98.      Carrier admits that the Haiti Fund raised money to support PPT. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that Perlitz used portions of the funds to groom minor victims or to provide them with gifts or money in exchange for sexual acts, or the allegations about institutional defendants' knowledge of the purposes for which Perlitz used the funds. Carrier otherwise denies the allegations of paragraph 98 of the Complaint.

99.      Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 99 of the Complaint.

100.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 100 of the Complaint.

101.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 101 of the Complaint.

102.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 102 of the Complaint.

103.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 103 of the Complaint.

104.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 104 of the Complaint.

105.     Carrier incorporates his answers to paragraphs 1-104 of the Complaint.

106.     Carrier admits that Perlitz was convicted of violating 18 U.S.C. § 2423(b). Carrier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 106 of the Complaint.

107.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 107 of the Complaint.

108.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108 of the Complaint.

109.     Carrier incorporates his answers to paragraphs 1-108 of the Complaint.

110.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 110 of the Complaint.

111.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 111 of the Complaint.

112.     Carrier denies the allegations of paragraph 112 of the Complaint.

113.     Carrier denies the allegations of paragraph 113 of the Complaint.

114.     Carrier denies the allegations of paragraph 114 of the Complaint.

115.     Carrier denies the allegations of paragraph 115 of the Complaint.

116.    Carrier incorporates his answers to paragraphs 1-115 of the Complaint.

117.    Carrier denies the allegations of paragraph 117 of the Complaint.

118.    Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Perlitz Supervisory Defendants knew or should have known that Perlitz was interacting with the Plaintiff or the allegation that the Order of Malta, Fairfield University, SJNE, or the John Doe defendants knew or should have known that Perlitz would interact and was interacting with individuals, including minors. Carrier otherwise admits the allegations of paragraph 118 of the Complaint.

119.    Carrier denies the allegations of paragraph 119 of the Complaint.

120.    Carrier denies the allegations of paragraph 120 of the Complaint.

121.    Carrier denies the allegations of paragraph 121 of the Complaint.

122.    Carrier denies the allegations of paragraph 122 of the Complaint.

123.    Carrier denies the allegations of paragraph 123 of the Complaint.

124.    Carrier denies the allegations of paragraph 124 of the Complaint.

125.    Carrier incorporates his answers to paragraphs 1-124 of the Complaint.

126.    Carrier admits that as a member of the Society of Jesus he was subject to the authority of his superior, the Provincial of the New England Province, in certain matters, and that he was at relevant times an employee of Fairfield University. Carrier otherwise denies the allegations of paragraph 126 of the Complaint.

127.    Carrier denies the allegations of paragraph 127 of the Complaint.

128.    Carrier denies the allegations of paragraph 128 of the Complaint.

129.    Carrier denies the allegations of paragraph 129 of the Complaint.

130.    Carrier denies the allegations of paragraph 130 of the Complaint.

131.    Carrier denies the allegations of paragraph 131 of the Complaint.

132.    Carrier denies the allegations of paragraph 132 of the Complaint.

133.    Carrier denies the allegations of paragraph 133 of the Complaint.

134.    Carrier incorporates his answers to paragraphs 1-133 of the Complaint.

135.    Carrier admits that he, Carter, the Haiti Fund, the Order of Malta, and Fairfield University knew that PPT was operated, managed, and controlled by Perlitz and that it provided service to poor Haitian children. Carrier otherwise denies the allegations of paragraph 135 of the Complaint.

136.    Carrier admits that he and the Haiti Fund promoted PPT, and that they knew that PPT was providing services to poor Haitian children. Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations that others promoted PPT. Carrier denies the remaining allegations of paragraph 136 of the Complaint.

137.    Carrier denies the allegations of paragraph 137 of the Complaint.

138.    Carrier denies the allegations of paragraph 138 of the Complaint.

139.    Carrier denies the allegations of paragraph 139 of the Complaint.

140.    Carrier denies the allegations of paragraph 140 of the Complaint.

141.    Carrier incorporates his answers to paragraphs 1-140 of the Complaint.

142.    Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 142 of the Complaint.

143.    Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 143 of the Complaint.

144.    Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 144 of the Complaint.

145.     Carrier incorporates his answers to paragraphs 1-144 of the Complaint.

146.     Carrier lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 146 of the Complaint.

147.     Carrier denies the allegations of paragraph 147 of the Complaint.

148.     Carrier denies the allegations of paragraph 148 of the Complaint.

149.     Carrier denies the allegations of paragraph 149 of the Complaint.

<u>OTHER DEFENSES</u>

1.     Count 2 fails to state a claim on which relief can be granted. There is no civil liability under 18 U.S.C. § 2255 for persons who did not themselves violate 18 U.S.C. § 2423(b) but who "knowingly benefitted financially," as the Complaint alleges Carrier did.

2.     Carrier is immune from liability on Counts 3 and 5 under the Volunteer Protection Act of 1997, 42 U.S.C. § 14501 *et seq.,* and CGS § 52-557m because he was an unpaid volunteer.

3.     Count 2 fails to state a claim on which relief can be granted to the extent it alleges that the plaintiff was a victim of a violation of 18 U.S.C. § 2423 after he reached the age of majority.

4.     Counts 3, 5, and 7 may be barred by the statute of limitations if the Haitian statute of limitations applies.

5.     Count 2 is barred by the statute of limitations to the extent the plaintiff claims he was the victim of a violation of 18 U.S.C. § 2423 more than six years prior to the filing of the complaint.

6.     Counts 3 and 5 may fail to state a claim on which relief can be granted if Haitian substantive law applies.

7.      Count 5 fails to state a claim on which relief can be granted. The Complaint does not allege facts from which the Court could plausibly infer that Carrier had a fiduciary duty to the plaintiff. The Complaint alleges no relationship between Carrier and the plaintiff, let alone a fiduciary relationship.

8.      Count 7 fails to state a claim on which relief can be granted. The allegation is that Carrier knowingly benefitted financially because he was an officer of the Haiti Fund and the Haiti Fund received money. This is insufficient to allege, as the plaintiff must, that Carrier benefitted. The plaintiff alleges that "substantial sums" paid to the Haiti Fund are not accounted for, but he does not allege that Carrier received any of those funds.

<u>JURY DEMAND</u>

Father Carrier demands a trial by jury.

*[signature page to follow]*

Respectfully submitted,

PAUL E. CARRIER

By his attorneys:

/s/ Amanda Moger Rettig
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON
& REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: February 4, 2014

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 4, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on February 4, 2014, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

David T. Grudberg, Esq.
Carmody & Torrance, LLP
195 Church St.
PO Box 1950
New Haven, Conn. 06509-1950

/s/ Amanda Moger Rettig_____

664129