UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.<br><br>　　　　Defendants | Civ. A. No. 3:13-cv-01132 (RNC) |
| This document applies to:<br>All consolidated cases | |

**REPLY MEMORANDUM IN SUPPORT OF
FATHER CARRIER'S MOTION TO DISMISS COUNTS 2 AND 7 AS
TO ALL CASES AND TO DISMISS COUNT 5 AS TO SOME CASES**

Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

STATUTES .............................................................................................................. iii

A. The Plaintiffs Make No Allegations Of A Financial Purpose, And Count Two Must Therefore Be Dismissed .................................................. 1

B. The Plaintiffs Make No Allegations Of A Financial Gain, And Count Seven Must Therefore Be Dismissed ............................................... 3

C. Given The Plaintiffs' Representation To The Effect That Each Plaintiff Attended PPT, Count Five Need Not Be Dismissed; But The Court Should Rule That Only A Person Who Attended PPT Can Possibly State A Claim For Breach of Fiduciary Duty Against Father Carrier .................. 4

CONCLUSION ........................................................................................................ 5

## TABLE OF AUTHORITIES

CASES                                                                                                        PAGES

*Donahoe v. Arpaio*,
    869 F. Supp. 2d 1020 (D. Ariz. 2012) ...................................................................1

*Jean-Charles v. Perlitz*,
    937 F. Supp. 2d 276 (D. Conn. 2013)..................................................................3,4

*J & J Sports Productions, Inc. v. Mayreal II, LLC*
    849 F. Supp. 2d 586 (D. Md. 2012) ....................................................................1, 2


STATUTES

18 U.S.C. § 1595(a) ...........................................................................................................3

18 U.S.C. § 2255(a) ...........................................................................................................1

18 U.S.C. § 2423(d) ...........................................................................................................1

Volunteer Protection Act, 42 U.S.C. § 14503 ...................................................................3

A.  The Plaintiffs Make No Allegations Of A Financial Purpose, And Count Two Must Therefore Be Dismissed.

In order to state a claim that Father Carrier is liable under 18 U.S.C. § 2255(a) for a violation of 18 U.S.C. § 2423(d), the plaintiffs must sufficiently plead that Father Carrier acted "for the purpose of commercial advantage or private financial gain," and that he "arrange[d], induce[d], procure[d], or facilitate[d]" Douglas Perlitz's travel to Haiti.  (Mem. in Supp. Of Father Carrier's Mot. to Dismiss at 8.

Although there are no reported cases that consider the sufficiency of allegations of a financial purpose under § 2423, in our opening brief we cited two cases, *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020 (D. Ariz. 2012), and *J & J Sports Productions, Inc. v. Mayreal II, LLC*, 849 F. Supp. 2d 586 (D. Md. 2012), that arose under very similarly worded statutes and that support Father Carrier's position. The plaintiffs have failed to overcome the persuasive force of these cases.

The plaintiffs' basis for distinguishing *Donahoe* is that the fundraising benefits alleged there were distinct from the wrongful activities that gave rise to the RICO claim. (Br. at 18). They are focused on the wrong thing. The key allegation in *Donahoe*, for purposes of this motion, was that there the sheriff's *purpose* was to raise money to benefit himself. *Donahoe*, 869 F. Supp. 2d at 1066 (quoting from the *Donahoe* complaint: "the MACE Unit was used … to raise money for the Sheriff's Command Association Fund, which provided financing for [the Sheriff's] campaigns"). If *that* allegation was an insufficient allegation of a financial purpose, then *a fortiori*, the plaintiffs' complaints in this case, which contain *no* allegation of a financial purpose, must fail. The plaintiffs have tried to cobble together a supposed financial purpose by noting that Father Carrier earned a salary and was an officer of an entity that raised money, but

for the reasons we give in the main brief, these allegations are insufficient, and the notion that Father Carrier acted for a financial purpose is implausible.

The plaintiffs also fail to come to grips with the similarity between the second case, *Mayreal,* and their Complaint. They say that they "do not seek to impose liability on Father Carrier merely by virtue of his position at the Haiti Fund" (Br. at 18), as the plaintiffs sought to do in *Mayreal*. But that is precisely what they seek to do. As we show in the main brief, the only allegation that ties Father Carrier to the allegedly unaccounted-for Haiti Fund money is the allegation that he was an officer and director of the Haiti Fund. As far as the complaint alleges, there is no more—and no less—reason to think that Father Carrier took the money than there is to think that *anyone* associated with the Haiti Fund took the money, and that fact shows that the plaintiffs' allegation is precisely about Father Carrier's status as a Haiti Fund official rather than about anything they allege Father Carrier did.

