**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL, | Civil Action No.: 3:13-cv-01132 (RNC) |
| Plaintiff, | Consolidated with: |
| v. | 3:13-cv-1225-RNC; 3:13-cv-1269-RNC; |
| | 3:13-cv-1437-RNC; 3:13-cv-1480-RNC; |
| DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, | 3:13-cv-1626-RNC; 3:13-cv-1627-RNC; |
| S.J.; HOPE E. CARTER; HAITI FUND, INC.; | 3:13-cv-1628-RNC; 3:13-cv-1629-RNC; |
| FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS | 3:13-cv-1630-RNC; 3:13-cv-1631-RNC; |
| OF NEW ENGLAND; SOVEREIGN MILITARY | 3:13-cv-1632-RNC; 3:13-cv-1633-RNC; |
| HOSPITALLER ORDER OF ST. JOHN OF | 3:13-cv-1634-RNC; 3:13-cv-1635-RNC; |
| JERUSALEM OF RHODES AND OF MALTA, | 3:13-cv-1636-RNC; 3:13-cv-1637-RNC; |
| AMERICAN ASSOCIATION, U.S.A., a/k/a | 3:13-cv-1638-RNC; 3:13-cv-1639-RNC; |
| ORDER OF MALTA, AMERICAN ASSOCIATION, | 3:13-cv-1640-RNC; 3:13-cv-1641-RNC; |
| USA; JOHN DOE ONE; JOHN DOE TWO; JOHN | 3:13-cv-1642-RNC; 3:13-cv-1644-RNC; |
| DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; | 3:13-cv-1645-RNC; 3:13-cv-1647-RNC; |
| JOHN DOE SIX; and JOHN DOE SEVEN, | 3:13-cv-1648-RNC; 3:13-cv-1701-RNC; |
| | 3:13-cv-1767-RNC; 3:13-cv-1768-RNC; |
| Defendants. | 3:13-cv-1769-RNC |

*This document applies to:*
*All consolidated cases*

# PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO MOTION OF DEFENDANT FATHER PAUL E. CARRIER TO DISMISS COUNTS 2 AND 7 AS TO ALL CASES AND TO DISMISS COUNT 5 AS TO SOME CASES

Plaintiffs submit this sur-reply memorandum to respond to Father Carrier's request, in his reply brief, for new relief not sought in his motion to dismiss.

Father Carrier now concedes that dismissal of Plaintiffs' Fifth Claim is not appropriate because each of the Plaintiffs in these consolidated proceedings has sufficiently pleaded, or could plead, that he participated at, or attended, Project Pierre

1

Toussaint ("PPT"). *See* Carrier Reply at 4. Nonetheless, Father Carrier now asks this Court to issue a wholly advisory opinion, holding that "no person who did not attend PPT could state a claim for breach of fiduciary duty against Father Carrier on the facts alleged in the Complaint." *Id.* This Court lacks the power to grant the relief Father Carrier now seeks, and, in any event, should decline to do so.

As the Supreme Court has explained, "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993), *accord U.S. v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). The opinion Father Carrier seeks is precisely what is prohibited, an advisory opinion: there is no plaintiff before this Court who did not attend PPT and thus no actual case or controversy about whether such a plaintiff may ever maintain a claim against Father Carrier for breach of fiduciary duty, or what facts would be necessary to support such a claim. Father Carrier speculates that such cases may be filed in the future, *see* Carrier Reply at 4, but until a claim is actually asserted by such a plaintiff, there is no basis for this Court to rule on facts not now before it.

Nor should this Court do so, for such an opinion would be of no use to the parties. As noted, Father Carrier asks for a ruling that no person who did not attend PPT could state a claim for breach of fiduciary duty against him "on the facts alleged in the Complaint." Carrier Reply at 4. But clearly any person who did not attend PPT would *not* be seeking relief "on the facts alleged in the Complaint," because the Complaint that now exists includes allegations that the plaintiff attended PPT. Father Carrier may suppose that a hypothetical plaintiff who did not attend PPT would allege precisely and only the facts in the Complaint, without the allegations of attendance, and with no additional allegations, but such a premise is unrealistic. More likely, a plaintiff

2

who did not attend PPT – if there ever were one – would allege additional facts, not found in the existing Complaint, concerning his relationship to the defendants.  It would be pure speculation to attempt to determine, now, what such allegations would be and whether they would be sufficient to state claims against Father Carrier (or any of the defendants).  If such a case ever arises, the Court will have an opportunity to consider the particular facts alleged and determine what claims for relief may be maintained.  It should not attempt now to guess the contours of such future hypothetical claims. Because Father Carrier concedes that all of the Plaintiffs allege they attended PPT, Father Carrier's motion to dismiss the Fifth Claim for Relief should simply be denied.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' Mach 27, 2014 opposition, this Court should deny Father Carrier's motion to dismiss in its entirety.

Dated:  April 18, 2014                    LAW OFFICES OF MITCHELL GARABEDIAN

                                   By:    /s/    Mitchell Garabedian
                                          Mitchell Garabedian (phv04676)
                                          garabedianlaw@msn.com  (phv04677)
                                          William H. Gordon
                                          garabedianlaw@earthlink.net
                                          100 State Street, 6th Floor
                                          Boston, MA 02109
                                          Phone:  (617) 523-6250

                                          Paul J. Hanly, Jr. (phv04680)
                                          phanly@hanlyconroy.com
                                          Jayne Conroy (phv04679)
                                          jconroy@hanlyconroy.com
                                          Andrea Bierstein (phv04678)
                                          abierstein@hanlyconroy.com
                                          HANLY CONROY BIERSTEIN SHERIDAN FISHER &

3

HAYES LLP
112 Madison Ave., 7th floor
New York, New York 10016
Phone:  (212) 784-6400

Steven J. Errante (ct04292)
SErrante@ltke.com
Marisa A. Bellair (ct23802)
MBellair@ltke.com
LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
P.O. Box 1612
52 Trumbull Street
New Haven, CT 06510
Phone:  (203) 787-0275
Fax:  (203) 782-0278

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on May 27, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on May 27, 2014, the foregoing document was sent by first-class mail, postage prepaid, to:

      (1) Counsel for Defendant Douglas Perlitz at the below address:
          David T. Grudberg, Esq.
          Carmody & Torrance, LLP
          195 Church St.
          PO Box 1950
          New Haven, Conn. 06509-1950

      (2) Defendant Haiti Fund, Inc. at the below address:
          Haiti Fund, Inc.
          c/o Mr. Michael McCooey
          Chairman
          475 Polly Park Road
          Rye, NY 10580

          /s/    Mitchell Garabedian
              Mitchell Garabedian