### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL, <br><br> Plaintiff, <br> v. <br><br> DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN, <br><br> Defendants. | Civil Action No.: 3:13-cv-01132 (RNC) <br><br> Consolidated with: <br> 3:13-cv-1225-RNC; 3:13-cv-1269-RNC; <br> 3:13-cv-1437-RNC; 3:13-cv-1480-RNC; <br> 3:13-cv-1626-RNC; 3:13-cv-1627-RNC; <br> 3:13-cv-1628-RNC; 3:13-cv-1629-RNC; <br> 3:13-cv-1630-RNC; 3:13-cv-1631-RNC; <br> 3:13-cv-1632-RNC; 3:13-cv-1633-RNC; <br> 3:13-cv-1634-RNC; 3:13-cv-1635-RNC; <br> 3:13-cv-1636-RNC; 3:13-cv-1637-RNC; <br> 3:13-cv-1638-RNC; 3:13-cv-1639-RNC; <br> 3:13-cv-1640-RNC; 3:13-cv-1641-RNC; <br> 3:13-cv-1642-RNC; 3:13-cv-1644-RNC; <br> 3:13-cv-1645-RNC; 3:13-cv-1647-RNC; <br> 3:13-cv-1648-RNC; 3:13-cv-1701-RNC; <br> 3:13-cv-1767-RNC; 3:13-cv-1768-RNC; <br> 3:13-cv-1769-RNC; 3:13-cv-1881-RNC; <br> 3:13-cv-1904-RNC; 3:13-cv-1906-RNC; <br> 3:13-cv-1907-RNC; 3:14-cv-0125-RNC; <br> 3:14-cv-0668-RNC; 3:14-cv-0815-RNC |
| This document applies to: <br> *Emmanuel Clervil v. Perlitz, et al.*, 3:13-cv-01904-RNC | October 27, 2014 |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Scheduling Order Regarding Case Management Plan entered by this Court on January 10, 2014 (the "Scheduling Order"), Plaintiff Emmanuel Clervil hereby moves this Court for leave to file his First Amended Complaint and Jury Trial Demand ("Amended Complaint"), attached hereto as Attachment A, after the deadline for amended pleadings set forth in the Scheduling Order. In support of his motion, Plaintiff provides the below incorporated Memorandum of Law, Attachment A, and a Statement of Counsel Pursuant to Local Rule

7(f), attached as Attachment B.  Plaintiff seeks leave to amend his pleading to add allegations that he was sexually abused by defendant Father Paul Carrier as well as by Defendant Douglas Perlitz.  There is good cause to permit Plaintiff to file his amended complaint: Plaintiff and his counsel have been diligent and there is no possible prejudice to the Defendants.  As set forth in the companying Statement of Counsel Pursuant to Local Rule 7(f), Defendants Father Carrier and Fairfield University have stated that they object to the filing of the Amended Complaint; the remainder of the defendants who have appeared have stated only that they do not consent to the motion.  For the reasons set forth in the incorporated Memorandum of Law, Plaintiff respectfully requests that leave to file the Amended Complaint be granted

## MEMORANDUM OF LAW

### INTRODUCTION

Plaintiff Emmanuel Clervil seeks leave to amend his complaint to add allegations that he was sexually abused by Defendant Father Paul Carrier as well as by Defendant Douglas Perlitz.  In conjunction with these allegations, Clervil seeks to add several additional claims for relief.  These additional claims add no new defendants and no new legal theories to the case; rather, Clervil seeks to assert additional counts of the same legal theories against the same defendants, based on additional facts.  Although the deadline for amendment of pleadings was July 8, 2014, discovery in these consolidated cases does not close until August, 2015, and most discovery remains to be taken.  As described below, leave to amend should be granted for good cause shown.

### BACKGROUND

On January 10, 2014, this Court entered the Scheduling Order, setting various deadlines in these consolidated cases.  Pursuant to the Scheduling Order, amended pleadings were to be filed by July 8, 2014; discovery is to be completed by August 21, 2015; plaintiffs' experts and damage analyses to be disclosed by March 9, 2015; and the case to be placed on the "trial ready list" for November, 2015.  The Scheduling Order

further provided that leave to amend pleadings after July 8, 2014 would be granted in accordance with the "good cause" standard set forth in Rule 16(b).

