UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>          Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>          Defendants | Civ. A. No. 3:13-cv-01132-RNC |
| *This document relates to:*<br><br>*Clervil v. Perlitz, No. 13-1904* | |

### FATHER CARRIER'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND[1]

PRELIMINARY STATEMENT

Emmanuel Clervil cannot keep his story straight. When he first sued Father Paul Carrier in December 2013, his extremely detailed forty-page complaint, which recounted not just the alleged fact that Douglas Perlitz sexually abused him but the graphic details of that allegation (Compl. ¶ 100), made absolutely no allegation that Father Carrier ever sexually abused him. And when he first answered the defendants' interrogatories, he stated in writing, under penalty of perjury, that no one but Mr. Perlitz had ever sexually abused him. (Ans. to Int. 21).[2] Recently, Clervil's lawyers have served a "supplemental" interrogatory answer, which does not supplement but rather directly contradicts what Clervil said before. Now Clervil claims, again in writing and

---

[1] Pursuant to Local Rule 7(a), Father Carrier requests oral argument.
[2] An excerpt of Clervil's Response to Certain Defendants' First Set of Interrogatories, dated July 11, 2014, is attached as Exhibit 1.

under penalty of perjury, that Father Carrier, too, sexually abused him. (First Supp. Ans. to Int. 21).[3] And Clervil makes the new claim without feeling the need to explain his prior contradictory evidence given without reservation under penalty of perjury.

Clervil now seeks to amend his complaint to allege what he somehow failed to allege until now, namely that Father Carrier sexually abused him, and that he is liable under 18 U.S.C. §§ 2255 and 1595. The motion must be denied for three reasons. First, the time for amendment has long passed, and Clervil has not shown the diligence necessary to excuse his failure to comply with the scheduling order. Second, Clervil has failed to show good cause for the amendment. He presents no evidence and nothing beyond mere conclusory allegations to explain the radical change in his allegations, and he presents no theory to explain it. Third, the amendment would be highly prejudicial, as it upsets the strategic decisions Father Carrier and his counsel have made over the past several years of litigation without good cause.

A.   Standard of Review.

Under Rule 15(a), leave to amend is "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.,* 758 F.3d 493, 505 (2d Cir. 2014). But when, as in this case, the time for amending the pleadings under the scheduling order has expired, the Rule 15 standard "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman,* 568 F.3d 329, 334-5 (2d Cir. 2009) (citation and internal quotation marks omitted). Whether good cause exists to modify the scheduling order "turns on the diligence of the moving party." *Id.* at 335 (citation and internal quotation marks omitted).

---

[3] Clervil's First Supplemental Response to Certain Defendants' First Set of Interrogatories, dated September 20, 2014, is attached as Exhibit 2.

B.      Clervil Has Not Shown Diligence.

The parties jointly proposed that the deadline for amendments to the pleadings should be July 8, 2014 (ECF No. 119 at 2), and the Court adopted the proposal (ECF No. 125 at 1). No party has, until now, sought to modify this deadline. Under Fed. R. Civ. P. 16(b)(4), the schedule can be modified "only for good cause and with the judge's consent."

The principal factor in determining whether a party has shown good cause is the party's diligence. *Holmes,* 568 F.3d at 335. Beyond baldly asserting that he was diligent, Clervil has not even sought to show diligence, either with evidence or with argument.

When a party knows the information that forms the basis of an untimely motion to amend at the time of the original complaint, "the party is presumptively not diligent." *Price v. Trans Union, LLC,* 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010); *See also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340-41 (2d Cir. 2000) (affirming denial of untimely motion for leave to amend where the plaintiff had all the information necessary to support the new claim at the time of the commencement of the action and thus had not shown diligence). In the absence of any showing to the contrary, the presumption has to be that Clervil knew of his supposed claim against Father Carrier at the time of the original complaint. An assertion that Clervil did *not* know of the claim is an extraordinary assertion, and Clervil should be required at least to make some showing of how his extraordinary assertion could be true. *See Campbell v. Ingersoll Mill. Mach. Co.,* 893 F.2d 925, 928 (7th Cir. 1990) (affirming denial of untimely motion for leave to amend to assert sexual assault where the plaintiff did "not cite anything in the record to substantiate her claim that her psychological condition prevented her from raising the alleged assault sooner"). But rather than make such a showing, all Clervil has done is to allege—without even an affidavit—that *in general,* victims of sexual abuse *may* have difficulty recalling *all the*

