**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL,<br><br>  Plaintiff,<br>v.<br><br>DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN,<br><br>  Defendants. | Civil Action No.: 3:13-cv-01132 (RNC)<br><br>Consolidated with:<br>3:13-cv-1225-RNC; 3:13-cv-1269-RNC;<br>3:13-cv-1437-RNC; 3:13-cv-1480-RNC;<br>3:13-cv-1626-RNC; 3:13-cv-1627-RNC;<br>3:13-cv-1628-RNC; 3:13-cv-1629-RNC;<br>3:13-cv-1630-RNC; 3:13-cv-1631-RNC;<br>3:13-cv-1632-RNC; 3:13-cv-1633-RNC;<br>3:13-cv-1634-RNC; 3:13-cv-1635-RNC;<br>3:13-cv-1636-RNC; 3:13-cv-1637-RNC;<br>3:13-cv-1638-RNC; 3:13-cv-1639-RNC;<br>3:13-cv-1640-RNC; 3:13-cv-1641-RNC;<br>3:13-cv-1642-RNC; 3:13-cv-1644-RNC;<br>3:13-cv-1645-RNC; 3:13-cv-1647-RNC;<br>3:13-cv-1648-RNC; 3:13-cv-1701-RNC;<br>3:13-cv-1767-RNC; 3:13-cv-1768-RNC;<br>3:13-cv-1769-RNC; 3:13-cv-1881-RNC;<br>3:13-cv-1904-RNC; 3:13-cv-1906-RNC;<br>3:13-cv-1907-RNC; 3:14-cv-0125-RNC;<br>3:14-cv-0668-RNC; 3:14-cv-0815-RNC |
| *This document applies to:*<br>*Emmanuel Clervil v. Perlitz, et al.*, 3:13-cv-01904-RNC | December 5, 2014 |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants Father Paul Carrier, Fairfield University, and the Society of Jesus of New England (the "Society") oppose plaintiff Emmanuel Clervil's motion for leave to amend his complaint.[1] Defendants' primary argument appears to be that Clervil should not be permitted to amend his complaint to add claims of sexual abuse by Father Carrier

---

[1] The remaining defendants who have appeared in this litigation – Hope Carter and the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., a/k/a Order Of Malta, American Association (the "Order of Malta") -- have taken no position on this motion.

1

because these defendants do not believe the allegations are true.  Thus, Defendants focus on inconsistencies in Clervil's statements, to suggest there is no merit to the allegations in the proposed First Amended Complaint ("Amended Complaint").  But discovery and trial are the means for testing the truth of a plaintiff's claims, rather than a refusal to hear the allegations in the first place.  Moreover, to the extent that Clervil's failure to make these allegations sooner reflects on his diligence, as described in detail below, Clervil has now provided an explanation of his failure to offer this information in his interrogatory answers.  This explanation shows that Clervil was under a misapprehension about Father Carrier's role in this case and believed he was obliged to "protect" Father Carrier in order to pursue his claims against Douglas Perlitz.  Under the circumstances, Clervil was diligent such that good cause exists to permit him to amend his complaint.

What is particularly absent from Defendants' opposition is any identification of concrete prejudice to any Defendant resulting from the filing of the Amended Complaint.  Fairfield says only that it is entitled to know the claims against it and that there must deadlines.  Although both of these statements are true, neither amounts to prejudice.[2]  Similarly, Father Carrier alludes vaguely to strategy decisions that could have been affected, but can point to no specific prejudice, nor identify any way in which defending the claims in the Amended Complaint now would be any different from defending them had they been asserted in the original pleading.

This is particularly true because *testimony that Father Carrier sexually abused Emmanuel Clervil will be part of the evidence in Clervil's case, regardless of whether Clervil is permitted to amend his complaint and whether or not those allegations may form the basis of the additional claims set forth in the Amended Complaint*.  The allegations will not simply go away if this motion is denied.  As discussed in more detail below, this Court should grant

---

[2] The Society's opposition simply adopts Fairfield's; thus, the Society offers no additional discussion of possible prejudice to it or any other defendant.

Clervil leave to file the Amended Complaint.

