UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>             Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>             Defendants | Civ. A. No. 3:13-cv-01132-RNC |
| *This document relates to:*<br><br>*Clervil v. Perlitz, No. 13-1904* | |

## FATHER CARRIER'S SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Emannuel Clervil's new affidavit is not just patently false; it is cynical and manipulative. When he first moved for leave to amend, Clervil (through his lawyers) sought to show diligence with the following conclusory argument, unsupported by any evidence:

> As referenced above, victims of childhood sexual abuse often have difficult remembering or communicating to others the abuse they suffered. Moreover, it could be reasonably be expected that the emotional impact of abuse by a priest could be greater than the impact of Perlitz's abuse alone, making it harder for a victim to acknowledge or communicate that abuse. ...

Clervil was suggesting, in other words, that he was *unable* to communicate about the supposed abuse, either because he could not remember it or because he could not communicate it to others.

But now that he has submitted a declaration, the Court can see that Clervil's brief was misleading. He does not claim that he did not remember the abuse, and he does not claim that he was unable to communicate it. Instead, he makes a self-contradictory and plainly false claim. He says that when he first answered the defendants' interrogatories, on July 11, 2014, he thought

that Father Carrier was the one who was providing his food and who had arranged for Mr. Garabedian to represent him. This is absurd, of course—Clervil had sued Father Carrier more than six months earlier. And his interrogatory answers contained *other* assertions calculated to strengthen Clervil's claims against Father Carrier.  For example:

> INTERROGATORY NO. 27
>
> Identify all persons (including, if applicable, any of the defendants) who you believe should have known that Perlitz posed a risk to children or was otherwise unsuitable to serve as director of Project Pierre Toussaint at any time prior to September 15, 2009, and for each such person, state the basis for your belief.
>
> Answer to Interrogatory No. 27
>
> ***I believe that Pere Paul should have known.  He was the chief responsible for a bunch of children.***  I believe Madame Carter should have known.  ***Pere Paul and Madame Carter were the leaders.***  Robenson should have known. Anyone that occupied a position of authority should have known. ***I believe my attorneys have made further allegations concerning it.***  Plaintiff reserves the right to supplement this answer to the extent that he recalls or becomes aware of additional facts supporting his claim.
>
> * * *
>
> INTERROGATORY NO. 48:
>
> If you contend that Father Carrier had a sexual relationship with any person from 1987 the to present, state the basis for your contention.
>
> Answer to Interrogatory No. 48:
>
> ***I heard from Peter, who is now in the Dominican Republic, that Pere Paul and Douglas were lovers. I believe my attorneys have made further allegations concerning it.***  Plaintiff reserves the right to supplement this answer to the extent that he recalls or becomes aware of additional facts supporting this claim.
>
> * * *
>
> INTERROGATORY NO. 50:
>
> If you contend that Father Carrier saw Perlitz show any person a pornographic video, state the basis for your contention.
>
> Answer to Interrogatory No. 50:

> One Friday at Bel Air I was watching a sex movie on Douglas' laptop in Douglas' bedroom with Douglas, Joel and other boys. ***Pere Paul was also in the bedroom watching the movie.***
>
> (Emphasis added.)

Clervil's original answers also reflect a clear familiarity of the allegations his lawyers made against Father Carrier in Clervil's own complaint:

> INTERROGATORY NO. 54:
>
> If you contend that Father Carrier hindered, delayed, or prevented any person from communicating with any law enforcement officer concerning Perlitz, state the basis for your contention.
>
> Answer to Interrogatory No. 54
>
> ***I personally know nothing about this matter but believe my attorneys have made allegations concerning it.*** Plaintiff reserves the right to supplement this answer to the extent that he recalls or becomes aware of additional facts supporting this claim.
>
> (Emphasis added) (s*ee also* Answers 51, 52, 53, 55).

Simply put, Clervil's original interrogatory answers show that Clervil had no compunction about making statements that would directly benefit his claims against Father Carrier. Thus Clervil's new story is not just absurd but self-contradictory.

But more to the point, Clervil's explanation for his earlier denials that Father Carrier abused him is no explanation at all, or at least no *legitimate* explanation. Clervil is saying, in effect, that when he first answered the interrogatories, he answered untruthfully because he thought Father Carrier was an ally in the litigation. Far from showing diligence, Clervil's new affidavit instead shows cynical opportunism.

Clervil's lawyers make matters worse by trying to justify such brazenness by claiming "language and cultural differences." Clervil's lawyers treat the idea of "cultural differences" as a kind of talisman that can explain away inconvenient facts. But they never explain what these "cultural differences" are, let alone provide any evidence to support what they say about them.

3

In any case, the argument is an insult to Haitians. Surely it is no part of the Haitian culture to provide false sworn testimony in formal legal proceedings when it suits one's purposes or helps those one regards as allies.

Clervil makes another point—he says that the pain he claims Father Carrier caused him "kept bothering me" and that it "has gotten worse," and he says this fact is the reason why he supplemented his interrogatory answers. But he does not say that he could not have made his assertions earlier, or explain why he could only make his allegations once the supposed pain got sufficiently bad. And while Clervil's lawyers asserted in their first brief that it is reasonable to think that it would have been harder for Clervil to report the alleged abuse at the hands of Father Carrier than the alleged abuse at the hands of Perlitz, they provide no evidence from Clervil or anyone else to suggest that this is true. Indeed, his own complaint makes the case that Clervil was unable to remember the full extent of Perlitz's abuse but makes no such allegation about the alleged abuse by Father Carrier. (Compl. ¶ 104).

Everyone deserves his day in court. But this Court should not countenance the manipulative tactics Clervil has deployed here. It is plain that Clervil, even after taking a second bite at the apple, cannot possibly show diligence. And as Fairfield University demonstrated in its memorandum opposing Clervil's motion, if a plaintiff cannot show diligence, then an untimely amendment is improper under Rule 16, regardless of arguments about prejudice. The motion therefore must be denied.

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon St., 21st Fl.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: December 11, 2014

## CERTIFICATE OF SERVICE

I certify that on December 11, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on December 11, 2014, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

>David T. Grudberg, Esq.
>Carmody & Torrance, LLP
>195 Church St.
>PO Box 1950
>New Haven, Conn. 06509-1950

>/s/ Theodore J. Folkman

680758