Case 3:13-cv-01133-RNC Document 485-2 Filed 01/20/15 Page 1 of 6
Case 1:12-cv-08948-JGK Document 1-2 Filed 12/10/12 Page 1 of 6
JUDGE SULLIVAN

12 CIV 8948

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

S.M.,

        Plaintiff,

v.

KEVIN CLASH,

        Defendant.

-------------------------------------------------

CASE NO.:

COMPLAINT AND
DEMAND FOR JURY TRIAL

RECEIVED DEC 10 2012 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, S.M. (referred to herein as "JOHN"), by and through his undersigned counsel, hereby files this Complaint against Defendant KEVIN CLASH, and states as follows:

### PARTIES

      1.    JOHN is a citizen and resident of the State of Florida. Plaintiff has filed this lawsuit using his initials in order to protect his privacy and because he fears further psychological injury if his name were publicly disclosed, as this lawsuit involves facts of the utmost intimacy regarding Plaintiff's childhood sexual history. Plaintiff's true identity will be made known to the Defendant.

      2.    Defendant, KEVIN CLASH is a citizen and resident of the State of New York. At all relevant times, KEVIN CLASH was an internationally-known puppeteer and voice actor for children's programming whose characters included the instantly recognizable falsetto-voiced Elmo. Elmo is a character on the television show *Sesame Street*.

### JURISDICTION AND VENUE

      3.    This Court has jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff alleges a claim under the laws of the United States.



HERMAN LAW

(305) 931-2200                                                                             WWW.HERMANLAW.COM

Case 2:13-cv-01133-RMC Document 485-2 Filed 01/20/15 Page 2 of 6
Case 1:12-cv-08948-JGK Document 1-2 Filed 12/10/12 Page 2 of 6

Page 2

4. This Court also has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 in that the amount in controversy in this claim exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. This Court has venue of this action pursuant to 28 U.S.C. §§1391(a) and 1391(b) in that the Defendant is a citizen of this District and is otherwise subject to personal jurisdiction in this judicial district. Additionally, a substantial part of the events giving rise to this claim occurred in this District.

6. At all relevant times Defendant KEVIN CLASH was an adult male living a prominent public life centered around the entertainment of toddlers, while at the same time he was, in secret, preying on teenage boys to satisfy his depraved sexual interests. KEVIN CLASH was born in 1960.

## COUNT I
## COERCION AND ENTICEMENT TO SEXUAL ACTIVITY
## IN VIOLATION OF 18 U.S.C. §2422

7. Plaintiff repeats and re-alleges Paragraphs 1 through 6 above as fully set forth herein.

8. JOHN DOE NO. 98 was born in 1979 and grew up in Florida.

9. In late 1995 or early 1996, KEVIN CLASH was visiting Miami Beach, Florida. At the same time, JOHN, age 16 or 17, was in Miami Beach looking for employment.

10. KEVIN CLASH approached JOHN, complimented him on his appearance, and befriended JOHN. JOHN was hesitant to associate with JOHN because of a prior history of molestation by a high school teacher at age fifteen. KEVIN CLASH made JOHN feel comfortable and eased any worries that JOHN was having.


HERMAN LAW

(305) 931-2200                                                    WWW.HERMANLAW.COM

Case 3:13-cv-01132-RNC Document 485-2 Filed 01/20/15 Page 3 of 6
Case 1:12-cv-08548-JGK Document 1-2 Filed 12/20/12 Page 3 of 6

Page 3

11. Following their initial meeting, KEVIN CLASH returned to his home in New York, but remained in frequent contact with JOHN via telephone. KEVIN CLASH called JOHN on telephone with the intent of persuading, inducing, coercing or enticing JOHN to meet him for sexual encounters in New York.

12. During their telephone calls KEVIN CLASH lured JOHN to visit him in New York with promises to pay for his plane ticket, be a "dad" to him in New York, and give him cash and a free place to stay. KEVIN CLASH's offer appealed to JOHN who was contemplating running away from home.

13. JOHN confided in KEVIN CLASH that he was having difficulty in high school and at home. JOHN accepted KEVIN CLASH's offer to come to New York.

14. KEVIN CLASH purchased a plane ticket for JOHN to travel from Miami to New York in early 1996. KEVIN CLASH purchased this plane ticket for JOHN with the intent to engage in sexual activity with JOHN in New York upon JOHN's arrival.

15. As arranged, JOHN flew from Miami to New York in early 1996 at KEVIN CLASH's expense. KEVIN CLASH arranged for a driver to pick JOHN up at the airport and transport JOHN to KEVIN CLASH's apartment. JOHN stayed for approximately four days in New York in KEVIN CLASH's upscale apartment before returning to Florida.

16. During his stay, KEVIN CLASH and JOHN had sexual contact on multiple occasions in KEVIN CLASH's apartment. These sexual acts included KEVIN CLASH attempting to penetrate JOHN's anus with his penis. KEVIN CLASH told JOHN he had difficulty penetrating JOHN due to a medical condition. On other occasions, KEVIN CLASH had JOHN perform oral sex on him and put his fingers in JOHN's anus.


