13 CIV 2172

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: _____

KEVIN KIADII,

        Plaintiff,

- against -

KEVIN CLASH,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN KIADII, by and through his undersigned counsel, hereby files this Complaint against Defendant KEVIN CLASH, and states as follows:

### PARTIES

1. Kevin Kiadii ("KIADII") is a citizen and resident of the State of New York.

2. Defendant, KEVIN CLASH is a citizen and resident of the State of New York. At all relevant times, KEVIN CLASH was an internationally-known puppeteer and voice actor for children's programming whose characters included the instantly recognizable falsetto-voiced Elmo. Elmo is a character on the television show *Sesame Street*.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff alleges a claim under the laws of the United States.

4. This Court has venue of this action pursuant to 28 U.S.C. §§1391(a) and 1391(b) in that the Defendant is a citizen of this District and is otherwise subject to personal jurisdiction in this judicial district. Additionally, a substantial part of the events giving rise to this claim occurred in this District.

Case No.: _____

5. At all relevant times Defendant KEVIN CLASH was an unmarried adult male living a prominent public life centered around the entertainment of toddlers, while at the same time he was, in secret, preying on teenage boys to satisfy his depraved sexual interests. KEVIN CLASH was born in 1960.

6. KEVIN CLASH, the voice of Elmo, trolled gay telephone chat line rooms to meet and have sex with underage boys.

## COUNT I:
### COERCION AND ENTICEMENT TO SEXUAL ACTIVITY IN VIOLATION OF 18 U.S.C. §2422

7. Plaintiff, KEVIN KIADII repeats and re-alleges Paragraphs 1 through 6 above as fully set forth herein.

8. KIADII was born in 1987 and grew up in New York.

9. In 2004 when KIADII was 16 years old, he went on a gay telephone chat line to meet friends who were also gay.

10. KEVIN CLASH initiated contacted with KIADII on this telephone chat line. KIADII and KEVIN CLASH spoke on the telephone. KEVIN CLASH invited KIADII to come to his apartment in Manhattan. When KIADII accepted the invitation, KEVIN CLASH sent a luxury car service to pick up KIADII in Brooklyn and bring him to KEVIN CLASH's apartment. Upon his arrival, KEVIN CLASH gave KIADII alcohol and groomed him with attention and affection. KEVIN CLASH and KIADII engaged in sexual contact, including penetration of KIADII's anus. This was KIADII's first sexual experience with an adult male.

11. KEVIN CLASH used a facility or means of interstate commerce to knowingly persuade, induce or entice KIADII, when he was under the age of 18 years, to engage in sexual activity for which KEVIN CLASH can be charged with a criminal offense.

2

Case No.: _____

12. Upon information and belief, KEVIN CLASH frequented this telephone chat line with the intent of persuading, inducing, coercing or enticing underage boys to meet him for sexual encounters. Consistent with this scheme, upon information and belief, KEVIN CLASH did meet multiple boys for sexual encounters after chatting with them on gay telephone sex lines.

13. KEVIN CLASH's acts and conduct are in violation of 18 U.S.C. §2422.

14. As a result of KEVIN CLASH's violation of 18 U.S.C. §2422, Plaintiff has suffered personal injuries. In particular, as a direct and proximate result of engaging in sexual activity with CLASH as a minor, KIADII suffered severe injuries, including but not limited to mental, psychological and emotional trauma. These injuries are continuing and permanent nature.

15. Although KEVIN CLASH's acts of inducement and enticement to sexual activity occurred in or about 2004, when KIADII was a minor, he was not immediately aware of his injuries. As a 16 year old child, KIADII was not emotionally or psychologically prepared for a sexual relationship with a grown man in his forties. As a compliant victim, KIADII did not become aware that he had suffered adverse psychological and emotional effects from KEVIN CLASH's sexual acts and conduct until 2012.

16. KIADII did not become aware of his injuries, nor was he able to make a causal connection between his injuries and the sexual acts of KEVIN CLASH until 2012. As a compliant victim showered with attention and affection, KIADII could not reasonably have been expected to know that he had been injured and that KEVIN CLASH had caused his injuries until calendar year 2012.

17. Plaintiff retained Herman Law as his attorneys in this matter and agreed to pay them reasonable attorneys' fees and costs.

3

Case No.: _____

**WHEREFORE**, Plaintiff, KEVIN KIADII, hereby demands judgment against Defendant, KEVIN CLASH, for all damages available under 18 U.S.C. §2255(a), including without limitation, actual and compensatory damages, costs of suit, and attorneys' fees, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury.

Dated: April 1, 2013

Respectfully submitted,

HERMAN LAW
3351 N.W. Boca Raton Boulevard
Boca Raton, Florida 33431
Tel: 305-931-2200
Fax: 305-931-0877
www.hermanlaw.com

By: _____/s/ Stuart S. Mermelstein_____
Stuart S. Mermelstein (SSM-1461)
smermelstein@hermanlaw.com
Jeff Herman, Esq.
jherman@hermanlaw.com
(pending admission *pro hac vice*)
Adam D. Horowitz, Esq.
ahorowitz@hermanlaw.com
(pending admission *pro hac vice*)

– and –

GALLET DREYER & BERKEY LLP
845 Third Avenue, 8th Floor
New York, New York 10022
Tel: 212-935-3131
Fax: 212-935-4514

By: _____
David T. Azrin, Esq. (DA 4747)
dta@gdblaw.com

*Attorneys for Plaintiff Kevin Kiadii*

4