UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL,<br><br>                 Plaintiff,<br>    v.<br><br>DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN,<br><br>                 Defendants. | Civil Action No.: 3:13-cv-01132 (RNC)<br><br>Consolidated with:<br>3:13-cv-1225-RNC; 3:13-cv-1269-RNC;<br>3:13-cv-1437-RNC; 3:13-cv-1480-RNC;<br>3:13-cv-1626-RNC; 3:13-cv-1627-RNC;<br>3:13-cv-1628-RNC; 3:13-cv-1629-RNC;<br>3:13-cv-1630-RNC; 3:13-cv-1631-RNC;<br>3:13-cv-1632-RNC; 3:13-cv-1633-RNC;<br>3:13-cv-1634-RNC; 3:13-cv-1635-RNC;<br>3:13-cv-1636-RNC; 3:13-cv-1637-RNC;<br>3:13-cv-1638-RNC; 3:13-cv-1639-RNC;<br>3:13-cv-1640-RNC; 3:13-cv-1641-RNC;<br>3:13-cv-1642-RNC; 3:13-cv-1644-RNC;<br>3:13-cv-1645-RNC; 3:13-cv-1647-RNC;<br>3:13-cv-1648-RNC; 3:13-cv-1701-RNC;<br>3:13-cv-1767-RNC; 3:13-cv-1768-RNC;<br>3:13-cv-1769-RNC; 3:13-cv-1881-RNC;<br>3:13-cv-1904-RNC; 3:13-cv-1906-RNC;<br>3:13-cv-1907-RNC; 3:14-cv-0125-RNC;<br>3:14-cv-0668-RNC; 3:14-cv-0815-RNC |
| *This document applies to:*<br>*Emmanuel Clervil v. Perlitz, et al.*, 3:13-cv-01904-RNC | January 29, 2015 |

**MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff Emmanuel Clervil hereby moves pursuant to Fed. R. Civ. P. 41(a)(2) for a voluntary dismissal of his action, and in support thereof states as follows:

1. This action was commenced by the filing of a Complaint on December 23, 2013, as one of a number of actions against the Defendants arising from the sexual abuse of children at Project Pierre Toussaint in Haiti. Plaintiff Emmanuel Clervil, who is twenty-two years old and is a Haitian citizen with limited education and understanding of legal procedures and the obligations that accompany them, is not able at this time effectively to pursue his case. For this reason, Clervil now seeks to dismiss his action.

2. On February 4, 2014, three defendants (Father Paul E. Carrier, Fairfield

1

University, and The Society of Jesus of New England (the "Society")) filed Answers to Clervil's Complaint. On January 7, 2015, plaintiff's counsel asked counsel for all defendants who have appeared in the action if they would stipulate, pursuant to Fed. R. Civ. P. 41(a)(1), to a voluntary dismissal of this particular action. On January 15, 2015, counsel for the Society responded on behalf of all the appearing defendants and stated that defendants would not stipulate and might object or otherwise respond to a motion for a voluntary dismissal.

3.  Because defendants have answered the complaint and refuse to stipulate to a voluntary dismissal, Plaintiff is not able to dismiss his case pursuant to Rule 41(a)(1). Accordingly, Plaintiff now seeks leave to dismiss his case voluntarily, and without prejudice, pursuant to Rule 41(a)(2).

4.  As set forth in the attached Memorandum of Law, this Court should grant the motion for a voluntary dismissal without prejudice, because Defendants will not be prejudiced and, in particular, because virtually no case-specific discovery has taken place in this action. Because there are no pending counterclaims and no prejudice, this Court should permit Plaintiff to dismiss his case since he does not wish to proceed at this time.

## MEMORANDUM OF LAW

Pursuant to Rule 41(a), an action may be voluntarily dismissed (i) by the plaintiff before the defendant has answered or moved for summary judgment, *see* Fed. R. Civ. P. 41(a)(1); (ii) by stipulation of dismissal signed by all parties who have appeared, *see id.*; or (iii) "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Where the dismissal is by court order pursuant to Rule 41(a)(2), the dismissal is without prejudice "[u]nless the order states otherwise." *Id.*

Although a motion for voluntary dismissal pursuant to Rule 41(a)(2) lies within the Court's discretion, the Second Circuit has held that "[g]enerally . . . a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), *citing Wakefield*

*v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985). The Court of Appeals has, moreover, set forth five factors relevant to a court's decision whether or not to grant a motion for a voluntary dismissal without prejudice; these factors are:

> [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*Catanzano*, 277 F.3d at 110, *citing Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir.1990). (The factors are sometime referred as the "*Zagano* factors.") Applying these factors in *Catanzano*, the Second Circuit held that the district court had abused its discretion in denying plaintiff's motion for a voluntary dismissal without prejudice. The Court based its ruling on its finding that the defendant would not be prejudiced by the dismissal of the claim at issue because the claim "ha[d] been litigated to such a limited extent." 277 F.3d at 110. *See also A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29 (S.D.N.Y. 2009) (voluntary dismissal without prejudice proper where the majority of the activity in the case pertained to claims other than the one as to which dismissal was sought and there was no indication defendants had expended any resources on the claim in question); *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No.* 05 CV 3939 (CM), 2008 WL 4127549, at *8 (S.D.N.Y. Sept. 2, 2008) ("Where discovery has been limited, as here, courts will dismiss without prejudice if the discovery that has occurred has not been targeted to the counts a party seeks to have dismissed.").

