UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>   Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>   Defendants. | Civ. A. No. 3:13-cv-01132-RNC<br><br>Dated: February 18, 2015 |
| *This document relates to:*<br><br>*Clervil v. Perlitz, No. 13-1904* | |

**FATHER CARRIER'S RESPONSE TO EMMANUEL CLERVIL'S
MOTION FOR VOLUNTARY DISMISSAL**

  Father Carrier joins in Fairfield University's response to the motion to dismiss. Because Father Carrier is the person whose vocation and reputation are most directly affected by Mr. Clervil's decision to contradict his own sworn statements and accuse Father Carrier of abuse, Father Carrier writes separately to emphasize a point of particular importance.

  The motion to dismiss gives rise to grave concerns about the integrity of the vetting of all of the claims in this second round of cases. According to counsel, the reason for the dismissal is that Clervil "is twenty-two years old and is a Haitian citizen with limited education and understanding of legal procedures and the obligations that accompany them," so he "is not able at this time effectively to pursue his case." (Br. at 1). But though the ages of the *St. Louis* plaintiffs vary from approximately twenty to twenty-nine, there is no reason to think that Clervil

is situated differently than any of the other plaintiffs. They all are young Haitian men, and judging from the interrogatory answers we have received thus far, they all have limited education. The justification Clervil's lawyers offer for the withdrawal of his claim seems equally applicable to any of the plaintiffs.

As far as we know, the only admissible evidence any one plaintiff has that he himself was abused will be his own testimony. Of course, testimony, if credited, is sufficient to prove the fact of abuse. But where the credibility of individual claimants is so crucial to the cases, and where the plaintiffs' lawyers themselves are asserting that at least one of their clients, because he is a young, uneducated Haitian man, lacked the ability to understand the need to tell the truth in these proceedings, it is critical that Father Carrier and the other defendants have the opportunity to explore, through a deposition of Mr. Clervil and in other ways, the process, if there was one, by which the plaintiffs' counsel have tested the bona fides of this second group of plaintiffs, as they have represented they have done. (E.g., Tr. of Dec. 16, 2014 at 16:16-19).

The *St. Louis* plaintiffs, the plaintiffs in the second group of cases, are situated differently than the plaintiffs in the *Jean-Charles* group, the group of cases that the defendants settled. The *Jean-Charles* plaintiffs had given forensic interviews to government investigators; several of them had traveled to the United States to make statements at Mr. Perlitz's sentencing; Mr. Perlitz had admitted that he had abused some of them; the number of plaintiffs in the *Jean-Charles* group was roughly consistent with the determinations by the prosecutor in Mr. Perlitz's criminal trial about the total number of victims. None of these factors are present here.

Father Carrier's position, therefore, is that he needs and is entitled to discovery aimed at understanding how these plaintiffs' claims were vetted and tested, if at all, before they were filed. This discovery will include a deposition of Mr. Clervil. The deposition should not be

limited to questions about the integrity of the vetting of the new cases: Mr. Clervil may also have information relevant to the claims of the other plaintiffs.

Thus although the motion for voluntary dismissal should be granted, the dismissal should be conditional on the plaintiffs' counsel arranging for Mr. Clervil's appearance at a deposition to be held in the Dominican Republic. If the case is dismissed before Mr. Clervil is deposed, then for practical purposes the defendants will lose the ability to compel him to answer questions. If he is no longer a party to the action, then a deposition would have to proceed via letter rogatory to the Haitian judicial authorities, a process that will take much time and may yield little in light of Haiti's inefficient and underdeveloped judiciary. *See* U.S. Department of State's "Haiti 2013 Human Rights Report" at 15 *available at* www.state.gov/documents/organization/220661.pdf.

*[signature page to follow]*

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon Street, 21st Fl.
Boston, Mass. 02108
(617) 423-0400
toneill@murphyking.com
tfolkman@murphyking.com
arettig@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON &
REENS LLC
986 Bedford Street
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: February 18, 2015

4

CERTIFICATE OF SERVICE

I certify that on February 18, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on February 18, 2015, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendants, Douglas Perlitz, and on the Haiti Fund, Inc., who are unable to accept electronic service:

> David T. Grudberg, Esq.
> Carmody & Torrance, LLP
> 195 Church St.
> PO Box 1950
> New Haven, Conn. 06509-1950
>
> Michael McCooey
> Chairman, Haiti Fund, Inc.
> 475 Polly Park Road
> Rye, N.Y. 10580

/s/ Theodore J. Folkman

*683442*