UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL, <br><br> Plaintiff, <br> v. <br><br> DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN, <br><br> Defendants. <br><br> *This document applies to:* <br> *Michel v. Perlitz*, 14-1530 | Civil Action No.: 3:13-cv-01132 (RNC) <br><br> Consolidated with: <br> 3:13-cv-1225-RNC; 3:13-cv-1269-RNC; <br> 3:13-cv-1437-RNC; 3:13-cv-1480-RNC; <br> 3:13-cv-1626-RNC; 3:13-cv-1627-RNC; <br> 3:13-cv-1628-RNC; 3:13-cv-1629-RNC; <br> 3:13-cv-1630-RNC; 3:13-cv-1631-RNC; <br> 3:13-cv-1632-RNC; 3:13-cv-1633-RNC; <br> 3:13-cv-1634-RNC; 3:13-cv-1635-RNC; <br> 3:13-cv-1636-RNC; 3:13-cv-1637-RNC; <br> 3:13-cv-1638-RNC; 3:13-cv-1639-RNC; <br> 3:13-cv-1640-RNC; 3:13-cv-1641-RNC; <br> 3:13-cv-1642-RNC; 3:13-cv-1644-RNC; <br> 3:13-cv-1645-RNC; 3:13-cv-1647-RNC; <br> 3:13-cv-1648-RNC; 3:13-cv-1701-RNC; <br> 3:13-cv-1767-RNC; 3:13-cv-1768-RNC; <br> 3:13-cv-1769-RNC; 3:13-cv-1881-RNC; <br> 3:13-cv-1904-RNC; 3:13-cv-1906-RNC; <br> 3:13-cv-1907-RNC; 3:14-cv-0125-RNC <br> 3:14-cv-0668-RNC; 3:14-cv-0815-RNC <br><br> March 20, 2015 |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO FATHER CARRIER'S MOTION TO DISMISS COUNTS 8 AND 12

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION...............................................................................................................1

FACTUAL BACKGROUND..................................................................................................3

APPLICABLE LEGAL STANDARD AND STATUTES..............................................................5

ARGUMENT.....................................................................................................................7

       PLAINTIFF'S EIGHTH CLAIM, FOR SEX TOURISM ARISING FROM FATHER CARRIER'S SEXUAL ABUSE OF MICHEL, SHOULD NOT BE DISMISSED AS TIME-BARRED ...................7

             **A.**   Plaintiff Is Not Required to Negate Father Carrier's Affirmative Defense ............................................................................................. 8

             **B.**   It Is Not Apparent From the Face of the Complaint that the Eighth Claim Is Time-Barred................................................. 10

CONCLUSION ............................................................................................................... 16

CERTIFICATE OF SERVICE ............................................................................................ 17

# TABLE OF AUTHORITIES

*Page*

## Cases

*Arnold v. AMTRAK,* 13 F. App'x 573 (9th Cir. 2001) ...................................................... 14

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................... 6

*Barefoot Architect, Inc. v. Bunge,* 632 F.3d 822 (3d Cir. 2011) .................................... 9

*Barnhaart v. Sigmon Coal Co.,* 534 U.S. 438 (2002) ...................................................... 12

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ..................................................... 6

*Cataldo v. U.S. Steel Corp.,* 676 F.3d 542 (6th Cir. 2012) .............................................. 9

*Conley v. Gibson,* 355 U.S. 41 (1957) ............................................................................. 6

*Connecticut Nat. Bank v. Germain,* 503 U.S. 249 (1992) ............................................... 12

*Conopco, Inc. v. Roll Int'l,* 231 F.3d 82 (2d Cir. 2000) .................................................. 8

*Crawford-El v. Britton,* 523 U.S. 574 (1998) .................................................................. 8

*Doe v. Archdiocese of Portland,* No. 08 Civ. 691, 2010 U.S. Dist. LEXIS 61260 (D. Or. June 16, 2010) ...................................................................................................... 15

*Doe v. Boland,* 698 F.3d 877 (6th Cir. 2012) .................................................................. 11

*Duncan v. Walker,* 533 U.S. 167 (2001) .......................................................................... 12

*Gomez v. Toledo,* 446 U.S. 635 (1980) ........................................................................... 8

*Gonzalez v. Hasty,* 651 F.3d 318 (2nd Cir. 2011) ........................................................... 8

*Harris v. City of New York,* 186 F.3d 243(2d Cir. 1999) ................................................. 8

*Indep. Trust Corp. v. Stewart Info. Services Corp.,* 665 F.3d 930 (7th Cir. 2012) ......... 9

