UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>　　　　　Defendants<br><br>*This document relates to:*<br><br>*Michel v. Perlitz, No. 14-1530* | Civ. A. No. 3:13-cv-01132-RNC<br><br>Dated: April 17, 2015 |

**FATHER CARRIER'S REPLY BRIEF IN SUPPORT OF**
<u>**MOTION TO DISMISS COUNTS 8 AND 12**</u>

# TABLE OF CONTENTS

Preliminary Statement..................................................................................................................... 1

Argument ......................................................................................................................................... 2

    A.    Masha's Law Does Not Apply.......................................................................................... 2

        1.    Michel Has Pleaded A Claim For Continuing Harm From A Single Injury, Not A Claim Of Multiple Separate Injuries Over Time. ......................................................................... 3

        2.    The Injury In A Child Pornography Case Is Not Like The Injury Michel Alleges.......... 4

        3.    Under Masha's Law, A New Claim Accrues Against The End-User Of The Pornography When He Downloads Or Possesses It, But A New Claim Does Not Accrue Against The Pornographer, Against Whom The Claim Accrued At The Time Of His Wrongful Act. ..................................................................................................................... 6

        4.    Michel Cites No Case Construing Masha's Law As He Construes It.............................. 8

        5.    This Court Should Not Upset Congress's Decision About The Time For Minors To Sue For Violations. ..................................................................................................................... 8

    B.    Masha's Law Cannot Be Applied Retroactively. ............................................................. 8

    C.    The Complaint Itself Shows That The Claim Is Barred By The Statute Of Limitations.. 10

Conclusion ..................................................................................................................................... 11

# TABLE OF AUTHORITIES

### Cases

*Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988) .................................................................. 9
*Dennis v. ICL, Inc.,* 957 F. Supp. 376 (D. Conn. 1997) ...................................................................... 7
*Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012) ...................................................................................... 8
*Doe v. Hesketh,* 2015 WL 115723, (E.D. Pa. Jan. 9, 2015) ............................................................. 6, 7
*Doe v. Hesketh,* 15 F. Supp. 3d 586 (E.D. Pa. 2014) .......................................................................... 7
*Hussain v. Comm'r (John Doe) of Nassau Cnty. Police Dept.*, 368 F. Supp. 2d 216 (E.D.N.Y. 2005) ................................................................................................................................ 7
*In re Enterprise Mortg. Acceptance Co. Sec. Litig.,* 391 F.3d 401 (2d Cir. 2004) ............................ 9
*Jones v. Bock,* 549 U.S. 199 (2007) .................................................................................................. 10
*Landgraf v. USI Film Prods.,* 511 U.S. 244 (1994) ............................................................................ 9
*Lindh v. Murphy,* 521 U.S. 320 (1997) ........................................................................................ 9, 10
*New York v. Ferber,* 458 U.S. 747 (1982) ...................................................................................... 4, 5
*Singleton v. Clash,* 951 F. Supp. 2d 578 (S.D.N.Y. 2013), *aff'd on other grounds,* 558 Fed. App'x 44 (2d Cir. 2014) ................................................................................................................ 5, 6
*Szymanski v. Local 3, IBEW,* 577 Fed. App'x 52 (2d Cir. 2014) .................................................... 11

### Statutes

18 U.S.C. § 1591 .................................................................................................................................. 1
18 U.S.C. § 1591(a) ............................................................................................................................. 1
18 U.S.C. § 1595(a) ............................................................................................................................. 1
18 U.S.C. § 2251(a) ............................................................................................................................. 6
18 U.S.C. § 2255(a) ......................................................................................................................... 1, 2
18 U.S.C. § 2255(b) ............................................................................................................................. 8
18 U.S.C. § 2423(b) ............................................................................................................................. 1
42 U.S.C. § 16913(d) ........................................................................................................................... 9
Conn. Gen. Stat. § 52-577d .................................................................................................................. 8
Masha's Law, Pub. L. 109-248, § 707, 120 Stat. 587, 650 (2006) ............................................. passim
Mass. Gen. Laws c. 260, § 4C ............................................................................................................. 8
Sex Offender Registration and Notification Act, Pub. L. 109-248, § 113(d) (2006) ................. 9, 10

