UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>            Plaintiff,<br><br>    vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>            Defendants | Civ. A. No. 3:13-cv-01132-RNC<br><br><br>Dated: June 12, 2015 |
| *This document relates to:*<br><br>*All Cases* | |

**MEMORANDUM IN SUPPORT OF FATHER CARRIER'S
MOTION TO DISMISS COUNT 6 IN *ALCY V. PERLITZ* AND FOR
JUDGMENT ON THE PLEADINGS ON COUNT 7 IN ALL OTHER ACTIONS**

PRELIMINARY STATEMENT

This motion seeks dismissal of the claim that Father Carrier is liable under 18 U.S.C. §
1595. The claim is derivative of a claim against Perlitz that the plaintiffs have already admitted
fails to state a claim and that they have omitted from *Alcy,* the newest complaint. The omitted
claim is a claim that Perlitz violated 18 U.S.C. § 1591(a)(1) by recruiting or enticing Alcy,
knowing that he would be caused to engage in a commercial sex act. This claim fails because §
1591 has no extraterritorial application, as the plaintiffs concede. The claim against Father
Carrier in Count 6 is that he is liable under 18 U.S.C. § 1595(a) because he benefitted financially
from participation in a venture that he knew or should have known had engaged in an act in
violation of § 1591(a)(1). We show below that if Alcy cannot even allege that Perlitz violated §
1591(a)(1), he cannot prove that Father Carrier benefitted from his participation in a venture that
violated § 1591(a)(1).

The point we make about Alcy's complaint is equally applicable to all of the other complaints. *Alcy* is the only complaint that omits the claim against Perlitz under § 1591 (because it is the first complaint filed after the plaintiffs' concession), but the plaintiffs have, we assert, conceded that the claim fails in *all* of the cases. Therefore, in addition to seeking dismissal of Count 6 of *Alcy,* we seek judgment on the pleadings for the analogous count in all of the other cases. We submit it is more efficient and expeditious to deal with the issue once and for all in a single motion.

To anticipate a point the plaintiffs will no doubt make, this is Father Carrier's fourth dispositive motion. It is occasioned by the *Alcy* complaint—the newest complaint, which unlike all prior complaints, omits a claim that Perlitz violated 18 U.S.C. § 1591. The omission follows the plaintiffs' concession that § 1591 has no extraterritorial application. This motion merely draws out the consequences of the plaintiffs' new concession and their omission, for the first time, of a key claim in the case.

We also join in a motion that Fairfield University is bringing—a motion that points out that the language in § 1595 under which the plaintiffs claim Father Carrier is liable was enacted only at the end of 2008, after Perlitz had departed from Haiti for the last time. Because the amendment to the statute was undoubtedly substantive, and because retroactive application of the amended statute is impermissible, the claim must fail. We adopt Fairfield's arguments, which provide an independent basis for granting our motion.[1]

As we have said repeatedly, we are doing our best to be careful not to litigate issues twice. But when the plaintiffs themselves, by constantly tweaking their pleadings as they file

---

[1] Fairfield seeks dismissal only as to Alcy, not the other plaintiffs, and thus Father Carrier does not argue that he is entitled to judgment on the pleadings on Count 7 of the other complaints on the retroactivity grounds Fairfield argues. However, if Fairfield's motion is successful, then further motion practice will establish that none of the other plaintiffs' claims under § 1595 can succeed.

new actions, bring new issues to the fore, we will seek to test the sufficiency of their new

complaints when appropriate.

BACKGROUND

A.      Carrier's Motion to Dismiss Counts 8 and 12 of the *Michel* Complaint.

Unlike any of the other plaintiffs,[2] Bernard Michel pleaded that Father Carrier sexually

abused him. He asserted the same two counts against Father Carrier that all of the plaintiffs

(except Alcy) asserted against Perlitz: a violation of the sex tourism statute, 18 U.S.C. § 2423

(Count 8), and a violation of the human trafficking statute, 18 U.S.C. § 1591(a)(1) (Count 12).

