UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re,<br><br>FR. PAUL E. CARRIER, S.J. | Case No.: 2:14-mc-0044 (JHR) |
| This document applies to the above referenced District of Maine miscellaneous case which seeks discovery for use in *St. Louis v. Perlitz*, Civil Action No.: 3:13-cv-01132 (RNC), a case filed in the United States District Court for the District of Connecticut and to the District of Connecticut cases consolidated with *St. Louis*:<br>3:13-cv-1225-RNC; 3:13-cv-1269-RNC;<br>3:13-cv-1437-RNC; 3:13-cv-1480-RNC;<br>3:13-cv-1626-RNC; 3:13-cv-1627-RNC;<br>3:13-cv-1628-RNC; 3:13-cv-1629-RNC;<br>3:13-cv-1630-RNC; 3:13-cv-1631-RNC;<br>3:13-cv-1632-RNC; 3:13-cv-1633-RNC;<br>3:13-cv-1634-RNC; 3:13-cv-1635-RNC;<br>3:13-cv-1636-RNC; 3:13-cv-1637-RNC;<br>3:13-cv-1638-RNC; 3:13-cv-1639-RNC;<br>3:13-cv-1640-RNC; 3:13-cv-1641-RNC;<br>3:13-cv-1642-RNC; 3:13-cv-1644-RNC;<br>3:13-cv-1645-RNC; 3:13-cv-1647-RNC;<br>3:13-cv-1648-RNC; 3:13-cv-1701-RNC;<br>3:13-cv-1767-RNC; 3:13-cv-1768-RNC;<br>3:13-cv-1769-RNC; 3:13-cv-1881-RNC;<br>3:13-cv-1904-RNC; 3:13-cv-1906-RNC;<br>3:13-cv-1907-RNC; 3:14-cv-0125-RNC<br>3:14-cv-0668-RNC; 3:14-cv-00815-RNC | August 21, 2014 |

**PLAINTIFFS' OPPOSITION TO FATHER PAUL E. CARRIER, S.J.'S
<u>MOTION TO COMPEL COMPLIANCE WITH SUPBOENA</u>**

All plaintiffs in the 36 cases consolidated with *St. Louis v. Perlitz*, Civil Action No.

3:13-cv-1132 (RNC) filed in the United States District Court for the District of Connecticut

1

(collectively, the "Plaintiffs") oppose Father Paul E. Carrier's Motion to Compel Compliance with Subpoena.

## INTRODUCTION

Plaintiff Gervil St. Louis and the 36 other Haitian young men whose civil actions have been consolidated with the *St. Louis* matter in the United States District Court for the District of Connecticut claim that for a decade, from 1998 until mid-2008, Defendant Douglas Perlitz sexually abused minor boys in his care at Project Pierre Toussaint ("PPT"), a residential school and educational program for poor and destitute children in Haiti. In 2011, Perlitz was convicted of violating 18 U.S.C. § 2423(b), Travel With Intent To Engage In Illicit Sexual Conduct and was sentenced to more than 19 years in prison, but not before he had molested numerous children in his care over a period of many years, without Father Carrier or any of the other Defendants taking any steps whatsoever to prevent or stop this horrendous pattern of abuse. *See U.S. v. Perlitz*, Judgment, Criminal No. 3:09-cr-207-JBA (D. Conn.), Document 93; *see also* Complaint ¶ 1, *St. Louis v. Perlitz*, Civil Action No. 3:13-cv-01132 (RNC) (D. Conn.).[1] Plaintiff St. Louis and the other 36 Plaintiffs in the consolidated cases in the United States District Court in Connecticut claim that Douglas Perlitz sexually abused them when they were minors and or used

---

[1] All references to the Complaint are to the complaint in the lead case, *St. Louis v. Perlitz*, No. 3:13-cv-01132 (RNC) (D. Conn.). The complaints in the thirty-six cases consolidated with St. Louis are substantially identical.

2

coercion to force them to allow Perlitz to sexually abuse them. *See, e.g. Complaint*, ¶¶ 99-103.

