```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GERVIL ST. LOUIS, ET AL.,       :
                                :
     Plaintiffs,                :
                                :
v.                              :    Case No. 3:13-cv-1132(RNC)
                                :
DOUGLAS PERLITZ, ET AL.,        :
                                :
     Defendants.                :
```

RULING AND ORDER

Defendant Father Paul Carrier has moved pursuant to Rule 12(b)(6) to dismiss two of plaintiff Bernard Michel's claims: the claim under 18 U.S.C. § 2255(a), alleging a violation of the sex tourism statute, 18 U.S.C. § 2423(c)(count 8); and the claim under 18 U.S.C. § 1595(a), alleging a violation of the sex trafficking statute, 18 U.S.C. §§ 1591(a)(count 12). See ECF No. 484. He contends that the § 2255 claim is barred by the statute of limitations and that the § 1595 claim must be dismissed because the sex trafficking statute did not apply to activity outside the United States at the time of his alleged abuse of the plaintiff in Haiti. Plaintiff agrees that the § 1595 claim should be dismissed. He opposes dismissal of the § 2255 claim, however, contending that it is not apparent from the face of the complaint that the claim is time-barred. For reasons that follow, both claims will be dismissed.

The parties agree that the limitations period applicable to

plaintiff's § 2255 claim is six years.[1]  Their disagreement concerns when the claim accrued.  Defendant argues that plaintiff's cause of action accrued when the alleged violation occurred (it is undisputed that plaintiff alleges a violation falling outside the limitations period).  Plaintiff responds that a cause of action accrues under § 2255 "when the victim of a violation suffers an injury, regardless of when the violation itself took place (so long as the victim was a minor at the time of the violation)."  Pl.'s Opp'n (ECF No. 554) at 10.  Plaintiff submits that his complaint adequately alleges such an injury, citing paragraph 108, which alleges that he "has suffered . . ., is suffering . . ., and will continue to suffer . . . deep emotional and physical pain."  See id. at 13.  Defendant replies that plaintiff's allegations of past, present and future suffering, which are characteristic of many tort claims, do not allege an injury occurring within the limitations period for the purpose of accrual under § 2255.  I agree.

The standard rule for accrual of federal claims is that a claim accrues "when the plaintiff has a complete and present cause of action."  Singleton v. Clash, 951 F. Supp. 2d 578, 585 (S.D.N.Y. 2013) (quoting Gabelli v. SEC, 133 S. Ct. 1216, 1220

---

[1] At the time plaintiff filed his claim, the statute of limitations under § 2255 was six years.  The statute has since been amended to extend the period to ten years.

(2013)). An exception exists in the form of the discovery rule, which delays accrual until the plaintiff has discovered his cause of action. State statutes expressly provide for the discovery rule in sexual abuse cases. See id. at 587. But plaintiff disclaims any reliance on the discovery rule, which has been held not to apply under § 2255. See id. at 586.

Plaintiff relies on a 2006 amendment to § 2255 known as Masha's Law. Prior to 2006, § 2255 provided a cause of action for "[a]ny person who, while a minor, was a victim of a violation of [an applicable section of title 18, including § 2423] and who suffers personal injury as a result of such violation." See Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006). Masha's Law amended § 2255 by adding the phrase "regardless of whether the injury occurred while such person was a minor." See id. Plaintiff submits that the amended statute, by its terms, creates a cause of action for an injury that occurs after the predicate violation.

The legislative history of Masha's Law shows that it was intended to provide a cause of action for victims of Internet distribution of child pornography. Congress has recognized that distribution of child pornography on the Internet inflicts an injury on the minor victims depicted in the pornographic material. Prior to 2006, victims of such distribution were unable to recover under § 2255 due to the passage of time from

the date the pornographic material was created, and this was the plight of Masha.  See 152 Cong. Rec. S8012-02 (daily ed. July 20, 2006) (statement of Sen. Isakson) ("In researching this case, we found that young Masha, and many others like her who have been abused in their lives, could not even recover under the laws as they existed.").  Under the statute as amended, when child pornography is distributed over the Internet, the victim has a cause of action under § 2255 that accrues at the time of the distribution.  See Doe v. Boland, 698 F.3d 887, 881 (6th Cir. 2012) ("A child abused through a pornographic video might have one § 2255 claim against the video's creator as soon as it is produced and another against the distributor who sells a copy of the video twenty years later.").

Plaintiff acknowledges that Masha's Law most naturally applies to cases involving distribution of child pornography.  He argues, however, that the language Congress used in amending § 2255 does not limit the statute's application to child pornography cases.  And he submits that such a limitation is not dictated by the legislative history.

