```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GERVIL ST. LOUIS,                  :
                                   :
          Plaintiff,               :
                                   :
V.                                 :    Case No. 3:13-CV-1132 (RNC)
                                   :
DOUGLAS PERLITZ, et al.,           :
                                   :
          Defendants.              :
```

RULING AND ORDER

Pending are Father Paul Carrier's motion to dismiss Count 6 in Alcy v. Perlitz, No. 3:15-cv-526(RNC) (filed Apr. 10, 2015), and for judgment on the pleadings on Count 7 in all other related actions (ECF No. 607), and Fairfield University's motion to dismiss Count 6 in Alcy (ECF No. 610). These counts seek to impose liability on the moving defendants under 18 U.S.C. § 1595 based on sex trafficking conduct in violation of 18 U.S.C. § 1591. The underlying conduct is Douglas Perlitz's sexual abuse of minors at Project Pierre Toussaint ("PPT"). The counts allege that Father Carrier and the University "knowingly benefitted financially from PPT" and "knew or should have known that PPT, through Perlitz, was engaged in activities in violation of 18 U.S.C. § 1591." Alcy Compl. (ECF No. 1) ¶¶ 142-144.

The defendants argue that there can be no secondary liability under § 1595 unless there is a predicate violation of § 1591. Because plaintiffs have conceded that § 1591 does not apply extraterritorially to Perlitz's conduct, defendants contend, plaintiffs cannot establish the necessary predicate. In

addition, they argue that the claims require retroactive application of an amended version of § 1595, which was not enacted until December 2008, after Perlitz's conduct ceased. Plaintiffs respond that the moving defendants' receipt of financial benefits in the United States constitutes an independent violation of § 1591(a)(2), and no retroactive application of the statute is required to reach their conduct. For reasons that follow, the motions to dismiss are granted.

Under § 1591(a)(1), a person is subject to criminal liability if he or she "knowingly . . . in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes or solicits by any means a person . . . knowing, or, . . . in reckless disregard of the fact, . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act."  Under 1591(a)(2), the provision plaintiffs invoke, anyone who "knowingly . . . benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [§ 1591(a)(1)]" is subject to the same sanctions.

Section 1595 provides a civil remedy for victims of the trafficking offenses prohibited by § 1591.  It states: "An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever

knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)." As defendants argue, and plaintiffs appear to concede, a party seeking to recover under § 1595 must establish a predicate violation of § 1591 or another section of the statute.  This is true regardless of whether the claim is one of direct or secondary liability.  The provision's use of language such as "victim of a violation," "perpetrator," and "act in violation of this chapter" leaves no room for doubt.  The issue, therefore, is whether plaintiffs have alleged the necessary predicate violation.

The parties agree that, at the relevant time, § 1591(a) had no extraterritorial application.[1]  And it is undisputed that the trafficking conduct underlying the counts in question occurred

---

[1] I agree with the parties.  In Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247 (2010), the Supreme Court held that "'unless there is the affirmative intention of the Congress clearly expressed' to give a statute extraterritorial effect, 'we must presume it is primarily concerned with domestic affairs.'"  Id. at 255 (quoting EEOC v. Arabian American Oil Co. 499 U.S. 244, 248 (1991)).  "When a statute gives no clear indication of an extraterritorial application, it has none."  Id.  Here, the text of § 1591 does not indicate that the statute is intended to have extraterritorial application. The cursory reference to "interstate or foreign commerce" is insufficient to displace the presumption articulated in Morrison.  See id. at 262-63.  In 2008, Congress clarified the scope of § 1591 by adding a provision providing for its extraterritorial application.  See 18 U.S.C. § 1596.  But that section was enacted after the relevant conduct in this case, and plaintiffs appear to acknowledge that it has no retroactive effect.

exclusively in Haiti. It is apparent, therefore, that no person relevant to this action committed an act subject to prosecution under § 1591(a)(1). In the defendants' view, that is dispositive of the claims in question. Plaintiffs argue, however, that they need not establish a predicate violation of § 1591(a)(1) by Perlitz. They submit that Father Carrier and the University are directly liable as "perpetrators" under § 1595 because both violated § 1591(a)(2) by receiving benefits in the United States from participating in a venture that "engaged in an act described in violation of" § 1591(a)(1). Accordingly, the question is whether plaintiffs' allegations support a claim under § 1591(a)(2), actionable under § 1595, notwithstanding the inapplicability of § 1591(a)(1).

Defendants argue that plaintiffs' allegations are insufficient. Focusing principally on the text of § 1591(a)(2), they contend that the phrase "engaged in an act described in violation of" § 1591(a)(1) requires plaintiffs to be able to allege conduct actionable under § 1591(a)(1) -- i.e., conduct that occurred in the United States. Because plaintiffs cannot do so, their claims fail. Plaintiffs respond that they need only allege an act of the type "described" in § 1591(a)(1), even if the underlying act was not subject to prosecution under the statute at the time. Thus, they argue, "it [was] prohibited to . . . receive the proceeds from a child prostitution ring in the

United States, even if the children being prostituted live[d], and the commercial sex itself occur[red], elsewhere." Pls.' Opp'n (ECF No. 638) at 8.

