AGREEMENT made as of this 9th day of May, 1974 by and between FAIRFIELD UNIVERSITY, a corporation specially chartered by an act of the General Assembly of the State of Connecticut and located in the Town of Fairfield, County of Fairfield and State of Connecticut, hereinafter called the UNIVERSITY, and THE FAIRFIELD JESUIT COMMUNITY CORPORATION, a religious corporation organized and existing under the laws of the State of Connecticut and located in said Town of Fairfield, hereinafter called the COMMUNITY CORPORATION.

W I T N E S S E T H :

WHEREAS, the UNIVERSITY was founded by the Society of Jesus and, since the time of its founding, has been the recipient of valuable properties and services freely given by the members of the Society of Jesus, of which the Community of Jesuits at Fairfield is a part; and

WHEREAS, the UNIVERSITY and the COMMUNITY CORPORATION wish to co-operate one with the other in fostering the UNIVERSITY'S academic excellence and prestige; and

WHEREAS, to implement such co-operation pursuant to this Agreement, it became desirable for the Community of Jesuits at Fairfield to establish a corporate entity separate and apart from the UNIVERSITY under Connecticut law, viz., the aforesaid COMMUNITY CORPORATION:

NOW, THEREFORE, in consideration of the premises and the mutual undertakings herein contained, the UNIVERSITY and the COMMUNITY CORPORATION AGREE as follows:

EXHIBIT 9
WIT: Fairfield 30(b)(6)
DATE: 12/11/15
M. Coughlin, RPR, CRR

EXHIBIT 5
WIT: Egan 30(b)(6)
DATE: 1/7/16
MAUREEN O. POLLARD

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 00000069

PART ONE

1) In order to promote the UNIVERSITY'S Jesuit character, the UNIVERSITY shall seek out for employment competent Jesuits in good standing in the Society, and the COMMUNITY CORPORATION shall co-operate in the fulfillment of this undertaking.

2) Each Jesuit employee of the UNIVERSITY shall contract directly with the UNIVERSITY with respect to his employment. Each such Jesuit employee shall receive the same pay, and FICA, FUIA, and all other benefits (including employer-contributions) as may be received by lay employees of comparable training, experience and competence. Until otherwise modified by mutual agreement of the parties to this Agreement, individual Jesuit employees shall be deemed not to have elected to participate in the optional employee retirement plan of the UNIVERSITY; the UNIVERSITY, however, shall determine annually the percentage of its lay employees participating in such plan, and the UNIVERSITY shall presume that the same percentage of eligible Jesuit personnel have elected to participate in such plan; the UNIVERSITY shall pay to the COMMUNITY CORPORATION the employer portion of contributions based on those Jesuit personnel so deemed to have elected to participate.

3) The UNIVERSITY shall pay to the COMMUNITY CORPORATION all salary and other benefits that become due under and in conformity with each Jesuit employee's signed compensation payment directive submitted by the COMMUNITY CORPORATION to the UNIVERSITY. A sample of the current payment directive is set forth in Schedule A attached hereto and made a part hereof. The COMMUNITY CORPORATION shall save harmless the UNIVERSITY from all claims for amounts paid over by the UNIVERSITY to the COMMUNITY CORPORATION in conformity with Paragraphs 2 and 3 of this PART ONE.

-2-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 00000698

4) The UNIVERSITY agrees to sponsor and provide facilities for an Office of Campus Ministry. The COMMUNITY CORPORATION agrees to use its best efforts to recruit Jesuit personnel for such office.

5) On or before October 1 of each year of this Agreement, the then current annual reports of the financial operations and conditions of the COMMUNITY CORPORATION and of the UNIVERSITY shall be exchanged through their respective Presidents.

6) The COMMUNITY CORPORATION shall accept and retain among its residents all Jesuits who are employed by the UNIVERSITY while such employees are in good standing in the Society and assigned to the Community by the Provincial of the New England Province of the Society of Jesus.

7) The COMMUNITY CORPORATION agrees that support of the UNIVERSITY, financially and with personnel for staff and faculty, is in fact the primary work of the Community of Jesuits at Fairfield.

