UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>       Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>       Defendants. | Civ. A. No. 3:13-cv-01132-RNC<br><br>Dated: November 14, 2016 |
| *This document relates to:*<br><br>*Lecenat v. Perlitz, No. 13-1633*<br>*Dorcine v. Perlitz, No. 13-1701*<br>*Mackenson v. Perlitz, No. 14-125*<br>*Deriza v. Perlitz, No. 14-668* | |

## DECLARATION OF MICHEL EMMANUEL SUCCAR

1. I am a lawyer licensed to practice law in Haiti. I received my law degree from the State University of Haiti Law School in Port-au-Prince in 1997.

2. I received a master's degree in comparative law from the University of Miami School of Law, in Coral Gables, Florida, in 2002.

3. I have practiced law for more than fifteen years, and I am a member in good standing of the Haitian Bar Association, the Port-au-Prince Bar Association, and the Port-au-Prince Lawyer's Board.

4. I am a partner of Cabinet Lissade, a law firm in Port-au-Prince, listed in Chambers & Partners, a leading European law firm rating company. My practice focuses on civil and commercial law as well as corporate law and the law of intellectual property.

5. I have been retained by counsel for Fr. Paul E. Carrier to provide opinions on questions of Haitian law, assuming that Haitian law applies in this action. I have not been asked to give an opinion on whether Haitian law does apply: I understand that the American court will decide that question under the law of the forum. I have charged Fr. Carrier's counsel for my time at my ordinary rate of $300. The total amount I have been paid to date is $14,990. My compensation for this engagement is not contingent and is not dependent on my agreement to offer any particular opinion. I have been asked only to provide an impartial opinion about what Haitian law provides.

6. Until Father Carrier's counsel retained me, I was not familiar with the Perlitz case or with Project Pierre Toussaint. I have no personal knowledge of the facts of the case, and I do not personally know any of the plaintiffs or defendants, or, to the best of my knowledge, any person who was associated in any way with PPT.

7. I have been asked to opine on the following two questions:

   a. On the facts given, can Mr. Perlitz's victims state a claim under Haitian law that Father Carrier is liable to them because he negligently failed to hire or supervise Mr. Perlitz, or because he negligently retained him in his position?

   b. On the facts given, can Mr. Perlitz's victims state a claim under Haitian law that Father Carrier is liable to them because he was their fiduciary and he breached a fiduciary duty he owed to them?

8. In answering these questions, I have been given a statement of facts that I have been asked to assume are true. I have attached a copy of this statement of facts to my declaration as Exhibit 1.

A.    Brief Historical Background of the Haitian Legal System.

9.    Prior to addressing the issue, it is important to note that Haitian law derives from the Napoleonic Code, which is the Roman-German law. This is why we sometimes refer to decisions rendered by French courts. In the Haitian judicial system, we (lawyers and judges) refer to decisions made by judges as a reference to convince the actual judge to rule the same way previous judges have done so. These decisions, again, are not binding upon the judges but can persuade them to rule the same way.

10.   It is also important to note that Haitian laws have not changed much since the occupation of the French in Haiti, even though in France, there have been extensive changes in the law over the years. A Haitian judge may consider a decision by a French judge to better seek the legal reasoning for his ruling, even though French laws are not strictly binding upon the Haitian judicial system. Some decisions in France will be made based on these laws enacted in France which have no effect on Haiti.

11.   In conclusion, previous decisions of French judges may be or may not be relevant or applicable for Haitian judges depending on the time they were rendered and the law they are referring to. For example, a law enacted in France but not in Haiti may lead to decisions by French courts on the interpretation of the said law. These decisions will not be considered by the Haitian judge. On the other hand, decisions rendered by French judges interpreting the Civil Code will certainly be followed by the Haitian judges, because most articles in the Haitian and French Civil Codes remain the same.

12.   In my legal opinion in this case, decisions rendered by French courts and the scholarly opinions of leading French legal authorities are fully applicable and will be considered as persuasive by the Haitian judges because the case involves article 1170 of the Haitian Civil Code, which is also valid, under a different article number, in the French Civil Code and is still

3

applicable to this day. It has the same language and addresses the same legal issue. I have also reviewed the legal opinion of Mrs. Viviane CURRAN, a French legal expert, and I conclude that her opinion of the case in view of French law would be persuasive and that the outcome would be the same under Haitian law.

B.  Liability Under Haitian Law Pursuant to an Act or Omission which Caused Damages too Third Parties (Tort Law)

13. Tort liability in general is addressed in the Haitian Civil Code by articles 1168 and 1169, 1170. Based on the facts of the case, I conclude that the applicable article is Article 1170 of the Haitian Civil Code.

