UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>        Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>        Defendants. | Civ. A. No. 3:13-cv-01132-RNC<br><br>Dated: February 9, 2017 |
| *This document relates to:*<br><br>*Lecenat v. Perlitz, No. 13-1633*<br>*Dorcine v. Perlitz, No. 13-1701*<br>*Mackenson v. Perlitz, No. 14-125*<br>*Deriza v. Perlitz, No. 14-668* | |

## SECOND DECLARATION OF MICHEL EMMANUEL SUCCAR

    1.    I have read the declaration of Mario Joseph, expert on Haitian law for the plaintiffs; such declaration is dated 12 January 2017.

    2.    I am in disagreement with some of the statements and legal arguments made by Mr. Joseph in his declaration. I am submitting the following in response.

    3.    First, I have noted that a good part of Mr. Joseph's arguments and reasoning is based on Haitian criminal laws. It is important to note that in a civil case, where the action relates to a criminal offense, the judge of the civil court will refrain from deciding on the merits of the case and will refer the parties to the criminal court. For example, in a civil defamation lawsuit where the plaintiff seeks damages for defamation, the civil judge will withhold his judgment and will send both parties to the criminal court for a decision on the criminal offense first. For examples of such principle, see the following references:

> All courts which, in the examination of the documents of a case, suspect that a criminal infraction (offense) has been committed under the criminal code must hold the hearing, refrain from rendering their decision, and send the parties to the competent judge…

*See* Ar. Du 24 oct 1928, Bull. Des Ar. Du tribunal de Cassation Oct, Nov 1928, Ed 1928, in CPC Pierre Marie Michel, P: 54, au bas de l'article 150 note #1;

> The judge must withhold his decision until the criminal court rules on the offense when both actions (civil and criminal) derive from the same facts.

*See* Cass 1ère sect. 24 juin 1970 – Mme Geroges Sicard, née Monique Garoute c/ Georges Sicard in CPC Pierre Marie Michel, P: 55, au bas de l'article 150 note #4;

4.  Finally, if the victims of a crime seek damages in the criminal proceeding, or if they bring a separate civil proceeding and the judge withholds his decision until the criminal case is decided, the judge, when deciding whether to allow damages to the victims, would refer to the relevant civil code articles as required by article 56 of the criminal code, which states:

> In the cases that involve civil liability which may be part of criminal law cases, criminal offenses for a lower criminal tribunal, or police matters, the [criminal law] courts which adjudicate them shall apply the provisions of the Civil Code on Tort law.

Mr. Joseph is wrong in asserting that the criminal code might apply. To the contrary, application of the civil code is mandated by law (article 56) as indicated above.

5.  It is also important to note that the Haitian law that applies to this case is definitely not uncertain. The law is clear as to who is liable in different scenarios under articles 1170. The reason I referred to Professor Curran's opinion is not that the law was uncertain but that Haitian lawyers often refer to French doctrine or French jurisprudence when preparing their cases. Again, French doctrine and jurisprudence are sources of law in the Haitian legal system.

6.  In paragraph 17, Mr. Joseph refers to a brief section of article 1170 that is irrelevant to the instant case. He writes:

> Article 1170 of the Civil Code creates a real legal presumption, which means that the party seeking recovery of the loss caused by a thing only has to prove the existence of the

2

> loss, whereby the thing that caused it was under the control of the defendant, the liability attached to the control exercised over the thing but not to the thing itself.

This is a reference to the part of Article 1170 that reads: "Principals, for the harm caused by their agents in the duties in which they [the principals] have employed them [the agents.]". This section of the article does not apply here because there are no objects or inanimate objects involved. To illustrate a case in which such section cited by Mr. Joseph would be applicable, I refer to the following example: In a potential lawsuit where a car accident would injure someone, the victim would then refer to such section to argue that the driver was acting as an agent for a specific company which owns the car, therefore, the company is liable, not the driver. In that example, an object is involved justifying the application of the relevant section.

7. Mr. Joseph seems to draw several similarities with the "Raboteau" criminal case, which is erroneous, because criminal and civil cases differ greatly under Haitian law. For example, he cites Article 44 of the Haitian criminal code. A Haitian judge would never apply article 44 of the criminal code in a civil tort case, nor would he ever apply any article from the criminal code in a civil action. As stated above, he will hold his hearing and refer the parties to the criminal court. It is my conclusion that the several references Mr. Joseph made to the criminal code are all irrelevant to the instant case.

8. In criminal courts, the question whether a defendant was an "accomplice" would certainly be given weight, but in a civil case, the issue is whether there is an employee/employer or principal/agent relationship between Perlitz and Father Carrier.

9. I have also read the plaintiffs' brief, and on page 61, they state the following: "Mr. Succar has not had the benefit of the entire factual record. … (It would appear that Mr. Succar is unaware, for example, that at the time Perlitz began running PPT, The Haiti Fund did not exist, so it was not possible for the Haiti Fund to have hired him.)" Of course the Haiti Fund could not hire

3

Mr. Perlitz before it existed, but this does not make it impossible, under the Haitian Labor Code, for him to have become its employee later on (after the birth of the Haiti Fund as a company), nor does it mean that Father Carrier hired him. A change of employer is expressly recognized and allowed by article 48 of the Haitian Labor Code, which states: "the change of employer does not affect the existing labor contract. The new employer will be responsible for the engagements which the former employer did not execute which arise from the contract terms, from the law and which were contracted before the change of employer".

      10.     In his paragraph 24, Mr. Joseph states: "If the present matter was before a Haitian tribunal, Father Carrier could be both an accomplice and/or a principal of the acts committed by his subordinate." First, Father Carrier cannot be found to be an accomplice for a criminal act in a civil action. The concept of an accomplice is not recognized by the civil code in this specific context. He could be found to be an accomplice only in a criminal court if charged with a crime. Second, by making that statement, Mr. Joseph seems to agree that only a principal is liable for acts committed by his subordinate. Even if we were to consider the liability of a supervisor or even if an employee under the authority of a supervisor has committed an act that could cause damages, the responsibility still lies with the principal because a supervisor is also an employee thus not liable under article 1170. In conclusion, if Mr. Joseph wants to still consider Father Carrier as a supervisor, the employer of the supervisor will be liable not the supervisor himself.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on February 8, 2017.

                                                          /s/ Michel Succar  
                                                          Michel Succar

## CERTIFICATE OF SERVICE

     I certify that on February 9, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

     I further certify that on February 9, 2017, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

| David T. Grudberg, Esq. | Michael McCooey |
| Carmody & Torrance, LLP | Chair, Haiti Fund, Inc. |
| 195 Church Street, P.O. Box 1950 | 475 Polly Park Road |
| New Haven, Conn. 06509-1950 | Rye, N.Y. 10580 |

/s/ Theodore J. Folkman