UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>          Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>          Defendants. | Civ. A. No. 3:13-cv-01132-RNC<br><br>Dated: February 9, 2017 |
| *This document relates to:*<br><br>*Lecenat v. Perlitz, No. 13-1633*<br>*Dorcine v. Perlitz, No. 13-1701*<br>*Mackenson v. Perlitz, No. 14-125*<br>*Deriza v. Perlitz, No. 14-668* | |

**SECOND DECLARATION OF VIVIAN GROSSWALD CURRAN**

1.    I have read both the original, French Declaration of January 12, 2017 of Mario Joseph, Plaintiffs' expert in Haitian law, and its English translation, dated January 13, 2017.

2.    I have been asked by Father Carrier's attorneys to respond to these declarations, and to explain the legal meaning of "*maître*", a term used in both the French and Haitian Civil Codes to denote one of the parties potentially liable for another's torts.

3.    In the following, I address four points: (a) the inapplicability of the criminal law cited in the Joseph Declaration; (b) the inapplicability of a Civil Code article on which the Joseph Declaration relies, because it requires the agent of harm to be an inanimate "thing" owned, possessed or controlled by the defendant; (c) the legal meaning of the French term "*maître*"; and (d) problems in the English translation of the Joseph Declaration, which do not accurately render the original French one.

A.     Criminal Law Is Inapplicable Where, as Here, Plaintiffs Sue in Tort Law

4.     In setting forth some differences between Haitian and U.S. law, Mr. Joseph seems to suggest that Haitian criminal law would apply to Father Carrier in this suit.

5.     The comparison of U.S. tort law and French criminal law is fairly complex, and, for purposes of this case, it may not be necessary to understand their similarities and differences in full detail.  For a comparison of the two, however, if this Court should be interested, I compare the U.S. tort trial with the French/civilian criminal trial in my article, *Globalization, Legal Transnationalization and Crimes against Humanity:  the Lipietz Case*, 56 AM. J. COMP. L. 363, 373-385 (2008).

6.      One principal difference between the two systems of law is that in civil law countries, victims can bring their civil claims in a criminal trial, without needing to proceed in a separate civil trial after a defendant has been convicted in criminal court. This does not, however, mean that crimes and torts are interchangeable in civilian countries, or that they can be confused with each other, as the Joseph Declaration might seem to suggest in the way that it cites to criminal law with respect to Father Carrier.

7.     In para. 8, e.g, the Joseph Declaration cites to the Haitian Criminal Code, as if to suggest that Father Carrier might be liable thereunder.  In fact, the procedure he describes in that paragraph would be warranted only where there also is a criminal law conviction. But even if there is a criminal trial in criminal court, to the extent the criminal court is adjudicating the *civil claims* of the victim, it will apply the relevant provisions of the Civil Code. For a French Supreme Court case in which the Court applied the Civil Code to the civil claims of a victim in criminal court, *see, e,g.,* Cass. crim., 23 mai 1991, Bull. No. 220, 90-83280. *See also* Frédérique Agostini, *Les droits de la partie civile dans le procès pénal (« The Rights of the Civil Victim in the Criminal Trial »)*, published in 2000 by the French Supreme Court (*Cour de Cassation*),

2

available at https://www.courdecassation.fr/publications_cour_26/rapport...102/civile_dans _5858.html.

8. Where, as here, a plaintiff has brought a suit for a tort only, it is not the Criminal Code that applies in a civilian system of law based on the French legal system, but exclusively the Civil Code. *See id.* (It is the criminal court's jurisdiction over civil aspects of the case that was granted as a kind of exception where the victim preferred to proceed in criminal court, in order to avoid the need for two separate trials).

9. The Joseph Declaration seems indirectly to acknowledge the inapplicability of Haitian criminal law to Father Carrier when, after references to cases of the severest crimes, such as massacres and grave violations of universal human rights, it says in para. 11 that it is important to turn to the Haitian Civil Code, and then starts in para. 12 to cite a relevant code provision.

B. The Civil Code "Guardian of the Thing" Provision Is Inapplicable Unless the Agency of Harm Is an Object Owned, Possessed or Controlled by the Defendant.

10. Among the Haitian tort provisions that the Joseph Declaration relies on which have an exact equivalent in French law are torts committed by what that Declaration in its English translation calls "the guardian of the thing." In France, it is the Civil Code, Art 1242 (until 2016, this was Art.1384), set forth at para. 9 of my prior Declaration in my English translation as "*things within one's custody*":

> "One is liable not only for the harm one causes by one's own act, but also for that caused by persons for whom one must answer, **or for things in one's custody** …"

> (« *On est responsable non seulement du dommage que l'on cause par son propre fait, mais encore de celui qui est causé par le fait des personnes dont on doit répondre,* **ou des choses que l'on a sous sa garde** ».

