# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL, | CIVIL ACTION NO: |
| | **3:13-cv-01132 (RNC)** |
| Plaintiff, | |
| | CONSOLIDATED WITH: |
| v. | |

| | |
|---|---|
| 3:13-1225 | 3:13-1640 |
| 3:13-1269 | 3:13-1641 |
| 3:13-1437 | 3:13-1642 |
| 3:13-1480 | 3:13-1644 |
| 3:13-1626 | 3:13-1645 |
| 3:13-1627 | 3:13-1647 |
| 3:13-1628 | 3:13-1648 |
| 3:13-1629 | 3:13-1701 |
| 3:13-1630 | 3:13-1767 |
| 3:13-1631 | 3:13-1768 |
| 3:13-1632 | 3:13-1769 |
| 3:13-1633 | 3:13-1881 |
| 3:13-1634 | 3:13-1904 |
| 3:13-1635 | 3:13-1906 |
| 3:13-1636 | 3:13-1907 |
| 3:13-1637 | 3:14-0125 |
| 3:13-1638 | 3:14-0668 |
| 3:13-1939 | 3:14-0815 |
| 3:14-1436 | 3:14-1530 |
| 3:14-1569 | 3:14-1570 |
| 3:14-1615 | 3:14-1962 |
| 3:14-1964 | 3:14-1967 |
| 3:14-1969 | 3:14-1979 |
| 3:15-0526 | 3:15-1084 |
| 3:15-1155 | 3:15-1533 |
| 3:15-1648 | 3:15-1846 |
| 3:16-0418 | 3:17-1872 |

DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN,

Defendants.

---

**This document applies to** *Peterson Augustin, a/k/a Augustin Peterson* **3:17-cv-01872-RNC)**

---

**DECEMBER 7, 2017**

---

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HOPE CARTER

Pursuant to Rules 7, 8 and 12 of the Civil Rules of Civil Procedures, defendant Hope

Carter ("Carter") by her undersigned attorneys, answers the allegations of the complaint of the

plaintiff Peterson Augustin, a/k/a Augustin Peterson dated November 8, 2017 ("the complaint"),

and asserts affirmative defenses as follows:

## INTRODUCTION

1.    Carter admits that Perlitz founded and operated a residential school in Haiti.

Furthermore, upon information and belief Carter admits that Perlitz pled guilty to one charge of

violating 18 U.S.C. § 2423 (b) Travel with Intent to Engage in Illicit Sexual Conduct. With

regard to the remaining allegations in paragraph one, as pled, they are denied.

2.    Carter admits that Perlitz established a residential school in Haiti which is one of

the poorest countries in the Western Hemisphere.  Moreover, Carter admits that the school

established by Perlitz was known as Project Pierre Toussaint (PPT).   Furthermore, Carter admits

that Perlitz was the Director of PPT and resided in Haiti.  Carter denies so much of paragraph

two which alleges ". . . Carter . . . established a residential school in the Republic of Haiti."

With regard to the remaining allegations in paragraph two, as pled, Carter has insufficient

knowledge or information upon which to form a belief as to the truth of the matters asserted

therein and leaves the plaintiff to his proof.

3.    With regard to the allegations contained in paragraph three, as pled, Carter has

insufficient knowledge or information upon which to form a belief as to the truth of the matters

asserted therein and leaves the plaintiff to his proof.

4.    Carter denies the allegations against her contained in paragraph four.  With regard

to allegations contained in paragraph four as to the other defendants, as pled, Carter has

insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein

and leaves the plaintiff to his proof.

5.      The allegations set forth in paragraph five are denied, except Carter admits the plaintiff purports to seek damages for personal injuries pursuant to certain statutes and the common law.

## JURISDICTION AND VENUE

6.      Carter admits that she is a citizen of the State of Connecticut.  So much of paragraph six that alleges statutory claims and sets forth legal conclusions are denied.  With regard to the remaining allegations contained in paragraph six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

7.       Carter admits that she is a citizen of the State of Connecticut.  With regard to the remaining allegations in paragraph seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the matters asserted therein and leaves the plaintiff to his proof.

