UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETERSON AUGUSTIN, a/k/a AUGUSTIN PETERSON, | LEAD CIVIL ACTION NO.: 3:13-cv-01132 (RNC) |
| Plaintiff, | Consolidated with: |
| V. | |
| DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A.; a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; AND JOHN DOE SEVEN, | |
| Defendants. | |

Consolidated with:

| | |
|---|---|
| 3:13-cv-1225 | 3:13-cv-1768 |
| 3:13-cv-1269 | 3:13-cv-1769 |
| 3:13-cv-1437 | 3:13-cv-1881 |
| 3:13-cv-1480 | 3:13-cv-1904 |
| 3:13-cv-1626 | 3:13-cv-1906 |
| 3:13-cv-1627 | 3:13-cv-1907 |
| 3:13-cv-1628 | 3:14-cv-0125 |
| 3:13-cv-1629 | 3:14-cv-0668 |
| 3:13-cv-1630 | 3:14-cv-0815 |
| 3:13-cv-1631 | 3:14-cv-1436 |
| 3:13-cv-1632 | 3:14-cv-1530 |
| 3:13-cv-1633 | 3:14-cv-1569 |
| 3:13-cv-1634 | 3:14-cv-1570 |
| 3:13-cv-1635 | 3:14-cv-1615 |
| 3:13-cv-1636 | 3:14-cv-1962 |
| 3:13-cv-1637 | 3:14-cv-1964 |
| 3:13-cv-1638 | 3:14-cv-1967 |
| 3:13-cv-1639 | 3:14-cv-1969 |
| 3:13-cv-1640 | 3:14-cv-1979 |
| 3:13-cv-1641 | 3:15-cv-0526 |
| 3:13-cv-1642 | 3:15-cv-1084 |
| 3:13-cv-1644 | 3:15-cv-1155 |
| 3:13-cv-1645 | 3:15-cv-1533 |
| 3:13-cv-1647 | 3:15-cv-1648 |
| 3:13-cv-1648 | 3:15-cv-1846 |
| 3:13-cv-1701 | 3:16-cv-0418 |
| 3:13-cv-1767 | 3:17-cv-1872 |

*This document applies to:*
*Augustin v. Perlitz, et al.,Case No.: 3:17-cv-01872*

JANUARY 8, 2018

**ANSWER AND AFFIRMATIVE DEFENSES OF THE
SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN
OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A.**

1.      The Order of Malta[1] admits, upon information and belief, that Douglas Perlitz was convicted of certain offenses in 2011, as described in the relevant court documents, which speak for themselves.   The Order of Malta denies the allegations contained in paragraph 1 as they pertain to the Order of Malta.   The Order of Malta lacks sufficient information upon which to form a belief as the truth of remaining allegations contained in paragraph 1.

2.      The Order of Malta denies that it established a residential school in the Republic of Haiti.   The Order of Malta admits that Haiti is a poor country in the Western Hemisphere, that PPT was a school in Haiti serving poor children, and that Douglas Perlitz was affiliated with that school.   The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 3.

4.      The Order of Malta denies that it assisted Perlitz in any alleged abuse and denies that it had any duty or authority to impose guidelines or supervision for the operation of PPT. The Order of Malta denies that it had any knowledge of Perlitz's alleged abuse of children and, therefore, denies the allegation that it "disregarded warning signs that should have alerted [it] to the improper nature of Perlitz's relationship with some of the boys in his care and continued to provide funds to PPT long after it was, or should have been clear, that Perlitz was abusing the

---

[1] For consistency and clarity, the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. adopts the plaintiff's use of the short form designation "Order of Malta" solely for purposes of responding to the plaintiff's allegations.

Case 3:13-cv-01132-RNC   Document 1046   Filed 01/08/18   Page 3 of 29

trust that had been placed in him." The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.     The allegations contained in paragraph 5 constitute allegations of law to which no response is required. To the extent that the allegations contained in paragraph 5 may be construed as requiring a response, they are denied.

**JURISDICTION AND VENUE**

6.     The Order of Malta denies that it is a citizen of Connecticut, Colorado, or Massachusetts. The remaining allegations contained in paragraph 6 constitute allegations of law to which no response is required. To the extent that the allegations contained in paragraph 6 may be construed as requiring a response, they are denied.

7.     The allegations contained in paragraph 7 constitute allegations of law to which no response is required. To the extent that the allegations contained in paragraph 7 may be construed as requiring a response, the Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 7.

**PARTIES**

8.     Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 8.

