UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>       Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, *et al.*,<br><br>       Defendants.<br><br>*This document relates to:*<br><br>*Peterson Augustin v. Perlitz,* No. 17-01872 | Civ. A. No. 3:13-cv-01132-RNC<br><br>Dated: January 10, 2018 |

**MEMORANDUM IN SUPPORT OF**
**FATHER CARRIER'S MOTION TO DISMISS COUNT SIX**

      In Count Six of his complaint, Peterson Augustin alleges that Father Carrier is liable under 18 U.S.C. § 1595(a), which provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The claim is that Father Carrier knowingly benefitted from participation in a venture ("PPT, through Perlitz," according to the Complaint) that he knew or should have known had engaged in sex trafficking in violation of 18 U.S.C. § 1591.

      The Court has already ruled that this claim must fail on the pleadings. In the order of April 8, 2016 (ECF No. 750), the Court granted Father Carrier's motion for judgment on the pleadings on the analogous claim in *Alcy v. Perlitz,* No. 15-526. It noted that the plaintiffs had already conceded that Perlitz could not be liable under § 1591, because at the relevant time that

statute did not apply extraterritorially. The Court agreed with our view that there can be no secondary liability under § 1595 unless someone is principally liable under § 1591, and here there is no principal liability. It rejected the plaintiffs' arguments to the contrary.

This Court also agreed, in its 2016 ruling, that the provision on secondary liability in § 1595 on which the plaintiffs rely was not enacted until after Perlitz's alleged abuse of the plaintiffs had ended, and that the statutory amendment could not be applied retroactively.

The 2016 decision is the law of the case. The Court should dismiss Count Six here for the same reasons it dismissed the analogous count in *Alcy*.

[signature page to follow]

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
Aaron D. Rosenberg (ct29518)
MURPHY & KING, P.C.
One Beacon Street, 21st Fl.
Boston, Mass. 02108
(617) 423-0400
toniell@murphyking.com
tfolkman@murphyking.com
arettig@murphyking.com

Gene S. Winter (ct05137)
Benjamin C. White (ct27211)
ST. ONGE STEWARD JOHNSTON
& REENS LLC
986 Bedford Street
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
bwhite@ssjr.com

Dated: January 10, 2018

<u>CERTIFICATE OF SERVICE</u>

I certify that on January 10, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on January 10, 2018, I caused a copy of the foregoing document to be served via Federal Express, on counsel for the defendant, Douglas Perlitz, who is unable to accept electronic service, and Haiti Fund, Inc.:

David T. Grudberg, Esq.
Carmody & Torrance, LLP
195 Church St.
PO Box 1950
New Haven, Conn. 06509-1950

Michael McCooey
Chairman, Haiti Fund, Inc.
475 Polly Park Road
Rye, N.Y. 10580

/s/ Theodore J. Folkman

737503