UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL<br><br>Plaintiff,<br><br><br>v.<br><br><br>DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN,<br><br>Defendants. | Lead Civil Action No.:<br>3:13-cv-01132-RNC<br><br>Consolidated with: |

| | |
|---|---|
| 3:13-cv-1225 | 3:13-cv-1647 |
| 3:13-cv-1269 | 3:13-cv-1648 |
| 3:13-cv-1437 | 3:13-cv-1701 |
| 3:13-cv-1480 | 3:13-cv-1767 |
| 3:13-cv-1626 | 3:13-cv-1768 |
| 3:13-cv-1627 | 3:13-cv-1769 |
| 3:13-cv-1628 | 3:13-cv-1881 |
| 3:13-cv-1629 | 3:13-cv-1904 |
| 3:13-cv-1630 | 3:13-cv-1906 |
| 3:13-cv-1631 | 3:13-cv-1907 |
| 3:13-cv-1632 | 3:14-cv-0125 |
| 3:13-cv-1633 | 3:14-cv-0668 |
| 3:13-cv-1634 | 3:14-cv-0815 |
| 3:13-cv-1635 | 3:14-cv-1436 |
| 3:13-cv-1636 | 3:14-cv-1530 |
| 3:13-cv-1637 | 3:14-cv-1569 |
| 3:13-cv-1638 | 3:14-cv-1570 |
| 3:13-cv-1639 | 3:14-cv-1615 |
| 3:13-cv-1640 | 3:14-cv-1962 |
| 3:13-cv-1641 | 3:14-cv-1964 |
| 3:13-cv-1642 | 3:14-cv-1967 |
| 3:13-cv-1644 | 3:14-cv-1969 |
| 3:13-cv-1645 | 3:14-cv-1979 |
| 3:15-cv-0526 | 3:15-cv-1084 |
| 3:15-cv-1155 | 3:15-cv-1648 |
| 3:15-cv-1533 | 3:15-cv-1846 |
| | 3:16-cv-0418 |
| | 2:17-cv-1872 |

*This document applies to:*
*Peterson Augustin v. Perlitz et. al., 2:17-cv-1872*

January 11, 2018

THE SOCIETY OF JESUS OF NEW ENGLAND'S ANSWER
TO THE COMPLAINT AND JURY DEMAND OF PETERSON AUGUSTIN, A/K/A
AUGUSTIN PETERSON

Defendant, the Society of Jesus of New England, Inc., ("the Society" or "the defendant") hereby answers the Complaint and Jury Demand of plaintiff Paterson Augustin, a/k/a Augustin Peterson, and also asserts its affirmative defenses and jury demand.

The Society objects to the plaintiff's frequent contravention of Fed. R. Civ. 10(b), which requires each numbered paragraph in a pleading to be limited to a single set of circumstances. This objection notwithstanding, the Society responds, paragraph by paragraph, below.

## INTRODUCTION

1.     The Society admits, upon information and belief, that Perlitz was convicted of certain offenses in 2011, as described in the relevant court documents, which speak for themselves.  The Society denies all of the remaining allegations contained in this paragraph.

2.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

3.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

4.     The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5.     The statements contained in this paragraph assert conclusions of law to which no response is required.  To the extent that the statements contained in this paragraph may be construed as requiring a response, they are denied.

## JURISDICTION AND VENUE

6.     The Society admits only that it is a non-profit, charitable corporation organized under the laws of Massachusetts and located in Massachusetts.  The remaining statements contained in this paragraph assert conclusions of law to which no response is required.  To the extent that the conclusions of law contained in this paragraph may be construed as requiring a response, they are denied.

7.     The statements contained in this paragraph assert conclusions of law to which no response is required.  To the extent that the conclusions of law contained in this paragraph may be construed as requiring a response, they are denied.

## PARTIES

8.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

9.     The Society admits, upon information and belief, that Perlitz was convicted of certain offenses in 2011, as described in the relevant court documents, which speak for themselves. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

10.    The Society admits, upon information and belief, that the Haiti Fund, Inc., funded, managed, controlled and directed Project Pierre Toussaint and hired Perlitz. The Society is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and certain of the remaining statements contained in this paragraph assert conclusions of law to which no response is required. To the extent that such conclusions of law may be construed as requiring a response, they are denied.

11.    The Society admits that Fairfield University is a corporation organized under the laws of Connecticut with a principal place of business in Fairfield, Connecticut. The remaining statement contained in this paragraph calls for a legal conclusion to which no response is required. To the extent that such a legal conclusion may be construed as requiring a response, it is denied.

