UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERVIL ST. LOUIS,<br><br>    Plaintiff,<br>V.<br><br>DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A.; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; AND JOHN DOE SEVEN,<br><br>    Defendants. | LEAD CIVIL ACTION NO.:<br>3:13-cv-01132 (RNC)<br><br>Consolidated with:<br>3:13-cv-1225       3:13-cv-1768<br>3:13-cv-1269       3:13-cv-1769<br>3:13-cv-1437       3:13-cv-1881<br>3:13-cv-1480       3:13-cv-1904<br>3:13-cv-1626       3:13-cv-1906<br>3:13-cv-1627       3:13-cv-1907<br>3:13-cv-1628       3:14-cv-0125<br>3:13-cv-1629       3:14-cv-0668<br>3:13-cv-1630       3:14-cv-0815<br>3:13-cv-1631       3:14-cv-1436<br>3:13-cv-1632       3:14-cv-1530<br>3:13-cv-1633       3:14-cv-1569<br>3:13-cv-1634       3:14-cv-1570<br>3:13-cv-1635       3:14-cv-1615<br>3:13-cv-1636       3:14-cv-1962<br>3:13-cv-1637       3:14-cv-1964<br>3:13-cv-1638       3:14-cv-1967<br>3:13-cv-1639       3:14-cv-1969<br>3:13-cv-1640       3:14-cv-1979<br>3:13-cv-1641       3:15-cv-0526<br>3:13-cv-1642       3:15-cv-1084<br>3:13-cv-1644       3:15-cv-1155<br>3:13-cv-1645       3:15-cv-1533<br>3:13-cv-1647       3:15-cv-1648<br>3:13-cv-1648       3:15-cv-1846<br>3:13-cv-1701       3:16-cv-0418<br>3:13-cv-1767       3:17-cv-01872 |
| *This document applies to:  3:14-cv-00668-RNC; 3:13-cv-01701-RNC; 3:13-cv-01633-RNC and 3:14-cv-00125-RNC* | APRIL 2, 2018 |

**SUPPLEMENTAL MEMORANDUM OF LAW OF THE SOVEREIGN MILITARY
HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES
AND OF MALTA, AMERICAN ASSOCIATION, U.S.A.
IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. (the "American Association") submits this supplemental memorandum of law to address an issue that the Court raised during oral argument on the Defendants' motions for summary judgment on February 22, 2017, specifically, whether the Restatement (Third) of Torts should be applied to the Plaintiffs' negligent hiring, retention, direction, and supervision claims. It should not.

## I. LEGAL ARGUMENT

### A. Connecticut Has Not Adopted the Restatement (Third) of Torts

The Connecticut Supreme Court has not adopted the Restatement (Third) of Torts for negligence claims. Rather, it applies the principles set forth in the Restatement (Second) of Torts to such claims. "A federal court sitting in diversity must follow the law as enunciated by the [highest court] of the state whose law is found to be applicable . . . ." *Calvin Klein Ltd. v. Trylon Trucking Corp.*, 892 F.2d 191, 195 (2d Cir. 1989) (quoting *Plummer v. Lederle Labs.*, 819 F.2d 349, 355 (2d Cir.), *cert. denied*, 484 U.S. 898 (1987)); *see also The Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 329 (2d Cir. 2005) ("we give the fullest weight to pronouncements of the state's highest court . . . while giving proper regard to relevant rulings of the state's lower courts").

In *Fraser v. Wyeth, Inc.*, 992 F. Supp. 2d 68 (D. Conn. 2014), Wyeth urged the court to apply the design defect test set forth in the Restatement (Third) of Torts: Product Liability § 6(c); Judge Arterton declined. "Absent any indication from any court in this state that the Connecticut Supreme Court would likely adopt Wyeth's proposed design defect [test] instead of the modified consumer expectation test set forth in *Potter*, this federal court, sitting in diversity, declines to do so." *Id.* at 83-84 (citing *Runner v. New York Stock Exch.*, 586 F.3d 383, 386 (2d Cir. 2009) ("[O]ur role as a federal court sitting in diversity is not to adopt innovative theories that may

distort established state law. Instead we must carefully predict how the state's highest court would resolve the uncertainties that we have identified.") (quoting *Carpenter*, 411 F.3d at 329)).

