**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GERVIL ST. LOUIS, a/k/a ST. LOUIS GERVIL,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOHN DOE SEVEN,<br><br>Defendants. | Civil Action No.: 3:13-cv-01132 (RNC) |
| This document applies to:<br>*Lecenat v. Perlitz, et al.*, 3:13-cv-01633-RNC<br>*Deriza v. Perlitz, et al.*, 3:14-cv-00668-RNC | January 25, 2019 |

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND THEIR COMPLAINTS PURSUANT TO RULE 15(a)(2)

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Gesner Lecenat a/k/a Lecenat Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a Derizard Jason Maxwel (together, the "Plaintiffs") respectfully move the Court for leave to file their First Amended Complaint and Jury Trial Demand ("Amended Complaint," attached hereto as Exhibit A) against the Defendants Douglas Perlitz; Fairfield University, the Society of Jesus of New England (the "New England Jesuit Order"), the Haiti Fund, Inc. (the "Haiti Fund"), the Sovereign

1

Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. (a/k/a Order of Malta, American Association, USA) (the "Order of Malta"), Hope Carter ("Carter"), and Father Paul E. Carrier, S.J. ("Father Carrier") (collectively, "Defendants") and in support thereof state:

1. Plaintiffs and their counsel are pleased to report that the parties, subject to Court approval, have reached a global settlement of the actions brought by Plaintiffs, the other actions that have been consolidated with these actions, and the claims of all other persons who were sexually abused by Defendant Douglas Perlitz or anyone else affiliated with the school and programs commonly known as "Project Pierre Toussaint" or "PPT." That settlement is embodied in a Settlement Agreement that provides for creation of a Settlement Fund in the amount of $60,000,000 and a separate Settlement Administration Fund in the amount of $1,200,000. As of the date of this filing, Defendants have fully funded both the Settlement Fund and the Settlement Administration Fund. Plaintiffs will be filing shortly a motion for preliminary approval of the Settlement Agreement and entry of a Preliminary Approval Order.[1]

2. These cases arise from the sexual molestation of over 100 Haitian boys, including Plaintiffs Gesner Lecenat a/k/a Lecenat Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a Derizard Jason Maxwel, by Defendant Douglas Perlitz ("Perlitz"), while Perlitz was operating a residential school which, Plaintiffs allege, was under the auspices and supervision of Defendants Fairfield University, the Society of Jesus of New England (the "New England Jesuit Order"), the Haiti Fund, Inc. (the "Haiti Fund"), the Sovereign Military Hospitaller

---

[1] The description of the settlement included herein is solely for information purposes. The full terms of the settlement are set forth in the Settlement Agreement, exhibits and related documents, which take precedence of the description herein.

2

Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. (a/k/a Order of Malta, American Association, USA) (the "Order of Malta"), Hope Carter ("Carter"), and Father Paul E. Carrier, S.J. ("Father Carrier").

3. As set forth more fully in the Plaintiffs' complaints and in the proposed Amended Complaint, which is attached as Exhibit A, Perlitz was convicted in 2011 of violating 18 U.S.C. § 2423(b), Travel With Intent To Engage In Illicit Sexual Conduct, after he had molested numerous children in his care over a period of many years. Plaintiffs allege that the other Defendants did not take any steps whatsoever to prevent or stop the abuse.

4. Plaintiffs, along with other Perlitz victims, have filed lawsuits in this Court arising out of the abuse. After the completion of all discovery, and while motions for summary judgment were pending, the parties engaged in mediation which, after extensive arms' length negotiations, resulted in execution of the Settlement Agreement. Plaintiffs and their counsel believe that the proposed settlement offers significant benefits to the Plaintiffs, and that it is fair, reasonable, adequate, and is in the best interests of all plaintiffs in the consolidated actions and other victims of abuse at PPT. Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and contend they have valid defenses to the claims, but have concluded that settlement is desirable in order to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential claims of all plaintiffs, other alleged victims identified by Plaintiffs' counsel, and all other persons who claim to have been subjected to sexual abuse by Perlitz or anyone else affiliated with PPT and who may claim that any Defendant bears legal responsibility with respect to such abuse.