The plaintiffs claim that their allegations about Father Carrier's supposed financial purpose are supported not just by the allegations of unaccounted-for Haiti Fund money, but by their allegation—which is true as far as it goes—that Father Carrier received money from Fairfield University. (Compl. ¶ 40). But *even the plaintiffs* seem to recognize that this money did not benefit Father Carrier personally in a financial sense, as they go on to allege that some *or all* of it "was spent to support Father Carrier's activities with PPT." (Compl. ¶ 40). We repeat the point we made in the main brief: the plaintiffs do not and cannot allege that one penny ever ended up in Father Carrier's pocket. It is not enough to say that money intended to benefit PPT passed through Father Carrier's hands.

B.  The Plaintiffs Make No Allegations Of Financial Gain, And Count Seven Must Therefore Be Dismissed.

The plaintiffs rely almost exclusively on a footnote in the Court's decision in *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 289 n.12 (D. Conn. 2013), to try to explain why their complaint adequately alleges that Father Carrier received a financial benefit. They do not argue any kind of issue preclusion, nor do they claim that the Court could not permissibly revisit its earlier decision, and if the Court's view is that Father Carrier's argument in this motion is no different from his argument in the last motion, then we respectfully request that the Court take a second look, as the absence of an allegation that Father Carrier enjoyed a financial benefit is clear.

But there is a significant difference between the arguments in the *Jean-Charles* case and here. In *Jean-Charles,* the issue of a financial benefit came up principally in the discussion of whether Father Carrier was an uncompensated volunteer entitled to the protections of the Volunteer Protection Act, 42 U.S.C. § 14503. The VPA is an affirmative defense, so the question was whether, on the pleadings, it was clear that Father Carrier would carry his burden to prove that he was uncompensated. This is a heavy burden to have undertaken at the pleading stage, and perhaps unsurprisingly, the Court held that Father Carrier had not established the applicability of his defense as a matter of law.

The question of financial benefit to Father Carrier also came up in passing in *Jean-Charles* in the discussion of the § 1595 claim against Father Carrier. Father Carrier's principal argument was that PPT could not be a criminal "venture" under the statute—an argument that the Court rejected and that we do not make again on this motion to dismiss. Father Carrier's brief also referred back to his arguments about financial benefit in the context of the VPA and said that that argument supported dismissal of the § 1595 claim as well. The Court, focusing on the

3

issue the parties had focused on, addressed its decision primarily to whether PPT could be considered a "venture" for purposes of the statute, leaving any mention of the issue of financial benefit to a single footnote, as we noted above.

In *Jean-Charles,* the Court did not consider—and the parties did not brief—the important distinction between Father Carrier's failure to show at the pleading stage that his affirmative defense necessarily defeated the plaintiffs' negligence claims and the plaintiffs' failure to allege that Father Carrier received a financial benefit. Father Carrier undertook a much heavier burden in making the first argument than in making the second. Thus his failure to succeed on the first argument should not be dispositive of the second. The Court should, therefore, consider Father Carrier's argument on the merits, rather than simply adhering to what the plaintiffs say it decided in the *Jean-Charles* footnote.

C. <u>Given The Plaintiffs' Representation To The Effect That Each Plaintiff Attended PPT, Count Five Need Not Be Dismissed; But The Court Should Rule That Only A Person Who Attended PPT Can Possibly State A Claim For Breach of Fiduciary Duty Against Father Carrier.</u>

The plaintiffs represent, in their opposition, that each of them attended PPT. On the strength of that representation, Father Carrier agrees that Count 5 should not be dismissed as to any of the current plaintiffs, and Father Carrier does not believe it necessary or appropriate to require amended complaints on this issue. However, in light of indications by plaintiffs' counsel that more cases may be on the way, Father Carrier respectfully requests that the Court, in its decision on this motion, hold that no person who did not attend PPT could state a claim for breach of fiduciary duty against Father Carrier on the facts alleged in the Complaint. The history of this and the preceding litigation and statements by the plaintiffs' counsel demonstrate that there is a large pool of potential plaintiffs. The Court should indicate that only those who were

students at the school that is at the heart of the Complaint and serves as the only nexus between the plaintiffs and Father Carrier, can even possibly claim that Father Carrier was their fiduciary.

## CONCLUSION

For the foregoing reasons, Counts 2 and 7 must be dismissed for failure to state a claim upon which relief may be granted. As to Count 5, the court should rule that, although the current plaintiffs sufficiently allege that they were students at PPT, any future plaintiffs must be able to make such an allegation in order to claim that Father Carrier owed them any fiduciary duty.

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon St., 21st Fl.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: April 10, 2014

```
```
## CERTIFICATE OF SERVICE

I certify that on April 10, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on April 10, 2014, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

> David T. Grudberg, Esq.
> Carmody & Torrance, LLP
> 195 Church St.
> PO Box 1950
> New Haven, Conn. 06509-1950

/s/ Theodore J. Folkman

667606