The *Clervil* action was commenced on December 23, 2013; it was consolidated with the previously-filed cases on March 28, 2014.  It was not until September 2014, on a trip to Haiti, that counsel learned that Clervil had been sexually abused not only by Douglas Perlitz but also by Father Carrier.  Thereafter, on September 23, 2014, at oral argument on motions to dismiss filed by some of the defendants, Plaintiffs' counsel disclosed to Defendants and to the Court that some former students at PPT, including at least one plaintiff with a complaint already on file, had alleged that Father Carrier abused them.

As alleged in Plaintiff's Complaint "Victims of child sex abuse frequently have difficulty remembering the full extent of the abuse they suffered or, even when they do recall, may be unable to communicate all of the details of that abuse. They may also be unaware, or unable to communicate, the full extent of injury they have suffered from such abuse." Complaint ¶ 104.  Thus, it was not entirely surprising that additional details and/or instances of sexual abuse would emerge.

Nor does it appear that Clervil was the only child at Project Pierre Toussaint ("PPT") who was abused by Father Carrier.  On October 17, 2014, Bernard Michel, who had not previously asserted claims in this action, commenced an action alleging claims similar to those alleged in the other cases consolidated before this Court.  His case bears the civil action number 3:14-cv-01530-RNC.  Although the case has not yet been formally consolidated with the *St. Louis* matter and other consolidated cases, Plaintiff expects, based on the Court's Order of Consolidation dated January 7, 2014, that the *Michel* action will shortly be consolidated herein.  Bernard Michel also alleges that both Douglas Perlitz and Father Carrier sexually abused him.  The Complaint in *Bernard* alleges the same claims for relief that Clervil seeks to include in his Amended Complaint.

The new factual allegations in the Amended Complaint are found at ¶¶ 5, 6, 7, 105, 106 and 107.  (Other paragraphs reflect conforming changes.)  The new claims for relief

are the Eighth through the Thirteenth Claims, at ¶¶ 156-189.  The allegations previously found by the Court to be sufficient to state claims for relief remain in the Amended Complaint.

## ARGUMENT

### GOOD CAUSE EXISTS TO PERMIT PLAINTIFF TO AMEND HIS COMPLAINT

This Court should permit Plaintiff to amend his complaint for good cause shown. The "good cause" standard under Rule 16(b) depends primarily on two factors, the diligence of the plaintiff and whether allowing amendment will prejudice the defendants. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  As to the latter issue, the court looks to whether permitting the amendment "would require the opposing party to make additional expenditures to conduct discovery and to prepare for trial. In the absence of resulting increased litigation costs to, or reduced likelihood of success by, the opposing party, prejudice has been deemed 'minimal.'" *United States v. Cohan*, 3:11-CV-412 CSH, 2012 WL 4758142 (D. Conn. Oct. 5, 2012), *citing Brown v. Gen. Nutrition Cos., Inc.*, 356 F. App'x. 482, 487 (2d Cir.2009).  Indeed, many cases in which leave to amend has been denied under Rule 16(b) involve extensive delays in seeking leave to amend, or amendments proposed after the close of discovery, or on the eve of trial, or all of the above.  *See, e.g., Grochowski v. Phoenix Const.*, 318 F.3d 80. *86 (2d Cir. 2003) (plaintiff delayed more than a year in seeking leave to amend, and sought leave only after the close of discovery, while summary judgment motions were pending); *Smith v. New York City Dept. of Educ.*, 524 Fed. Appx. 730 (2d Cir. 2013) (after close of fact discovery and two weeks after defendants filed summary judgment motion); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (after close of discovery, summary judgment motion pending); *Classicberry Ltd. v. Musicmaker.com, Inc.*, 48 F. App'x 360, 361 (2d Cir. 2002) (after close of discovery, leave to amend counterclaims raised in opposition to summary judgment motion; court offered to permit late amendment if counterclaim plaintiff would

pay adversary's additional costs of discovery but counterclaim plaintiff refused); *Gulley v. Dzurenda*, 264 F.R.D. 34 (D. Conn. 2010) (after deadlines for completing discovery and filing summary judgment motions, and after parties had submitted Joint Trial Memorandum and participated in pretrial conference); *Hendricks v. J.P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78, *80 (D. Conn. 2009) (after close of discovery, summary judgment motion pending).