*details* of their abuse. (Br. at 3). In particular he cites ¶ 104 of his original Complaint, which is identical to ¶ 110 of the proposed amended complaint and which reads:

> Victims of child sex abuse frequently have difficulty remembering the full extent of the abuse they suffered or, even when they do recall, may be unable to communicate all of the details of that abuse. They may also be unaware, or unable to communicate, the full extent of injury they have suffered from such abuse. As a victim of Perlitz's sexual abuse, Plaintiff is unable at this time to fully describe all of the details of that abuse and the extent of the harm he suffered as a result.

This allegation is lazy and vacuous. It speaks of difficulties that "frequently" occur but does not allege that they have occurred in this case. It speaks of difficulty in remembering "the full extent of abuse" allegedly suffered and inability to communicate "all of the details of that abuse," but it says nothing about an inability to remember the simple fact that abuse occurred. It speaks of victims in general and says nothing about Clervil himself except that he was unable to remember the full extent of the abuse he suffered at the hands of *Perlitz*. The proposed amended complaint even lacks a similar allegation about a supposed inability to remember the full extent of the abuse he now says he suffered at the hands of Father Carrier.

If Clervil recovered his memory of supposed abuse by Father Carrier between July 11, 2014, the date of his first statement under penalty of perjury, and September 20, 2014, the date if the second, how did that happen? Was he being seen by a therapist who helped him recover his memories?[4] Was it a discussion with his lawyers that caused him to recover the memory? Did his memory spontaneously reappear in his mind, and if so, how? How is it that Clervil was able to remember not only the fact of his abuse at the hands of Perlitz but the graphic details of the abuse (Compl. ¶ 100), yet not remember the "fact" that Father Carrier also abused him? Clervil

---

[4] It appears the answer to this question must be "no," as Clervil has denied receiving any mental health or similar therapy on account of the facts alleged in the complaint. (Ans. to Int. No. 31).

says nothing at all about these questions. Without *some* support, his protestation of diligence is hollow and conclusory.

C.	Clervil Has Failed To Show Good Cause for the Proposed Amendment.

Even if the motion for leave to amend had been timely, Clervil would still fail to meet the liberal standard of Rule 15(a). From 2008, when the allegations of Perlitz's abuse of PPT students became public, until plaintiff's counsel's oblique reference during oral arguments on the motions to dismiss in September 2014, no one had ever accused Father Carrier of abusing anyone at PPT. The government, which investigated the alleged crimes thoroughly and prosecuted them vigorously, brought no charges against Father Carrier. Clervil himself, when he sued Father Carrier in late December 2013, did not allege that Father Carrier had abused him. And indeed, he denied under penalty of perjury and in writing that Father Carrier had abused him in July 2014. (Ans. to Int. 21).

But on September 20, 2014, Clervil's lawyers served a "supplemental" interrogatory answer, which does not supplement but rather directly contradicts what he said before. Now Clervil claims, again under penalty of perjury, that Father Carrier, too, sexually abused him. And he makes the new claim blithely, apparently without feeling the need to explain his prior contradictory formal statement. (Supp. Ans. to Int. 21).

In the motion for leave to amend, Clervil's lawyers say, without citation to anything but an allegation in his own complaint, that "[v]ictims of child sex abuse frequently have difficulty remembering the full extent of the abuse they suffered or, even when they do recall, may be unable to communicate all of the details of that abuse. They may also be unaware, or unable to communicate, the full extent of injury they have suffered from such abuse." (Br. at 3). They provide no evidence that their allegation is true, either in general or with regard to Clervil in particular. They do not claim that Clervil's memory had been somehow repressed. In fact, they

5

do not even say that Clervil was unaware of the alleged abuse at the time of the complaint. Their only allegation is that abuse victims generally—not Clervil in particular—have difficulty remembering *the full extent* of the abuse they suffered; that they may be unable to communicate *all the details* of the abuse; and that the same is true of *the full extent of injury* they claim to have suffered. In other words, *even Clervil's lawyers* do not say that he was unaware of the alleged abuse at the time he filed his complaint.