## ARGUMENT
### GOOD CAUSE EXISTS TO PERMIT PLAINTIFF TO AMEND HIS COMPLAINT

This Court should permit Emmanuel Clervil to amend his complaint. Clervil has now provided an explanation of the reason he did not identify Father Carrier as an additional abuser in his original pleading or his initial interrogatory answers. As set forth in the Declaration of Emmanuel Clervil in Support of Motion for Leave to File Amended Complaint (provided as Exhibit A[3]), Clervil had been told that *it was Father Carrier who had arranged for plaintiffs' counsel in these cases*. Clervil believed that Father Carrier was working with plaintiffs' counsel and that only the harm that Douglas Perlitz caused him was cognizable in these cases. *See* Exhibit A at ¶¶ 4-5. Given the language and cultural differences, the difficulties of communication, and Father Carrier's prior long history as a major benefactor of the students of Project Pierre Toussaint, *see, e.g.*, Exhibit A at ¶2, Clervil's confusion in light of the misinformation he had been given is understandable, even if such a misapprehension might be unlikely in an American plaintiff. As described in his declaration, however, the psychological pain caused by Father Carrier's sexual abuse continued to eat away at Clervil until he could no longer remain silent about it. In the meantime, the confusion about Father Carrier's role in this case has been cleared up. Clervil has now come forward with detailed allegations about Father Carrier's sexual abuse. These allegations will be part of Clervil's case in any event, as they provide additional evidence concerning the lack of supervision and oversight at PPT, as well as evidence pertaining to damages. The only issue, then, is whether Clervil should be permitted to amend his pleading to assert additional causes of action against the same defendants based on these additional acts of abuse.

Clervil should be permitted to plead these claims because defendants will not be

---

[3] Exhibit A contains the English and Haitain Creole versions of Clervil's Declaration.

3

prejudiced by permitting these additional claims to go forward. First, as noted in Plaintiffs' opening papers, at least one other plaintiff, Bernard Michel, has asserted similar claims concerning Father Carrier. Father Carrier will thus need to defend against these claims in any event. Father Carrier argues that Michel's claims will not "come into the case without a fight," stating that he intends to seek dismissal. *See* Carrier Response at 7. But the claims *are* in the case now and, for purposes of discovery and strategy, Father Carrier may ignore them only at his peril. Adding similar allegations in the *Clervil* case does not unfairly prejudice Father Carrier when he must defend against these allegations, one way or another, in any event.

Father Carrier also claims he would be prejudiced by the filing of the *Clervil* amended complaint because, he argues, his strategy in defending the case until now might have been different. *See* Carrier Response at 7. But there is no meat on these bones. Father Carrier provides no specifics of *any* strategic decision that would even arguably have been different if Clervil had alleged Carrier's abuse earlier, or any statements or actions he is bound by now that he would, in hindsight, undo.

Father Carrier's argument that his "approach to . . . answering interrogatories may have been different had he any reason to believe that any of the plaintiffs who had sued him would ever assert that he abused them,"[4] *see* Carrier Response at 7, is particularly specious because *Father Carrier has not answered interrogatories in* Clervil *or in any case that is part of this consolidation.* Plaintiffs in the *St. Louis* consolidated cases (of which *Clervil* is obviously a part) have not served interrogatories, so Father Carrier has had no occasion to provide answers. Father Carrier did, it is true, answer interrogatories more than two years ago in the now dismissed cases consolidated with *Jean-Charles v. Perlitz*. But surely

---

[4] Of course, assuming the truth of the allegations in the Amended Complaint, Father Carrier in fact did have a reason to believe that at least some of the plaintiffs who had sued him would assert that he had abused them. A mistaken belief that he had "gotten away with it" does not constitute unfair prejudice.

4

Father Carrier has no right to limit claims of new plaintiffs coming forward now because of his strategic decisions defending prior dismissed claims in years past. Father Carrier's old interrogatory answers provide no basis to deny leave to amend – any concerns arising from those answers would be identical had Clervil included his allegations about Carrier in his original complaint.