HERMAN LAW

Case 3:13-cv-01133-RNC Document 485-2 Filed 01/20/15 Page 4 of 6
Case 1:12-cv-08548-JGK Document 1-2 Filed 12/20/12 Page 4 of 6

Page 4

17. During the rest of his stay, KEVIN CLASH showered JOHN with attention and affection. KEVIN CLASH told JOHN during the visit that he was the voice of the Elmo character.

18. KEVIN CLASH used a facility or means of interstate commerce to knowingly persuade, induce or entice JOHN, when he was under the age of 18 years, to engage in sexual activity for which KEVIN CLASH can be charged with a criminal offense.

19. KEVIN CLASH's acts and conduct are in violation of 18 U.S.C. §2422.

20. As a result of KEVIN CLASH's violation of 18 U.S.C. §2422, Plaintiff has suffered personal injuries. In particular, as a direct and proximate result of engaging in sexual activity with CLASH as a minor, JOHN DOE suffered severe injuries, including but not limited to mental, psychological and emotional trauma. These injuries are continuing and permanent in nature.

21. Although KEVIN CLASH's sexual activity with JOHN occurred in or about 1996, when JOHN was a minor, he was not immediately aware of his injuries. As a teenage boy, JOHN was not emotionally or psychologically prepared for a sexual relationship with a grown man. As a compliant victim, JOHN did not become aware that he had suffered adverse psychological and emotional effects from KEVIN CLASH's sexual acts and conduct until 2012.

22. JOHN did not become aware of his injuries, nor was he able to make a causal connection between his injuries and the sexual acts of KEVIN CLASH until 2012. JOHN could not reasonably have been expected to know that he had been injured and that KEVIN CLASH had caused his injuries until calendar year 2012.

23. Plaintiff retained Herman Law, P.A. as his attorneys in this matter and agreed to



(305) 931-2200　　　　　　　　　　　　　　　　　　　　　　　WWW.HERMANLAW.COM

Case 2:13-cv-01133-PMC-JGK Document 485-2 Filed 01/20/15 Page 5 of 6
Case 1:12-cv-08346-JGK Document 1-2 Filed 12/10/12 Page 5 of 6

Page 5

pay them a reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff hereby demands judgment against Defendant, KEVIN CLASH, for all damages available under 18 U.S.C. §2255(a), including without limitation, actual and compensatory damages, costs of suit, and attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II

### TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT IN VIOLATION OF 18 U.S.C. § 2423

24. Plaintiff repeats and re-alleges paragraphs 1 through 23 above.

25. KEVIN CLASH knowingly paid for the transportation of JOHN across state lines from Florida to New York for the purpose of engaging JOHN in sexual activity while JOHN was still a minor.

26. After KEVIN CLASH paid for JOHN's transportation from Florida to New York, KEVIN CLASH did engage JOHN while he was still a minor in skin-to-skin sexual contact, including sodomy and oral sex.

27. KEVIN CLASH's acts and conduct are in violation of 18 U.S.C. § 2423.

28. Although KEVIN CLASH's acts of paying for JOHN's interstation travel with intent to engage in illicit sexual conduct occurred in or about 1996, JOHN was not immediately aware of his injuries. Specifically, JOHN did not become aware that he had suffered psychological and emotional injuries arising from the acts and conduct of KEVIN CLASH until 2012.

29. Plaintiff retained Herman Law, P.A. as his attorneys in this matter and agreed to pay the firm a reasonable attorney's fee.



HERMAN LAW

(305) 931-2200                                                                                                       WWW.HERMANLAW.COM

Case 2:13-cv-01133-PNC-JGK Document 485-2 Filed 01/20/15 Page 6 of 6
Case 1:12-cv-08545-JGK Document 1-2 Filed 12/10/12 Page 6 of 6

Page 6

WHEREFORE, Plaintiff demands judgment against Defendant KEVIN CLASH for all damages available under 18 U.S.C. §2255(a), including without limitation, actual and compensatory damages, costs of suit, and attorneys' fees, and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury.

Dated: December 10, 2012.

Respectfully submitted,

HERMAN LAW, P.A.
Stuart S. Mermelstein, Esq., S.D.N.Y. Bar #SM1461
smermelstein@hermanlaw.com
Jeff Herman, Esq.
jherman@hermanlaw.com
(pending admission *pro hac vice*)
Adam D. Horowitz, Esq.
ahorowitz@hermanlaw.com
(pending admission *pro hac vice*)
18205 Biscayne Boulevard, Suite 2218
Miami, Florida 33160
Telephone: (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

and

GALLET DREYER & BERKEY LLP
845 Third Avenue - 8th Floor
New York, New York 10022
Tel. (212) 935-3131
Fax (212) 935-4514

By: 
David T. Azrin, Esq.
dta@gdblaw.com