Here, the motion for voluntary dismissal should be granted without prejudice because, as demonstrated by consideration of the *Zagano* factors, Defendants will not suffer any prejudice from it. Plaintiff's case is one of 36 cases consolidated with this action. Other than plaintiff's motion for leave to amend his complaint, Clervil's individual claim has not been litigated, nor have Defendants expended effort and expense in preparing it for trial. With the exception of answers to Defendants' First Set

3

of Interrogatories to All Plaintiffs, all the discovery that has taken place relates to all of the cases generally, not to any particular one. The depositions of plaintiffs noticed to take place in the Dominican Republic during the last week of March do not include the deposition of this plaintiff, so Defendants have had no reason to expend time or money preparing for an imminent deposition. And although Plaintiff Clervil has provided individual answers to Defendants' Interrogatories, the burden of doing so fell entirely on plaintiff and his counsel, and not at all on Defendants.

Accordingly, should Clervil at some point refile his claims, there would be virtually no duplicative expense in relitigation. Moreover, as the inclusion in the *Zagano* factors of "the duplicative expense of relitigation" makes clear, "[t]he mere prospect of a second litigation is insufficient to rise to the level of legal prejudice." *A.V. by Versace*, 261 F.R.D. at 33; *accord Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 CV 3939 (CM), 2008 WL 4127549, *9 (S.D.N.Y. Sept. 2, 2008); *see also Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1, 19 (1936) ("The exception [to the right of a complaint to dismiss without prejudice] was where a dismissal of the bill would prejudice the defendants in some *other way than by the mere prospect of being harassed and vexed by future litigation of the same kind*.") (emphasis added).

Moreover, far from being prejudiced by dismissal of Clervil's claims, two of the Defendants – Father Carrier and the Society – have recently pointed out to the Court that they expect Clervil's claims to be dismissed. Thus, in his memorandum in support of his motion to dismiss two of Plaintiff Bernard Michel's claims, Father Carrier noted that Plaintiff Clervil intended to dismiss his action. *See* Mem. in Supp. of Father Carrier's Motion to Dismiss Counts 8 and 12 (Doc. 485) at 1 n. 1 (1/20/15). Similarly, in papers served, but not yet filed, the Society noted that Clervil would seek to dismiss his action. It appears that these Defendants believe that dismissal of Clervil's claims strengthens their position; they cannot now argue they are prejudiced by it instead.

Nor has there been "undue vexatiousness" on Plaintiff's part, especially since, as

4

noted, his individual claims have barely been litigated to date. Moreover, this Court should find Clervil's explanation of his reason for dismissal adequate. As noted above, Plaintiff is a young Haitian citizen with limited education and understanding of legal procedures and his obligations with them. At this time, he is not able effectively to pursue his claims, although that may change with the passage of time. Dismissal at this time would benefit Plaintiff, the Defendants, and the Court.

Because Clervil's individual claim "has been litigated to such a limited extent," *see Catanzano*, 277 F.3d at 100, because the Defendants will not be prejudiced and because the *Zagano* factors weigh in favor of granting dismissal without prejudice, this Court should grant Clervil's motion for a voluntary dismissal without prejudice pursuant to Rule 41(a)(2).

## CONCLUSION

For the foregoing reasons, this Court should grant in its entirety Plaintiff Emmanuel Clervil's motion for a voluntary dismissal pursuant to Rule 41(a)(2).

Dated: January 29, 2015            /s/    Mitchell Garabedian
                                   Mitchell Garabedian (phv04676)
                                   garabedianlaw@msn.com
                                   William H. Gordon (phv04677)
                                   wgordon@garabedianlaw.com
                                   LAW OFFICES OF MITCHELL GARABEDIAN
                                   100 State Street, 6th Floor
                                   Boston, MA 02109
                                   Phone: (617) 523-6250

                                   Paul J. Hanly, Jr. (phv04680)
                                   phanly@simmonsfirm.com
                                   Jayne Conroy (phv04679)
                                   jconroy@simmonsfirm.com
                                   Andrea Bierstein (phv04678)
                                   abierstein@simmonsfirm.com
                                   SIMMONS HANLY CONROY
                                   112 Madison Ave., 7th floor
                                   New York, New York 10016
                                   Phone: (212) 784-6400

                    Steven J. Errante (ct04292)
                    SErrante@ltke.com
                    Marisa A. Bellair (ct23802)
                    Mbellair@ltke.com
                    LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
                    P.O. Box 1612
                    52 Trumbull Street
                    New Haven, CT 06510
                    Phone:  (203) 787-0275
                    Fax:  (203) 782-0278

                    Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on January 29, 2015, the foregoing document was sent by first-class mail, postage prepaid, to:

      (1) Counsel for Defendant Douglas Perlitz at the below address:
          David T. Grudberg, Esq.
          Carmody & Torrance, LLP
          195 Church St.
          PO Box 1950
          New Haven, Conn. 06509-1950

      (2) Defendant Haiti Fund, Inc. at the below address:
          Haiti Fund, Inc.
          c/o Mr. Michael McCooey
          Chairman
          475 Polly Park Road
          Rye, NY 10580

          /s/   William H. Gordon
                William H. Gordon (phv04677)