*Joyce v. Armstrong Teasdale LLP,* 635 F.3d 364 (8th Cir. 2011) .................................. 9

*Katzman v. Essex Waterfront Owners LLC,* 660 F.3d 565 (2d Cir. 2011) .................. 6, 13

*R.L. v. Voytac,* 199 N.J. 285, 971 A.2d 1074 (N.J. 2009) ............................................... 15

*S.E.C. v. Gabelli,* 653 F.3d 49 (2d Cir. 2011) *rev'd on other grounds,* 133 S. Ct. 1216 (2013) .......................................................................................................................... 8

*Singleton v. Clash,* 951 F. Supp. 2d 578 (S.D.N.Y. 2013), *aff'd sub nom. S.M. v. Clash,* 558 Fed. Appx. 44 (2d Cir. 2014) ................................................................... 11, 15, 16

*Smith v. Husband,* 376 F.Supp.2d 603 (E.D.Va.2005) .................................................... 15

*Szymanski v. Local 3, IBEW,* 577 Fed. Appx. 52 (2nd Cir. 2014) .............................. 8, 13

*TRW Inc. v. Andrews,* 534 U.S. 19 (2001) ...................................................................... 12

*Vega v. Sacred Heart University, Inc.,* 2011 WL 2971782 (D. Conn. July 20, 2011) ...... 6

*Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954 (9th Cir. 2010) .......... 9

## Statutes, Rules, and Regulations

18 U.S.C. § 1591 ............................................................................................ 1, 5

18 U.S.C. § 1595 ............................................................................................ 1, 5

18 U.S.C. § 2241 ............................................................................................ 11

18 U.S.C. § 2242 ............................................................................................ 11

18 U.S.C. § 2243 ............................................................................................ 11

18 U.S.C. § 2255 .......................................................................................passim

18 U.S.C. § 2421 ............................................................................................ 11

18 U.S.C. § 2423 .......................................................................................passim

Conn. Gen. Stat. § 52-577d ........................................................................ 14

Fed. R. Civ. P. 12........................................................................................ 5, 13

Fed. R. Civ. P. 8.......................................................................................... 6, 8

Mass. Gen. Laws c. 260, § 4C .................................................................... 14

Pub. L. 109-248........................................................................................ 10, 12

Pub. L. 113-4 ................................................................................................ 10

## Other Authorities

152 Cong. Rec. S8012-02, 2006 WL 2034118 (July 20, 2006) .................. 11

Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE (3d. Ed.) ................................................................................................................ 9

## INTRODUCTION

On his third try at dismissing claims arising from sexual abuse at Project Pierre Toussaint ("PPT"), Defendant Father Paul Carrier has moved with respect to two new claims asserted only by Plaintiff Bernard Michel.  These claims arise from Father Carrier's own sexual abuse of Michel.   This motion thus presents extremely narrow issues pertaining (so far) only to this plaintiff.  As described below, Michel's Eighth Claim, his claim under the Sex Tourism statute (18 U.S.C. §§ 2423, 2255) arising specifically from Father Carrier's direct sexual abuse, should not be dismissed as time-barred.  Michel agrees, however, that his Twelfth Claim, arising under the Sex-Trafficking statute (18 U.S.C. §§ 1591, 1595) specifically from Father Carrier's direct sexual abuse, should be dismissed because this particular claim, unlike Plaintiff's other claims, arises solely from conduct that occurred in Haiti and the statute in question did not apply outside the United States at the time of Father Carrier's abuse.  Father Carrier's abuse of Michel remains relevant, however, not only to the Eighth Claim, which is the subject of this motion, but also to the remaining claims in this action, which Father Carrier has not sought (and cannot now seek) to dismiss.

As the Court is aware, these cases arise from allegations that, for a decade, from 1998 until 2008, Defendant Douglas Perlitz sexually abused minor boys, including plaintiff Michel and the plaintiffs in the  37 consolidated cases (collectively, "Plaintiffs"), who were in his care at PPT, a residential school program for poor and destitute children in Haiti.  Taking advantage of some of the most vulnerable children in the world – children who, in many instances, lacked basic food, clothing and shelter, and who were completely dependent on the program at PPT – Perlitz sexually abused dozens of boys under the age of eighteen (and in most instances much younger that that).  Plaintiffs in all of the consolidated cases have alleged that, during this time, Father Carrier – a Jesuit priest who was Perlitz's mentor and sometime-lover – repeatedly visited Perlitz in Haiti to supervise the program at PPT on behalf of Defendants Fairfield University and the

Haiti Fund, Inc. ("Haiti Fund"), both of which provided funding to PPT and both of which employed Father Carrier. During these visits, Father Carrier was presented with overwhelming evidence that Perlitz was engaging in improper sexual relationships with the children in his care: he saw minor boys in Perlitz's bedroom; saw Perlitz show pornography to minor boys in his bedroom; overheard Perlitz arranging a rendezvous to meet up with a boy at Perlitz's home late in the evening; was aware that boys spent the night in Perlitz's bedroom, indeed, were living with Perlitz in his house. Yet during this time, Father Carrier did nothing to stop Perlitz's abuse of the children in his care.