### Other Authorities

152 Cong. Rec. S8016 (daily ed. Jul. 20, 2006) .................................................................................. 3
28 C.F.R. § 72.3 ................................................................................................................................... 9
*Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation,* 12 U. Mich. J. L. Reform 295, 301 (1979) .................................................................. 5
*Sexual Exploitation of Children Over The Internet: What Parents, Kids and Congress Need to Know About Child Predators: Hearing Before the Subcomm. on Oversight and Investigations of the H. Comm. on Energy and Commerce,* 109th Cong. 430 (2006) .................................... 2, 5

## PRELIMINARY STATEMENT

Father Carrier has moved to dismiss two of Michel's claims: his claim that Father Carrier is liable under 18 U.S.C. § 2255(a) because he violated the sex tourism statute, 18 U.S.C. § 2423(b), by traveling to Haiti for the purpose of engaging in illicit sexual conduct with him; and his claim that Father Carrier is liable under 18 U.S.C. § 1595(a) because he violated the child sex trafficking statute, 18 U.S.C. § 1591(a), by recruiting and enticing Michel in order to cause him to engage in a commercial sex act.

Michel concedes that he failed to state a claim under § 1595(a), because § 1591 does not apply extraterritorially and all of the facts alleged occurred in Haiti.

Michel also concedes most of the points Father Carrier argued in seeking dismissal of the claim under § 2255(a), which rested solely on the basis that on the face of the complaint, the statute of limitations bars the claim. Michel concedes that the applicable statute of limitations is six years, not ten years. Despite the evidence in his own complaint suggesting he meant to argue delayed accrual under a discovery rule or tolling of the statute of limitations (*e.g.*, Compl. ¶¶ 109-110), he now concedes he cannot make such a showing, though he puts a brave face on it by suggesting that he never meant to try.

Instead, Michel hangs his argument on a plainly erroneous reading of a 2006 amendment to § 2255(a) known as Masha's Law, Pub. L. No. 109-248, § 707, 120 Stat. 587, 650 (2006). His reading of the statute is flawed in two ways. First, Michel is wrong to argue that Masha's Law changed the accrual of claims such as his. The law was intended to deal with child pornography cases, not with sexual abuse cases but regardless of its intent, the law only makes a difference in cases where the claim does not accrue until sometime after the wrongful act. That is manifestly not the case here, especially given what Michel has pleaded. Second, in any event, Masha's Law

1

was enacted after the alleged abuse, and it cannot be applied retroactively even if it had any bearing on the case.

ARGUMENT

A.  Masha's Law Does Not Apply.

Before 2006, § 2255(a) provided a remedy to "[a]ny minor who is a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 … and who suffers personal injury as a result of such violation[.]" Masha's Law, part of the Internet Safety Act, which in turn was part of the Adam Walsh Child Protection and Safety Act of 2006, amended the statute to provide a recovery for "[a]ny person who, **while a minor**, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 … and who suffers personal injury as a result of such violation, **regardless of whether the injury occurred while such person was a minor[.]**" Masha's Law, *supra* § 707(b) (emphasis supplied).

Michel acknowledges that the purpose of the law was to combat internet child pornography. The law is named for a victim of child pornography, Masha Allen, who was adopted from Russia by an American who went on to abuse her sexually and then to distribute pornographic images of her via the internet.

Masha's Law amended the statute in two main ways.[1] First, it broadened the group of people who could sue under the statute. Formerly the statute provided a remedy for "any minor." Under Masha's Law, "any person" can sue as long as he was a victim of a violation of one of the

---

[1] In fact, Masha's Law made a third change: it also increased the statutory damages available under the statute, so that a victim of child pornography could recover statutory damages in the amount of $150,000—the same amount the victim of an act of copyright infringement could recover. *See Sexual Exploitation of Children Over The Internet: What Parents, Kids and Congress Need to Know About Child Predators: Hearing Before the Subcomm. on Oversight and Investigations of the H. Comm. on Energy and Commerce* ["*Sexual Exploitation of Children*"]*,* 109th Cong. 430 (2006) (Statement of Rep. Gingrey). That change is not material to this motion.