The theory of Count 12 was that Father Carrier allegedly "recruited" and "enticed" Michel

knowing that Michel would be caused to engage in "commercial sex acts."

Father Carrier moved to dismiss Counts 8 and 12 of Michel's complaint (ECF No. 484).

In the motion to dismiss, Father Carrier showed that § 1591 does not apply extraterritorially, and

that all of the relevant conduct—the alleged commercial sex act, the alleged recruitment and

enticement of Michel—took place abroad, in Haiti. (ECF No. 485 at 19). Because the claim had

no nexus with the United States, Father Carrier argued, it had to be dismissed.

In their response to the motion to dismiss, the plaintiff conceded the point. They wrote:

> Michel agrees, however, that his Twelfth Claim, arising under the Sex-Trafficking statute
> (18 U.S.C. § 1591, 1595) specifically from Father Carrier's direct sexual abuse, should be
> dismissed because this particular claim, unlike Plaintiff's other claims, arises solely from
> conduct that occurred in Haiti and the statute in question did not apply outside the United
> States at the time of Father Carrier's abuse.

(ECF No. 554 at 1).

---

[2] Emmanuel Clervil also sought to raise such a claim, but ultimately he withdrew his motion for leave to amend his complaint to add the new allegation and also moved to dismiss his action voluntarily.

B.   The *Alcy* Complaint.

Alcy filed his complaint after the plaintiffs made their concession about the extraterritorial reach of § 1591. Unlike all of the other complaints, Alcy's complaint omits a count accusing Perlitz of violating § 1591(a)(1). The likely reason is self-evident. The claim all of the plaintiffs have made against Perlitz under § 1591 is almost exactly the same as the claim Michel made against Father Carrier under § 1591. If the one is not good, the other cannot be good either. Alcy's complaint does, however, include a count (Count 6) claiming Father Carrier is liable under 18 U.S.C. § 1595. The theory of the claim, which all of the plaintiffs have made, is that Father Carrier "knowingly benefitted financially from PPT" (Compl.¶ 143) and that he "knew or should have known that PPT, through Perlitz, was engaged in activities in violation of 18 U.S.C. § 1591." (Compl. ¶ 144).

ARGUMENT

A.   A Motion for Judgment on the Pleadings is Proper.

As to *Alcy* itself, we are moving for dismissal of Count 6 under Fed. R. Civ. P. 12(b)(6). But because we have answered all the other complaints, we are moving for dismissal of the analogous counts in those cases on the pleadings under Rule 12(c). Rule 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

Under Rule 12(c), as under Rule 12(b)(6), the factual allegations of the complaint are taken as true and all reasonable inferences are drawn in the plaintiffs' favor. *Kirkendall v. Halliburton, Inc.,* 707 F.3d 173, 178 (2d Cir.), *cert. denied,* 134 S. Ct. 241 (2013). The complaint fails unless it contains sufficient factual matter to state a claim to relief that is plausible on its face. *Id.* at 178-79. It is proper to seek judgment on the pleadings on fewer than all counts, just as it is proper to seek dismissal for failure to state a claim on fewer than all counts. *See, e.g.,*

4

*Scaccia v. Stamp,* 447 Fed. App'x 267, 267-68 (2d Cir. 2012) (affirming decision granting

motion for partial judgment on the pleadings); *Plainville Bd. of Educ. v. R.N.,* 2012 WL

1094640, at *12 (D. Conn. Mar. 31, 2012) (granting in part and denying in part a motion for

partial judgment on the pleadings).

B.      Section 1591 Has No Extraterritorial Application.

        We will not repeat the argument on the extraterritorial application of Section 1591 at

length here; we made the argument in full in the Motion to Dismiss Counts 8 and 12 of the

*Michel* Complaint (ECF No. 485 at 15-21), and the plaintiffs have conceded it is correct. The key

points are these:

- A federal statute that gives no clear indication of an extraterritorial application has

  no extraterritorial application. *Morrison v. Nat'l Australia Bank Ltd.,* 561 U.S.