Taking advantage of some of the most vulnerable children in the world – children who, in many instances, lacked basic food, clothing and shelter, and who were completely dependent on the program at PPT – Perlitz engaged in flagrant sexual misconduct with an as-yet-unknown number of boys under the age of eighteen (and in most instances much younger that that). Perlitz established and operated PPT in Haiti under the auspices of, and with funding from, Defendants Haiti Fund, Inc. (the "Haiti Fund"), Fairfield University, The Society of Jesus of New England (the "New England Jesuits"), and the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., a/k/a Order Of Malta, American Association, USA ("Order of Malta"). Defendants Father Paul E. Carrier, S.J. and Hope E. Carter were charged with overseeing PPT on behalf of the various entity defendants and travelled to Haiti on numerous occasions over the entire period that Perlitz was there. When Plaintiffs, none of whom has ever been to the United States, sought redress from the Haiti Fund, Fairfield University, the New England Jesuits, the Order of Malta, Father Carrier, and Carter for their negligence in hiring Perlitz to run PPT and in failing properly to oversee the program and supervise Perlitz, they sued the Defendants in Connecticut, the only place where they could obtain jurisdiction over the Defendants.

A previous group of cases filed in the District of Connecticut consolidated with the lead case of *Jean-Charles v. Perlitz*, Civil Action No. 3:11-CV-00614 (RNC) (D. Conn.)

brought on behalf of 23 of Perlitz's victims[2] was settled in 2013, after the District of Connecticut District Court denied in part defendants' motions to dismiss and permitted the cases to go forward. Since then, 37 additional victims, including the plaintiff in the lead case, Gervil St. Louis, have filed claims against the same defendants named in the Jean-*Charles cases*.

When Perlitz's victims in Haiti initially sought redress, they did not have access to attorneys in the United States. Those victims met with an adult advocate in Haiti, Cyrus Sibert. Mr. Sibert communicated with an American, Paul Kendrick. Apparently, Mr. Kendrick met with some of the victims who ultimately, with the assistance of American attorneys, successfully settled their claims against Father Carrier and the other Defendants. Mr. Kendrick and Mr. Sibert worked together to enable the Haitian victims to communicate with a Boston attorney, Mitchell Garabedian. *See* Declaration of Mitchell Garabedian (filed herewith). There were not only language difficulties to overcome to allow for effective communication and representation, but substantial differences between American and Haitian cultures. Mr. Kendrick assisted Haitian victims in consulting with an American attorney with a view to obtaining legal representation from that lawyer. Garabedian Decl. To the extent many of the documents listed on the Privilege Logs of RBC Capital Markets LLC, d/b/a RBC Wealth Management ("RBC")

---

[2] The claims of a 24th victim were settled with the other 23 prior to that victim filing a civil action.

pertain to Mr. Kendrick fostering communication between victims in Haiti who were seeking to communicate with an attorney in the United States, Plaintiffs oppose the production of such documents to Father Carrier.

Further, for a period of time from March 12, 2012 until July 30, 2012, the Law Offices of Mitchell Garabedian explicitly represented Paul Kendrick. Garabedian Decl. Without revealing content of communications, it would be reasonable to expect prior communications in which Mr. Kendrick would have sought legal representation from Attorney Garabedian. Well before March 12, 2012 communications from Mr. Kendrick may reflect questions about legal issues. To the extent documents pertaining to Mr. Kendrick seeking legal advice from Mitchell Garabedian, Esq. or the Law Offices of Mitchell Garabedian, pertaining to Mitchell Garabedian or the Law Offices of Mitchell Garabedian providing legal advice to Mr. Kendrick, or pertaining to the actual representation of Mr. Kendrick by Mitchell Garabedian or the Law Offices of Mitchell Garabedian, Plaintiffs do not believe it appropriate that such documents be produced to Father Carrier.

### ARGUMENT

I. THE INCLUSION OF PAUL KENDRICK IN ATTORNEY-CLIENT COMMUNICATIONS DID NOT DESTROY THE ATTORNEY-CLIENT PRIVILEGE WHERE THE PURPOSE OF MR. KENDRICK'S PARTICIPATION WAS TO IMPROVE THE COMPREHENSION OF THE COMMUNICATIONS BETWEEN ATTORNEY AND CLIENT.