The issue here is not whether Masha's Law is limited to cases of child pornography but whether it provides a remedy for the plaintiff, who claims to have been sexually assaulted. Helpful guidance is provided by two decisions in the Second Circuit.  In Singleton, an alleged abuser moved to dismiss § 2255

claims as time-barred. 951 F. Supp. 2d at 581. Plaintiffs argued that their claims were timely because, under the discovery rule, the statute of limitations was tolled until they became aware of the connection between their injuries and the defendant's conduct. Id. at 585. Judge Koeltl stated that the discovery rule was inapplicable because the statutory language "is directed solely to when the claim accrues, not when it is discovered." Id. He went on to explain that even if the discovery rule did apply, the claims would be time-barred because "[t]he plaintiffs' 'injuries' for the purpose of accrual under Section 2255 were their victimizations by the defendant, not their appreciation of the subsequent psychological harm." Id. at 589. Congress's inclusion of the phrase "regardless of whether the injury occurred while such person was a minor" did not help the plaintiffs. The "legislative history indicat[ed] that the clause was added to account for situations in which violations that first occurred when a plaintiff was a minor were re-perpetrated after a plaintiff reached adulthood." Id. at 591. The plaintiffs did not allege such a "second injury." Id. at 588 n.9.[2]

---

[2] The Second Circuit affirmed Singleton on narrow grounds without deciding whether the discovery rule applies to claims under § 2255. See S.M. v. Clash, 558 F. App'x 44, 45 (2d Cir. 2014) ("Assuming without deciding that a discovery accrual rule applies to § 2255(b), we hold that the district court properly dismissed the actions as time-barred given that the plaintiffs' complaints failed to provide any reason why the plaintiffs were

5

In Shovah v. Mercure, 44 F. Supp. 3d 504 (D. Vt. 2014), a former priest alleged to have engaged in sexual exploitation and abuse of children moved to dismiss the plaintiff's complaint under § 2255 as untimely.  Id. at 506.  The plaintiff claimed that he only recently was able to discover his alleged injuries and cited studies demonstrating that childhood sexual abuse can cause lifelong repercussions including symptoms making it difficult to discover harm.  Id. at 510-11.  Assuming arguendo that the discovery rule applied, the court decided that the suit was time-barred.  Id. at 513.  Judge Sessions stated that "[t]he statute of limitations began to run at the time [plaintiff] discovered or should have discovered the underlying statutory violations, not when he linked his later psychological harm to those violations."  Id.[3]

Consistent with the decisions in Singleton and Shovah, plaintiff's claim under § 2255 must be dismissed.  Like the plaintiffs in those cases, plaintiff claims to have been sexually

---

unable to discover their injuries prior to 2012.").

[3] A district court outside the Second Circuit has reached the same conclusion. In Stephens v. Clash, No. 1:13-CV-712 (CCC), 2013 WL 6065323 (M.D. Pa. Nov. 18, 2013) Judge Conner held that "the relevant inquiry for [§] 2255 claims is not when a plaintiff discovered subsequent harm, but rather when the plaintiff discovered that he was the defendant's victim under the underlying criminal statutes." Id. at *4.  The plaintiff's "assertion that he did not know about his psychological and emotional injuries and their relation to [defendant's] conduct until 2011" was "irrelevant." Id.

assaulted by the defendant and seeks compensation for emotional and physical pain.  His complaint does not allege facts permitting a reasonable inference that he has suffered a "new" or "second" injury within the limitations period for the purpose of accrual under § 2255.  It is therefore apparent that his claim is time-barred.

If plaintiff's allegations of ongoing mental and physical pain are sufficient for the purpose of accrual, it follows that § 2255 permits a victim of childhood sexual assault to sue the alleged perpetrator long after the violation, perhaps decades later.  It may be sound policy to adopt that approach after weighing the competing interests.  But there is no reason to think Congress did so when it amended § 2255.  See Shovah, 44 F. Supp. 3d at 512-13 (rejecting plaintiff's theory that would extend the accrual date indefinitely, contrary to the express language of the statute); <u>Singleton</u>, 951 F. Supp. 2d at 590 (rejecting plaintiff's theory that would allow § 2255 claims decades beyond when the violation accrued).

V.   Conclusion

Accordingly, the motion to dismiss Counts 8 and 12 is hereby granted.

So ordered this 31st Day of March 2016.

/s/ RNC<br>
Robert N. Chatigny<br>
United States District Judge