The text of the statute does not support plaintiffs' construction.  Because § 1591(a) had no extraterritorial application at the pertinent time, the location of the sex trafficking conduct was functionally an element of the offense. In other words, § 1591(a)(1) imposed liability only if the trafficking activity occurred in the United States.  Section § 1591(a)(2), in turn, required that the defendant benefit from participating in a "venture which has engaged in an act described in violation of" § 1591(a)(1).  By the operation of the presumption against extraterritoriality, an "act described in violation of" § 1591(a)(1) is, by definition, one that occurred in the United States.  Here, Perlitz committed "act[s] described" in § 1591(a)(1).  But, as plaintiffs admit, those acts were not "in violation of" § 1591(a)(1).

Plaintiffs' proposed construction cannot be squared with the presumption against extraterritorial application.  It would be odd if § 1591(a)(1) applied only to conduct in the United States but "act[s] described in violation of" § 1591(a)(1) could take place abroad.[2]  This reading would allow § 1591(a)(2) to reach,

---

[2] As the Supreme Court has held, a statute is not a "chameleon." Clark v. Martinez, 543 U.S. 371, 382 (2005). Its meaning does not change depending on the context in which it is applied.  See id.

albeit indirectly, conduct outside the United States.  But §
1591(a)(2) lacks any indication, much less a clear one, that
Congress intended it to have extraterritorial application.  See
Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 255 (2010)
(requiring clear statement to displace presumption against
extraterritorial application).  That Congress added a new
provision explicitly giving extraterritorial effect to § 1591
further supports the conclusion that plaintiff's interpretation
is incorrect.  See 18 U.S.C. § 1596.

In addition, interpreting § 1591(a)(2) to require an
allegation of conduct cognizable as a violation of § 1591(a)(1)
is consistent with the general rule that courts "must give effect
to every word of a statute wherever possible." Leocal v.
Ashcroft, 543 U.S. 1, 12 (2004).  Plaintiffs' reading renders the
words "in violation of" meaningless.  Had Congress intended for §
1591(a)(2) to read "act[s] described in . . . [§ 1591(a)(1)]," as
plaintiffs claim, it could simply have omitted the words "in
violation of."

The cases plaintiffs cite do not suggest that § 1591(a)(2)
can be violated in the absence of a plausible allegation that §
1591(a)(1) has been violated as well.  See United States v. Cook,

---

Either the "act[s]" referred to in § 1595(a)(1) can occur abroad,
or they cannot.  The statute cannot accommodate both meanings,
with the construction depending on whether § 1591(a)(1) or §
1591(a)(2) is invoked.

6

782 F.3d 983 (8th Cir. 2015); United States v. Flanders, 752 F.3d 1317 (11th Cir. 2014), cert. denied, 135 S. Ct. 1188, reh'g denied, 135 S. Ct. 1757 (2015); United States v. King, 713 F. Supp. 2d 1207 (D. Haw. 2010). Cook involved an underlying violation of § 1591(a)(1) by the defendant and others. 782 F.3d at 985-87. Flanders described the government's burden of proof under § 1591(a)(2) in terms that make commission of an offense under § 1591(a)(1) a necessary element. 752 F.3d at 1331. Finally, in King, the defendant was convicted under both provisions, and the district court made clear that a co-defendant's violation of § 1591(a)(1) could form the basis of the defendant's conviction under § 1591(a)(2). 713 F. Supp. 2d at 1219.

Plaintiffs' position is consistent with furthering the laudable statutory purpose of protecting victims of trafficking, a global phenomenon the causes and effects of which are by no means limited to the United States. But their position is at odds with the applicable statutory text, which is binding on this Court.[3] Because plaintiffs cannot state a claim under § 1591(a),

---

[3] Even if the statutory text was ambiguous, which it is not, I would be constrained in my interpretation by the rule of lenity. "It is not at all unusual to give a statute's ambiguous language a limiting construction called for by one of the statute's applications, even though other of the statute's applications, standing alone, would not support the same limitation. The lowest common denominator, as it were, must govern." Clark v. Martinez, 543 U.S. 371, 380 (2005). Section § 1591(a) has both criminal and civil applications. In such cases, ambiguous

they cannot hold either of the moving defendants liable as "perpetrators" under § 1595.

Plaintiffs disclaim any reliance on the secondary liability prong of § 1595, which creates a cause of action against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." Had plaintiffs asserted a claim under this provision, however, it would likewise fail.  Section 1595 requires an underlying violation of § 1591 (or another section of the statute), and plaintiffs have failed to allege such a violation.  Even if they had, the claim would fail because the language providing for secondary liability was not enacted until after the underlying conduct ceased.  Because the amended version of § 1595 has the effect of increasing defendants' liability for past conduct, it cannot be applied retroactively in the absence of a clear statement from Congress, which the statute lacks.  See Velez v. Sanchez, 693 F.3d 308, 325 (2d Cir. 2012) (holding that original version of § 1595 did not apply retroactively).

---

statutory language should be construed in accordance with the rule of lenity.  See Leocal, 543 U.S. at 11 n.8.  Here, the rule of lenity would dictate adopting the narrower construction proposed by the defendants.

Accordingly, the motions to dismiss, and Father Carrier's motion for judgment on the pleadings, are hereby granted.

So ordered this 8th day of April 2016.

/s/ RNC
Robert N. Chatigny
United States District Court