8) The UNIVERSITY and the COMMUNITY CORPORATION agree that they will protect and foster the Jesuit character of the UNIVERSITY.

9) The UNIVERSITY agrees that it shall continue to require that its President shall be a Jesuit in good standing throughout his incumbency as President.

10) On or before June 1 of each year of this Agreement, the COMMUNITY CORPORATION shall advise the UNIVERSITY of the estimated sum which it will contribute to the UNIVERSITY during the ensuing fiscal year. Such estimated sum will be such amount as the

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000069

President of the COMMUNITY CORPORATION, after consultation with the President of the UNIVERSITY, shall determine to be the amount which the COMMUNITY CORPORATION can contribute, and such corporation shall use its best efforts to achieve contribution of the estimate and to make orderly payments to the UNIVERSITY during such ensuing fiscal year.

11) The COMMUNITY CORPORATION agrees to reimburse the UNIVERSITY for the in-kind services provided to the COMMUNITY CORPORATION by the UNIVERSITY.

12) This PART ONE of this Agreement may be terminated by either party, with or without cause, upon twenty-four (24) months notice in writing to be sent by registered mail addressed to the President of the corporate recipient of such notice.

### PART TWO

1) The UNIVERSITY shall pay to the COMMUNITY CORPORATION for those Jesuits in good standing who retire on or after their sixty-fifty (65th) birthday, the following sums as retirement benefits:

(a) During the lifetime of each of the Jesuits hereafter named in the list below in this subparagraph (a) and retired prior to July 1, 1973, the respective amount set opposite his name for each year commencing July 1, 1973:

| Name | Amount |
|---|---|
| Blatchford, F. W. | $ 3,800.00 |
| Huss, H. L. | 4,000.00 |
| Maher, J. M. | 1,400.00 |
| Rooney, R. L. | 1,600.00 |
| Walsh, J. A. | 4,000.00 |

-4-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 00000700

(b) During the lifetime of each of the Jesuits hereafter named in the list below in this subparagraph (b), the respective amount set opposite his name for each year commencing with that July 1 which is or next follows the date of his retirement:

| Name | Amount |
|---|---|
| Brissette, E. C. | $ 1,600.00 |
| Cafferty, F. J. | 1,600.00 |
| Coughlin, J. H. | 1,600.00 |
| Deevy, F. G. | 1,600.00 |
| Duffy, C. F. | 1,600.00 |
| Eiardi, A. J. | 1,600.00 |
| Hohmann, W. H. | 1,600.00 |
| Hutchinson, G. F. | 1,600.00 |
| Leeber, V. F. | 1,600.00 |
| McGrath, T. A. | 1,600.00 |
| McPeake, T. E. | 4,000.00 |
| Mahan, G. S. | 1,600.00 |
| Manning, J. M. | 1,600.00 |
| Murphy, T. A. | 1,600.00 |
| Murray, J. P. | 1,600.00 |
| Nickerson, O. E. | 1,600.00 |
| Ring, J. W. | 1,600.00 |
| Ryan, J. W. | 1,600.00 |
| Welch, E. J. | 1,600.00 |

(c) During the lifetime of each of the Jesuits hereafter named in the list below in this subparagraph (c), the respective amount set opposite his name, for each year commencing with that July 1 which is or which next follows the date of his retirement, subject to his compliance with the condition precedent

-5-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070

regarding vesting, and subject also to the limitation on total payments, both of which are set forth after the list in this subparagraph (c):

| | |
|---|---|
| Brackett, R. M. | $ 1,600.00 |
| Burke, T. J. M. | 1,600.00 |
| Burns, V. M. | 600.00 |
| Carr, W. F. | 1,600.00 |
| Costello, R. D. | 1,200.00 |
| Devine, J. | 200.00 |
| Devine, W. | 1,600.00 |
| Gallarelli, G. A. | 800.00 |
| LeBel, A. F. | 1,600.00 |
| Lewis, F. W. | 200.00 |
| Lynch, D. D. | 1,400.00 |
| McCarron, G. H. | 1,200.00 |
| McElaney, J. H. | 800.00 |
| Munzing, C. J. | 1,400.00 |
| Murphy, H. J. | 1,600.00 |
| Murphy, J. M. | 400.00 |
| O'Neil, W. L. | 1,200.00 |
| Power, E. P. | 600.00 |
| Reddy, A. F. | 1,000.00 |
| Scully, B. M. | 1,400.00 |
| Sproule, R. N. | 1,600.00 |
| Sullivan, D. H. | 1,600.00 |