14. Article 1170 of the Haitian Civil Code provides (my translation):

On est responsable non-seulement du dommage que l'on cause par son propre fait, mais encore de celui que est causé par le fait des personnes dont on doit répondre, ou des choses que l'on a sous sa garde.

\* \* \*

La commettants, du dommage causé par leurs préposés, dans les fonctions auxquelles ils les ont employés.

Each person is responsible not only for the damage he causes by his own act, but also for the acts of other persons whom he should answer for, or for things that are in his custody. The principals are liable for the damages caused by their agents in the execution of the functions that they have been employed for."

15. Several decisions by the Haitian Supreme Court have all confirmed that causality and fault must exist for damages to be awarded. In one Supreme Court decision, the highest court ruled that "The award of damages is justified only if the fault and the prejudice have both been established and their link through causality." *See Cass. 2ème section, 7 april 1949, Bull 1948-1949, pp 197 et seq.* In another decision, the highest court made it clear that:" The award of damages without any motive establishing fault and prejudice, is an excess of power by the judge." *See Cass. 7 novembre 1927, Aff. Rodriguez vs Bereny*.

4

16. In another case, the Supreme Court ruled that:" Is founded, the judgment which, in an electrocution case, admits the company's fault and award damages, after having found the absence of protective measures necessary, when high voltage wire was installed at less than 1m50 from a house. " *See Cass. 4 november 1948, Bull., 1948-49, pp 22 and on*;

17. The elements required to prove negligence are an act or an omission which constitutes a fault, a prejudice, and finally, the causality link between the act or omission and the prejudice. The plaintiffs have the burden of proof.

1. <u>Analysis of Article 1170 of the Haitian Civil Code.</u>

18. In the instant case, Article 1170 is the relevant article of the Code, because it governs the responsibility of a person for an act caused by the person's agent. We assume in this analysis that Mr. Perlitz is either an agent under the supervision of Father Carrier, or an agent under the supervision of an entity, the Haiti Fund, Inc.

   a. <u>Servant of Father Carrier (Physical Person).</u>

19. In the instant case, with the assumption that Mr. Perlitz was acting as an agent or employee of a principal or employer who is responsible to supervise his work, and also responsible to direct his tasks, the principal or employer will be liable for an act caused by Mr. Perlitz.

20. According to law, if Mr. Perlitz were Father Carrier's employee or agent, then there would be sufficient evidence, on the facts I have been given, to find Father Carrier liable under Article 1170.

b. <u>Servant of the Entity (Moral Person)</u>

21. In case that the relationship of a principal and agent or employer and employee is between Mr. Perlitz and a legal entity, the entity, and not any of its agents, will be liable as long as the entity is a corporation.

22. In the instant case, according to the facts given, after Project Pierre Toussaint had been in existence for a few years, several of the people active in aiding the school formed The Haiti Fund, Inc. ("Haiti Fund"), a Connecticut not-for-profit corporation.

23. The relevant question becomes who hired Mr. Perlitz, or who was Mr. Perlitz's employer? The answer to that question will solve the issue of liability for negligence. If enough evidence exists to suggest that Haiti Fund was the employer, then the responsibility for negligence lies with the said corporation. If on the other hand, Father Carrier was the supervisor and the employer of Mr. Perlitz, the responsibility for negligence lies with Father Carrier.

2. <u>Definition of an Employee, Employer, and Labor Contract, Which Are Important Criterias To Establish An Employee/Employer Relationship.</u>

24. According to article 19 of the Haitian Labor Code, an employer is : "any physical or moral person ["Moral person" means a corporation] who, by virtue of a labor agreement, rent the services of others providing that a salary is paid for the execution of a specific task."

25. The same article defines an employee as : "any person who undertakes to rent his services for a salary under the direction and the authority of another physical or moral person."

26. According to article 13 of the Haitian labor code, a labor contract is defined as:"any agreement by which a person rents his services to another person under his control or dependent on him, providing that a salary is given to that person."

27. Moreover, the same article 19 states clearly that:" Directors, managers, administrators, vessel captains and in general all persons in the position of directing and

managing in the name of the employer are representatives of the latter, and as such, they engage the employer vis-à-vis the employees."

28. It becomes very important in the instant case to determine the nature of the relationship that existed between Mr. Perlitz and Father Carrier or Mr. Perlitz and Haiti Fund, i.e., whether Mr. Perlitz was an employee of Father Carrier, an employee of Haiti Fund, or whether he was acting on his own in committing these acts.