> *French Civil Code Art. 1242, formerly 1384) (emphases added).*

3

11. The applicability of this provision about things in a defendant's ownership, possession or control depends entirely, however, on there existing an inanimate "thing" in the pending case – as, for example, there was in the landmark French tort case where the car that hurt the victim had been stolen, and the French Supreme Court held that the one in possession and control of the "thing" at the time of the tortious act, not its legal owner, would be deemed liable for the tort. *Arrêt Franck*, 2 déc. 1941 (decision by French Supreme Court, available on "LegiFrance "at

https://www.legifrance.gouv.fr/affichJuriJudi.do?oldAction=rechJuriJudi&idTexte=JURITEXT000006953144&fastReqId=986660969&fastPos=1).

12. The provision on having custody of "the thing" became necessary at a time when employment accidents increasingly were being caused by inanimate objects. *See* MIREILLE BACACHE-GIBEILI, LES OBLIGATIONS: LA RESPONSABILITE CIVILE EXTRACONTRACTUELLE (3e éd.2016), chapter II, page 252 *et seq*. It thus has no applicability to the case at bar.

13. There is no remote analogy to such an inanimate "thing" in this case, as plaintiffs do not allege that Father Carrier committed torts by means of one. No case decided under such a Code provision would be apposite in a case in which the harm was caused by a human being rather than by an object owned, possessed or controlled by a person.

C.   The Legal Meaning of "*Maître*" in English

14. The French word "*maître*" appears in the principal-agent liability provision of the French and Haitian Civil Codes, denoting one of the persons liable for the acts of another. Article 1242 of the French Civil Code, formerly Article 1384 until October, 2016, contains the following language regarding those who answer for the harmful acts of others:

> « Employers and principals [are liable] for the acts of their employees and agents in the duties for which they have employed/hired them. »

4

« *Les **maîtres** et les commettants [sont responsables], du dommage causé par leurs domestiques et préposés dans les fonctions auxquelles ils les ont employés* » (emphasis added).

15. The legal meaning of *maître* is "employer." *See* GÉRARD CORNU, VOCABULAIRE JURIDIQUE ["LEGAL VOCABULARY"], page 569 (8e éd. 2007) (giving Civil Code Article 1384 (today renumbered as Art. 1242) as an example of this usage, and saying the term « employer » is preferred today for what originally had been the "master" of a "servant").

D. Joseph Declaration Translation Issues

16. Throughout the Declaration, the translator uses the word "fault" where Mr. Joseph used the French word "*faute*". In legal vocabulary, the correct English translation for "*faute*" as used in the Joseph Declaration is "tort". For the definition of "*faute*" in law, see CORNU, *supra* para. 15, at 402-403.

17. A perusal of the sentences in which "fault" is used in the Joseph Declaration can make clear that they make sense only when "tort" is inserted instead. To give just two such examples: "The fault [sic] is not subject to the conditions of bad faith or ill will" (para 22); "the fault [sic] … can be proved by way of presumption" (para. 21).

18. In para. 14, the Joseph Declaration sets forth the text of Haitian Civil Code Article 1170. Instead of translating the French text as "[the harm] caused by the act of **those for whom one must answer…**" *("[dommage] causé par le fait des personnes **dont on doit répondre**"*), the translator writes, "the damages caused by **those who are under one's supervision or direction**…" (emphases added). Nowhere does the Civil Code text that is cited use the words "supervision" or "direction" in the Haitian text of Art. 1170 cited in French by Mr. Joseph, and that appears in the French language version of his Declaration.

5

19.     In para. 24, the translator writes, "in both cases, Father Carrier *incurs liability* for…" where in the original French text, Mr. Joseph merely says that "in both cases, Father Carrier *might be liable* for…"

    I declare under penalty of perjury that the foregoing is true and correct. Executed on February 7, 2017.

                                              /s/ Vivian Grosswald Curran

721848

CERTIFICATE OF SERVICE

    I certify that on February 9, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

    I further certify that on February 9, 2017, I caused a copy of the foregoing document to be served by first-class mail, postage prepaid, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service:

| David T. Grudberg, Esq. | Michael McCooey |
|---|---|
| Carmody & Torrance, LLP | Chair, Haiti Fund, Inc. |
| 195 Church Street, P.O. Box 1950 | 475 Polly Park Road |
| New Haven, Conn. 06509-1950 | Rye, N.Y. 10580 |

    /s/ Theodore J. Folkman