## PARTIES

8.      With regard to the allegations contained in paragraph eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

9.      Carter admits upon information and belief Perlitz pled guilty to one violation of 18 U.S.C. § 2423 (b) Travel with Intent to Engage in Illicit Sexual Conduct and that he was sentenced to serve 19 years and 7 months in federal prison. With regard to the remaining allegations contained in paragraph nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

10.     Carter admits so much of paragraph ten that the Haiti Fund, Inc. ("The Haiti Fund") was a non-profit corporation formed under the laws of the State of Connecticut and that it is deemed to be a citizen of the State of Connecticut pursuant to 28 U.S.C § 1332 (c) (1). Carter further admits that the Haiti Fund provided funding to PPT. Moreover, Carter admits that Perlitz was the director of PPT. With regard to the remaining allegations contained in paragraph ten, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

11.     With regard to the allegations contained in paragraph eleven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

12.     With regard to the allegations contained in paragraph twelve, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

13.     With regard to the allegations contained in paragraph thirteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

14.     With regard to the allegations contained in paragraph fourteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

15.     With regard to the allegations contained in paragraph fifteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

16.     With regard to the allegations contained in paragraph sixteen, as pled, Carter has

insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

17.     With regard to the allegations contained in paragraph seventeen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

18.     With regard to the allegations contained in paragraph eighteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

19.     Carter admits so much of paragraph nineteen that alleges Father Paul E. Carrier is a priest and was formally the Director of Campus Ministry at Fairfield University as well as vice-president of The Haiti Fund.   With regard to the remaining allegations contained in paragraph nineteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

20.     Carter admits so much of paragraph twenty that alleges she is an individual who is a citizen of the State of Connecticut with a domicile in New Canaan, Connecticut.  Carter further admits that she is a Dame of Malta. Moreover, Carter admits that she is a former member of the Board of Directors of the Haiti Fund and that she also served as Secretary of the Board of Directors of The Haiti Fund for a period during its existence. Furthermore, Carter admits that she previously served on the Board of Councilors for the Order of Malta. With regard to the remaining allegations or inferences contained in paragraph twenty they are denied.

21.     With regard to the allegations contained in paragraph twenty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

22.     With regard to the allegations contained in paragraph twenty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

## STATEMENT OF FACTS

**Background and Founding of PPT**

23.     Carter admits so much of paragraph twenty-three that alleges that at all relevant times Father Carrier was a priest. With regard to the remaining allegations as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

24.     With regard to the allegations contained in paragraph twenty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

25.     With regard to the allegations contained in paragraph twenty-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

26.     With regard to the allegations contained in paragraph twenty-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

27.     With regard to the allegations contained in paragraph twenty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

28.      With regard to the allegations contained in paragraph twenty-eight, as pled, Carter has insufficient knowledge upon which to form a belief as to the truth of the matters

asserted therein and leaves the plaintiff to his proof.

29.     Carter denies so much of paragraph twenty-nine which alleges "[i]n approximately 1997, Perlitz, with the assistance of …Carter…obtained approval, support, and funding from the Order of Malta to start and operate PPT, a school for boys in Cap-Haitien, Haiti."  Moreover, Carter denies so much of paragraph twenty-nine which alleges "[t]he original funding for PPT came from the Order of Malta." With regard to the remaining allegations contained in paragraph twenty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

30.     With regard to the allegations contained in paragraph thirty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

31.     With regard to the allegations contained in paragraph thirty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

32.     Carter admits that for a period of time Father Carrier was an officer of the Haiti Fund and that he served as director.  With regard to the remaining allegations contained in paragraph thirty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

33.     Carter admits that she is a dame of the Order of Malta. Moreover, Carter admits that  Father Carrier, Deb Picarzzi, Larry Miners, Sue MacAvoy, and Cathy Lozier, served on the Haiti Fund Board at various times.  With regard to the remaining allegations contained in paragraph thirty-three, as pled, Carter has insufficient knowledge upon which to form a belief as

7

to the truth of the matters asserted therein and leaves the plaintiff to his proof.