9.     The Order of Malta admits, upon information and belief, that Douglas Perlitz is an individual who was convicted of certain offenses in 2011, as described in the relevant court documents, which speak for themselves. The Order of Malta lacks sufficient information upon which to form a belief as the truth of the remaining allegations contained in paragraph 9.

- 3 -

10.      The Order of Malta admits that the Haiti Fund, Inc. was a corporation organized under the laws of the State of Connecticut, that it funded, managed, controlled and directed PPT in Cap-Haitien, Haiti, that it hired and retained Douglas Perlitz, and that he was affiliated with PPT.  To the extent that the allegations contained in paragraph 10 constitute allegations of law to which no response is required, no response is given.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 10.

11.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 11.

12.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 12.

13.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 13.

14.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 14.

15.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 15.

16.      The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 16.

17.      As to the allegations contained in paragraph 17, the Order of Malta admits that it is one of three associations established in the United States by the Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and Malta, that it is a lay, religious order of the

Roman Catholic Church, that its members are given the titles knights or dames, and that it is a not-for-profit corporation organized and existing under the laws of the State of New York.  The remaining allegations contained in paragraph 17 are denied.

18.     The allegations contained in paragraph 18 are denied.

19.     As to the allegations contained in paragraph 19, the Order of Malta admits that Father Carrier was a priest of the Society of Jesus of New England, Inc., and that he was appointed a Magistral Chaplain of the Order of Malta on April 9, 2003 by the Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and Malta.  The Order of Malta lacks sufficient information upon which to form a belief of the truth of the remaining allegations contained in paragraph 19.

20.     The Order of Malta admits that Hope Carter is a Dame of the Order of Malta and that she served as a member of the Board of Councillors of the Order of Malta from January 1, 2000 through December 31, 2005, from January 1, 2007 to February 25, 2011, and from January 1, 2012 through December 31, 2012.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 21.

22.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 22.

## STATEMENT OF FACTS

**Background and Founding of PPT**

23.     The Order of Malta admits that Father Carrier was a priest of the Society of Jesus of New England, Inc.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 24.

25.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 25.

26.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 26.

27.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 27.

28.     The Order of Malta denies that it runs Hopital Sacre Coeur in Milot, Haiti, and denies that it runs The CRUDEM Foundation that runs Hopital Sacre Coeur.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29.     The Order of Malta denies the allegations contained in paragraph 29 that pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as the truth as to the remaining allegations contained in paragraph 29.

30.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 30.

31.     The Order of Malta denies that it assisted Douglas Perlitz in or about 1999.  The Order of Malta lacks sufficient information upon which to form a belief as to the remaining allegations contained in paragraph 31.

32.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 32.

33.     The Order of Malta admits that Hope Carter has been a member of the Order of Malta since 1987 and denies that such membership was in any way associated with any membership she may have or have had in any other organizations since that date.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34.     The Order of Malta denies that Father Carrier and/or Hope Carter travelled to Haiti to check up on and supervise the activities at PPT on behalf of the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 34.

**Operation, Support, and Supervision of PPT**

35.     The Order of Malta denies the allegations contained in paragraph 35 to the extent that those allegations pertains to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 36.

37.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 37.

38.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 38.

39.     The Order of Malta lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 39.

40.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 40.

41.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 41.

42.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 42.

43.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 43.

44.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 44.

45.     The Order of Malta admits that, in the ordinary course of its charitable donation program, it made charitable grants to the Haiti Fund, Inc. from 1999 to 2009, intended to support the Haiti Fund's charitable efforts in Haiti.  The Order of Malta denies the remaining allegations contained in paragraph 45.

46.     The Order of Malta denies that it recognized PPT as an official "work" of the Order of Malta.  The Order of Malta admits that the Connecticut Area of the Order of Malta

submitted one or more grant applications to the Order of Malta for grants to the Haiti Fund, Inc. pursuant to the procedures of the grant-making process of the Order of Malta, under which all grant applications are submitted through one of its areas.  Finally, the Order of Malta admits that a separate non-profit corporation, Malta Services, Inc., provided administrative services to the Haiti Fund, Inc., including completing grant applications, for which it was paid by the Haiti Fund, Inc. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 46.

47.     The Order of Malta admits that it presented an award to Douglas Perlitz in 2007 and that the referenced phrase appeared in one of its newsletters.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 47 regarding the advertisement or plaque alleged to have been created by CRUDEM. The remaining allegations contained in paragraph 47 are denied.

48.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 48.

49.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 49.