12.    The Society admits that Father Carrier was employed by Fairfield University during the relevant time period. The remaining statements contained in this paragraph assert conclusions of law to which no response is required. To the extent that such conclusions of law may be construed as requiring a response, they are denied.

13.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph. The statements contained in this paragraph also assert conclusions of law to which no response is required. To the extent that such conclusions of law may be construed as requiring a response, they are denied.

14.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

15.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

16.    The Society admits that it is a non-profit, charitable corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Massachusetts. The Society further admits that Father Carrier is a priest of the Society of Jesus and a member of the New England Province. The remaining statements contained in this paragraph assert conclusions of law to which no response is required. To the extent that such conclusions of law may be construed as requiring a response, they are denied.

17.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

18.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph. Statements contained in this paragraph also

3

assert conclusions of law to which no response is required.  To the extent that such conclusions of law may be construed as requiring a response, they are denied.

19.     The Society admits that Father Carrier is a priest of the Society of Jesus and a member of the New England Province.  The Society further admits that Father Carrier held various positions at various times at Fairfield University, the Haiti Fund, and the Order of Malta.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  Statements contained in this paragraph also assert conclusions of law to which no response is required.  To the extent that such conclusions of law may be construed as requiring a response, they are denied.

20.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.  Statements contained in this paragraph also assert conclusions of law to which no response is required.  To the extent such conclusions of law may be construed as requiring a response, they are denied.

21.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.  Statements contained in this paragraph also assert conclusions of law to which no response is required.  To the extent such conclusions of law may be construed as requiring a response, they are denied.

22.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.  Statements contained in this paragraph also assert conclusions of law to which no response is required.  To the extent such conclusions of law may be construed as requiring a response, they are denied.

## STATEMENT OF ALLEGED FACTS

23.     The Society admits that Father Carrier was a priest of the Society of Jesus and a member of the New England Province.  The remaining statement contained in this paragraph asserts a conclusion of law to which no response is required.  To the extent that this conclusion of law may be construed as requiring a response, it is denied.

24.     The Society admits that Fairfield University is a Jesuit University.  The Society denies that it "operated" Fairfield University during the relevant time.  The Society is without sufficient knowledge or information to form a belief about the truth about the remaining allegations contained in this paragraph.

25.     The Society denies the allegations contained in this paragraph.

26.     The Society denies that it had knowledge of an alleged "sexual relationship" between Father Carrier and Perlitz.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

27.     The Society denies that it "operated" Fairfield University.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

28.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

29.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

30.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

31.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

32.     The Society admits that Jesuit priests who are members of the New England Province are required to seek the approval of their superior to serve on the board of directors of an outside organization, and the Society denies this allegation to the extent it implies more than that.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

33.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

34.     The Society denies the allegations contained in this paragraph.

35.     The Society denies the allegations contained in this paragraph.

36.     The Society denies that it "operated" Fairfield University and denies that any of the activities described in this paragraph were undertaken on behalf of the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

37.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

38.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

39.     The Society denies that it "operated" Fairfield University.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

40.     The Society denies that it "operated" Fairfield University.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

41.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

42.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

43.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

44.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

45.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

46.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

47.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

48.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

49.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

50.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

51.     The Society admits that it has stated that it may send its members to serve in various global locations.  The Society admits that priests of the New England Province have served in other provinces.  The Society denies the remaining allegations contained in this paragraph.

52.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations concerning "Jesuits in training" being sent to work at PPT.  The Society admits that a Jesuit novice who was not a member of the New England Province visited PPT in early 2008.

53.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

54.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

55.      The Society denies that any "Jesuits in training" from the New England Province "staffed" PPT.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

56.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

57.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

58.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

59.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

60.      The Society admits that the United States Conference of Catholic Bishops has issued various documents at various times regarding the protection of children and young people, which documents speak for themselves.  The Society is without sufficient knowledge or information to form a belief about the truth of the allegations concerning the standards of conduct in place at PPT, which was not a work of the Society.

61.      The Society denies that it "knew about Perlitz's access to, authority over, and control over the boys at PPT."  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

62.      The Society denies that it had knowledge of what "boys participating in PPT would believe."  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

63.      The Society denies that it had knowledge of what "boys participating in PPT would have confidence" in with respect to Perlitz.   The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

64.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

65.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

66.      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

67.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

68.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

69.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

70.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

71.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

72.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

73      The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

74.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

75.     The Society denies that it "operated" Fairfield University.  The Society admits that it was aware of the existence of PPT and that PPT provided basic services to poor children in Haiti. The Society denies the remaining allegations concerning the Society's purported knowledge, and the Society is without sufficient knowledge or information to form a belief about the truth of the allegations concerning the purported knowledge of other entities.