The Connecticut Supreme Court recently reaffirmed the application of the Restatement (Second) of Torts to negligence claims. *See, e.g.*, *Doe v. Boy Scouts of Am. Corp.*, 323 Conn. 303, 316 (2016) (applying the legal principles set forth in the Restatement (Second) of Torts to negligence claims) (citing *Doe v. Saint Francis Hosp. & Med. Ctr.*, 309 Conn. 146, 176 (2013)).[1] Although the Connecticut Supreme Court has occasionally cited the Restatement (Third) of Torts as further support for certain of its conclusions, it has not adopted the Restatement (Third) of Torts as the legal standard to be applied to negligence claims. *See infra* at 3-5. Indeed, in *Cannizzaro v. Marinyak*, 312 Conn. 361 (2014), a negligent supervision case, the Connecticut Supreme Court specifically declined the opportunity to adopt the Restatement (Third) of Torts in determining the duty owed to third persons based on a special relationship. *Id.* at 368 n.3 ("The plaintiff asserts that this court should adopt § 41 of the Restatement (Third) of Torts, Liability for Physical and Emotional Harm (2012), and look to that section for additional guidance regarding the duty owed to third persons based on a special relationship. We decline to do so at this time.").[2]

Here, this Court, sitting in diversity, must follow the applicable holdings of the Connecticut Supreme Court and apply the principles set forth in the Restatement (Second) of Torts and the relevant Connecticut case law interpreting those principles in determining the Plaintiffs' negligent hiring, retention and supervision claims. *Calvin Klein Ltd.*, 892 F.2d at 195.

---

[1] Notably, neither the Plaintiffs nor any of the Defendants relied on the Restatement (Third) of Torts in their summary judgment briefing.
[2] This past December, the Connecticut Supreme Court similarly declined to adopt the Restatement (Third) of Torts for products liability claims. *See, e.g.*, *Bifolck v. Philip Morris, Inc.*, 324 Conn. 402, 408 (2016).

### B. Citations to the Restatement (Third) of Torts by Connecticut Courts Do Not Reflect an Intention by the Connecticut Supreme Court to Adopt the Restatement (Third) of Torts In Place of the Restatement (Second) of Torts

Mere citations to the Restatement (Third) of Torts by Connecticut courts do not reflect an intention of the Connecticut Supreme Court to adopt the Restatement (Third) of Torts in place of the Restatement (Second). For instance, *Ruiz v. Victory Props., LLC*, 315 Conn. 320 (2015), was an action brought by the plaintiff against her landlord for injuries that her daughter sustained when her ten-year-old neighbor carried a piece of concrete from their shared backyard to his family's third floor apartment and dropped it onto the plaintiff's daughter's head from the apartment balcony. *Ruiz*, 315 Conn. at 323. The trial court granted summary judgment, concluding that the defendant did not owe the plaintiff a duty of care because no reasonable juror could find that her injuries were a foreseeable consequence of the alleged negligence. *Id.* The Appellate Court reversed, concluding that the trial court erred in evaluating whether the plaintiffs' injuries were foreseeable because it failed to consider whether the harm suffered was within the general scope of the risk created by the defendant's failure to remove potentially dangerous debris from the backyard and, instead, improperly focused on the specific manner in which the injuries occurred. *Id.* at 326-27.

The Connecticut Supreme Court affirmed the Appellate Court's ruling, reasoning that "[b]ecause reasonable people can disagree as to whether the defendant should have anticipated that a child playing in the common backyard reasonably might be injured by another child's mishandling of the broken concrete or other debris that had accumulated there, the plaintiff is entitled to have the jury decide that question." *Id.* at 336. In so holding, the court relied on longstanding Connecticut precedent that, in determining the foreseeability prong of the two-pronged test for the existence of a legal duty, the question of whether an injury is reasonably foreseeable "ordinarily gives rise to a question of fact for the finder of fact, and this issue may be

3

decided by the court only if no reasonable fact finder could conclude that the injury was within the foreseeable scope of the risk such that the defendant should have recognized the risk and taken precautions to prevent it." *Id.* at 329 (citing *Vendrella v. Astriab Family Ltd. P'ship*, 311 Conn. 301, 331-32 and n.25 (2014); *Gutierrez v. Thorne*, 13 Conn. App. 493, 501 (1988)). The Court also cited its own precedents holding that the focus of the foreseeability inquiry should be on the general nature of the harm and not the specific manner in which the injury occurred. *Id.* at 334-35 (citations omitted). The Court further noted that:

> Comment (i) to § 29 of the Restatement (Third) of Torts underscores this point: "Courts often respond to efforts by advocates to employ excessive detail in characterizing the type of harm in order to make it appear more unforeseeable with the dictum that the manner of harm is irrelevant. Factfinders, no doubt, respond to these efforts with their own judgment and common sense to decide the appropriate specificity with which to assess the scope of liability."