5. The settlement reached by the parties calls for Plaintiffs to amend their

3

complaints to puruse their claims on behalf of themselves and all others similarly situated, and thus to add class action allegations to their pleading. The settlement, if approved by the Court, will be effectuated through the certification of a settlement class as described in the proposed Amended Complaint, and the procedures set forth in the Settlement Agreement by which victims of sexual abuse may assert claims against the Settlement Fund. All Qualifying Settlement Class Members will receive a pro rata share of the Settlement Fund, less amounts used to pay attorneys' fees and costs awarded and paid to Class Counsel, and administrative costs to the extent they exceed the amount of the Settlement Administration Fund. The approximately 133 persons who either have filed an action that is part of these consolidated actions, or have separately been identified by Plaintiffs' counsel and who have been interviewed by or provided fact sheets to Defendants' counsel, are deemed "Vetted Settlement Class Members" and, if they submit a properly-filled out claim form, will be deemed Qualifying Settlement Class Members. Other persons also may file claims and, if such claims are allowed, will also be deemed Qualifying Settlement Class Members. The settlement will be a full and complete resolution of all claims that have been, could be, or could have been brought by any class member against any Defendant on account of any person claiming to have been subjected to sexual abuse by Perlitz or anyone else affiliated with PPT and who may claim that any Defendant bears legal responsibility with respect to such abuse, excepting only those persons who file timely, valid opt-out notices.

6. Defendants consent to this motion solely for purposes of facilitating amendments to Plaintiffs' complaints to effectuate the proposed settlement described herein.

7. As the proposed amended complaint demonstrates, Plaintiffs are not adding new parties nor are they adding new counts or damages claims.

4

8. A party may amend its complaint with leave of court. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

9. In this case, justice requires that Plaintiffs amend their complaint so that Rule 23 allegations can be added, in order to effectuate the proposed settlement. Plaintiffs request that, as part of the Preliminary Approval Order, the Court conditionally certify the proposed class as a Settlement Class. In the event the settlement is not approved, the parties have agreed that the conditional certification will be null and void, that the Amended Complaint will be withdrawn, and that the original Complaints will remain the operative pleadings in Plaintiffs' cases. Plaintiffs consulted with counsel for Defendants, and Defendants do not oppose this motion.

WHEREFORE, Plantiffs respectfully request that, effective upon entry of the Preliminary Approval Order, the Court grant Plaintiffs' motion for leave to file their amended complaint and deem the attached Amended Complaint filed *instanter* and for such further relief as this Court deems proper.

Dated: January 25, 2019

Mitchell Garabedian (phv04676)
garabedianlaw@msn.com
William H. Gordon (phv04677)
wgordon@garabedianlaw.com
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250

/s/ Andrea Bierstein
Paul J. Hanly, Jr. (phv04680)
phanly@simmonsfirm.com
Jayne Conroy (phv04679)
jconroy@simmonsfirm.com
Andrea Bierstein (phv04678)

5

abierstein@simmonsfirm.com
SIMMONS HANLY CONROY
112 Madison Ave., 7th floor
New York, New York 10016
Phone: (212) 784-6400

Attorneys for Plaintiffs and the Putative Class

Steven J. Errante (ct04292)
SErrante@ltke.com
Marisa A. Bellair (ct23802)
MBellair@ltke.com
LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.
P.O. Box 1612
52 Trumbull Street
New Haven, CT 06510
Phone: (203) 787-0275
Fax: (203) 782-0278

Attorneys for Plaintiffs

6

## CERTIFICATE OF SERVICE

I certify that on January 25, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by first-class mail to all parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

I further certify that on January 25, 2019, the foregoing document was sent by first-class mail, postage prepaid, to:

(1) Counsel for Defendant Douglas Perlitz at the below address:
David T. Grudberg, Esq.
Carmody & Torrance, LLP
195 Church St.
PO Box 1950
New Haven, Conn. 06509-1950

(2) Defendant Haiti Fund, Inc. at the below address:
Haiti Fund, Inc.
c/o Mr. Michael McCooey
Chairman
475 Polly Park Road
Rye, NY 10580

/s/   Mitchell Garabedian
      Mitchell Garabedian