Here, Plaintiff has been diligent and there is little, if any, prejudice to the Defendants. As referenced above, victims of childhood sexual abuse often have difficulty remembering or communicating to others the abuse they suffered. Moreover, it could reasonably be expected that the emotional impact of abuse by a priest could be greater than the impact of Perlitz's abuse alone, making it harder for a victim to acknowledge of communicate that abuse. In addition, plaintiffs are able to speak to counsel only through interpreters, and only rarely in person, on the occasions of counsel's trips to Haiti. Placed in this context, Plaintiff has not been dilatory in coming forward with the abuse by Father Carrier. Moreover, after learning of this in mid-September in Haiti, counsel promptly notified Defendants and the Court that such allegations would be forthcoming.

Nor is there prejudice to Defendants, for several reasons. First, discovery is still in the early stages in these cases. A handful of depositions have been taken, but most of the depositions that will need to be taken have not yet occurred. None of the plaintiffs, including Emmanuel Clervil, has been deposed, nor has Father Carrier. Discovery does not close until August, 2015; experts need not be disclosed until March, 2015. Thus, there is plenty of time for Defendants to focus discovery on the new allegations and little, if any, duplication of effort regarding work that has already been done.

This is all the more true because, even without Emmanuel Clervil's Amended Complaint, allegations of abuse by Father Carrier are now part of this litigation. On October 17, 2014, Bernard Michel commenced an action against the same defendants alleging sexual abuse by Douglas Perlitz at PPT. Michel also alleges that he was abused

by Father Carrier.  Michel had not previously filed any action arising from these events; his complaint, including allegations of abuse by Father Carrier, is his first pleading.  Thus, regardless of the outcome of this motion, some portion of the discovery in this case going forward will pertain to allegations of abuse by Father Carrier.  Allowing Emmanuel Clervil to amend his complaint to seek additional relief based on abuse by Father Carrier will not lead to any additional discovery or motion practice.

In addition, no new defendants and no new legal theories would be added to the case.  The allegations concerning abuse by Father Carrier form the basis of new claims for relief under 28 U.S.C. §§ 2255 and 1595, as well as new claims for negligence and breach of fiduciary duty.  These are the same legal theories previously upheld by the Court; the Amended Complaint simply offers additional predicates for these claims.  Because the proposed Amended Complaint still contains all of the previous allegations, and simply adds new allegations of abuse by Father Carrier, this Court's decisions, denying motions to dismiss brought by Father Carrier, Hope Carter, and the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., a/k/a Order Of Malta, American Association, USA (the "Order of Malta") are equally applicable to the Amended Complaint.  Accordingly, no additional motion practice would be required.

With no additional or duplicative discovery, and no new motion practice arising from the proposed Amended Complaint, Defendants can show no prejudice that will arise from permitting this plaintiff to amend his complaint.

## CONCLUSION

For the foregoing reasons, this Court should grant in its entirety Plaintiff's motion for leave to file the proposed Amended Complaint provided as Attachment A.

Dated:  October 27, 2014                     Respectfully submitted,


By:____/s/_____Mitchell Garabedian_____

Mitchell Garabedian (phv04676)
garabedianlaw@msn.com
William H. Gordon (phv04677)
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone:  (617) 523-6250

Paul J. Hanly, Jr. (phv04680)
phanly@simmonsfirm.com
Jayne Conroy (phv04679)
jconroy@simmonsfirm.com
Andrea Bierstein (phv04678)
abierstein@simmonsfirm.com
SIMMONS HANLY CONROY
112 Madison Ave., 7th floor
New York, New York 10016
Phone:  (212) 784-6400

Steven J. Errante (ct04292)
SErrante@ltke.com
Marisa A. Bellair (ct23802)
Mbellair@ltke.com
LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
P.O. Box 1612
52 Trumbull Street
New Haven, CT 06510
Phone:  (203) 787-0275
Fax:  (203) 782-0278

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on October 27, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on October 27, 2014, the foregoing document was sent by first-

class mail, postage prepaid, to:

        (1) Counsel for Defendant Douglas Perlitz at the below address:
              David T. Grudberg, Esq.
              Carmody & Torrance, LLP
              195 Church St.
              PO Box 1950
              New Haven, Conn. 06509-1950

        (2) Defendant Haiti Fund, Inc. at the below address:
              Haiti Fund, Inc.
              c/o Mr. Michael McCooey
              Chairman
              475 Polly Park Road
              Rye, NY 10580

              /s/   William H. Gordon
                 William H. Gordon

8