It is simply incredible to assert that a plaintiff represented by one of the country's leading plaintiff's lawyers in child sex abuse cases was not thoroughly interviewed before the filing of his complaint, or that Clervil's lawyers would have allowed him to deny outright, in writing and under penalty of perjury, that Father Carrier had ever abused him, without making sure that that was the case. The plaintiff's lawyers point to the difficulties they say they have had communicating with their clients, but they were in close enough contact with Clervil to be able to prepare an extremely detailed and thorough complaint detailing every legal theory on which they sought to hold Father Carrier and the other defendants liable and setting out in graphic detail the claims of abuse by Perlitz.

In short, Clervil has failed to meet even the highly liberal standard of Rule 15.

D.     The Proposed Amendment Is Highly Prejudicial.

Father Carrier's counsel made strategic choices at the outset of the litigation that depended on our well-founded understanding that none of the plaintiffs had ever alleged that Father Carrier himself was guilty of sexual abuse of the plaintiffs. In particular, we made strategic choices about whether or not to invoke his right against self-incrimination. We carefully weighed the prospects of criminal charges against our client in light of what we knew of the government's investigation, the allegations the plaintiffs were making, and the legal theories they were pressing. In light of these considerations, Father Carrier answered the complaints and the

6

interrogatories without raising a Fifth Amendment defense. We cannot unring this bell, and we might have made different choices had we known that the plaintiffs would accuse Father Carrier of the same crimes for which Perlitz is now serving a lengthy prison term.

To be clear, Father Carrier has denied abusing anyone and will deny Clervil's false allegations to that effect if he must answer Clervil's complaint. But *even statements intended to be exculpatory* may be incriminating within the meaning of the Fifth Amendment. *See Rhode Island v. Innis,* 446 U.S. 291, 301 n.5 (1980) (citing *Miranda v. Arizona,* 384 U.S. 436, 476-7 (1966)) (holding custodial statements intended as exculpatory by the defendant are inadmissible if obtained without *Miranda* warning). Father Carrier's entire approach to denying allegations and to answering interrogatories may have been different had he had any reason to believe that any of the plaintiffs who had sued him would ever assert that he abused them.

Clervil's lawyers point out that a second plaintiff, Bernard Michel, has recently filed a new complaint as of right that makes similar allegations against Father Carrier. Certainly the timing of the Michel complaint, coming so soon on the heels of Clervil's changed testimony after years of no accusations of abuse against Father Carrier, is convenient for Clervil insofar as it allows Clervil to make this argument. But the risk that new plaintiffs would come forward and make such allegations was a risk Father Carrier undertook. It is unreasonable to assert that he also undertook a risk that plaintiffs who had already sued might radically change their story and raise new and unprecedented allegations. Moreover, Clervil's lawyers are mistaken if they believe Michel's allegations will come into the case without a fight. We believe that both new counts in Michel's complaint are barred by the statute of limitations and that one of them fails to state a claim on which relief can be granted for other reasons, and will make that argument in full

7

when we move to dismiss the relevant counts of Michel's complaint for failure to state a claim on which relief can be granted.

Thus it is highly prejudicial to allow this late amendment.

## CONCLUSION

For the foregoing reasons, Clervil's motion for leave to amend his complaint should be denied.

> Respectfully submitted,
>
> PAUL E. CARRIER, S.J.
>
> By his attorneys:
>
> /s/ Theodore J. Folkman
> Timothy P. O'Neill (phv04968)
> Theodore J. Folkman (phv04969)
> Amanda Moger Rettig (phv04967)
> MURPHY & KING, P.C.
> One Beacon St., 21st Fl.
> Boston, Mass. 02108
> (617) 423-0400
> tpo@murphyking.com
> tjf@murphyking.com
> amr@murphyking.com
>
> Gene S. Winter (ct05137)
> Benjamin C. White (ct27211)
> ST. ONGE STEWARD JOHNSTON & REENS LLC
> 986 Bedford St.
> Stamford, Conn. 06905
> (203) 324-6155
> gwinter@ssjr.com
> bwhite@ssjr.com

Dated: November 14, 2014

CERTIFICATE OF SERVICE

I certify that on November 14, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on November 14, 2014, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

>   David T. Grudberg, Esq.
>   Carmody & Torrance, LLP
>   195 Church St.
>   PO Box 1950
>   New Haven, Conn. 06509-1950

/s/ Theodore J. Folkman

678855