Fairfield University's argument about purported prejudice is no better. Fairfield asserts a generic argument to the effect that plaintiffs cannot endlessly amend their pleadings, providing defendants with a constantly moving target against which they must defend. Plaintiff does not disagree, but the argument is beside the point. Clervil has never contended that any plaintiff should be permitted to amend any pleading at any time, only that *he* should be permitted to file his Amended Complaint because, at the time his allegations were made known to the defendants, circumstances showed that no unfair prejudice would accrue as a result. This is in part a result of the amount and specific nature of the discovery that has occurred in this case (or more particularly, had occurred at the time counsel informed defendants of Clervil's allegations). As noted in Plaintiff's opening brief, only a small handful of depositions had been taken; plaintiffs had devoted substantial time to answering interrogatories, thus slowing other discovery.[5] Neither Clervil nor any other plaintiff has been deposed. Indeed, neither Father Carrier nor Fairfield University has identified a single witness whose deposition had already been taken who would need to be re-deposed as a result of the new allegations. He has identified no discovery that he took, or chose not to take, that he would do differently in the face of Clervil's current allegations. Whether a subsequent plaintiff at a later date will be able to show a similar lack of prejudice for an amended pleading is an open question that cannot be answered in the abstract. The possibility that one or more defendants

---

[5] Additional depositions have taken place since then, but of course defendants were on notice of Clervil's allegations when those depositions occurred.

5

might be prejudiced by such a later, unspecified amendment provides no basis to deny leave to file the amended pleading at issue here.

Nor will the filing of the Amended Complaint delay other deadlines set by the Court. Plaintiffs have not sought an extension of any other existing deadlines tied to the filing of the Amended Complaint. Moreover, as the Court is aware, additional cases are still being filed. The allegations to come from new plaintiffs cannot now be predicted. It may yet be necessary to set different, later deadlines for the most recently-filed cases. In this context, Clervil's Amended Complaint will cause no delay; at worst, the case may be scheduled with other complaints filed in the same time period.

Finally, it should be noted that Clervil's was one of the later cases filed. The scheduling order, providing a uniform deadline for amendment of pleadings, was based in part on the timing of the earlier filings. The accident of a scheduling order based on earlier filing dates should not become the basis to deny Clervil valid claims he wishes to assert, when Defendants can show no prejudice, the claims will be part of the case in any event, and Clervil has provided an explanation of his failure to assert the claims sooner.

## CONCLUSION

For the foregoing reasons, this Court should grant in its entirety Plaintiff's motion for leave to file the proposed Amended Complaint provided as Attachment A.

Dated:  December 5, 2014            Respectfully submitted,


By:     /s/     Mitchell Garabedian
    Mitchell Garabedian (phv04676)
    garabedianlaw@msn.com
    William H. Gordon (phv04677)
    wgordon@garabedianlaw.com
    LAW OFFICES OF MITCHELL GARABEDIAN
    100 State Street, 6th Floor
    Boston, MA 02109
    Phone:  (617) 523-6250

    Paul J. Hanly, Jr. (phv04680)

6


       phanly@simmonsfirm.com
       Jayne Conroy (phv04679)
       jconroy@simmonsfirm.com
       Andrea Bierstein (phv04678)
       abierstein@simmonsfirm.com
       SIMMONS HANLY CONROY
       112 Madison Ave., 7th floor
       New York, New York 10016
       Phone:  (212) 784-6400

       Steven J. Errante (ct04292)
       SErrante@ltke.com
       Marisa A. Bellair (ct23802)
       Mbellair@ltke.com
       LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
       P.O. Box 1612
       52 Trumbull Street
       New Haven, CT 06510
       Phone:  (203) 787-0275
       Fax:  (203) 782-0278

       Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on December 5, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on December 5, 2014, the foregoing document was sent by first-class mail, postage prepaid, to:

    (1) Counsel for Defendant Douglas Perlitz at the below address:
        David T. Grudberg, Esq.
        Carmody & Torrance, LLP
        195 Church St.
        PO Box 1950
        New Haven, Conn. 06509-1950

(2) Defendant Haiti Fund, Inc. at the below address:
Haiti Fund, Inc.
c/o Mr. Michael McCooey
Chairman
475 Polly Park Road
Rye, NY 10580

/s/    William H. Gordon
      William H. Gordon