In addition, Plaintiff Michel alleges that, during his visits to PPT, Father Carrier himself sexually abused Michel, who was also abused by Perlitz. In particular, as described in Michel's Complaint, "Father Carrier fondled Plaintiff's genitals and had Plaintiff perform fellatio on Father Carrier." *Michel* Complaint ¶ 106.

Father Carrier's liability does not depend, however, only (or even primarily) on his own sexual abuse of Michel. As noted, he was charged with responsibility to supervise Perlitz, and failed utterly to do. And he did more. He not only continued to raise money for PPT, so that Perlitz could continue his activities in Haiti; when word of Perlitz's misconduct reached the Haiti Fund, Father Carrier interfered with and manipulated the Haiti Fund's investigation to prevent the Haiti Fund from discovering that the allegations against Perlitz were true, and he falsely told donors to the Haiti Fund that the charges were groundless. In this way, Father Carrier helped defer Perlitz's day of reckoning and helped prolong the abuse suffered by many of Perlitz's victims. Father Carrier is also alleged to have benefited from the operation of PPT.

Perlitz was eventually prosecuted by the U.S. government for his crimes; he pled guilty and was sentenced to more than 19 years in prison by this Court. A previous group of cases, the "*Jean-Charles* cases," was settled on behalf of 24 of Perlitz's victims in 2013, after this Court denied in part defendants' motions to dismiss and permitted the cases to go forward. Since then, 47 additional victims have filed claims against the same

defendants named in the *Jean-Charles* cases. Thirty-seven of these cases have been formally consolidated, while the rest have been assigned to this Court and treated informally as consolidated for at least some purposes.

Having tried, and failed, to obtain dismissal of all the claims against him (in the *Jean-Charles* cases), and having further tried, and failed, to obtain dismissal of the sex-tourism and sex-trafficking claims against him arising from his role in Perlitz's sexual abuse (in the *St. Louis* cases), Father Carrier now seeks dismissal of Michel's additional claims under the sex-tourism and sex-trafficking statute that arise solely from his own abuse of Michel. Father Carrier's motion addressed to Michel's Eighth Claim, arising under the Sex Tourism statute, should be denied.

As discussed below, the sole basis for Father Carrier's motion with respect to the Eighth Claim is his contention that the claim is time-barred. Because the statute of limitations in an affirmative defense, the burden is on Father Carrier to show that, on the face of the pleadings, the claim is time-barred as a matter of law. Plaintiff need not plead facts establishing that his claim is timely. Father Carrier cannot meet his burden because, under 18 U.S.C. § 2255, a victim's cause of action accrues when a separate injury occurs, not when the violation took place. Congress specifically amended § 2255 to provide for claims based on injuries that occurred later, when the victim was no longer a minor. Father Carrier cannot show, at this stage of the case, that Michel has not suffered and could not have suffered a separate injury sufficient to trigger a cause of action under § 2255 within the limitation period. For this reason, the motion to dismiss should be denied, and the issue of the timeliness of this claim left for resolution at summary judgment or at trial.

## FACTUAL BACKGROUND

Most of the facts on which Michel's claims are based are common to the claims of the other plaintiffs in the consolidated cases and have been presented to the Court in detail on numerous occasions. Plaintiffs will not burden the Court with further repetition

of those facts here.

Of significance for this motion, however, are facts specific to Bernard Michel's Complaint, which was filed on October 17, 2014.  Like the other plaintiffs, Michel alleges that Douglas Perlitz sexually molested him when he was a minor. In particular, Michel alleges that, beginning in 1998 when Michel was approximately 10 years old, "Perlitz coerced Plaintiff into performing illicit sexual conduct by means of implicit threats to Plaintiff" and that, "[a]mong other things, Perlitz fondled Plaintiff's genitals, had Plaintiff perform fellatio on Perlitz, and Perlitz sodomized Plaintiff."  *Michel* Complaint ¶102-03. Michel also alleges:

> 105.  From approximately 1999 to 2005 when Plaintiff Bernard Michel was approximately 11 to 16 years of age, Defendant Father Carrier, while in Haiti, engaged in explicit sexual behavior and lewd and lascivious behavior with Plaintiff, including but not limited to illicit sexual acts with Plaintiff.