2

predicate statutes "while a minor." The purpose for this change is self-evident. One of the sponsors of the Senate's version of the bill, Senator Isakson, explained that "[i]n researching this case, we found that young Masha, and many others like her who have been abused in their lives, could not even recover under the laws as they existed." 152 Cong. Rec. S8016 (daily ed. Jul. 20, 2006) (statement of Sen. Isakson):

> What Masha's law does, and what is incorporated in here, is it changes "any minor" to "any person," so that if a minor is depicted in photographs pornographically that are distributed over the Internet, but by the time the abuser is caught, the minor is an adult, they can still recover. They cannot now, and that is ridiculous.

*Id.*

In addition, and more importantly for present purposes, Masha's Law amended the statute to provide that the victim could recover for injuries suffered as a result of the violation, "regardless of whether the injury occurred while such person was a minor." This is the amendment that Michel says saves his claim.

1. Michel Has Pleaded A Claim For Continuing Harm From A Single Injury, Not A Claim Of Multiple Separate Injuries Over Time.

Michel claims that he is not pleading a continuing or recurring harm case, but his own complaint belies his argument. The complaint pleads that Michel was abused over a period of years ending in 2005. (Compl. ¶ 105). To make his point about accrual, Michel points to a single paragraph of his complaint, paragraph 108, which alleges:

> [a]s a result of … Father Carrier's illicit sexual conduct, lewd and lascivious conduct, providing things of value to a minor for sex acts, and use of means of coercion to cause Plaintiff to engage in commercial sex acts, Plaintiff has suffered deep emotional and physical pain, is suffering deep emotional and physical pain, and will suffer future deep emotional and physical pain.

(Compl. ¶ 108). Michel's argument is that by alleging that he has suffered, is suffering, and will suffer pain, he has pleaded a claim for multiple injuries accruing over time.

It is very clear from the text of the complaint itself that Michel is not claiming that he is now suffering from new injuries that are different from the injury that occurred at the time of the abuse. This is not just a matter of taking the interpretation of the pleading most favorable to Father Carrier, which of course we cannot do on a motion to dismiss. For one thing, Michel pleads past, present, and future *suffering,* not past, present, and future *injuries.* In any run-of-the-mill tort case, a single injury can cause suffering over time, and in a particularly serious case a single injury can cause a lifetime of suffering. Moreover, Michel's allegation about *future* suffering shows that he is referring to the same injury that has already occurred; he can hardly allege in this action that he is entitled to damages on account of an injury that may or even will occur in the future, since such a claim is not ripe.

Thus the thrust of Michel's argument—that he can bring his claim because he suffered a new injury within the past six years—cannot stand given what he has pleaded.

2. <u>The Injury In A Child Pornography Case Is Not Like The Injury Michel Alleges.</u>

When Congress enacted Masha's Law, it was legislating in light of precedents about the special kind of injury caused by the mass availability of pornographic images of children and the virtual impossibility of eradicating images once they are widely distributed. The Supreme Court had recognized, as early as the 1980s, that

> The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children … . [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.

*New York v. Ferber,* 458 U.S. 747, 759 (1982).

In a footnote, the Court quotes several scholars regarding the harm caused by dissemination of child pornography. Each distribution and redistribution of the pornography is a separate harm, because, as one author noted, "[t]he victim's knowledge of publication of the

4

visual material increases the emotional and psychic harm suffered by the child." *Id.* at 759 n.10 (quoting Note, *Protection of Children from Use in Pornography: Toward Constitutional and Enforceable Legislation,* 12 U. Mich. J. L. Reform 295, 301 (1979)). Congress was well aware of *Ferber* when it was considering the bill. *See, e.g., Sexual Exploitation of Children, supra* at 428 (statement of Rep. Stupak); *id.* 296 (statement of Deputy Chief Inspector William Kezer).