  247, 255 (2010).

- References to interstate or foreign commerce are insufficient to show a

  Congressional intent that a statute should apply extraterritorially. *Morrison,* 561

  U.S. at 262-63; *Norex Petroleum Ltd. v. Access Indus., Inc.,* 631 F.3d 29, 32-33

  (2d Cir. 2010); *European Community v. RJR Nabisco, Inc.,* 764 F.3d 129, 140-41

  (2d Cir. 2014).

- Nothing in § 1591 indicates extraterritorial applicability, and in fact Congress has

  recognized that fact by expressly providing for extraterritorial applicability in

  circumstances not present here. *See* 18 U.S.C. § 3271(a) (providing extraterritorial

  *criminal* jurisdiction for federal employees); 18 U.S.C. § 1596(a) (providing

  extraterritorial *criminal* jurisdiction in all cases where offender is a US national or

  is present in the US).

- Application of § 1591 to the facts the plaintiffs have alleged would be impermissibly extraterritorial, because all of the relevant conduct—the recruitment or enticement of the plaintiffs, the commercial sex acts—took place in Haiti.

It is important to define carefully the issue of extraterritoriality this motion raises and the issues it does not raise. We are *not* arguing that Father Carrier's activities had no nexus with the United States. In other words, if Perlitz had, for example, sexually abused Alcy in the United States, or if Perlitz had recruited Alcy by wiring money from the United States to Alcy's bank account in Haiti, then arguably Perlitz could be liable for a violation of 18 U.S.C. § 1591(a)(1). In such a case, perhaps Alcy could make out a claim against Father Carrier, at least at the pleading stage, under 18 U.S.C. § 1595. Our point, in other words, is not that application of 18 U.S.C. § 1595 to Father Carrier would be impermissibly extraterritorial because Father Carrier did nothing in the United States relevant to the claim.[3] Rather, our point is that there can be no liability under § 1595 because a claim under § 1595 against someone who benefits financially from participation in an illicit venture that violated § 1591 presupposes that someone else violated § 1591 in the first instance, and Alcy has not alleged such a violation.

C.      Count 6 Is Good Only If Someone Else Violated §1591.

Section 1595(a) provides:

An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) …

18 U.S.C. § 1595(a). The text of the statute provides that a person cannot bring a claim unless he is a "victim of a violation of this chapter," and that a person cannot be liable for "knowingly

---

[3] We reserve the right to make such an argument on a motion for summary judgment.

benefit[ting] … from participation in a venture" unless the venture "engaged in an act in violation of this chapter." So the requirement of an underlying violation of the statute comes into Alcy's case against Father Carrier in two ways. First, Alcy has no claim unless he is a "victim of a violation of this chapter," i.e., of Chapter 77 of Title 18 of the U.S. Code. Second, Alcy has no claim unless there was a venture "that was engaged in a violation of this chapter." While § 1595 refers to violations of Chapter 77 in its entirety, the only statute in Chapter 77 that the plaintiffs have ever claimed anyone violated is § 1591.

To put this another way: even if Perlitz sexually abused Alcy, and even if PPT can be considered a "venture" for purposes of the statute, and even if Father Carrier knowingly benefitted financially from his participation in PPT, Father Carrier can be liable only if someone else violated the statute.

D.     The Plaintiffs Allege No Violation of § 1591 That Has A Link With The United States.

Alcy's complaint is notable because, unlike all the other complaints, it does not allege that Perlitz violated § 1591. This was a necessary concession on the plaintiffs' part, given that they now agree that § 1591 has no extraterritorial application. Given the omission, Alcy cannot now argue that he has a claim under § 1595 against Father Carrier because Perlitz was a "perpetrator" of a violation of the statute. The allegations all of the other plaintiffs made against Perlitz under the statute (e.g., Michel Compl. ¶¶ 103-104, 148) are very close though not precisely identical to the allegations Michel made against Father Carrier (Michel Compl. ¶¶106-107, 183).[4] They fail for the same reasons as the allegations Michel made against Father Carrier fail.