The Perlitz victims are all Haitian young men. Perlitz abused them when they were much younger and attending PPT as street children with no other source for food,

shelter and education. They did not have the tools or knowledge to contact an attorney in the United States to explore possible legal remedies for the harm caused by Perlitz. When the Haitian victims began to explore what civil remedies were available, they worked with Mr. Kendrick and Mr. Sibert to communicate with Attorney Garabedian who has represented many individuals who when they were children were sexually abused. "A lawyer and a client have a right to use an interpreter in order to increase their comfort, as well as their confidence that they are, in fact, fully understanding all that each of them intends to communicate to the other, even if they might have been able to get by without that translation." *Oxyn Telecommunications, Inc. v. Onse Telecom*, 2003 U.S. Dist. LEXIS 2671 at *9 (S.D.N.Y. 2003). In *Oxyn* the Court found that the presence of two interpreters who were not agents of the Defendant did not waive the privilege, even though the defendant's attorney spoke the same language, Korean, as the defendant's. The additional interpreters provided more than a verbatim translation, they helped the attorney and the client's agents fully understand each other. *Id. at *9-*10*. The interpreters helped attorneys and clients effectively communicate where there substantial legal and cultural differences.

Mr. Kendrick and Mr. Sibert helped bridge the large cultural, language and legal differences. Unlike the *Oxyn* attorney who spoke the same language as his clients' agents, Mr. Garabedian does not speak Haitian Creole, the language of the Perlitz victims. Arguably making the need for effective interpreters even greater. *U.S. v. Salamanca*, 244 F. Supp. 2d 1023, 1025-1026 (D.S.D. 2003).

II. **AS THE PERLITZ HAITIAN VICTIMS WERE ANTICIPATING LITIGATION WHEN THEY WERE COMMUNICATING WITH THEIR ATTORNEY IN THE UNITED STATES THROUGH MR. KENDRICK, TO THE EXTENT THOSE COMMUNICATIONS CONTAINED WORK PRODUCT INFORMATION THE WORK PRODUCT PROTECTION FOR THAT INFORMATION WAS NOT WAIVED.**

Further, when the Haitian victims were communicating with Attorney Garabedian they anticipated litigation. At that point they had already been sexually abused by Perlitz, and most if not all of those victims ultimately sued Perlitz, Father Carrier and the other Defendants. To the extent that any information or documents were compiled, prepared, or exchanged through Mr. Kendrick such information is also protected from disclosure as work product pursuant to Fed. R. Civ. P. 26 (b) (3). Waiver of work product protection does not happen when materials prepared in anticipation of litigation are disclosed to others if that disclosure does not materially increase the likelihood that the materials will come into the hands of an adversary. *Oxyn Telecommunications, Inc.*, 2003 U.S. Dist. LEXIS 2671 at *14.

III. **SINCE FOR A CERTAIN PERIOD OF TIME MR. KENDRICK WAS REPRESENTED BY PLAINTIFFS' ATTORNEYS, PLAINTIFFS BELIEVE IT WOULD BE INAPPROPRIATE TO ORDER THE PRODUCTIONS OF ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS.**

None of Plaintiffs' Attorneys currently represent Mr. Kendrick. However, for a period of time Mr. Kendrick sought legal advice from, and was represented by the Law Offices of Mitchell Garabedian. Plaintiffs believe it would be inappropriate to order the production of privileged attorney-client communications. This is an argument better made by Mr. Kendrick or RBC.

WHEREFORE, Plaintiffs request Father Paul E. Carrier's Motion to Compel Compliance with Subpoena be denied.

Dated: August 21, 2014

                Plaintiffs,

                By:   /s/ Mitchell Garabedian
                      Mitchell Garabedian
                      garabedianlaw@msn.com
                      William H. Gordon
                      wgordon@garabedianlaw.com
                      100 State Street, 6th Floor
                      Boston, MA 02109
                      Phone: (617) 523-6250


                      /s/ Brett D. Baber
                      Brett D. Baber (Maine Bar No. 3143)
                      LANHAM BLACKWELL, P.A.
                      133 Broadway
                      Bangor, Maine 04401
                      (207) 942-2898

OF COUNSEL:

Paul J. Hanly, Jr. (phv04680)
phanly@hanlyconroy.com
Andrea Bierstein (phv04678)
abierstein@hanlyconroy.com
Jayne Conroy (phv04679)
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP
112 Madison Ave., 7th floor
New York, New York 10016
Phone: (212) 784-6400