provided, however that the COMMUNITY CORPORATION shall not have a vested interest in the retirement benefit rights of any Jesuit listed above in this subparagraph (c) unless and until he shall have completed at least fifteen (15) years of UNIVERSITY staff or

-6-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070

faculty service but such service shall include all years prior to the date hereof and need not be continuous; and provided, further, that the aggregate payments by the UNIVERSITY to the COMMUNITY CORPORATION under this subparagraph (c) shall not exceed Six Hundred Fifty-Six Thousand ($656,000.00) Dollars.

2) In order to determine the annual payments to be made by the UNIVERSITY to the COMMUNITY CORPORATION as of July 1, 1973 and annually thereafter, the President of the COMMUNITY CORPORATION shall cause a respective list of retirees certified by him, to be delivered to the UNIVERSITY President each year so long as the UNIVERSITY'S obligations for retirement-benefits shall continue.

3) The COMMUNITY CORPORATION agrees to save the UNIVERSITY harmless on all claims arising because of the UNIVERSITY'S payments to the COMMUNITY CORPORATION under this PART TWO.

### PART THREE

1) The UNIVERSITY shall convey to the COMMUNITY CORPORATION the personal and real property described in Schedule B attached hereto and made a part hereof under the terms of and in accordance with the provisions set forth in said Schedule B.

### PART FOUR

1) In consideration of the execution of this Agreement, each of the parties hereto hereby fully and completely releases and discharges the other from any and all claims or demands whatsoever except as provided for in this Agreement.

2) Termination of PART ONE of this Agreement pursuant to Paragraph 12 thereof, shall not abrogate or otherwise affect

-7-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070?

any right or obligation created by any provision of this Agreement other than provisions contained in such PART ONE.

IN WITNESS WHEREOF the UNIVERSITY and the COMMUNITY CORPORATION have caused these presents to be executed and their seals to be affixed at Fairfield, Connecticut, as of the date first above mentioned.

Signed, Sealed and
Delivered in the
Presence of:                    FAIRFIELD UNIVERSITY

*Robert M. Owens*

*Robert F. Brennan Jr.*          By *Thos. R. Fitzgerald* L.S.
                                Thomas R. Fitzgerald, Its
                                President, hereunto duly
                                authorized.

                                FAIRFIELD JESUIT COMMUNITY
                                CORPORATION

*Robert F. Brennan Jr.*

*D. E. Brennan*                  By *Thomas A. McGrath* L.S.
                                Thomas A. McGrath, Its
                                Secretary, hereunto duly
                                authorized.

STATE OF CONNECTICUT )
                     ) ss. Fairfield
COUNTY OF FAIRFIELD  )

On this, the 9th day of May, 1974, before me, Robert M. Owens, the undersigned officer, personally appeared Thomas R. Fitzgerald, who acknowledged himself to be the President of Fairfield University, a Corporation, and that he, as such

-8-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070

President, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the Corporation by himself as President.

IN WITNESS WHEREOF, I have hereunto set my hand.

*Robert M. Owens*
Robert M. Owens
Commissioner of the Superior Court

STATE OF CONNECTICUT )
                     ) ss. Fairfield
COUNTY OF FAIRFIELD  )

On this, the 9th day of May, 1974, before me, Daniel E. Brennan the undersigned officer, personally appeared Thomas A. McGrath, who acknowledged himself to be the Secretary of Fairfield Jesuit Community Corporation, and that he, as such Secretary, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as Secretary.

IN WITNESS WHEREOF, I have hereunto set my hand.