3. <u>Was Mr. Perlitz and Employee of Father Carrier, Or Of Haiti Fund, Inc.?</u>

29. It is important to note that a person is deemed to be an employee if a salary is given to perform a specific task. However, it is important to note that a written labor contract is not the only proof that such a relationship exist. A contract may also be verbal. What is important to help make that determination is to prove that a) there is a salary paid in whatever form it may be; b) a task is being performed by the employee; and c) the employee is under the control or authority of the employer;

30. After Father Carrier was removed from the board of directors of the Haiti Fund, Inc., the Board removed Mr. Perlitz from "his position" at Project Pierre Toussaint and forbade him to return. The question remains: in what position Mr. Perlitz was affected and what was his role? Who was supervising him?

31. There is evidence that Mr. Perlitz was present and acting in Haiti with the knowledge of the Haiti Fund Inc. for performing some tasks (although not specifically defined) and that the board knew he was in Haiti doing works for the Fund. The Haiti Fund Inc. supervised and managed the overall operation of Project Pierre Toussaint, and the most relevant fact as proof that Mr. Perlitz was an employee of the Haiti Fund Inc. is that the Fund acknowledged that it was required to treat him as an employee of the corporation for federal tax purposes. Even though there was no written contract but under Haitian law, as stated above, a

written contract is not mandatory A verbal contract is valid and can establish an employer/employee relationship under the Haitian Labor Code, *see* Article 16 of the Haitian Labor Code. The reason why he was characterized as an employee is irrelevant. The Haiti Fund Inc., a corporation, holds the responsibility of defining its relationship with a third party, whether it is an "independent contractor" agreement or whether it is an employer/employee relationship. The Haiti Fund Inc., by characterizing Mr. Perlitz as an employee, has eliminated all doubts that could exist in the nature of that relationship. The admission of someone is recognized by Haitian law and is considered by scholars to be the strongest proof in Haitian law. (See article 1140 of the Haitian Civil Code).

32. There were some interactions between Father Carrier and Mr. Perlitz, since they both were in Cap Haitian. The nature of this relationship is that of a representative from the Board in Haiti, visiting PPT on behalf of Haiti Fund, Inc. taking into account the analysis above, it is likely that a Haitian court would have found that Mr. Perlitz was an employee or agent of the Haiti Fund Inc., not an employee or agent of Father Carrier.

33. It is my conclusion that based on the facts of the instant case Mr. Perlitz was not an employee of Father Carrier but was an employee of the Haiti Funds Inc. According to the corporate laws of Haiti, corporations are moral persons who are responsible and liable for their own acts and also for the acts of their agents and employees. Since Mr. Perlitz was acting as the agent or employee of Haiti Fund. Inc., there is a presumption that the fund is liable for the acts of Mr. Perlitz because of the principal/agent or employer/employee relationship that existed between both and such presumption can be reversed by the Fund who has the burden to do so.

34. In conclusion, if there were evidences that Father Carrier was the employer of Mr. Perlitz, according to article 1170 of the Haitian civil code, yes, Mr. Perlitz's victims could state a

claim under Haitian law that Father Carrier is liable to them because he negligently hired or failed to supervise Mr. Perlitz, or because he negligently retained him in his position. But, according to the facts, Father Carrier is not personally liable because he was not the employer of Mr. Perlitz. The interactions and all the statements of facts cannot render Father Carrier liable for the purpose of a civil lawsuit.

C. <u>On The Facts Given, Can Mr. Perlitz's Victims State A Claim Under Haitian Law That Father Carrier Is Liable To Them Because He Was Their Fiduciary And He Breached A Fiduciary He Owed To Them?</u>

35. In Haitian law, we do not have the concept of fiduciary. "Negligence", "action", "omission", "fault" and "causality" are the main elements considered in Haitian tort law. Therefore, Mr. Perlitz's victims cannot state a claim under Haitian law that Father Carrier is liable to them because he was their fiduciary and he breached a fiduciary duty he owed to them.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on November 14, 2016.

/s/ Michel Succar
Michel Succar

CERTIFICATE OF SERVICE

  I certify that on November 14, 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

  I further certify that on November 14, 2016, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

| | |
|---|---|
| David T. Grudberg, Esq. | Michael McCooey |
| Carmody & Torrance, LLP | Chair, Haiti Fund, Inc. |
| 195 Church Street, P.O. Box 1950 | 475 Polly Park Road |
| New Haven, Conn. 06509-1950 | Rye, N.Y. 10580 |

                /s/ Theodore J. Folkman

717583