34.     Carter denies the allegations against her contained in paragraph thirty-four.  With regard to the remaining allegations contained in paragraph thirty-four, as pled,  Carter has insufficient knowledge or information to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

**Operation, Support and Supervision of PPT**

35.     With regard to the allegations contained in paragraph thirty-five, as pled, Carter has insufficient knowledge or information to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

36.     With regard to the allegations contained in paragraph thirty-six, as pled, Carter has insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

37.     With regard to the allegations contained in paragraph thirty-seven, as pled,  Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

38.     With regard to the allegations contained in paragraph thirty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

39.     Carter admits she attended Fairfield University's commencement in 2002 where Perlitz was the commencement speaker.   Moreover, upon information and belief, Carter admits that Perlitz attended Fairfield University as an undergraduate.  With regard to the remaining allegations contained in paragraph thirty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves

the plaintiff to his proof.

40.     Carter admits that a fundraiser called "Jazz it Up for Haiti" was held to raise money for PPT. With regard to the remaining allegations contained in paragraph forty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

41.     Carter admits that donations to support PPT were received in check form. With regard to the remaining allegations contained in paragraph forty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

42.     With regard to the allegations contained in paragraph forty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

43.     With regard to the allegations contained in paragraph forty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

44.      With regard to the allegations contained in paragraph forty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

45.     Carter denies so much of paragraph forty-five which alleges "Hope Carter was actively involved in supervising the program on behalf of the Order of Malta."  With regard to the remaining allegations contained in paragraph forty-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

9

46.     With regard to the allegations contained in paragraph forty-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

47.     With regard to the allegations contained in paragraph forty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

48.     With regard to the allegations contained in paragraph forty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves

49.     With regard to the allegations contained in paragraph forty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

50.     With regard to the allegations contained in paragraph fifty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

51.     With regard to the allegations contained in paragraph fifty-one, as pled, Carter has insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

52.     Carter admits that upon information and belief there was a Jesuit novice who visited PPT in early 2008 and resided at Bel Air.  With regard to the remaining allegations contained in paragraph fifty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

53.     Carter admits that from 1999 to sometime in 2008, Perlitz would travel between the United States and Haiti via airline flights. Furthermore, Carter admits that Perlitz would occasionally travel to Connecticut to raise funds for PPT.  With regard to the allegations contained in paragraph fifty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

54.     Carter admits that from 1999 to sometime in 2008, she participated in fund raising efforts by the Haiti Fund to support the activities of PPT in Haiti.   Carter denies so much of paragraph fifty-four which alleges "In and around this time period…Carter would regularly travel from Connecticut to Florida or New York where [she] purchased airline tickets to travel to Haiti to …supervise PPT."   Carter denies that she made her trips to Haiti as a representative of Fairfield University and the New England Jesuit Order.   With regard to the remaining allegations in paragraph fifty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the allegation asserted therein and leaves the plaintiff to his proof.

55.     With regard to the allegations contained in paragraph fifty-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

56.      With regard to the allegations contained in paragraph fifty-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

57.     Carter admits that during a period of time while PPT was in existence, Perlitz and American volunteers lived in a house in Bel Air, Haiti.   Moreover, Carter admits that during the

early part of 2008, a Jesuit novice resided at the Bel Air house. With regard to the remaining allegations contained in paragraph fifty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

58.     Carter denies so much of paragraph fifty-eight which alleges "Perlitz had no relevant experience or training in running such a program when he was hired by…Carter . . .." Moreover, Carter denies any allegation in paragraph fifty-eight that she sent Perlitz to Haiti invested with her authority.  Furthermore, Carter denies any allegation in paragraph fifty-eight that infers she was a 'PPT founder."   With regard to the remaining allegations contained in paragraph fifty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

59.     With regard to the allegations contained in paragraph fifty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

60.     With regard to the allegations contained in paragraph sixty, as pled, Carter has insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

**Periltz's Abuse of Boys at PPT**

61.     Carter denies so much of paragraph sixty-one which alleges she knew of Perlitz's "access to, authority over, and control of the boys attending or receiving services at PPT'.   With regard to the remaining allegations contained in paragraph sixty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

62.     Carter denies so much of paragraph sixty-two which alleges that she "knew that because of Perlitz's position, the minor boys participating in PPT would believe they could trust Perlitz."  With regard to the remaining allegations contained in paragraph sixty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