50.     The Order of Malta denies the allegations contained in paragraph 50.

51.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 51.

52.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 52.

53.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 53.

54.     The Order of Malta denies that Father Carrier and/or Hope Carter made the alleged trips as representatives of the Order of Malta. The Order of Malta lacks sufficient information upon which to form a belief as to the remaining allegations contained in paragraph 54.

55.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 55.

56.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 56.

57.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 57.

58.     The Order of Malta denies that it hired Perlitz, that it was a founder or benefactor of PPT, that it invested Perlitz with any authority to act on its behalf, that it sent Perlitz to Haiti, that it gave him money, that it gave him money to set up "the program," and that it had any ability or duty to supervise the school operated in Haiti by the Haiti Fund, Inc.  The Order of Malta lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 58.

59.     The Order of Malta lacks sufficient information upon which to form a belief as to the allegations contained in paragraph 59.

60.     The Order of Malta denies that it had any ability to control the Haiti Fund, Inc. or PPT, that it had any obligation to control the Haiti Fund, Inc. or PPT, that it had any ability to establish standards of behavior or boundaries at PPT, and that it had any obligation to establish

standards of behavior or boundaries at PPT.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 60.

**Perlitz's Abuse of Boys at PPT**

61.     The Order of Malta denies the allegations contained in paragraph 61 to the extent they pertain to the Order of Malta. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 61.

62.     The Order of Malta denies the allegations in paragraph 62 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 62.

63.     The Order of Malta denies the allegations contain in paragraph 63 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 63.

64.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 64.

65.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 65.

66.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 66.

67.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 67.

68.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 68.

69.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 69.

70.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 70.

71.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 71.

72.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 72.

73.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 73.

74.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 74.

**Notice of Perlitz's Activities**

75.     The Order of Malta admits that it knew from 1999 to 2008 that PPT provided certain basic services to minor children in Cap Haitian, Haiti.  The Order of Malta denies that it knew that each of the children who attended PPT "had no place to sleep, except at PPT's residential facilities; had no educational opportunity, except at PPT facilities; and had no funds for necessities, such as clothes and food, except for the funds PPT gave these minor children." The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 75.

76.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 76.

77.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 77.

78.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 78.

79.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 79.

80.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 80.

81.     The Order of Malta denies the allegations contained in paragraph 81.

82.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 82.

83.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 83.

84.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 84.

85.     The Order of Malta admits that Father Paul Carrier was a priest of the Society of Jesus New England, Inc. and that he was appointed a Magistral Chaplain in on April 9, 2003, by the Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 85.

86.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 86.

87.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 87.

88.     The Order of Malta denies that Father Carrier supervised Perlitz on behalf of the Order of Malta and that the Order of Malta had any ability or obligation to supervise Perlitz through Father Carrier or any other individual.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 88.

89.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 89.

90.     The Order of Malta admits that Father Paul Carrier was appointed a Magistral Chaplain on April 9, 2003, by the Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and Malta and, as such, was a member of the Order of Malta after that date. The Order of Malta further admits that Hope Carter became a member of the Order of Malta in 1987.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 90.

91.     The Order of Malta denies that Father Paul Carrier was ever appointed to, or elected to leadership positions in the Order of Malta.  The Order of Malta admits that Hope Carter served as a member of the Board of Councilors of the Order of Malta from January 1, 2000 through December 31, 2005, from January 1, 2007 to February 25, 2011, and from January 1, 2012 through December 31, 2012  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 91.

92.     The Order of Malta denies the allegations contained in paragraph 92 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 92.

93.     The Order of Malta denies the allegations contained in paragraph 93 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 93.

94.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 94.

95.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 95.

96.     The Order of Malta denies that it had the duty, authority, or ability to supervise Hope Carter and/or Father Carrier with respect to their activities in Haiti, denies that it had a duty, authority, or ability to supervise the operation of the Haiti Fund, Inc. or PPT, and denies all of the remaining allegations of paragraph 96.

97.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 97.

98.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 98.

**Facts Pertaining to Peterson Augustin**

99.     The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 99.

100.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 100.

101.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 101.

102.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 102.

103.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 103.

104.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 104.

## CLAIMS FOR RELIEF

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

**Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. § 2255**
**(against Defendant Perlitz)**

105.    The Plaintiff's First Claim For Relief does not apply to the Order of Malta and therefore no response is required.

106.    The Plaintiff's First Claim For Relief does not apply to the Order of Malta and therefore no response is required.

107.    The Plaintiff's First Claim For Relief does not apply to the Order of Malta and therefore no response is required.