76.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

77.     The Society admits that a Jesuit novice who was not a member of the New England Province visited PPT in early 2008.  The Society is without sufficient knowledge or information to form a belief about the truth of the allegations concerning what that novice may have "noted" and when he may have "noted" it, and the Society denies the allegations to the extent that they seek to characterize the novice's observations.

78.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

79.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

80.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

81.     The Society denies the allegations contained in this paragraph.

82.     The Society denies that it "operated" Fairfield University or that it supplied staff members to PPT.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

83.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

84.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

85.     The Society admits that Father Carrier is a priest of the Society of Jesus and a member of the New England Province.  The Society further admits that Father Carrier held various positions at various times at Fairfield University, the Haiti Fund, and the Order of Malta.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

86.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

87.     The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

88.     The Society denies that any supervision at PPT was undertaken on behalf of the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

89(a-g). The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph and its subparagraphs.

90.     The Society denies that it "operated" Fairfield University.  The Society admits that Father Carrier is a priest of the Society of Jesus and a member of the New England Province.  The Society further admits that Father Carrier held various positions at various times at Fairfield University, the Haiti Fund, and the Order of Malta. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

91.     The Society admits that Father Carrier is a priest of the Society of Jesus and a member of the New England Province.  The Society admits that Father Carrier has held positions in various Catholic-affiliated organizations over the years.  The Society admits that the United States

Conference of Catholic Bishops has issued various documents at various times regarding the protection of children and young people, which documents speak for themselves. The Society admits that in 2006 it promulgated "Ethics in Ministry Policies", which document speaks for itself. The Society is without sufficient knowledge or information to form a belief about the truth of the allegations concerning the knowledge of those in leadership positions of other organizations affiliated with the Catholic Church. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

92.    The Society denies that it "operated" Fairfield University. The Society admits that the prevention of child sexual abuse was a matter of importance for the Society during the relevant time period. The Society denies that it "facilitated" Perlitz or had any "evidence that Perlitz was maintaining inappropriate relationships with boys in his care." The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

93.    The Society denies that it was "kept informed about activities at PPT." The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

94.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

95.    The Society denies that it "operated" Fairfield University.  The Society denies the remaining allegations contained in this paragraph.

96.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

97(a-c).The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph and its subparagraphs.

98.    The Society denies that it "operated" Fairfield University and further denies that it was obligated to institute "safeguards" with respect to PPT, which was not a work of the Society. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

99.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

100.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

101.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

102.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

103.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

104.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

## CLAIMS FOR RELIEF

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

105.    The Society repeats and incorporates by reference its responses to paragraphs 1 through 104 as if each was set forth herein in its entirety.

106.    The Society admits that Perlitz was convicted of crimes described in papers filed with United States District Court for the District of Connecticut. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

107.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

108.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF

109.    The Society repeats and incorporates by reference its responses to paragraphs 1 through 108 as if each was set forth herein in its entirety.

110.    The Society admits that Perlitz was convicted of crimes described in papers filed with United States District Court for the District of Connecticut. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

111.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

112.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

113.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

114.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

115.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph. This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

116.    The Society repeats and incorporates by reference its responses to paragraphs 1 through 115 as if each was set forth herein in its entirety.

117.    The Society denies that it hired, retained, directed, or supervised Perlitz. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

118.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

119.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

120.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

121.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a

belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

122.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

123.    The Society denies the allegations contained in this paragraph.

124.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

125.    The Society repeats and incorporates by reference its responses to paragraphs 1 through 124 as if each was set forth herein in its entirety.

126.    The Society admits that Father Carrier was subject to the authority of the Provincial of the New England Province in certain matters, and that Father Carrier was at relevant times employed by Fairfield University. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

127.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

128.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society. The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the

conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

129.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

130.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

131.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

132.    The Society denies the allegations contained in this paragraph.

133.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF

134.    The Society repeats and incorporates by reference its responses to paragraphs 1 through 133 as if each was set forth herein in its entirety.

135.    The Society admits that PPT provided basic services to poor children in Haiti.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

136.    The Society admits that it was aware that PPT provided basic services to poor children in Haiti.  The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.

137.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

138.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

139.    The Society denies the allegations contained in this paragraph.

140.    The Society denies the allegations contained in this paragraph to the extent that they pertain to the Society.  The Society is without sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF

141.    The Society repeats and incorporates by reference its responses to paragraphs 1 through 140 as if each was set forth herein in its entirety.

142.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

143.    The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

144. The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

145. The Society is without sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.  This paragraph also contains conclusions of law to which no response is required. To the extent that the conclusions of law contained in this paragraph may be construed as relating to the Society and requiring a response, they are denied.