*Id.* at 335-36 (quoting 1 Restatement (Third) of Torts, Liability for Physical and Emotional Harm § 29 cmt. (i), at 504 (2010)).

In *Ruiz*, the Supreme Court did ***not*** adopt the Restatement (Third) of Torts for negligence claims. Rather, the Court cited one comment in one section of the Restatement (Third) of Torts as further support for its conclusion that, in that case, a jury should determine whether the injury to the plaintiff's daughter was foreseeable—a conclusion that was already supported by binding Connecticut precedent. *Id.* Similarly, in *Metro. Prop. & Cas. Ins. Co. v. Deere & Co.*, 302 Conn. 123 (2011), the Connecticut Supreme Court cited certain principles set forth in the Restatement (Third) of Torts pertaining to products liability actions as further support for its conclusions, but never adopted the Restatement (Third). *See, e.g.*, *id.* at 141 and n.12. To the contrary, the court expressly declined to adopt the Restatement (Third) for products liability actions more than five

4

years after that case was decided. *See Bifolck*, 324 Conn. at 408.[3]

None of these cases establish that the Connecticut Supreme Court has adopted the Restatement (Third) of Torts for negligence claims. Indeed, in *Cannizzaro*, the Connecticut Supreme Court specifically declined to adopt the Restatement (Third) of Torts. 312 Conn. at 368 n.3. Further, negligence cases decided by the Connecticut Supreme Court after *Cannizzaro* have continued to rely on the Restatement (Second). S*ee, e.g.*, *Boy Scouts of Am.*, 323 Conn. at 316.

### C. *Ruiz* Does Not Apply to the Determination That This Court Must Make

During oral argument, the Court inquired whether, under the Restatement (Third) of Torts, the jury rather than the Court must determine whether a duty exists where reasonable people may disagree as to whether a harm was foreseeable. (*See* Oral Argument Transcript, at 21-23, the relevant portions of which are attached hereto as Ex. 1.) The court in *Ruiz* made a similar observation. *See* 315 Conn. at 336. But the court in *Ruiz* was required to address only the foreseeability prong of the two-pronged test for the existence of a duty of care. As a result, *Ruiz* cannot control the determination that this Court must make with respect to the American Association's Motion for Summary Judgment.

The test for the existence of a legal duty of care requires (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have

---

[3] Other lower courts have also referenced the Restatement (Third) of Torts, but also only as further support for that court's holdings. *See e.g.*, *Hayes (Estate of Hayes) v. Caspers, Ltd.*, 90 Conn. App. 781, 792-93 (2005) (noting that the proposed draft of the Restatement (Third) of Torts § 29 "provides yet another basis for sustaining the validity of the court's instructions to the jury in this case"); *Malloy v. Sally Beauty Supply, LLC*, No. KNLCV166027295S, 2017 Conn. Super. LEXIS 18, at *5-6 (Conn. Super. Ct. Jan. 5, 2017) (noting that Restatement (Third) of Torts § 4 is consistent with the "rather ancient" holding that emotional distress is recoverable under a negligence theory only as a result of physical injury); *Doe v. Town of Wolcott*, No. UWYCV126013133S, 2014 Conn. Super. LEXIS 519, at *14-15 (Conn. Super. Ct. Mar. 4, 2014) (citing Restatement (Second) of Torts §§ 314 and 320 for the special relationships that, if existing, require one party to render protection to the other, and noting these special relationships are confirmed by comment 1 to the proposed version of Restatement (Third) of Torts § 40). Importantly, intermediate and lower courts are "bound by Supreme Court precedent and are unable to modify it." *Coyle Crete, LLC v. Nevins*, 137 Conn. App. 540, 560-61 (2012) ("[W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions.").

known, would anticipate that harm of the general nature of that suffered was likely to result, *and* (2) a determination, on the basis of public policy, of whether the defendant's responsibility for the negligent conduct should extend to the particular consequences or particular plaintiff in the case. *Murdock*, 268 Conn. at 566. Although a lack of foreseeability forecloses the existence of a duty of care, the converse is not true: "'the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable *does not, in itself, create a duty of care*.'" *Ryan Transp., Inc. v. M&G Assocs.*, 266 Conn. 520, 528 (2003) (emphasis added) (quoting *Waters v. Autuori*, 236 Conn. 820, 827 (1996)). "[W]hen a duty is not found to exist under the public policy prong of the test, there is no need to perform an analysis under the foreseeability prong." *Id*. at 529 (citing *Gomes v. Comm. Union Ins. Co*., 258 Conn. 603, 618 n.11 (2001)).