> 106.  Without limiting either the generality of the immediate preceding paragraph or the specific number of instances of illicit conduct, during the time period referenced in the immediate preceding paragraph, Defendant Father Carrier coerced Plaintiff into performing illicit sexual conduct by means of implicit threats to Plaintiff. Among other things, Father Carrier fondled Plaintiff's genitals and had Plaintiff perform fellatio on Father Carrier.

> 107.  Without limiting either the generality of the two immediate preceding paragraphs or the specific number of instances of illicit conduct, during the time period referenced above, Defendant Father Carrier provided things of value to Plaintiff in return for illicit sexual conduct, including, among other things, drawing supplies, clothes and food. Plaintiff understood that to continue to be able to attend PPT, eat meals provided by PPT, and receive an education at PPT, Plaintiff had to allow Father Carrier to sexually abuse Plaintiff.

> 108.  As a result of Defendants Perlitz's and Father Carrier's illicit sexual conduct, lewd and lascivious conduct, providing things of value to a minor for sex acts, and use of means of coercion to cause Plaintiff to engage in commercial sex acts, Plaintiff has suffered deep emotional and physical pain, is suffering deep emotional and physical pain, and will suffer future deep emotional and physical pain.

*Michel* Complaint ¶¶ 105-08. Thus, Michel alleges separate acts of abuse by Perlitz and

by Father Carrier.

With respect to the abuse by Perlitz, Michel asserts claims under the Sex Tourism statute, 18 U.S.C. §§ 2423, 2255 (First and Second Claims); under the Sex Trafficking Statute, 18 U.S.C. §§ 1591, 1595 (Sixth and Seventh Claims); as well as common law claims sounding in negligence (Third and Fourth Claims) and breach of fiduciary duty (Fifth Claim). None of these claims are at issue on this motion; indeed, these claims – identical to those in the consolidated cases – have already been upheld by this Court.

With respect to the abuse by Father Carrier, Michel asserts claims against some of the other defendants, for their failure to supervise Father Carrier and/or their complicity and participation in his violations.  These claims are brought against the Haiti Fund and Fairfield University under the Sex Tourism statute specifically with respect to Father Carrier's sexual abuse of Michel (Ninth Claim); against the Haiti Fund and Fairfield University under the Sex Trafficking Statute specifically with respect to Father Carrier's sexual abuse of Michel (Thirteenth Claim); and, against the Haiti Fund, Fairfield University, and the Society of Jesus of New England, under the common law sounding in negligence (Tenth Claim) and breach of fiduciary duty (Eleventh Claim).  These claims, too, are not at issue -- none of the defendants against whom they are asserted has moved to dismiss them.  Accordingly, regardless of the outcome of this motion, claims against Father Carrier will proceed in Michel's case, and claims based on Father Carrier's sexual abuse of Michel, separate and apart from Perlitz's abuse, also will proceed.  Because plaintiff concedes that his Twelfth Claim, against Father Carrier under Sex Trafficking statute arising specifically from Father Carrier's abuse cannot proceed, the only issue before this Court is whether Michel may maintain his Eighth Claim, asserted against Father Carrier under the Sex Tourism statute arising specifically from Father Carrier's abuse of Michel.

## APPLICABLE LEGAL STANDARD AND STATUTES

On a motion to dismiss under Fed. R. Civ. P 12(b)(6), the Court must "accept[] all

factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 567 (2d Cir. 2011); *accord Vega v. Sacred Heart University, Inc.*, 2011 WL 2971782, *1 (D. Conn. July 20, 2011) (Hall, J.).  The complaint is judged under the general pleading standard of Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(a)(2), the pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint governed by Rule 8 need not contain detailed factual allegations; it need only allege enough factual matter to suggest that the pleader's conclusion is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This does not impose a probability requirement at the pleading stage, but simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. A claim is facially plausible if it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where legal conclusions are supported by factual allegations, a court must "assume their veracity." *Id*. 556 U.S. at 679.