As Michel concedes, the obvious and natural application of Masha's Law is to internet child pornography cases, because there it is easy to imagine the injury (as distinct from the suffering and other consequences of the injury) being separated in time from the initial tort, and because in those cases new injuries can be caused by new torts—the wrongful acts of the persons who download or receive the pornography, as distinguished from the wrongful act of the person who created it. But because there is only one wrongful act in an ordinary sexual abuse case such as Michel alleges, holding that the claim has not accrued because the injury and the tort are separated in time is, in reality, simply applying the discovery rule. And as *Singleton v. Clash,* 951 F. Supp. 2d 578 (S.D.N.Y. 2013), *aff'd on other grounds,* 558 Fed. App'x 44 (2d Cir. 2014), held and as we demonstrated in the main brief, there simply is no discovery rule in § 2255.

Indeed, after the court in *Clash* rejected application of the discovery rule in § 2255, it went on to reject the argument Michel tries to make here—an argument that seeks to make use of Masha's Law. The court observed:

> The plaintiffs also argue that Congress intended to allow plaintiffs to bring claims based on a delayed "connection to the injury" theory because Congress amended Section 2255 in 2006 to clarify that Section 2255 is available "regardless of whether the injury occurred while such person was a minor...." However, legislative history indicates that the clause was added to account for situations in which violations that first occurred when a plaintiff was a minor were re-perpetrated after a plaintiff reached adulthood. For example, if a would-be defendant downloaded child pornography that is twenty years old, the "child" who is no longer a minor may bring a claim under Section 2255 based upon this new violation by the would-be defendant. The language the plaintiffs rely upon is unrelated to delaying accrual under the statute of limitations.

5

*Id.* at 590-91 (citations omitted). Just as in *Clash,* the argument fails because there is no second wrongful act (no "re-perpetration," as *Clash* puts it) that could have caused a second injury.

        3.      <u>Under Masha's Law, A New Claim Accrues Against The End-User Of The Pornography When He Downloads Or Possesses It, But A New Claim Does Not Accrue Against The Pornographer, Against Whom The Claim Accrued At The Time Of His Wrongful Act.</u>

Michel's position leads to extreme consequences, even in child pornography cases. If Michel's position were correct, then if a pornographer creates child pornography in, say, 2006, and the victim sues him in 2007 and obtains a judgment in 2008, and then an end-user obtains the pornographic image in 2015, the victim will have a new claim not just against the end-user, but against the pornographer. And if the victim obtains a judgment in 2015 and yet another end-user obtains the pornographic image in 2020, then the victim will have *another* new claim against the pornographer. This theory of unlimited accrual of new claims could go on ad infinitum and, frankly, ad absurdum. The theory is even more absurd if the case does not involve internet child pornography, the novel problem Masha's Law was meant to address, but rather traditional physical sexual abuse.

Masha Allen's own lawsuit against her abuser shows that this cannot be right, even in a case involving the conduct of concern in the enactment of Masha's Law—internet child pornography—rather than the physical sexual abuse at issue here. Allen was abused beginning in 1998. In 2003, her adoptive father, Matthew Mancuso, pleaded guilty to an indictment charging a violation of 18 U.S.C. § 2251(a). His sentence, imposed in 2004, included restitution. *See Doe v. Hesketh,* 2015 WL 115723, at *1 (E.D. Pa. Jan. 9, 2015)*, appeal docketed,* No. 15-1381 (3d Cir. Feb. 12, 2015) [*Doe II*]. In 2013, Allen sued Mancuso as well as others who were in possession of the pornographic images Mancuso had made of her. Mancuso moved to dismiss on the grounds that because he had already paid restitution, he could not be held liable again. Allen

argued, among other things, that "her civil claims are based on different losses than those for which Mancuso made restitution under his criminal sentence." *Id.* at *9. The court disagreed, noting: "Although Doe [i.e., Allen] experiences an injury distinct from Mancuso's sexual abuse whenever others possess her illicit image, the record of Mancuso's criminal proceeding confirms that, as to Mancuso, Doe has already received compensation for that loss or injury." *Id.* at *11. That is to say that Allen may have new claims against the end-users of the pornography if they first obtain the pornography long after the abuse, but Allen had only one claim against Mancuso, who created the pornography, and that claim encompassed even future injuries she would suffer on account of later downloading and possession of the pornography.