_____

[4] The only substantive difference is that Michel alleged that Perlitz coerced Michel into engaging in sexual acts by causing him to believe that he would suffer financial harm if he refused. (Michel Compl. ¶ 104). There is no such allegation against Father Carrier, although the complaint alleges that Michel understood that to continue to receive

Neither Alcy nor anyone else allege that anyone other than Perlitz did any of the acts that must be proved to show a violation of § 1591 (namely, that anyone else recruited, enticed, harbored, etc., the plaintiffs knowing or in reckless disregard of the fact that the plaintiffs would be caused to engage in commercial sex acts). Indeed, neither Alcy nor anyone else brings a claim against PPT for violation of § 1591. However, the plaintiffs have made it clear in their motion papers and in oral argument, if not in their complaints, that the "venture" in which Father Carrier is supposed to have participated in is PPT, and that PPT was the entity that violated § 1591(a). For example, in their opposition to Father Carrier's motion to dismiss in the *Jean-Charles* case (ECF No. 174, at 19), they wrote:

> While it was Perlitz who engaged in commercial sex with the children, it was PPT, as well as Perlitz, that recruited, enticed, and maintained them—recruiting them into the program, enticing them with necessities originally provided for free and only later made the subject of an explicit bargain for sex, and maintaining them in PPT's own residential facility. Thus, PPT is a venture engaging in this conduct within the meaning of the statute.

And in arguing that motion, plaintiff's counsel said:

> Now, if we look at the predicate, the 1591 predicate … the violations include recruiting, enticing, harboring, transporting, providing, obtaining or maintaining persons who will be cause[d] to engaged in commercial sex. And I have to say sadly that's what PPT ended up doing, they recruited, enticed, transported, harbored and maintained a group of children who were then forced by Perlitz to engage in commercial sex transactions.

(Tr. of Aug. 7, 2012 at 108-09).

Merely naming PPT as the entity that violated § 1591 cannot save the claim. First, as the *Alcy* complaint makes clear, PPT is said to have violated § 1591 "through Perlitz." (Compl. ¶ 144). And as we have already seen, everything Perlitz did that is relevant to the claim was done in Haiti. Even if we imagine that an unnamed person associated with PPT recruited and enticed

---

food, shelter, and an education from PPT, he had to allow both Perlitz and Father Carrier to sexually abuse him. (Michel Compl. ¶¶ 104, 107).

Alcy knowing that he would be caused to engage in a commercial sex act—an entirely implausible scenario given that the complaint identifies no person who could have done this—that person would have acted entirely in Haiti, too. Anything that Alcy or the other plaintiffs received from PPT was received in Haiti. Any acts they were coerced into committing were done in Haiti. There is no nexus with the United States, and thus § 1591 cannot reach the conduct alleged.

<u>CONCLUSION</u>

For the foregoing reasons, Count 6 of Alcy's complaint and Count 7 in all of the other complaints must be dismissed.

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
Aaron D. Rosenberg (ct29518)
MURPHY & KING, P.C.
One Beacon St., 21st Fl.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: June 12, 2015

<u>CERTIFICATE OF SERVICE</u>

I certify that on June 12, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on June 12, 2015, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service, and Haiti Fund, Inc.:

David T. Grudberg, Esq.
Carmody & Torrance, LLP
195 Church St.
PO Box 1950
New Haven, Conn. 06509-1950

Michael McCooey
Chairman, Haiti Fund, Inc.
475 Polly Park Road
Rye, N.Y. 10580


/s/ Theodore J. Folkman

690263