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, a copy of the foregoing Plaintiffs' Opposition was filed electronically. Notice of this filing will be sent by e-mail to all parties

8

by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                    By:    /s/Mitchell Garabedian
                               Mitchell Garabedian

Case 2:14-mc-00044-JHR   Document 17-1   Filed 08/21/14   Page 1 of 3   PageID #: 240

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re, | Case No.: 2:14-mc-0044 (JHR) |
| FR. PAUL E. CARRIER, S.J. | |
| This document applies to the above referenced District of Maine miscellaneous case which seeks discovery for use in *St. Louis v. Perlitz*, Civil Action No.: 3:13-cv-01132 (RNC), a case filed in the United States District Court for the District of Connecticut and to the District of Connecticut cases consolidated with *St. Louis*: 3:13-cv-1225-RNC; 3:13-cv-1269-RNC; 3:13-cv-1437-RNC; 3:13-cv-1480-RNC; 3:13-cv-1626-RNC; 3:13-cv-1627-RNC; 3:13-cv-1628-RNC; 3:13-cv-1629-RNC; 3:13-cv-1630-RNC; 3:13-cv-1631-RNC; 3:13-cv-1632-RNC; 3:13-cv-1633-RNC; 3:13-cv-1634-RNC; 3:13-cv-1635-RNC; 3:13-cv-1636-RNC; 3:13-cv-1637-RNC; 3:13-cv-1638-RNC; 3:13-cv-1639-RNC; 3:13-cv-1640-RNC; 3:13-cv-1641-RNC; 3:13-cv-1642-RNC; 3:13-cv-1644-RNC; 3:13-cv-1645-RNC; 3:13-cv-1647-RNC; 3:13-cv-1648-RNC; 3:13-cv-1701-RNC; 3:13-cv-1767-RNC; 3:13-cv-1768-RNC; 3:13-cv-1769-RNC; 3:13-cv-1881-RNC; 3:13-cv-1904-RNC; 3:13-cv-1906-RNC; 3:13-cv-1907-RNC; 3:14-cv-0125-RNC 3:14-cv-0668-RNC; 3:14-cv-00815-RNC | August 21, 2014 |

## DECLARATION OF MITCHELL GARABEDIAN PURSUANT TO LOCAL RULE 37

I, Mitchell Garabedian, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury, that the following statements are true and correct, to the best of my knowledge

1

and belief:

1. I am an attorney admitted to practice in Massachusetts and admitted *pro hac vice* in this Court. Along with co-counsel, my firm represents the Plaintiff in *St. Louis v. Perlitz*, Civil Action No.: 3:13-cv-01132 (RNC), a case filed in the United States District Court for the District of Connecticut. I also represent the Plaintiffs in the thirty six-cases in the District of Connecticut consolidated with *St. Louis*.

2. Prior to 2011 I learned from Paul Kendrick that young men in Haiti claiming to have been sexually abused in Haiti when they were children by Douglas Perlitz were seeking an attorney to represent them.

3. Prior to July 30, 2012, Paul Kendrick fostered communication between me and Cyrus Sibert an adult in Haiti trying to help Douglas Perlitz's victims obtain remedies for the harm they suffered.

4. Prior to working with Mr. Kendrick and Mr. Sibert I was not familiar with Haitian culture. Both helped me understand the lives the victims of Douglas Perlitz lived and how those victims communicated with others. This helped with my early meetings with Haitian victims prior to July 30, 2012.

5. I do not speak Haitian Creole, the language of the victims of Douglas Perlitz.

6. I believe that prior to July 30, 2012, Mr. Kendrick helped some of

my clients effectively communicate with me.

7. Prior to July 30, 2012, Mr. Kendrick, along with Mr. Sibert, helped me effectively communicate with many of Mr. Perlitz's victims. Prior to July 30, 2012, Mr. Kendrick helped me exchange documents with a number of my clients in Haiti.

8. From March 12, 2012 until July 30, 2012, I and the Law Offices of Mitchell Garabedian explicitly represented Paul Kendrick.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of August, 2014.

By: /s/ Mitchell Garabedian
Mitchell Garabedian

### CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, a copy of the foregoing Declaration was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: /s/Mitchell Garabedian
Mitchell Garabedian