*DE Brennan*
Commissioner of the Superior Court
Notary Public

-9-

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070[

Agreement between
FAIRFIELD UNIVERSITY and
FAIRFIELD JESUIT COMMUNITY CORPORATION
Dated: May 9, 1974

## SCHEDULE A

### Compensation Payment Directive

To: President, Fairfield University

Pursuant to my vow of poverty as a member of the Society of Jesus, I request and direct that all compensation and other benefits due or to become due to me under the standard form of faculty contract this day executed by me, shall be paid directly to the Fairfield Jesuit Community at the time and in the amounts specified in my contract, including without limitation of the foregoing:

(1) My entire salary without deductions for withholding taxes or Federal Insurance Contributions or Federal Unemployment Insurance taxes;

(2) Such amount as would otherwise be contributed by the University as an employer under the Federal Insurance Contributions or Federal Unemployment Insurance Acts; and

(3) Such amount as would otherwise be contributed by the University on account of my contract as a University employee electing maximum benefits under applicable agreements between the University and its staff and faculty.

As a member of the Society of Jesus, all my earnings are exempt from withholding taxes by virtue of Section 3401 (a) (9) of the United States Internal Revenue Code and said Community is an exempt organization under Section 501 (c) (3) of the Code, as per letter dated June 22, 1972 issued by the Internal Revenue Exempt Organizations Branch.

Dated:_____  Signed:_____

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 00000706

Agreement between
FAIRFIELD UNIVERSITY and
FAIRFIELD JESUIT COMMUNITY CORPORATION
Dated: May 9, 1974

## SCHEDULE B

### I

The University shall convey to the Community Corporation:

(A) (1) Title to the Harrison Parcel, viz., the so-called Harrison House and its 3.5 acres of land as acquired by Fairfield University by deed dated August 23, 1967, subject to proposed grant to the State of Connecticut by instrument annexed hereto and made a part hereof.

(2) Title to a portion of the Morehouse Parcel, consisting of the so-called Morehouse House and 9.6 acres of land, as delineated on the surveyor's map hereto attached and made a part hereof.

(B) A lease of Bellarmine Hall together with a right of way thereto and one hundred (100') feet on all sides of said Hall, all as delineated on the surveyor's map hereto attached and made a part hereof, for a period of five (5) years at an annual rental of One ($1.00) Dollar, with an option to renew for an additional term of five (5) years on the same terms if unforeseen circumstances prevent the Community's acquisition of replacement facilities at the locations listed in (A) above.

(C) Title to all Jesuit personal properties, room furnishings, liturgical vestments, and other items already acquired for the use of the Community of Jesuits.

### II

(A) Title to the aforesaid 9.6 acre parcel shall be conveyed to the Community Corporation in fee simple, subject to the following restrictions by deed:

(1) The University shall have the right of first refusal, if the Community Corporation should decide to sell any or all of the parcel.

(2) Unless and until sold by the Community Corporation, no structure or building may be erected, used or maintained upon any unsold portion of the premises except suitable facilities for achieving the educational, charitable and religious apostolate of the Community of Jesuits at Fairfield, consistent with the University's excellence and prestige so long as the University continues to retain its Jesuit character.

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070

Schedule B - Continued                                   Page 2.

(3) Unless and until sold by the Community Corporation, no structure shall be erected upon any unsold portion of the premises unless it shall conform to the architectural aesthetics of the present campus structures, as agreed to by the University and the Community Corporation.

(4) The University shall lease from the Community the structure presently located on said 9.6 acre parcel, together with a right of way thereto and fifty (50') feet on all sides of said structure for a period of five (5) years at an annual rental of One ($1.00) Dollar, with an option to renew for an additional term of five (5) years on the same terms.

(5) Proposed grant to the State of Connecticut by instrument annexed hereto and made a part hereof.

### III

The Community Corporation may continue to use and occupy the living space presently used by it, or suitable substitutions thereof, until such time as the Community Corporation no longer reasonably requires such space or may replace the living space so used with living accommodations of its choice; and for such use and occupancy the University is to charge the Community Corporation, and the latter is to pay, for utilities, maintenance and other current operating costs only. The aforesaid privilege of use and occupancy shall not constitute a lien or encumbrance upon the real properties of Fairfield University.

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

SOJ 0000070