63.     Carter denies so much of paragraph sixty-three which alleges that she "knew that because of Perlitz's position, the minor boys participating in PPT would have confidence that the conduct Perlitz engaged in was to further their best interests."  With regard to the remaining allegations contained in paragraph sixty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

64.     Carter admits that she would periodically visit PPT.  Carter denies so much of paragraph sixty-four which alleges "Carter became aware that Perlitz was engaged in conduct that endangered minor boys participating in PPT.  In spite of this information…Carter assisted and facilitated Perlitz in Perlitz''s efforts to sexually abuse minor boys participating in PPT and in Perlitz's efforts to conceal his sexual abuse of minor boys participating in PPT."  With regard to the remaining allegations contained in paragraph sixty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

65.     With regard to the allegations contained in paragraph sixty-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

66.     With regard to the allegations contained in paragraph sixty-six, as pled, Carter has

insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

67.     With regard to the allegations contained in paragraph sixty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

68.     With regard to the allegations contained in paragraph sixty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

69.     With regard to the allegations contained in paragraph sixty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

70.     With regard to the allegations contained in paragraph seventy, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

71.     With regard to the allegations contained in paragraph seventy-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

72.     With regard to the allegations contained in paragraph seventy-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

73.     With regard to the allegations contained in paragraph seventy-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

74.     With regard to the allegations contained in paragraph seventy-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

**Notice of Perlitz's Activities**

75.     With regard to the allegations contained in paragraph seventy-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

76.     With regard to the allegations contained in paragraph seventy-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

77.     Carter admits that in early 2008 a Jesuit novice visited PPT.   With regard to the remaining allegations contained in paragraph seventy-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

78.      With regard to the allegations contained in paragraph seventy-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

79.     With regard to the allegations contained in paragraph seventy-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

80.     With regard to the allegations contained in paragraph eighty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

81.     With regard to the allegations contained in paragraph eighty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

82.     With regard to the allegations contained in paragraph eighty-two, as pled, Carter has insufficient knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

83.     With regard to the allegations contained in paragraph eighty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

84.     With regard to the allegations contained in paragraph eighty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

85.     Carter admits that she periodically travelled to Haiti to visit various charities including PPT.  Carter denies any allegation in paragraph eighty-five that the purpose of her trips to Haiti were to "meet with Perlitz at the house in Bel Air."   With regard to the remaining allegations contained in paragraph eighty-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

86.     Carter admits that she did not speak to the boys as she does not speak Creole. Carter denies any allegation in paragraph eighty-six that she learned of any alleged abuse. With regard to the remaining allegations, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

87.     With regard to the allegations contained in paragraph eighty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

88.     With regard to the allegations contained in paragraph eighty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

89.     Carter denies the allegations against her contained in paragraph eight-nine. With regard to the remaining allegations in paragraph eighty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of matters asserted therein and leaves the plaintiff to his proof.

90.     Carter admits so much of paragraph ninety which alleges she is a former board member of the Haiti Fund and a member of the Order of Malta.  Carter denies so much of paragraph ninety which alleges "[a]ll of these circumstances should have alerted…Carter that something was amiss in Perlitz's dealings with the boys in his care at PPT."  With regard to the remaining allegations in paragraph ninety, as pled, Carter has insufficient knowledge or information and leaves the plaintiff to his proof.

91.     Carter admits that she previously was on the Board of Councilors for Order of Malta and president of Canterbury School of New Milford, Connecticut which are both catholic affiliated organizations. With regard to the remaining allegations contained in paragraph ninety-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

92.     The allegations against Carter contained in paragraph ninety-two are denied. With regard to the remaining allegations in paragraph ninety-two, as pled, Carter has insufficient

knowledge upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

93.     The allegations against Carter contained in paragraph ninety-three are denied. With regard to the remaining allegations in paragraph ninety-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

94.     With regard to the allegations in paragraph ninety-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

95.     With regard to the allegations in paragraph ninety-five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

96.     To the extent that paragraph ninety-six alleges that Carter supervised PPT that is denied. With regard to the remaining allegations contained in paragraph ninety-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

97.     The allegations against Carter contained in paragraph ninety-seven are denied. With regard to the remaining allegations in paragraph ninety-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