108.    The Plaintiff's First Claim For Relief does not apply to the Order of Malta and therefore no response is required.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF:**

**Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. § 2255 (against Defendants Father Carrier, the Haiti Fund and Fairfield University)**

109.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

110.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

111.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

112.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

113.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

114.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

115.    The Plaintiff's Second Claim For Relief does not apply to the Order of Malta and therefore no response is required.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

**Negligent Hiring, Retention, Direction and Supervision**
**(against Defendants Father Carrier, Carter, the Haiti Fund, the Order of Malta, Fairfield University, the New England Jesuit Order, and John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five)**

116.    The Order of Malta incorporates its responses to paragraphs 1 through 104 above as its responses to paragraphs 1 through 104 of the Plaintiff's Third Claim For Relief, as if fully

set forth herein, and responds to paragraphs 105 through 115 of the Plaintiff's Third Claim for Relief as follows:

106. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 105.

106. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 106.

107. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 107.

108. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 108.

109. The Order of Malta incorporates its responses to paragraphs 1 through 108 above as its responses to paragraphs 1 through 108, as if fully set forth herein.

110. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 110.

111. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 111.

112. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 112.

113. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 113.

114. The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 114.

115.    The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 115.

117.    The Order of Malta denies the allegations set forth in paragraph 117 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 117.

118.    The Order of Malta denies the allegations set forth in paragraph 118 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 118.

119.    The Order of Malta denies the allegations set forth in paragraph 119 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 119.

120.    The Order of Malta denies the allegations set forth in paragraph 120 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 120.

121.    The Order of Malta denies the allegations set forth in paragraph 121 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 121.

122.    The Order of Malta denies the allegations set forth in paragraph 122 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 122.

123.    The Order of Malta denies the allegations set forth in paragraph 123 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 123

124.    The Order of Malta denies the allegations set forth in paragraph 124 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 124.

**PLAINTIFF'S FOURTH CLAIM FOR RELIEF**
**Negligent Hiring, Retention, Direction, and Supervision (against**
**Defendants the Haiti Fund, Fairfield University, the New England Jesuit**
**Order, John Doe Six and John Doe Seven)**

125.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

126.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

127.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

128.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

129.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

130.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

131.    The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

132.     The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

133.     The Plaintiff's Fourth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
**(against Defendants Father Carrier, Carter, the Haiti Fund, the Order of Malta, Fairfield University, the New England Jesuit Order, and John Doe One through John Doe Seven)**

134.     The Order of Malta incorporates its responses to paragraphs 1 through 124 above as its responses to paragraphs 1 through 124 of this paragraph as if fully set forth herein and responds to paragraphs 125-133 as follows:

125.     The Order of Malta incorporates its responses to paragraphs 1 through 124 above as its responses to paragraphs 1 through 124, as if fully set forth herein.

126.     The Order of Malta denies the allegations set forth in paragraph 126 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 126.

127.     The Order of Malta denies the allegations set forth in paragraph 127 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 127.

128.     The Order of Malta denies the allegations set forth in paragraph 128 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient

information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 128.

129.    The Order of Malta denies the allegations set forth in paragraph 129 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 129.

130.    The Order of Malta denies the allegations set forth in paragraph 130 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 130.

131.    The Order of Malta denies the allegations set forth in paragraph 131 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 131.

132.    The Order of Malta denies the allegations set forth in paragraph 132 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 132.

133.    The Order of Malta denies the allegations set forth in paragraph 133 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient

information upon which to form a belief as to the truth of the remaining

allegations contained in paragraph 133.

135.    The Order of Malta denies the allegations set forth in paragraph 135 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 135.

136.    The Order of Malta denies the allegations set forth in paragraph 136 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 136.

137.    The Order of Malta denies the allegations set forth in paragraph 137 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 137.

138.    The Order of Malta denies the allegations set forth in paragraph 138 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 138.

139.    The Order of Malta denies the allegations set forth in paragraph 139 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 139.

140.    The Order of Malta denies the allegations set forth in paragraph 140 to the extent that they pertain to the Order of Malta.  The Order of Malta lacks sufficient information upon which to form a belief as to the truth of the remaining allegations contained in paragraph 140.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF

**Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. § 1595**
**(against Defendants Father Carrier, the Haiti Fund and Fairfield University)**

141.    The Plaintiff's Sixth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

142.    The Plaintiff's Sixth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

143.    The Plaintiff's Sixth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

144.    The Plaintiff's Sixth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

145.    The Plaintiff's Sixth Claim for Relief does not apply to the Order of Malta and therefore no response is required.