WHEREFORE, the Society denies that the plaintiff is entitled to judgment for damages, interest, costs, fees, and/or other relief.  The Society demands that judgment enter on its behalf together with costs, attorney's fees, and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### GENERAL STATEMENT

The affirmative defenses set forth herein are asserted for the purpose of placing the plaintiff and his attorneys on notice that such defenses may be raised if discovery supports the application of such defenses.

### FIRST AFFIRMATIVE DEFENSE

The claims asserted against the Society (Claims three, four, and five) are barred by the applicable statute of limitations and/or statute of repose, whether under the applicable law of the Republic of Haiti and/or Massachusetts or other applicable state laws.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted against the Society fail to state a claims upon which relief can be granted and, therefore, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to the Society.

### THIRD AFFIRMATIVE DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the complaint were committed by individual(s) and/or entity(ies) who were not agents, servants, representatives, or employees of the Society and for whose alleged acts or omissions the Society is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

Any recovery against the Society must be limited in accordance with the provisions of G.L. c. 231, § 85K, and/or the laws of another state providing limitations upon recovery against a charitable organization, since the alleged conduct of the Society was undertaken in the course of activity carried on to accomplish directly the charitable purposes of the Society.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that the Society had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## SIXTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction over the person and/or subject matter alleged in the complaint and, therefore, the claims against the Society should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2).

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted against the Society do not state claims upon which relief may be granted because of an absence of legal duties and responsibilities on the part of the Society relating to alleged negligent hiring, retention, direction, and supervision and breach of fiduciary duty.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries, loss, or damages were not caused, proximately or otherwise, by the alleged acts or omissions of the Society or by anyone for whose conduct it is or was legally responsible, such alleged damages instead having been caused by superseding and/or intervening actions or omissions.

## NINTH AFFIRMATIVE DEFENSE

The claims asserted against the Society should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).

## TENTH AFFIRMATIVE DEFENSE

The claims asserted against the Society should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted against the Society do not state claims upon which relief may be granted because of a lack of notice to the Society of the conduct, acts, and/or omissions alleged.

## TWELFTH AFFIRMATIVE DEFENSE

The claims asserted against the Society are barred because the purported persons for whom the Society was allegedly responsible are immune from liability under volunteer protection statutes, including the Volunteer Protection Act of 1997, 42 U.S.C. § 14501 *et seq.,* and CGS § 52-557m.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted against the Society are premised upon alleged damages that were sustained in Haiti and are not properly predicated upon the laws of the United States or upon state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted against the Society do not state claims upon which relief can be granted because the Society was not responsible for the alleged actions and/or omissions of Fr. Carrier.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Society hereby gives notice that it intends to assert such other and further defenses as may become available or apparent during discovery proceedings in the consolidated action and hereby reserves the right to amend its answer and to assert any such defenses by appropriate motion and/or during trial.

THE SOCIETY RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON COMPLETION OF DISCOVERY.

WHEREFORE, the Society demands that judgment enter on its behalf together with costs, attorney's fees, and such other relief as this Court deems just and proper.

## **JURY DEMAND**

The defendant, the Society of Jesus of New England, demands a trial by jury on all claims and issues.

Respectfully submitted,

DEFENDANT, THE SOCIETY OF JESUS
OF NEW ENGLAND


By: /s/ Rebecca A. Cobbs
       William J. Dailey, Jr. (phv05018)
       Michael J. Kerrigan (phv05175)
       Lydia C. Knight (phv07399)
       Rebecca A. Cobbs (phv07398)
       Sloane & Walsh, LLP
       3 Center Plaza, 8th Floor
       Boston, MA 02108
       Phone:  (617) 523-6010
       Fax:     (617) 227-0927
       wdaileyjr@sloanewalsh.com
       mkerrigan@sloanewalsh.com
       lknight@sloanewalsh.com
       rcobbs@sloanewalsh.com

       Stephen M. Cowherd (ct19093)
       Jeffers Cowherd PC
       55 Walls Drive
       Fairfield, CT 06824
       Phone :  (203) 259-7900
       Fax:      (203) 259-1070
       scowherd@jeffers-law.com

Date:   January 11, 2018

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

The undersigned also certifies that on this date a copy of the foregoing was sent by mail to the following, care of their last known contact:

> Haiti Fund, Inc.
> c/o Michael McCooey
> Chairman
> 475 Polly Park Road
> Rye, NY  10580
>
> and
>
> Douglas Perlitz
> c/o David T. Grudberg, Esq.
> Carmody & Torrance, LLP
> 195 Church Street
> P.O. Box 1950
> New Haven, CT 06509-1950

/s/ Rebecca A. Cobbs_____
Rebecca A. Cobbs