In *Ruiz*, the court addressed only the foreseeability prong of the two-pronged test. Specifically, the defendant argued that it did not owe the plaintiff a duty because a reasonable landlord in the defendant's position would not have foreseen that a child would injure another child by carrying a piece of concrete up three flights of stairs and throwing it off of a balcony. *Ruiz*, 315 Conn. at 326. The court in *Ruiz* did not address the public policy prong of the test because a special relationship existed between the plaintiff tenant and the defendant landlord and because the injury occurred on the defendant landlord's premises. *Id.* at 329 ("[I]t is well established that a landlord owes a duty to maintain the common areas of an apartment building in a reasonably safe condition for the benefit of the tenants who reside in the building.") (citation omitted). Here, this Court must determine *under the public policy prong of the test* whether the American Association had a special relationship with either the Plaintiffs or Perlitz, such that it owed the Plaintiffs a duty of care.

As discussed more fully in the American Association's previously-filed memoranda, there generally is no duty that obligates one party to aid or protect another party. *Murdock v.*

*Croughwell*, 268 Conn. 558, 566 (2004) (citing Restatement (Second) of Torts § 314). A narrow exception to this general rule arises when a definite relationship between the parties is of such a character that public policy justifies the imposition of a duty to aid or protect another. *Id*. (citing W. Prosser & W. Keeton, Torts § 56, at 373-74 (5th ed. 1984)). In the absence of a "special relationship of custody or control, there is no duty to protect a third person from the conduct of another." *Fraser v. United States*, 236 Conn. 625, 632 (1996). For all of the reasons discussed in the American Association's reply memorandum, no such special relationship exists to warrant imposing a duty of care on the Association. (*See* Am. Assn.'s Reply Memo., Doc. No. 964, at 13-20.)

Furthermore, even though the Connecticut Supreme Court has not adopted it, the American Association cannot be said to have been in a special relationship with another to justify imposing a duty of care under the Restatement (Third). Restatement (Third) of Torts § 40, Duty Based on Special Relationship to Another, provides:

>     (a)   An actor in a special relationship with another owes the other a duty of reasonable care with regard to risks that arise within the scope of the relationship.
>     (b)   Special relationships giving rise to the duty provided in Subsection (a) include:
>           (1)   a common carrier with its passengers,
>           (2)   an innkeeper with its guests,
>           (3)   a business or other possessor of land that holds its premises open to the public with those who are lawfully on the premises,
>           (4)   an employer with its employees who, while at work, are:
>                 (a)   in imminent danger; or
>                 (b)   injured or ill and thereby rendered helpless,
>           (5)   a school with its students,
>           (6)   a landlord with its tenants, and
>           (7)   a custodian with those in its custody, if:
>                 (a)   the custodian is required by law to take custody or voluntarily takes custody of the other;
>                 (b)   the custodian has a superior ability to protect the other.

Restatement (Third) of Torts § 40.[4] None of these special relationships apply to the American Association. (*See* Am. Assn.'s Reply Memo., Doc. No. 964, at 19-20.)

Restatement (Third) of Torts § 41, Duty to Third Parties Based on Special Relationship with Person Posing Risks, provides:

>   (a)   An actor in a special relationship with another owes a duty of reasonable care to third parties with regard to risks posed by the other that arise within the scope of the relationship.
>   (b)   Special relationships giving rise to the duty provided in Subsection (a) include:
>       (1)   a parent with dependent children,
>       (2)   a custodian with those in its custody,
>       (3)   an employer with employees when the employment facilitates the employee's causing harm to third parties, and
>       (4)   a mental-health professional with patients.