The sole claim for relief at issue on this motion is Michel's Eighth Claim, arising under the Sex Tourism Statute.  As pertinent here, that statute provides:

> **(b)  Travel with intent to engage in illicit sexual conduct**.--A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.
>
> **(c)  Engaging in illicit sexual conduct in foreign places**.--Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C.A. § 2423(b), (c).  This section – the statute under which Perlitz was convicted --

explicitly applies to conduct outside the United States.  In addition to the criminal penalties set forth in § 2423, Congress also provided a civil remedy for victims of this and a list of other child sex abuse and trafficking statutes.  18 U.S.C. § 2255.  That section provides:

> (a) **In general**.--Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

> (b) **Statute of limitations**.--Any action commenced under this section shall be barred unless the complaint is filed within 10 years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255 (as of 12/19/14).

As described below, Father Carrier cannot show that Michel's claim against him under this statute is barred by the six-year limitations period.

## ARGUMENT

### PLAINTIFF'S EIGHTH CLAIM, FOR SEX TOURISM ARISING FROM FATHER CARRIER'S SEXUAL ABUSE OF MICHEL, SHOULD NOT BE DISMISSED AS TIME-BARRED

Plaintiff Bernard Michel's Eighth Claim, a claim for damages pursuant to 18 U.S.C § 2255 arising from Father Carrier's traveling in foreign commerce to engage in illicit sexual conduct with Plaintiff when Plaintiff was a minor, should not be dismissed.  Father Carrier's sole argument in support of his motion with respect to this claim is his contention that the claim is time-barred.  But Father Carrier cannot meet his burden to demonstrate from the face of the Complaint that the claim must be barred.  Section 2255 expressly recognizes that a cause of action arising from any of its enumerated predicate violations may accrue based on the date that an injury occurs, rather than on the date of

the underlying violation.  Michel alleges that he has suffered, suffers now, and will suffer in the future injury from Father Carrier's abuse. Given these allegations, Father Carrier cannot now meet his burden to show that Michel suffered no injury within the applicable limitations period.  For this reason, dismissal of this claim at the pleading stage is premature and inappropriate.

### A.　　Plaintiff Is Not Required to Negate Father Carrier's Affirmative Defense

The statute of limitations is an affirmative defense.  *Gonzalez v. Hasty,* 651 F.3d 318, 322 (2nd Cir. 2011); Fed. R. Civ. P. 8 (c). Neither the Federal Rules of Civil Procedure, nor the cases interpreting them, have imposed an obligation on a plaintiff to anticipate and negate affirmative defenses in the complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("We see no basis for imposing on the plaintiff an obligation to anticipate [an affirmative] defense . . . ."); *Crawford-El v. Britton*, 523 U.S. 574, 595 (1998) (refusing to change the Federal Rules of Civil Procedure governing pleading to require a plaintiff to anticipate an immunity defense). Rather, the burden is on the *defendant to* establish that a claim is time-barred.  *Gonzalez,* 651 F.3d at 322; *see also Szymanski v. Local 3, IBEW*, 577 Fed. Appx. 52, 53 (2nd Cir. 2014) (By granting summary judgment to the defendants district court improperly placed the burden of proving the affirmative defense upon the plaintiff). "Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued."  *Szymanski*, 577 Fed. Appx. at 53.

"[D]ismissing claims on statute of limitations grounds at the complaint stage is appropriate *only if a complaint clearly shows the claim is out of time.*" S.E.C. v. Gabelli, 653 F.3d 49, 60 (2d Cir. 2011) (emphasis added), *rev'd on other grounds,* 133 S. Ct. 1216 (2013), *quoting Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999); *accord Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (motion to dismiss based on the statute of limitations may only be granted when "it is clear from the face of the complaint, and

matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (a complaint may only be dismissed at the pleading stage as time-barred if the running of the statute is apparent on the face of the complaint and "cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. . . [unless] the allegations in the complaint affirmatively show that the claim is time-barred."); *Indep. Trust Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. . . . [unless] a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense"); *Joyce v. Armstrong Teasdale LLP*, 635 F.3d 364 (8th Cir. 2011) ("the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."); *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822 (3d Cir. 2011) (where "[t]he date of discovery is not evident from the face of the counterclaim, which avers only that the defendants "discovered recently" that the plaintiffs had engaged in a tortious course of action. . . .the pleading does not reveal when the limitations period began to run, and the statute of limitations cannot justify Rule 12 dismissal."); Charles Alan Wright & Arthur R. Miller, 5 FEDERAL PRACTICE & PROCEDURE CIV. § 1226 (3d Ed.) (noting that a motion to dismiss may only be granted on the basis of the statute of limitations if "the defect appears on the face of the complaint").

    In order for Father Carrier to prevail on his argument that Michel's § 2255 claim is untimely, Father Carrier must show that on the face of the pleadings the the claim accrued more than six years before Mr. Michel filed his complaint.  As explained below Father

Carrier cannot do so.