The other defendants in Allen's lawsuit—the end-users of the pornography—all apparently possessed the pornography well after Mancuso's restitution. One pleaded guilty in 2012, one in 2007, and one in 2010. *See Doe v. Hesketh,* 15 F. Supp. 3d 586, 589-90 (E.D. Pa. 2014) [*Doe I*]. The outcome of Allen's new case against Mancuso can only be explained if the court understood that the claim against Mancuso accrued—even with respect to injuries that Allen would suffer in the future—at the time of his own wrongful acts. And this, of course, is consistent with the general rule, under which "a claim based on an assault accrues at the time of the assault." *Hussain v. Comm'r (John Doe) of Nassau Cnty. Police Dept.*, 368 F. Supp. 2d 216, 218 (E.D.N.Y. 2005) (internal quotation marks omitted) (statute of limitations in § 1983 claim began to run at time of assault despite plaintiffs' argument that he was not aware of a resulting medical condition until years later); *see also Dennis v. ICL, Inc.,* 957 F. Supp. 376, 380 (D. Conn. 1997) (under Connecticut law, statute begins to run when the plaintiff suffers "some form of actionable harm," even if the harm has not "reached its fullest manifestation").

7

4. Michel Cites No Case Construing Masha's Law As He Construes It.

For the foregoing reasons, it is clear that Masha's Law was not intended to extend the time to sue for sexual abuse forever and ever, and it is clear that the law does not have that effect. Thus it is no surprise that Michel has not cited a single case construing the statute as he asks this Court to construe it. The only case cited that supports a "multiple injuries" interpretation of the statute is *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012), which is a child pornography case that does not support the use Michel seeks to make of the statute. Nor could Michel point to a single allegation in his complaint that shows that he suffered any distinct injuries within six years prior to the suit, except for his reference to the boilerplate allegation in ¶ 108, which as we show above is insufficient.

5. This Court Should Not Upset Congress's Decision About The Time For Minors To Sue For Violations.

As we explained in the main brief, Congress dealt with the problem of ensuring minor victims have enough time to sue by providing that the statute of limitations will extend at least until three years after they become adults. 18 U.S.C. § 2255(b). To be sure, Congress was less generous than the Connecticut General Assembly, which allows minor victims to sue until the age of 48, Conn. Gen. Stat. § 52-577d, or the Massachusetts General Court, which recently has amended the statute of limitations even more generously to allow minor victims to sue until the age of 53 *or* seven years after they reasonably should have discovered their injuries, Mass. Gen. Laws c. 260, § 4C. Congress's determination about the proper limitations period is a legislative determination that cannot be challenged here.

B. Masha's Law Cannot Be Applied Retroactively.

Michel alleged that the supposed abuse ended in 2005, and Masha's Law was enacted in 2006. As we argued in the prior brief, a statute cannot be applied retroactively unless its

8

language "requires this result." *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988). The first step to determine whether a statute can be applied retroactively is to ask whether Congress has "expressly prescribed the statute's proper reach," one way or the other. *Landgraf v. USI Film Prods.,* 511 U.S. 244, 280 (1994). This requires review of the text of the statute and any relevant legislative history. *See In re Enterprise Mortg. Acceptance Co. Sec. Litig.*, 391 F.3d 401, 406-08 (2d Cir. 2004). Only if the first step of the *Landgraf* analysis fails to give an answer is it proper to move to the second step, under which the statute should not be applied if it would have actual retroactive effect, absent a clear congressional intent to imply it retroactively.

Here, the text of the statute gives the answer, and so step one of the *Landgraf* analysis is dispositive. Masha's Law is but one section of the Adam Walsh Child Protection and Safety Act of 2006. The statute also includes the Sex Offender Registration and Notification Act (the "SORNA"). In the SORNA, Congress made provisions for the retroactive application of that portion of the statute. Under § 113(d) of the statute, now codified at 42 U.S.C. § 16913(d), Congress gave the Attorney General authority "to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act …"[2] The fact that Congress legislated with respect to the retroactivity of one part of the statute shows that Congress did not intend for other parts, such as Masha's Law, to operate retroactively.