98.      With regard to the allegations contained in paragraph ninety-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

**Facts Pertaining to Peterson Augustin**

99.     With regard to the allegations contained in paragraph ninety-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

100.     With regard to the allegations contained in paragraph one hundred, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

101.     With regard to the allegations contained in paragraph one hundred and one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

102.     With regard to the allegations contained in paragraph one hundred and two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

103.     With regard to the allegations contained in paragraph one hundred and three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

104.     With regard to the allegations contained in paragraph one hundred and four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

# CLAIMS FOR RELIEF

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

### Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. § 2255
### (against Defendant Perlitz)

105.    Carter incorporates her answers to paragraphs one through one hundred and four of the complaint as if fully set forth herein

106.    Carter admits that upon information and belief Perlitz pled guilty to one count of a violation of 18 U.S.C. § 2423 (b) Travel with Intent in Engage in Illicit Sexual Conduct. With regard to the remaining allegations contained in paragraph one hundred and six, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

107.    With regard to the allegations contained in paragraph one hundred and seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

108.    With regard to the allegations contained in paragraph one hundred and eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

### Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. § 2255
(against Defendants Father Carrier, the Haiti Fund, and Fairfield University)

109.    Carter incorporates her answers to paragraphs one through one hundred and eight of the complaint as if fully set forth herein.

110.    With regard to the allegations in paragraph one hundred and ten, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.  That said, Carter admits that upon information and belief, Perlitz pled guilty to one count of violating 18 U.S.C § 2423 (b), Travel With Intent to Engage in Illicit Sexual Conduct.

20

111.     With regard to the allegations contained in paragraph one hundred and eleven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

112.     With regard to the allegations contained in paragraph one hundred and twelve, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

113.     With regard to the allegations contained in paragraph one hundred and thirteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

114.     With regard to the allegations contained in paragraph one hundred and fourteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

115.     With regard to the allegations contained in paragraph one hundred and fifteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

**Negligent Hiring, Retention, Direction and Supervision**
**(against Defendants Father Carrier,  Carter, The Haiti Fund, the Order of Malta, Fairfield University, the New England Jesuit Order, and John Doe One, John Doe Two, John Doe Three, John Doe Four and John Doe Five)**

116.     Carter incorporates her answers to paragraphs one through one hundred and fifteen of the complaint as if fully set forth herein.

117.     Carter denies the allegations against her contained in paragraph one hundred and seventeen.  With regard to the remaining allegations in paragraph one hundred and seventeen, as

pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

118.    Carter denies any allegations against her contained in paragraph one hundred and eighteen.   With regard to the remaining allegations in paragraph one hundred and eighteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

119.    Carter denies the allegations against her contained in paragraph one hundred and nineteen.  With regard to the remaining allegations contained in paragraph one hundred nineteen, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

120.    Carter denies the allegations against her contained in paragraph one hundred and twenty.  With regard to the remaining allegations contained in paragraph one hundred and twenty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

121.    Carter denies the allegations against her contained in paragraph one hundred and twenty-one.   With regard to the remaining allegations in paragraph one hundred and twenty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

122.    Carter denies the allegations against her contained in paragraph one hundred and twenty-two.  With regard to the remaining allegations contained in paragraph one hundred and twenty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

123.    Carter denies the allegations against her contained in paragraph one hundred and

twenty-three.   With regard to the remaining allegations contained in paragraph one hundred and twenty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

124.    Carter denies the allegations against her contained in paragraph one hundred and twenty-four.   With regard to the remaining allegations contained in paragraph one hundred and twenty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Direction and Supervision
### (against Defendants The Haiti Fund, Fairfield University, the New England Jesuit Order, John Doe Six and John Doe Seven)

125.    Carter incorporates her answers to paragraphs one through one hundred and twenty-four of the complaint as if fully set forth herein.

126.    With regard to the allegations contained in paragraph one hundred and twenty-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

127.    With regard to the allegations contained in paragraph one hundred and twenty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

128.    With regard to the allegations contained in paragraph one hundred and twenty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

129.    With regard to the allegations contained in paragraph one hundred and twenty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to

the truth of the matters asserted therein and leaves the plaintiff to his proof.