## PLAINTIFF'S PRAYER FOR RELIEF

The Order of Malta denies that the Plaintiff is entitled to any of the relief requested in his prayer for relief, or any relief whatsoever, insofar as the Plaintiff's prayer for relief refers to the Order of Malta. The Order of Malta denies any and all remaining allegations in the Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

The Order of Malta asserts the following affirmative defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the

burden on the issue rests with Plaintiff as a matter of law. The Order of Malta reserves the right to amend its Answer to add Affirmative Defenses in addition to those listed below, consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as against the Order of Malta under the applicable law.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Order of Malta are barred, in whole or in part, because the Order of  Malta did not owe a duty of reasonable care to the Plaintiff to prevent the alleged abuse.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred in whole or in part by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries were sustained in Haiti, and not within the United States. Inasmuch as the Plaintiff is a citizen of Haiti who allegedly suffered injury in Haiti as a result of certain acts and omissions that allegedly occurred in Haiti, the Plaintiff's claims against the Order of Malta may not be predicated upon the laws of the United States or upon the laws of the State of Connecticut or any other U.S. State.

## FIFTH AFFIRMATIVE DEFENSE

Perlitz was not an agent, servant and/or employee of the Order of Malta at any time during the period referred to in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Father Carrier was not an agent, servant and/or employee of the Order of Malta at any time during the period referred to in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Hope Carter was not an agent, servant and/or employee of the Order of Malta at any time during the period referred to in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The Order of Malta had no actual or constructive knowledge of any intentional misconduct, negligence, or other alleged wrongdoing by Perlitz at any time during the period referred to in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

The Order of Malta had no actual or constructive knowledge of any intentional misconduct, negligence, or other alleged wrongdoing by Father Carrier at any time during the period referred to in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

The Order of Malta had no actual or constructive knowledge of any intentional misconduct, negligence, or other alleged wrongdoing by defendant Hope E. Carter at any time during the period referred to in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

The Order of Malta had no actual or constructive knowledge of any intentional misconduct, negligence, or other alleged wrongdoing by defendant Fairfield University at any time during the period referred to in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The Order of Malta had no actual or constructive knowledge of any intentional misconduct, negligence, or other alleged wrongdoing by the New England Jesuit Order at any time during the period referred to in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Order of Malta did not owe the Plaintiff a fiduciary duty under Connecticut law, or the law of any other jurisdiction.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries, if any, were caused in whole or in part by the negligence or other culpable conduct of one or more other parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries are not the direct and proximate result of any act and/or omission and/or other conduct by the Order of Malta.

## PRAYER FOR RELIEF

WHEREFORE, the Order of Malta respectfully requests that the Court enter judgment in its favor and against the Plaintiff as follows:

(a) that the Court dismiss all claims in the Complaint against the Order of Malta with prejudice, find that the Plaintiff is not entitled to any of his requested relief, or any relief whatsoever, and deny all relief requested by the Plaintiff;

(b) that the Court award the Order of Malta its costs in this action;

(c) that the Court award the Order of Malta its attorneys' fees in this action; and

(d) that the Court award the Order of Malta such other and further relief as the Court deems just and proper.

DEFENDANT,
**THE SOVEREIGN MILITARY
HOSPITALLER ORDER OF ST. JOHN OF
JERUSALEM OF RHODES AND OF MALTA,
AMERICAN ASSOCIATION, U.S.A.,**

By: */s/ Bradford S. Babbitt*_____
        Bradford S. Babbitt (ct13938)
        E-mail: bbabbitt@rc.com
        Elizabeth R. Leong (ct24453)
        Email: eleong@rc.com
        Robinson & Cole LLP
        280 Trumbull Street
        Hartford, CT  06103-3597
        Phone:  (860) 275-8214
        Fax:  (860) 275-8299

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, a copy of the foregoing Answer and Affirmative Defenses was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

I further certify that on January 8, 2018, a copy of the foregoing was provided by Regular U.S. Mail, as follows:

> Defendant Douglas Perlitz c/o David T. Grudberg, Esq.
> Carmody & Torrance, LLP
> 195 Church Street
> P.O. Box 1950
> New Haven, CT 06509-1950
>
> Defendant Haiti Fund, Inc. c/o Michael McCooey
> Chairman, Haiti Fund, Inc.
> 475 Polly Park Road
> Rye, NY 10580

*/s/ Bradford S. Babbitt*
Bradford S. Babbitt