Restatement (Third) of Torts § 41.[5] Again, none of these special relationships apply to the American Association. (*See* Am. Assn.'s Initial Memo., Doc. No. 834-1, at 5-6, 10-15; Am. Assn.'s Reply Memo., at 17.) The only special relationship that could possibly apply, based on the allegations of the Plaintiffs' complaints, is Subsection (b)(3), but the undisputed facts demonstrate that the American Association did not hire, supervise, or employ Perlitz. (*See* Am. Assn.'s Initial Memo., at 3-10; Am. Assn.'s Reply Memo., at 8-10.) Summary judgment should enter in the American Association's favor.

> **D.   This Court, Not a Jury, Must Determine Whether a Special Relationship Existed That Warrants Imposing a Duty of Care on the American Association**

This Court, not a jury, must determine whether the public policy prong of the test for the existence of a legal duty is met, *i.e.*, whether a special relationship existed that warrants imposing a duty of care on the American Association as to the Plaintiffs. Under Connecticut law,

---

[4] This section replaces Restatement (Second) of Torts §§ 314A and 344. *Id.* cmt. a.
[5] This section replaces Restatement (Second) of Torts §§ 315(a), 316, 317 and 319. *Id.* cmt. a. Restatement (Second) of Torts § 318, which imposes a duty of reasonable care upon landowners to control the conduct of their licensees, which is also inapplicable here, has been replaced by Restatement (Third) of Torts § 51. *Id.*

8

"'[t]he existence of a duty is a question of law and only if such a duty exists does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant.'" *Grenier v. Comm'r of Transp.*, 306 Conn. 523, 538-39 (2012) (quoting *Gomes v. Commercial Union Ins. Co.*, 258 Conn. 603, 614-15 (2001)); *see also Ryan Transp.*, 266 Conn. at 525 ("'Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action.'") (quoting *Laflamme v. Dallessio*, 261 Conn. 247, 251 (2002)). Furthermore, even though the Connecticut Supreme Court has not adopted the Restatement (Third) of Torts, the new version of the Restatement provides further support for this proposition. *See* Restatement (Third) of Torts § 40 cmt. e. ("Whether or not a particular type of relationship supports a duty of care is a question of law for the court.").

In *Grenier*, the fraternity defendants argued that they owed no duty to the plaintiff, who was a fraternity pledge, because there is no duty to act for the protection of others in the absence of a special relationship and no such special relationship existed. *Grenier*, 306 Conn. at 538-40. After noting that the existence of a duty is a question of law and analyzing the provisions of Restatement (Second) of Torts §§ 314, 314A, and 317, the Connecticut Supreme Court concluded that the relationship between a fraternity and its members and pledges is not one that imputes a duty to protect in all circumstances. *Id.* at 540. In the absence of circumstances creating such a special relationship, the court held that the defendant fraternity did not owe the plaintiff a duty of care.[6] *Id.*

The same result is warranted here. No facts give rise to a special relationship that would

---

[6] The Association did not locate any Connecticut case law in which the issue of whether a special relationship existed to warrant the imposition of a legal duty was determined to be a question of fact for the jury.

warrant the imposition of a duty of care on the part of the American Association. (*See supra* at 7-8.) As such, this Court should hold that the American Association did not owe the Plaintiffs any duty and, therefore, is entitled to summary judgment.

## II. CONCLUSION

For all of the foregoing reasons, and the reasons set forth in their previously-filed memorandum, the Defendant Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A's Motion for Summary Judgment should be granted.

**DEFENDANT,**
**THE SOVEREIGN MILITARY**
**HOSPITALLER ORDER OF ST. JOHN OF**
**JERUSALEM OF RHODES AND OF MALTA,**
**AMERICAN ASSOCIATION, U.S.A.,**

By*:  /s/ Elizabeth R. Leong*
   Bradford S. Babbitt (ct13938)
   bbabbitt@rc.com
   Elizabeth R. Leong (ct24453)
   eleong@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT  06103-3597
   Phone:  (860) 275-8200
   Fax:  (860) 275-8299

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2018, a copy of the foregoing Supplemental Memorandum of Law of the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. in Further Support of its Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

I further certify that on April 2, 2018, a copy of the foregoing was provided by Regular U.S. Mail, as follows:

> Defendant Douglas Perlitz c/o David T. Grudberg, Esq.
> Carmody & Torrance, LLP
> 195 Church Street
> P.O. Box 1950
> New Haven, CT 06509-1950
>
> Defendant Haiti Fund, Inc. c/o Michael McCooey
> Chairman, Haiti Fund, Inc.
> 475 Polly Park Road
> Rye, NY 10580

*/s/ Elizabeth R. Leong*
Elizabeth R. Leong