**B.    It Is Not Apparent From the Face of the Complaint that the Eighth Claim Is Time-Barred**

The portion of the Sex Tourism statute under which Michel brings the Eighth Claim establishes that, for this particular claim, the cause of action accrues when the victim of a violation suffers an injury, *regardless of when the violation itself took place* (so long as the victim was a minor at the time of the violation).  Prior to July, 2006, 18 U.S.C. § 2255 provided a cause of action for "[a]ny person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title [18 USC § 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423] and who suffers personal injury as a result of such violation."

On July 27, 2006, as part of the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), Pub. L. 109-248, Congress amended this provision by inserting the phrase "*regardless of whether the injury occurred while such person was a minor,*" so that this section then read:

> (a) In general.  Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title [18 USC § 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423] and who suffers personal injury as a result of such violation, *regardless of whether the injury occurred while such person was a minor*, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 2555 as amended by Pub. L. 109-248, § 707(b)(1)(B), prior to P.L. 113-4, Title XII which amended this statute on March 7, 2013 (emphasis added).

Thus, beginning July 27, 2006, § 2255 (a) provided that anyone who was the victim of a violation of any of a number of federal statutes which provide criminal penalties for sexually abusive or exploitive conduct when he or she was a minor could sue in federal court, even if the injury occurred when that person was no longer a minor.  As the Sixth Circuit has explained:  "Section 2255 requires that a person be a minor when she is the

victim of a sex crime but allows that person to recover when she incurs an injury, 'regardless of whether the injury occurred while such person was a minor.'" *Doe v. Boland,* 698 F.3d 877, 881 (6th Cir. 2012). It follows from the language of the statute that "victimhood and injury need not occur simultaneously." *Id.* "It is possible under Section 2255 that a person could have been a victim as a minor and suffered personal injuries later in life." *Singleton v. Clash,* 951 F. Supp. 2d 578, 588 n.9 (S.D.N.Y. 2013), *aff'd sub nom. S.M. v. Clash,* 558 Fed. Appx. 44 (2d Cir. 2014). Because the statute specifically creates a cause of action for injuries that occur at a point in time different from the time of the predicate violation, this cause of action must be seen to accrue when the injury occurs, and not merely when the perpetrator commits the violation.

One obvious application of this amendment (which was known as "Masha's Law") is child pornography. As then-Senator John Kerry explained at the time the bill was passed, "Masha's Law would . . . ensure that victims of child pornography whose images remain in circulation after they have turned 18 can still recover when those images are downloaded. The injuries do not cease to exist simply because the victim has turned 18. They continue and so should the penalties." 152 Cong. Rec. S8012-02, 2006 WL 2034118 (July 20, 2006). But the scope of the amendment to § 2255 cannot be limited to child pornography. A number of the predicate statutes for the § 2255 civil remedy are not concerned with child pornography at all. *See, e.g.,* 18 U.S.C. §§ 2241 (c) (aggravated sexual abuse), 2242 (sexual abuse), 2243 (sexual abuse of a minor or ward), 2421 (transportation generally), and 2423 (transportation of minors and sex tourism). If Congress had been concerned only with persistence of images, it could have limited "Masha's Law" specifically to child pornography. But instead, it amended § 2255 broadly to distinguish between the date of the violation, when the victim was a minor, and the date of injury, when the victim need not still be a minor, *for all of the predicate acts on which an action may be brought under this section.* Clearly, Congress recognized that new injuries could result from any of the predicate violations, and it intended victims to be able to sue

11

for all of them.

It is "'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001), *quoting Duncan v. Walker,* 533 U.S. 167, 174 (2001). Interpreting the clause, "regardless of whether the injury occurred when such a person was a minor" to apply only to the child pornography predicate statutes fails to give effect to the words as Congress actually wrote them. As the Supreme Court has held:

> We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.

*Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 461-462 (2002) (quoting *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253-254 (1992)).

In the plain words of § 2255, Michel may sue for injuries arising from Father Carrier's sexual abuse while Michel was a minor, even if the injuries themselves have occurred more recently, while Michel is no longer a minor. *See* 18 U.S.C. § 2255(a). Prior to March 7, 2013, the limitation period for such claims was six years from when the right of action accrues. 18 U.S.C. § 2255(b). After March 7, 2013, the limitation period for § 2255 claims was enlarged to 10 years. Pub. L. 113-4, Title XII, § 1212(a). In accordance with the language of the statute, the right of action with respect to injuries that occurred when Michel was no longer a minor accrued at the time of such injuries, not at the time of Father Carrier's violation.