This key principle is illustrated by *Lindh v. Murphy,* 521 U.S. 320 (1997), a case concerning the retroactivity of provisions of the Antiterrorism and Effective Death Penalty Act of 1996. In *Lindh,* the defendant brought a habeas corpus petition, and while the petition was pending, Congress enacted AEDPA. The relevant provisions of AEDPA, which amended

---

[2] In fact, by regulation adopted in 2007, the Attorney General has determined that the SORNA's registration requirements *do* "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3.

9

Chapter 153 of Title 28 (the chapter governing habeas corpus) were silent on retroactivity, but the portion of AEDPA creating Chapter 154 (the chapter containing new rules for habeas procedures in capital cases) did make Chapter 154 retroactive. Although the dissenters in *Lindh* argued that the statute was not clear as to the retroactivity of the amendments to Chapter 153 and insisted it was necessary to undertake an analysis of Congress's intent in light of the "longstanding retroactivity jurisprudence," 521 U.S. at 337 (Rehnquist, C.J., dissenting), the Court held that the provision on retroactively in the portion of the statute creating Chapter 154 created a negative implication that Congress did not intend the amendments to Chapter 153 to apply retroactively. *Lindh,* 521 U.S. at 327-28.

The negative presumption of *Lindh* applies here. The negative implication is particularly strong because the SORNA provisions and Masha's Law were enacted at the same time. *See Lindh,* 521 U.S. at 330 ("[N]egative implications raised by disparate provisions are strongest when the portions of a statute treated differently … were being considered simultaneously when the language raising the implication was inserted.").

Because the text of the statute itself shows that Masha's Law does not apply retroactively, Michel's argument cannot be right even if Masha's Law applied to the kind of case he has pleaded.

C.  The Complaint Itself Shows That The Claim Is Barred By The Statute Of Limitations.

Much of Michel's brief is taken up with the procedural point that in general, plaintiffs are not required to plead around affirmative defenses such as the statute of limitations. As a general matter, that is so. But Michel concedes that "if the allegations … show that relief is barred by the applicable statute of limitations," the claim is "subject to dismissal for failure to state a claim." *Jones v. Bock,* 549 U.S. 199, 215 (2007). That is the case here.

Michel's brief pleads the timeframe of the alleged abuse. It disclaims any reliance on the discovery rule or any other tolling doctrine. As we show above, Michel pleads that the sexual abuse he says he suffered will continue to cause suffering into the future—in other words, he pleads a typical tort claim.

Michel cites *Szymanski v. Local 3, IBEW,* 577 Fed. App'x 52 (2d Cir. 2014), as "instructive," but the case has nothing whatsoever to do with Michel's claims. In *Szymanski,* the claim was that a union had breached its duty of fair representation to one of its members by failing to refer him to job opportunities and instead referring five union members who had been unemployed for shorter lengths of time. The district court granted summary judgment to the union on the grounds of the six-month statute of limitations applicable to such claims. 557 Fed. App'x at 52. The parties argued about whether Szymanski's claim was a claim of a single continuing violation, or a series of five discrete violations. But the court expressly avoided deciding that question, holding that summary judgment for the union was improper "regardless of which theory we use," i.e., regardless whether Szymanski's claim was one continuing claim or five discrete claims. *Id.* at 53. In other words, the case provides no support for Michel's argument about the procedural permissibility of dismissal of his claim.

## CONCLUSION

For the foregoing reasons and the reasons given in the main brief, Counts 8 and 12 must be dismissed.

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon St., 21st Fl.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: April 17, 2015

CERTIFICATE OF SERVICE

I certify that on April 17, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on April 17, 2015, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

David T. Grudberg, Esq.
Carmody & Torrance, LLP
195 Church St.
PO Box 1950
New Haven, Conn. 06509-1950

Michael McCooey
Chairman, Haiti Fund, Inc.
475 Polly Park Road
Rye, N.Y. 10580


/s/ Theodore J. Folkman

687332