130.    With regard to the allegations contained in paragraph one hundred and thirty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

131.    With regard to the allegations contained in paragraph one hundred and thirty-one, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

132.    With regard to the allegations contained in paragraph one hundred and thirty-two, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

133.    With regard to the allegations contained in paragraph one hundred and thirty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty
### (against Defendants Father Carrier, Carter, the Haiti Fund, the Order of Malta, Fairfield University, the New England Jesuit Order, and John Doe one through John Doe Seven)

134.    Carter incorporates her answers of paragraphs one through one hundred and thirty-three of the complaint as if fully set forth herein.

135.    With regard to the allegations in paragraph one hundred and thirty-five as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leave the plaintiff to his proof.

136.    With regard to the allegations in paragraph one hundred and thirty-six, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of

the matters asserted therein and leave the plaintiff to his proof.

137.    Carter denies the allegations against her contained in paragraph one hundred and thirty-seven.  With regard to the remaining allegations in paragraph one hundred and thirty-seven, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

138.    Carter denies the allegations against her contained in paragraph one hundred and thirty-eight.  With regard to the remaining allegations in paragraph one hundred and thirty-eight, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

139.    Carter denies the allegations against her contained in paragraph one hundred and thirty-nine.  With regard to the remaining allegations in paragraph one hundred and thirty-nine, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

140.    Carter denies the allegations against her contained in paragraph one hundred and forty.  With regard to the remaining allegations in paragraph one hundred and forty, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

### PLAINTIFF'S SIXTH CLAIM FOR RELIEF

### Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. § 1595
### (against Defendant Father Carrier, the Haiti Fund and Fairfield University)

141.    Carter incorporates her answer to paragraphs one through one hundred and forty of the complaint as if fully set forth herein..

142.    With regard to the allegations contained in paragraph one hundred and forty-two,

as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

143.    With regard to the allegations contained in paragraph one hundred and forty-three, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

144.    With regard to the allegations contained in paragraph one hundred and forty-four, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

145.    With regard to the allegations contained in paragraph one hundred and forty five, as pled, Carter has insufficient knowledge or information upon which to form a belief as to the truth of the matters asserted therein and leaves the plaintiff to his proof.

## AFFIRMATIVE DEFENSES

### General Statement

The affirmative defenses set forth herein are asserted for the purposes of placing the plaintiff and his attorneys on notice that such defenses may be raised if discovery supports the application of such defenses.

### First Affirmative Defense

The complaint fails to state a claim upon relief may be granted as to Carter.

### Second Affirmative Defense

The claims alleged in the complaint are barred in whole or in part by the applicable statute of limitations.

### Third Affirmative Defense

Carter is immune from liability as to counts three and five under the Volunteer Protection

Act of 1997, 42 U.S.C. § 14501, et seq. as she was an volunteer of the Haiti Fund as that term is defined in 42 U.S.C. § 14505 (6) and acting within the scope of her responsibilities on behalf of the Haiti Fund which is a nonprofit organization as that term is defined in 42 U.S.C. § 14505 (4).

## Fourth Affirmative Defense

Carter is immune from liability as to counts three and five pursuant to Connecticut General Statutes § 52-557m as she served as an officer of the Haiti Fund which qualified as tax exempt organization under Section 501 (c) of the Internal Revenue Code and she was not compensated for her service on the Haiti Fund on a salary or prorated equivalent basis.

## Fifth Affirmative Defense

The plaintiffs' alleged injuries, if any, were as a result of the intentional and/or criminal acts of Douglas Perlitz that superseded any possible negligence on the part of Carter.


THE DEFENDANT,
HOPE CARTER


By: /s/ Juris No. CT16419
Jeffrey W. Kennedy
Christopher F. Wanat
Milano & Wanat LLC
471 East Main Street
Branford, Connecticut 06405
(P) – (203) 315-7000
(F) – (203) 315-7007
cwanat@mwllc.us
jkennedy@mwllc.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. On December 7, 2017, a copy of the foregoing document was sent by Regular U.S. Mail to all counsel not able to receive documents electronically.

By: /s/ Juris No. CT 16419
Jeffrey W. Kennedy