There is nothing incongruous in this result. As explained above, it was the Adam Walsh Act that inserted the "regardless when the injury occurred" clause into § 2255(a). The stated purpose of that Act was to "protect children from sexual exploitation and violent crime, to prevent child abuse." Pub. L. 109-248. That Act also abolished the statute of limitations for a number of criminal statutes providing punishment of acts of sex abuse

12

of children. *Id.* at Title II, § 211.   Given that Congress abolished statutes of limitations in 2006 for a number of crimes punishing sexual abuse of children, it is no stretch to believe Congress intended to provide minor victims of sex abuse an ability to file civil claims years after the acts of abuse occurred.

Here, nothing on the face of Michel's complaint shows that more than six years passed between the time his claim could have accrued and the time he filed his action. Michel alleges that he was a victim of Father Carrier's violation of 18 U.S.C. § 2423(b). Complaint at ¶¶ 5-7, 105-107, 157-159.   Michel further alleges that he "has suffered deep emotional and physical pain, is suffering deep emotional and physical pain, and will suffer future deep emotional and physical pain." Complaint ¶ 108.   All of these allegations must be accepted as true for purposes of this motion.  *Katzman*, 660 F.3d at 567.   Although the violations by Father Carrier occurred from 1999 to 2005, Michel is claiming past, current, and future injuries.  Father Carrier cannot now demonstrate that Michel has suffered no injuries that occurred or arose less than six years before Mr. Michel filed his action.

A recent Second Circuit case is instructive on this point.  In *Szymanski v. Local 3, IBEW*, 577 Fed. Appx. 52 (2nd Cir. 2014), the district court granted summary judgment to one of the defendants, finding that it was "equally possible" that defendant's wrongful conduct was outside the limitations period as it was inside the limitations period.  The court reasoned that plaintiff had not proffered sufficient evidence to show that his claim was timely filed.  The Second Circuit vacated the judgment, because the district court had improperly placed the burden of proving the affirmative defense on the plaintiff.   577 Fed. Appx. at 53-54.  Significantly, *Szymanski* involved summary judgment.  Its lesson is even more applicable on a Rule 12(b)(6) motion to dismiss. Plaintiff has no burden to plead when his cause of action accrued.  Father Carrier has to demonstrate that all of Plaintiff's injuries occurred outside the limitation period of 18 U.S.C. § 2255.  Because the statute he is suing under expressly recognizes a claim for injuries that occur at a time well

13

after the underlying violation, Father Carrier cannot show that Plaintiff's Eighth Claim is untimely.

Ignoring the plain language of § 2255, Father Carrier assumes that Michel's cause of action must have accrued at the time of the violation. He therefore addresses his argument to whether a "discovery rule" or other form of equitable tolling might apply, or whether the March, 2013 amendment to § 2255, extending the limitation period to ten years, can apply retroactively. None of these arguments are relevant, however, because Michel relies neither on a discovery rule, nor on equitable tolling, nor on retroactivity. He relies simply on the language of the statute that creates and defines his cause of action.

Some jurisdictions, it is true, use the discovery rule or other mechanisms to address the same problem Congress was addressing with the Adam Walsh Act amendment to § 2255: the persistence of injuries arising from child sexual abuse and the need for an expanded period in which to seek redress for those injuries. Connecticut, for example, has a special statute of limitations for sexual abuse or exploitation of a minor:

> Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than thirty years from the date such person attains the age of majority.

Conn. Gen. Stat. § 52-577d. This statute allows a victim of sex abuse to simply bring a claim in Connecticut until the victim reaches the age of 48. Massachusetts now has statutes which allows minor victims of sexual abuse to sue their abusers 35 years after reaching the age of 18 or within 7 years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by the abuse. Mass. Gen. Laws c. 260, § 4C. Other jurisdictions take a variety of similar approaches. *See e.g., Arnold v. AMTRAK,* 13 F. App'x 573, 576 (9th Cir. 2001) (explaining that under a Washington statute, "the limitations period only begins to run . . . on the date the victim discovers the nexus between the act and the claimed injury")

14

(internal quotation marks and citation omitted); *Doe v. Archdiocese of Portland,* No. 08 Civ. 691, 2010 U.S. Dist. LEXIS 61260, at *7-12 (D. Or. June 16, 2010) (discussing Oregon discovery rule for sexual abuse victims); *R.L. v. Voytac,* 199 N.J. 285, 971 A.2d 1074, 1081 (N.J. 2009) (statute for sexual abuse victims provides that "the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse" and that the "action shall be brought . . . within two years after reasonable discovery.").

 Congress, however, took a different approach to the issue, at least with respect to the predicate acts that give rise to claims under § 2255.  Rather than address the problem of remote injury from child sex abuse with a discovery or other tolling rule, Congress instead defined the point at which the cause of action accrues differently, tying it to the injury, rather than to the violation. Under the approach taken by Congress, Michel's claim is not clearly barred.

Father Carrier relies on *Singleton v. Clash*, 951 F. Supp. 2d 578 (S.D.N.Y. 2013) to support his argument, but *Singleton* is entirely distinguishable.  The plaintiffs in *Singleton* argued that their claims were timely based on a discovery rule, not based on when their cause of action accrued.  The court, moreover, assumed that the cause of action accrues when the violation occurs, but in doing so, the court relied on *Smith v. Husband*, 376 F.Supp.2d 603, 611 (E.D.Va.2005), a case decided *before* the enactment of the Adam Walsh Act and so before Congress amended the law to recognize the delayed accrual of such claims.  The *Singleton* court did consider the 2006 amendment, but erroneously believed that the law applied only to re-publication of child pornography.  376 F.Supp.2d at 590-91.  As noted above, such a narrow interpretation fails to account for the broad scope of the statute which applies to numerous other kinds of violations that do not fit that paradigm.  This court should not, accordingly, follow the flawed reasoning of the *Singleton* decision.

This is especially true because, as evidenced by the complaints in *Singleton*

submitted by Father Carrier in support of his motion, it does not appear that the pleadings there were consistent with a delayed injury that would trigger a delayed accrual.   Each of the *Singleton* plaintiffs pleaded that he "suffered severe injuries, including but not limited to mental, psychological and emotional trauma," that "[t]hese injuries are *continuing* and permanent nature [sic]," but that the plaintiff "did not become aware that he had suffered adverse psychological and emotional effects . . . until 2012" and "could not reasonably have been expected to know that he had been injured . . . until calendar year 2012." *See* Carrier Exhibit 1 at ¶¶ 14-16; Carrier Exhibit 2 at ¶¶ 20-22; Carrier Exhibit 3 at ¶¶ 14-16 (emphasis supplied).   Unlike Michel, the *Singleton* plaintiffs clearly pleaded a single, continuing injury they had failed, until recently, to discover, whereas Michel's pleading is consistent with distinct, separate injuries that could give rise to accrual of his cause of action years after the original violations that occurred when Michel was a minor.   For this reason, the delayed accrual set forth in § 2255, triggered by a delayed injury, was of no help to the plaintiffs in *Singleton*, whereas here it is not possible to determine, on the face of the pleading, when Michel's claim accrued for purposes of the statute of limitations.

## CONCLUSION

For the foregoing reasons, this Court should deny Father Carrier's motion to dismiss Michel's Eighth Cause of Action.

Dated:  March 20, 2015                  Respectfully submitted,


By:____/s/____Mitchell Garabedian_____
                Mitchell Garabedian (phv04676)
                garabedianlaw@msn.com
                William H. Gordon (phv04677)
                wgordon@garabedianlaw.com
                LAW OFFICES OF MITCHELL GARABEDIAN
                100 State Street, 6th Floor
                Boston, MA 02109
                Phone:  (617) 523-6250

16

Paul J. Hanly, Jr. (phv04680)
phanly@simmonsfirm.com
Jayne Conroy (phv04679)
jconroy@simmonsfirm.com
Andrea Bierstein (phv04678)
abierstein@simmonsfirm.com
SIMMONS HANLY CONROY
112 Madison Ave., 7th floor
New York, New York 10016
Phone:  (212) 784-6400

Steven J. Errante (ct04292)
SErrante@ltke.com
Marisa A. Bellair (ct23802)
Mbellair@ltke.com
LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
P.O. Box 1612
52 Trumbull Street
New Haven, CT 06510
Phone:  (203) 787-0275
Fax:  (203) 782-0278

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on March 20, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on March 20, 2015, the foregoing document was sent by first-class mail, postage prepaid, to:

(1) Counsel for Defendant Douglas Perlitz at the below address:
David T. Grudberg, Esq.
Carmody & Torrance, LLP
195 Church St.
PO Box 1950
New Haven, Conn. 06509-1950

17

(2) Defendant Haiti Fund, Inc. at the below address:
        Haiti Fund, Inc.
        c/o Mr. Michael McCooey
        Chairman
        475 Polly Park Road
        Rye, NY 10580

        /s/    William H. Gordon
                William H. Gordon