# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GESNER LECENAT a/k/a LECENAT GESNER | ) | |
| JASON MAXWEL DERIZA a/k/a DERIZA JASON | ) | CIVIL ACTION NOS. |
| MAXWEL a/k/a JASON MAXWEL DERIZARD a/k/a | ) | 3:13-cv-01633-RNC; |
| DERIZARD JASON MAXWEL | ) | 3:14-cv-00668-RNC |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS PERLITZ, et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## SETTLEMENT AGREEMENT

Plaintiffs in the above-captioned cases, Gesner Lecenat a/k/a Lecenat Gesner and

Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a

Derizard Jason Maxwel ("**Representative Plaintiffs**"), together with their counsel, and

the defendants who have appeared in these cases, namely, Father Paul E. Carrier, S.J.;

Hope E. Carter; Fairfield University; The Society of Jesus of New England, Inc.; and

Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta,

American Association, U.S.A., Inc. a/k/a Order of Malta, American Association USA

(collectively "**Defendants**"), hereby enter into this Settlement Agreement providing,

subject to the approval of the Court, for the settlement of the claims herein described

against Defendants.

## I. BACKGROUND

**A. Prior litigation.** In December of 2010, Douglas Perlitz ("**Perlitz**") was adjudged

guilty of violating 18 U.S.C. § 2423(b), Travel with Intent to Engage in Illicit Sexual

Conduct, and was sentenced by the United States District Court for the District of Connecticut to serve 19 years and 7 months in prison. In 2011, a group of former students at Project Pierre Toussaint in Cap Haitien, Haiti brought suit in the District of Connecticut against Defendants as well as against Perlitz and The Haiti Fund, Inc. alleging that they were victims of Sexual Abuse, as defined below, by Perlitz that resulted in personal, mental, and physical injuries to them and alleging that such Sexual Abuse was caused by or related to acts or omissions of the Defendants, as well as of Perlitz and The Haiti Fund, Inc. Those actions were consolidated under the lead case captioned *Jean Charles v. Perlitz*, 3:11-cv-00614-RNC (D. Conn.). In 2013, a total of 24 claimants, including the plaintiffs in the consolidated *Jean-Charles* cases, settled and released their claims against Defendants, and the *Jean-Charles* cases were subsequently dismissed.

      **B. This Action.** Representative Plaintiffs brought lawsuits against Defendants and non-appearing defendants Perlitz and The Haiti Fund, Inc. in November 2013 and May 2014, respectively, alleging that they were the victims of Sexual Abuse by Perlitz which resulted in personal, mental, and physical injuries to them while attending the school(s) and/or orphanage alleged to have been owned, operated, controlled, supported, and/or sponsored by Defendants (commonly known as "**Project Pierre Toussaint**" or "**PPT**") from January 1, 1996 through July 1, 2009. Representative Plaintiffs assert claims for violations of 18 U.S.C. § 2423(b) (Travel with Intent to Engage in Illicit Sexual Conduct) and seek civil remedies pursuant to 18 U.S.C. § 2255 for such violations. Representative Plaintiffs also assert claims pursuant to 18 U.S.C. § 1595 and seek civil remedies and attorneys' fees. Finally, Representative Plaintiffs assert common law claims for negligent hiring, retention, direction, and supervision and for breach of fiduciary duty. The Representative Plaintiffs' lawsuits have been procedurally consolidated with actions

brought by approximately 50 other Plaintiffs who have made similar allegations and asserted similar claims. In addition, 83 other individuals have claimed that they were victims of Sexual Abuse by Perlitz and have indicated an intent to bring similar claims.

**C. The Parties' Investigation.** Plaintiffs and Defendants, through their respective counsel, have conducted a thorough examination and investigation of the facts and law relating to the matters alleged in this Action. The discovery in the Action has included answers to interrogatories, production of documents by the parties and other fact witnesses, sixty-nine depositions (including twenty-three depositions of alleged victims of Perlitz), and multiple expert depositions. The Parties have also submitted extensive substantive briefing, including motions for summary judgment filed on behalf of all Defendants that have been fully briefed and argued before the Court. As part of the mediation process, Plaintiffs' counsel also submitted eighty-three fact sheets with supporting documentation on behalf of other alleged victims of Perlitz. Of those eighty-three alleged victims, Defendants questioned thirty-five randomly-selected alleged victims for multiple hours to further investigate their claims.

**D. The Mediation.** This Settlement Agreement was reached only after extensive, arm's-length negotiations conducted in a formal mediation. The Parties engaged in two mediation sessions conducted by Warren Fitzgerald, Esq., with each session lasting two days.

**E. Defendants' Position on Settlement.** Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and contend that they have valid defenses to the claims asserted in the Action. Defendants, however, have concluded that settlement is desirable in order to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and

completely, all pending and potential claims of all Plaintiffs, other alleged victims identified by Plaintiffs' Counsel, and all other persons who may claim to have been subjected to Sexual Abuse by Perlitz or anyone else affiliated in any manner whatsoever with PPT and who may claim that any Defendant bears legal responsibility with respect to such abuse.

**F. Plaintiffs' Position on Settlement.** Plaintiffs' Counsel believe that, in consideration of all the circumstances and after prolonged and serious arm's-length settlement negotiations with Defendants' Counsel, the proposed settlement embodied in this Settlement Agreement offers significant benefits to the Plaintiffs, and that it is fair, reasonable, and adequate, and is in the best interest of all Plaintiffs.

**G. Evidentiary Effect of Settlement Agreement.** This Settlement Agreement is a compromise of disputed claims, and the Parties and their counsel agree that this Settlement Agreement may not be deemed or construed to be, in this or any other action or proceeding, an admission or evidence of any violation of any statute or law or legal duty or of any liability or wrongdoing by any Defendant, of the truth of any of the Claims or allegations asserted or which could have been asserted in the Action, or of the amount of any such Claim or allegation.

## II.  DEFINITIONS

As used in this Settlement Agreement and in its accompanying Exhibits, the following terms have the meanings set forth below.  Where appropriate, terms used in the singular will be deemed to include the plural and vice versa.

**A.**    **Action** means the above-captioned proceedings, along with all of the cases consolidated with them.

**B.**    **Claim Form** means any of Claim Form 1, Claim Form 2 and Claim Form 3.

**C.** **Claim Form** 1 means the settlement claim form to be submitted by Vetted Settlement Class Members who have currently pending lawsuits, substantially in the form attached as Exhibit A, to be approved by the Court.

**D.** **Claim Form 2** means the settlement claim form to be submitted by Vetted Settlement Class Members who have not filed lawsuits, substantially in the form attached as Exhibit B, to be approved by the Court.

**E.** **Claim Form 3** means the settlement claim form to be submitted by any person claiming to be a Settlement Class Member who is not a Vetted Settlement Class Member, substantially in the form attached as Exhibit C, to be approved by the Court. As set forth in Exhibit C, any person submitting Claim Form 3 shall thereby agree to release any and all claims against the Released Parties and shall acknowledge and agree that submission of the Claim Form does not guarantee that the claimant will share in any proceeds of the Settlement Fund.

**F.** **Claims** means any and all actual and potential claims, complaints, demands, debts, obligations, judgments, suits, actions, causes of actions, damages, grievances, liens, losses, controversies, agreements, promises, obligations, costs, attorneys' fees, rights, fines, penalties, expenses, or assessment of any nature whatsoever, any other liabilities of any sort and description, direct or indirect, at law, in equity, or otherwise, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including claims based on any type or kind of loss, injury, or liability whatsoever, that Plaintiffs have asserted, could have asserted, or could assert at any time in the future against the Released Parties, based upon acts or omissions occurring at any time up to the Effective Date that may have resulted in damages or which may result in future damage or injuries of any type or kind, whether such damages

or injuries occur before or after the Effective Date. Claims also include any claims between and among any Defendant and any other Defendant or any other defendant in the Action arising out of or related to any allegations in the Action. For the avoidance of doubt, nothing in this Settlement Agreement releases any claims between any Defendant and its insurer(s).

**G.** **Claims Administration** means the tasks recited in Section III. D, E, F, and H to be performed by the Claims Administrator and Claims Assessor, including but not limited to (a) facilitating notice to the Settlement Class, (b) receiving and reporting on Opt-Out Notice forms submitted by members of the Settlement Class, (c) producing, distributing, receiving, evaluating, and reporting on Claim Forms submitted by Settlement Class Members, (d) providing the services of the Claims Facilitator, (e) distributing the Settlement Fund in accordance with the Final Approval Order, (f) paying the fees and costs of the Claims Assessor and Claims Facilitator and any interpreter working with the Claims Facilitator, and (g) paying the fees and costs of Class Counsel out of the Settlement Fund, as approved by the Court in the Final Approval Order.

**H.** **Claims Administrator** means KCC Class Action Services, LLC or any affiliate ("**KCC**"), or such other person, entity, or organization selected by the Parties and approved by the Court to perform Claims Administration.

**I.** **Claims Assessor** means the person, entity, or organization selected by the Parties and approved by the Court to review and assess timely Claim Forms submitted by Settlement Class Members who are not Vetted Settlement Class Members.

**J.** **Claims Facilitator** means the person or people provided by the Claims Administrator to assist putative Settlement Class Members in submitting Claim Forms

and presenting their claims to the Claims Assessor for consideration. The Claims Facilitator will either speak fluent Haitian Kreyol or work with an interpreter who does. The Claims Facilitator will ensure that putative Settlement Class Members who submit a Claim Form understand the Claim Form and the claims process and will assist them in presenting information to the Claims Assessor but will have no duty to advocate on behalf of them or their claims.

**K.**     **Claims Period** means the time period through and including the Final Claims Bar Date, during which Settlement Class Members may submit Claim Forms to the Claims Administrator as set forth in the Claim Form and Class Notice.

**L.**     **Class Counsel** means the law firms Simmons Hanly Conroy LLC ("**SHC**") and Law Offices of Mitchell Garabedian ("**LOMG**"), who will jointly seek appointment from the Court to represent the Settlement Class.

**M.**     **Class Notice** means the Court-approved forms of notice to the Settlement Class, including but not limited to written notice in substantially the form and with substantially the content set forth in Exhibit D and Radio Publication Notice.

**N.**     **Class Period** means the period from January 1, 1996 through July 1, 2009.

**O.**     **Closing Date** means 360 days after the Effective Date, and is the date by which Claims Administration must be fully completed and closed, as set by the Court in the Final Approval Order.

**P.**     **Court** means the United States District Court for the District of Connecticut.

**Q.**     **Defendants** means those defendants who have appeared in the Action, namely, Father Paul E. Carrier, S.J. ("**Carrier**"); Hope E. Carter ("**Carter**"); Fairfield University ("**University**"); The Society of Jesus of New England, Inc. ("**Society**"); and the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta,

American Association, U.S.A., Inc. a/k/a Order of Malta, American Association USA ("**Malta**"). **Defendant** means any of the Defendants.

  **R.**  **Defendants' Counsel** means the firms of Murphy & King, PC; St. Onge, Steward, Johnston & Reens; Milano & Wanat; Finn Dixon & Herling LLP; Day Pitney LLP; Sloane & Walsh LLP; Jeffers Cowherd, PC; and Robinson & Cole LLP.

  **S.**  **Effective Date** means the day following the date on which the Final Approval Order is final and no longer subject to appeal.

  **T.**  **Final Approval Hearing** means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order.

  **U.**  **Final Approval Order** means the Court Order that approves this Settlement Agreement, and makes such other rulings as are contemplated by this Settlement Agreement, including dismissal of the Action.

  **V.**  **Final Claims Bar Date** means the date forty-five days from the commencement of the Class Notice, or such later date as may be agreed by the Parties after consultation with the Claims Administrator or ordered by the Court, by which Settlement Class Members must submit completed Claim Forms to participate in the Settlement.

  **W.**  **Final Determination Date** means the later of (1) the date on which the Claims Administrator and Claims Assessor have determined the validity of every Claim Form timely received by the Claims Administrator, or (2) the Effective Date.

  **X.**  **Initial Distribution** means an advance, partial payment of a Settlement Payment to be made to Qualifying Settlement Class Members whose claims are approved before the Closing Date.

**Y.**     **Objection Date** means the same date as the Final Claims Bar Date, by which date any Settlement Class Member who wishes to object to the Settlement Agreement's terms or provisions must submit written objections and any required statements, proof, or other materials or argument.

**Z.**     **Opt-Out Deadline** means the same date as the Final Claims Bar Date, by which date any Settlement Class Member who wishes to opt out must complete the acts necessary to opt out of the Settlement Class.

**AA.**     **Opt-Out Notice** means a written notice signed by a Settlement Class Member, dated, and submitted in accordance with the terms of the Class Notice, indicating that the individual person submitting the notice has chosen to opt out or be excluded from the Settlement Class.

**BB.**     **Parties** means the Plaintiffs and Defendants.  **Party** means any one of the Parties.

**CC.**     **Plaintiffs** means the Representative Plaintiffs, all other plaintiffs in the Action, and the Settlement Class Members.

**DD.**     **Plaintiffs' Counsel** means SHC and LOMG, or either of them.

**EE.**     **Preliminary Approval** of this Settlement Agreement means entry on the Court's docket by the Court of an order substantially in the form as Exhibit E attached hereto (the "**Preliminary Approval Order**"), preliminarily approving the terms and conditions of this Settlement Agreement.

**FF.**     **Qualifying Settlement Class Member** means any person who timely submits a Claim Form, does not elect to opt out of the Settlement Class, and is found by the Claims Administrator to be a Vetted Settlement Class Member, or is found by the Claims Assessor, in consultation with Class Counsel and such other persons with whom

the Claims Assessor deems it would be appropriate to consult, to be a Settlement Class Member with a valid claim for relief. In determining whether a person claiming to be a Settlement Class Member who is not a Vetted Settlement Class Member has a valid claim for relief, the Claims Assessor shall consider all evidence presented and weigh the following factors:

(a) The plausibility, believability, and corroborating evidence supporting the person's allegations of Sexual Abuse;

(b) Whether the person attended the school and/or orphanage commonly known as "Project Pierre Toussaint" and/or "PPT," or participated in programs at PPT;

(c) Whether the person was a minor at the time of any instance of Sexual Abuse, and, if not, whether any claim for relief brought by the person would be barred by the applicable statute of limitations; and

(d) Any other factor that the Claims Assessor, in consultation with Class Counsel and such other persons with whom the Claims Assessor deems it would be appropriate to consult, determines to be relevant in determining the validity of the person's claim for relief.

**GG.** **Radio Publication Notice** means the text of short-form notice to the Settlement Class to be broadcast on the radio in Cap Haitien, Haiti, as approved by the Court. The Radio Publication Notice must be in substantially the form, and with substantially the content, set forth in Exhibit F, as translated into Haitian Kreyol.

**HH.** **Released Parties** means Carrier; Carter; the University; The Haiti Fund, Inc.; the Society; Malta; Perlitz; the USA Northeast Province of the Society of Jesus; the New York Province of the Society of Jesus; the Southern Province of the Society of Jesus;

the Province of French Canada of the Society of Jesus; and all of their past, present, and future parent companies, subsidiaries, affiliated entities, organizations, companies, divisions, joint ventures, ecclesiastical subdivisions, societies, affiliated provinces, schools, parishes, directors, trustees, officers, shareholders, members, priests, religious, employees, agents (actual or apparent), volunteers, attorneys, insurers, heirs, executors, personal representatives and successors.

II.     **Representative Plaintiffs** means Gesner Lecenat a/k/a Lecenat Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a Derizard Jason Maxwel.

JJ.     **Settlement Agreement** means this Settlement Agreement.

KK.     **Settlement Class** means all persons who, during the Class Period, were subject to Sexual Abuse on the island of Hispaniola by Douglas Perlitz, Father Carrier, or any other person affiliated with the school, programs, facilities, or orphanage commonly known as "Project Pierre Toussaint" or "PPT" and who claim that such Sexual Abuse was caused by or related to any act or omission of any Defendant. Anything in this Settlement Agreement to the contrary notwithstanding, excluded from the Settlement Class are all persons who settled their claims in the cases consolidated with *Jean-Charles v. Perlitz*, No. 3:11-cv-00614-RNC, or in connection with those consolidated cases; and all persons who made claims in the Action and as to whom all such claims were dismissed.

LL.     **Settlement Class Member** means any member of the Settlement Class, regardless of whether he or she files a Claim Form.

MM.     **Settlement Fund** means the sum of Sixty Million Dollars which, together with interest earned thereupon, will be used to make Settlement Payments to Qualifying

Settlement Class Members and to pay attorneys' fees and costs that will be awarded and paid to Class Counsel as set forth in this Settlement Agreement.

**NN.** **Settlement Administration Fund** means the sum of One Million Two Hundred Thousand Dollars ($1,200,000.00), which, together with interest earned thereupon, will be used to pay costs of Claims Administration.

**OO.** **Settlement Payment** means the amount of money paid to each Qualifying Settlement Class Member. On behalf of the Settlement Class, Class Counsel will request that the Settlement Payment made to each Qualifying Settlement Class Member consist of a pro rata share of all money in the Settlement Fund that remains after deducting Class Counsel's fees and costs and any costs of Claims Administration that exceed the Settlement Administration Fund. Defendants will not object to that request.

**PP.** **Sexual Abuse** means all forms of sexual-related contact, molestation, touching, fondling, behavior, activity, interaction, exploitation, coercion, threats, and/or grooming; included in this definition are physical assault and/or battery in connection with such abuse.

**QQ.** **Structured Settlement Payment** means a periodic annuity payment from a life insurance carrier to a Qualifying Settlement Class Member pursuant to Paragraph III.B.4 of this Settlement Agreement, the specifics of which are identified in detail in Exhibit G ("**Terms of Structured Settlement Payments**").

**RR.** **Vetted Settlement Class Members** means all Settlement Class Members who either: (1) are plaintiffs who have currently pending lawsuits in the Court; (2) have answered questions posed by any Defendant at a deposition or at an interview scheduled by the Parties; or (3) have been the subject of a fact sheet submitted by SHC and/or LOMG to the Defendants for the purpose of selecting alleged victims to be interviewed

as part of a mediation process. Attached hereto as Exhibit H is a list of all Vetted Settlement Class Members. All Vetted Settlement Class Members have represented to SHC and/or LOMG that they intend to participate in the settlement and thus do not intend to opt out of the Settlement Class.  Any Vetted Settlement Class Member who submits a properly-filled out Claim Form shall be deemed to be a Qualifying Settlement Class Member.

## III.  SETTLEMENT TERMS

### A.  Funding the Settlement

1.     Each Defendant has agreed to pay a share of the Settlement Fund, adding up to the total amount of Sixty Million Dollars, in settlement of this Action.  The amount of each Defendant's share is set forth in a confidential funding side letter, and each Defendant's funding obligation is limited to its share. The Settlement Fund will be held in escrow by the Claims Administrator and will be used exclusively to pay (i) attorneys' fees and costs as approved by the Court; (ii) Settlement Payments; and (iii) any shortfall in the Settlement Administration Fund.

2.     Each Defendant has also agreed to pay a share of the Settlement Administration Fund, adding up to the total amount of One Million Two Hundred Thousand Dollars ($1,200,000.00), in settlement of this Action. The amount of each Defendant's share is set forth in a confidential funding side letter, and each Defendant's funding obligation is limited to its share. The Settlement Administration Fund will be held in escrow by the Claims Administrator and will be used exclusively to pay the costs of Claims Administration.

3. The Settlement Fund and the Settlement Administration Fund represent the entirety of the financial commitment of the Defendants, and no Defendant will be required to pay any additional money to Plaintiffs because of the Claims.

4. The Settlement Fund and the Settlement Administration Fund must be held in two separate interest-bearing escrow accounts. The accounts will be established and initially maintained by KCC, pending its appointment as Claims Administrator; and if a different Claims Administrator is appointed all funds in the accounts will be transferred to interest-bearing escrow accounts established and maintained by the Claims Administrator.

5. Each Defendant must deposit his, her, or its share of the Settlement Fund and the Settlement Administration Fund into the respective escrow accounts within 7 calendar days after the date on which this Agreement has been signed by all required signatories.

6. As set forth more fully in Paragraphs III.F.1 and 2 below, the Representative Plaintiffs, acting through Class Counsel, within 14 calendar days after the Settlement Fund and Settlement Administration Fund have been fully funded, must file a motion seeking leave to file an amended complaint to assert allegations in support of and to seek certification of the Settlement Class, and must also move for preliminary approval of the Settlement Agreement and related relief.

7. If the Settlement Fund and Settlement Administration Fund have not been fully funded within 14 calendar days after the date on which this Settlement Agreement has been executed by all required signatories, the Settlement Agreement will terminate. If the Settlement Agreement is terminated, all funds in the Settlement Fund and the Settlement Administration Fund (including interest earned thereupon but net of any

costs of Claims Administration incurred) must be returned to Defendants in accordance with instructions to be provided jointly by Defendants.

8.     All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Sections 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**B.     Benefits to Settlement Class Members**

1.     Every person claiming to be a Settlement Class Member may submit a Claim Form to become a Qualifying Settlement Class Member, following the procedures in the Class Notice.

2.     The Claims Facilitator will assist putative Settlement Class Members in preparing and submitting a Claim Form, as well as in presenting their Claims to the Claims Assessor.

3.     Every person claiming to be a Settlement Class Member who is not a Vetted Settlement Class Member shall have the option to be represented by that person's counsel of choice, at his or her own expense.

4.     Every Qualifying Settlement Class Member will receive a Settlement Payment.  Qualifying Settlement Class Members who are approved before the Closing Date may elect to receive an Initial Distribution.  Qualifying Settlement Class Members may also elect to receive a portion of their Settlement Payment as a Structured Settlement Payment, meaning a periodic payment issued to the payee from a life insurance carrier, the specifics as detailed in Exhibit G ("Terms of Structured Settlement Payments"). Before receiving a Settlement Payment, each Qualifying Settlement Class Member must personally sign and execute either a Claim Form or the Acknowledgment Form attached as Exhibit I.

5.      The Parties acknowledge that the Settlement Payment to each Qualifying Settlement Class Member represents full compensation for and on account of, among other things, alleged physical injuries and/or physical sickness and associated pain and suffering, emotional distress, and medical expenses of that Qualifying Settlement Class Member arising out of the Qualifying Settlement Class Member's Claims.

## C.      Certification of the Settlement Class for Settlement Purposes

1.      In accordance with the procedures set forth below, Representative Plaintiffs will file a motion pursuant to Fed. R. Civ. P. 15(a) seeking leave to file an amended complaint to assert allegations in support of and to seek certification of a Settlement Class. Representative Plaintiffs will then seek from the Court preliminary, followed by final, certification of the Settlement Class pursuant to Fed. R. Civ. P. 23 in order to effectuate this settlement.   At the same time that Representative Plaintiffs seek preliminary certification of the Settlement Class from the Court, SHC and LOMG will seek appointment by the Court as Class Counsel pursuant to Fed. R. Civ. P. 23(g). Representative Plaintiffs will seek certification of the Settlement Class as a Rule 23(b)(3) class. Defendants agree that they will not oppose Representative Plaintiffs' motion for leave to amend their respective complaints, their motions for preliminary and final class certification, their request to be appointed as class representatives, or the request for appointment of SHC and LOMG as Class Counsel.

2.      By agreeing not to oppose certification of the Settlement Class for settlement purposes, Defendants do not concede that class certification is appropriate. Defendants reserve their right to oppose class certification if for any reason the Effective Date does not occur and any Plaintiff seeks class certification of these claims for any purpose other than settlement.

3. Class Counsel may seek an award of attorneys' fee from the Court in the amount of up to and including 33 1/3% of the Settlement Fund, as limited by and consistent with the provisions of Connecticut General Statutes § 52-251c. Class Counsel may also seek reimbursement of their reasonable costs and expenses actually incurred in the litigation of the Action. Any attorneys' fees, costs, and expenses awarded by the Court will be payable only from the Settlement Fund.

**D.     Administration of Claims**

1. Based upon the Claim Form and any other written material supplied by each Vetted Settlement Class Member, the Claims Administrator shall determine whether the form has been properly and validly completed. Every Vetted Settlement Class Member who submits a validly completed Claim Form shall be deemed a Qualifying Settlement Class Member.

2. Based upon the Claim Form and any other written material supplied by each person claiming to be a Settlement Class Member who is not a Vetted Settlement Class Member, the Claims Assessor will determine whether the person claiming to be a Settlement Class Member has submitted adequate proof to establish that he or she is a Qualifying Settlement Class Member, as set forth in Paragraph II.FF above.

3. No Settlement Payment may be disbursed to any person or entity, including without limitation a claim filing service, purporting to act on behalf of or in a representative capacity for a Qualifying Settlement Class Member pursuant to a power of attorney, assignment, or otherwise, other than to: (1) the Qualifying Settlement Class Member; (2) a parent or duly appointed guardian *ad litem* of a Qualifying Settlement Class Member who is a minor or protected person; or (3) a duly appointed executor, executrix, administrator or administratrix of a deceased Qualifying Settlement Class Member.

4.     All Claim Forms must be returned in the first instance to the Claims Administrator.  The Claims Administrator shall promptly review all Claim Forms submitted by Vetted Settlement Class Members in accordance with Paragraph III.D.1, and shall promptly forward to the Claims Assessor all Claim Forms submitted by Settlement Class Members who are not Vetted Settlement Class Members.  The process of Claims Administration must be completed by the Closing Date, unless extended by order of the Court. The Court will retain jurisdiction until the Closing Date to insure proper implementation of the Settlement Agreement.

5.     The costs of Claims Administration will be drawn by the Claims Administrator from the Settlement Administration Fund. The Claims Administrator will serve on Defendants and Class Counsel reports of activity in the Settlement Administration Fund.  If the total cost of Claims Administration exceeds the Settlement Administration Fund, any additional costs of Claims Administration will be paid from the Settlement Fund.  If, at the conclusion of the Claims Administration process, the Settlement Administration Fund has not been fully exhausted, the balance remaining in the Settlement Administration Fund must be returned to the Defendants.

**E.     Notice to the Settlement Class**

1.     Notice will be provided by the best means practicable, as described below.

2.     As will be set forth more fully in the motion for Preliminary Approval, SHC and LOMG have made extensive efforts over a period of years to identify and interview possible victims of abuse by Perlitz or other persons affiliated with PPT and believe that they have identified either all or virtually all potential members of the Settlement Class. Direct, individual notice will be provided to the last known address, e-mail address,

and/or mobile phone number of all possible claimants located by or known to SHC, LOMG, and their agents.

3.      Although Class Counsel believe that all, or virtually all, potential Settlement Class Members will be given individual notice, they agree that some publication notice is appropriate for unknown potential Class Members.  In light of the difficulties of locating Settlement Class Members in Haiti and of delivering materials to them, the Parties agree that in this case the best means practicable to provide notice to the Settlement Class consists of radio announcements, as described below, and information posted on a dedicated website on the Internet.  The Parties also agree that at least one thousand (1,000) posters should be distributed and posted publicly throughout Cap Haitien, Haiti and published in the newspaper(s) in the island of Hispaniola as determined appropriate by the Claims Administrator. The Parties further agree that additional details regarding the form and content of the Class Notice shall be finalized and agreed upon after consultation with and input from the Claims Administrator, subject to approval by the Court.

4.      Subject to the advice and input of the Claims Administrator and the approval of the Court, notice will be provided as follows:

> (a)   No later than forty-five (45) days after Preliminary Approval, the Claims Administrator shall cause the Class Notice and appropriate Claim Form to be sent to all Vetted Settlement Class Members and all other potential Settlement Class Members known to Class Counsel and their agents.  The Class Notice and Claim Form shall be sent to the last known address, e-mail address and/or mobile phone number of

all such Vetted Settlement Class Members and potential Settlement Class Members.

(b) No later than forty-five (45) days after Preliminary Approval, the Claims Administrator will cause the Class Notice and Claim Form to be made available on a website hosted and maintained by the Claims Administrator. The Parties agree that the website will provide copies of the Class Notice, Claims Form and Opt-Out Notice. Class Counsel and Defendants' Counsel agree that they may mutually agree, in writing, to change the form and format of Exhibits A, B, C, D, and F and may make changes necessary to correct any inconsistency between Court-approved forms and the Class Notice, Radio Publication Notice, and Claim Form attached hereto. Class Counsel and Defendants' Counsel may consult with the Claims Administrator on any changes.

(c) the Claims Administrator will arrange for broadcast of a Haitian Kreyol translation of the Radio Publication Notice on Radio Kontak Inter multiple times a day for several days a week a total of two weeks, the first such broadcast to occur as soon as practicable after Preliminary Approval. The Radio Publication Notice will be read in Haitian Kreyol. The Parties may jointly agree and consent, without Court approval, to extend this effort as appropriate. Class Counsel and Defendant's Counsel may make by mutual written agreement any non-substantive changes and changes necessary to correct any

inconsistency between Court-approved forms and the Settlement Agreement.

(d) The Claims Administrator must establish an international, toll-free telephone number that will provide information in Haitian Kreyol to Settlement Class Members, including details related to membership, claim recovery and exclusion. The toll-free number must be included in the Class Notice and in the Radio Publication Notice.

(e) The Claims Administrator will arrange for at least one thousand (1,000) posters to be distributed and posted publicly throughout Cap Haitien, Haiti. The text of such posters shall be determined by the Claims Administrator after consultation with all Parties and with approval of the Court.

5. No later than seven (7) days prior to the Final Approval Hearing, the Claims Administrator and Class Counsel must provide affidavits to the Court, with a copy to the Parties, attesting that notice was disseminated in a manner consistent with the requirements set forth in the Court's Preliminary Approval Order.

F. **Class Settlement Procedures**

1. As soon as practicable, but no later than 14 days after the execution of the Settlement Agreement, Representative Plaintiffs, by and through Class Counsel, must file a motion pursuant to Fed. R. Civ. P. 15(a) seeking leave to file an amended complaint to assert allegations in support of and to seek certification of the Settlement Class, in form and substance to be approved by Defendants' Counsel.

2. As soon as practicable, but no later than 14 days after the execution of the Settlement Agreement, Representative Plaintiffs, by and through their Class Counsel, in

consultation with Defendants' Counsel, must also file a Motion for Preliminary Approval of the Settlement Agreement and seek entry of the Preliminary Approval Order requesting, *inter alia*, that the Court: (1) conditionally certify the Settlement Class for settlement purposes only; (2) appoint SHC and LOMG as Class Counsel; (3) preliminarily approve the proposed Settlement Agreement as set forth herein; (4) approve the notice procedures and the contents of the Class Notice, Radio Publication Notice, and poster; (5) approve the Claim Form; (6) establish the Final Claims Bar Date, the Opt-Out Deadline, and Objection Date; and (7) set a date for the Final Approval Hearing.

3.      Any Settlement Class Member who wishes to opt out of participation in the Settlement Class must submit an Opt-Out Notice on or before the Opt-Out Deadline, which must be received by the Claims Administrator no later than three days after the Opt-Out Deadline.  Settlement Class Members who submit timely, valid Opt-Out Notices in accordance with the requirements specified in the Class Notice will neither receive any benefits of, nor be bound by the terms of, this Settlement Agreement.

4.      If a Settlement Class Member submits a timely, valid Opt-Out Notice, he or she may not file an objection to the settlement.

5.      The Claims Administrator must send email notice to Class Counsel and Defendants' Counsel of any Opt-Out Notice within seven (7) business days of receipt and indicate for each such Opt-Out Notice whether the notice is timely and conforms to the requirements of this Settlement Agreement.

6.      The Claims Administrator must file with the Court a report with the names of Settlement Class Members who have submitted timely, valid Opt-Out Notices together with  copies of the Opt-Out Notices no less than seven (7) days before the Final Approval Hearing.

7.      Any Settlement Class Member who does not submit a valid Opt-Out Notice may, but need not, appear at the Final Approval Hearing, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's choice. Each Settlement Class Member and/or his or her attorney who intends to appear at the Final Approval Hearing must file an appearance with the Court at least ten (10) business days before the Final Approval Hearing and serve a copy of the notice of appearance on the Claims Administrator at the time of filing. The Claims Administrator must notify Class Counsel and Defendants' Counsel of any appearance within three (3) days of receipt.

8.      The proposed Preliminary Approval Order must provide that any Settlement Class Member who wishes for any objection to be considered must file a written notice of objection with the Claims Administrator, which must be received by the Claims Administrator no later than three days after the Objection Date. Each notice of objection must state the name; address; and telephone number of the person and provide proof of membership in the Settlement Class; whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered. The Parties reserve the right to take discovery of any objector to confirm that he or she is actually a Settlement Class Member.

9.      The proposed Preliminary Approval Order must also provide that any objection not properly or timely served and filed in accordance with the requirements set forth in the Preliminary Approval Order will not be heard during the Final Approval Hearing, nor considered by the Court.

10.      In order to receive a Settlement Payment, a Settlement Class Member must complete and timely return to the Claims Administrator on or before the Final Claims Bar Date a Claim Form complying with the procedures specified in the Class Notice and Claim Form.  Claim Forms may be submitted by mail, by e-mail,  through the website hosted and maintained by the Claims Administrator, or in person to the Claims Facilitator, who will staff an office at least one day per week at a location in Cap Haitien, Haiti and on a schedule specified in the Class Notice, beginning approximately one week after the commencement of the Class Notice and continuing through the Final Claims Bar Date.  Claim Forms completed by any person or entity who is not a Settlement Class Member, including without limitation a claim-filing service purporting to act on behalf of or in a representative capacity for a Settlement Class Member pursuant to a power of attorney, assignment, or otherwise, will not be accepted unless such Claim Form was completed by a parent of a minor Settlement Class Member, by a duly appointed guardian ad litem for a minor or protected individual, by a duly appointed executor(trix) or administrator(trix)  or equivalent duly appointed general representative of a deceased Settlement Class Member.  In order for a Claim Form to be deemed timely returned to the Claims Administrator, the Claimant must (a) submit the Claim Form through the website hosted and maintained by the Claims Administrator no later than the Final Claims Bar Date, (b) e-mail the Claim Form to the Claims Administrator no later than the Final Claims Bar Date, (c) send the Claim Form to the Claims Administrator by mail postmarked no later than the Final Claims Bar Date, or (d) provide the Claim Form in person to the Claims Facilitator, provided, however, that the Parties by agreement may modify the procedures with respect to the filing of Claims in consultation with the Claims Administrator and with the approval of the Court.    Failure to submit a timely Claim

Form pursuant to this Paragraph will result in waiver and dismissal of the Settlement Class Member's claim for monetary relief under this Settlement Agreement. All Settlement Class Members who do not validly opt out will be bound by the terms of this Settlement Agreement whether or not they submit a timely, valid Claim Form, which must be received by the Claims Administrator no later than three days after the Objection Date.

11.     The Claims Administrator will consider the Claim Forms submitted by Vetted Settlement Class Members, along with any supporting documentation, and, in consultation with counsel for all Parties, will determine whether the Claim Form has been properly filled out. The Claims Administrator must send all Claim Forms submitted by Settlement Class Members who are not Vetted Settlement Class Members, along with any supporting documentation, to the Claims Assessor, who, in consultation with Class Counsel and such other persons with whom the Claims Assessor deems it would be appropriate to consult, will determine whether the Settlement Class Member is a Qualifying Settlement Class Member.

12.     Claim Forms that the Claims Administrator or Claims Assessor, in consultation with counsel for all Parties, identify as incomplete or invalid will be returned to the Settlement Class Member and his or her counsel with a written list and explanation of the purported deficiencies. The Settlement Class Member will have thirty (30) days from the date the Claims Administrator or Claims Assessor serves notice upon the Settlement Class Member in writing to cure the identified deficiencies. If the requested information is not provided in the stated time frame by the Settlement Class Member, the Claim Form may be rejected and the Settlement Class Member may be found not to be a Qualifying Settlement Class Member. At the discretion of the Claims Administrator or

Claims Assessor, additional rounds of cure processes may be implemented as appropriate.

13. At or before the Final Approval Hearing, Representative Plaintiffs, Class Counsel, or the Parties, as applicable, will move for a Final Approval Order (a) granting final approval of this Settlement Agreement as fair, reasonable, adequate and binding on all Settlement Class Members who have not opted out, regardless of whether they submitted Claim Forms; (b) awarding attorneys' fees and costs; (c) authorizing payment of Initial Distributions to Qualifying Settlement Class members and specifying the amount thereof; (d) effecting the releases; (e) establishing the Closing Date; (f) enjoining Settlement Class Members from prosecuting any Claim; and (g) providing that the Court will retain jurisdiction to enforce the terms of such order.

14. At the Final Approval Hearing, the Court will determine the amount of attorneys' fees and costs to be awarded to Class Counsel.

15. Within twenty-one (21) days of the Effective Date, the Claims Administrator must pay the Initial Distribution to any Qualifying Settlement Class Member who before the Effective Date has elected to receive an Initial Distribution. The amount of the Initial Distribution will be deducted from the Qualifying Settlement Class Member's Settlement Payment so that no Qualifying Settlement Class Member will receive a greater Settlement Payment than another Qualifying Settlement Class Member as a result of the Initial Distribution.

16. Within fourteen (14) days of the Effective Date, the Claims Administrator must pay to Class Counsel such attorneys' fees and costs as have been awarded by the Court in the Final Approval Order. Payment of attorneys' fees and costs in accordance with the terms of the Final Approval Order will be from the Settlement Fund.

17.     Within fourteen (14) days of the Final Determination Date, the Claims Administrator and Claims Assessor must compile a list of all Qualifying Settlement Class Members.

18.     Within thirty (30) days of the Final Determination Date, the Claims Administrator must pay to each Qualifying Settlement Class Member his or her share of the amount remaining in the Settlement Fund after payment of:  (a) attorneys' fees and costs as awarded by the Court; (b) all Initial Distributions; and (c) any costs of Claims Administration that exceed the balance of the Settlement Administration Fund.

19.     Any Qualifying Settlement Class Member may elect to receive the Settlement Payment in a Structured Settlement Payment.

**G.     Release, Dismissal of the Actions, and Jurisdiction of the Court**

1.     Upon the Effective Date, each Settlement Class Member who has not validly opted out of the Settlement Class, for him- or herself, and his or her successors and assigns, fully and finally releases, remises, acquits, and forever discharges all Released Parties from all Claims; and each Defendant releases all Released Parties from all Claims.

2.     Upon the Effective Date, each Settlement Class Member who has not validly opted out of the Settlement Class, for him- or herself, and his or her successors and assigns, also expressly covenants and agrees: (i) not to, directly or indirectly, commence, file, initiate, institute, prosecute, maintain, support, or consent to any action or proceedings against any of the Released Parties in any way arising out of, related to, or in connection with the Claims; and (ii) not to be a recipient or beneficiary, directly or indirectly, of any other financial or other benefit relating to any such action or proceeding, in any jurisdiction anywhere in the world.

3.     The Representative Plaintiffs will individually and personally execute full and complete releases as set forth in Exhibit J.  The Settlement Agreement and releases executed by the Representative Plaintiffs will be governed in all respects by Connecticut law.  The administration and consummation of the settlement as embodied in this Settlement Agreement will be under and pursuant to the authority of the Court.  Should an action to enforce the terms of the Settlement Agreement or releases be necessary, the Parties agree that any such dispute will be submitted to and decided by the Court. Specifically, the Court will expressly retain jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement and releases, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that are released pursuant to the Settlement Agreement and releases.

4.     Except with respect to Settlement Class Members who have submitted valid and timely Opt-Out Notices, upon the occurrence of the Effective Date: (a) the terms of this Settlement Agreement will be the exclusive remedy for any and all Claims of Settlement Class Members; (b) the Released Parties will not be subject to liability or expense of any kind with respect to the Claims of any Settlement Class Members; and (c) Settlement Class Members will be permanently barred from initiating, asserting, litigating, and/or prosecuting any and all Claims against the Released Parties in any federal or state court in the United States or in any other tribunal or administrative or adjudicative body in any jurisdiction in the world.

### H.     Miscellaneous Financial Provisions

1.     The Claims Administrator will have sole signing authority for withdrawals from the account in which the Settlement Fund is escrowed.  The Claims Administrator

may exercise such authority only and exclusively in accordance with, and to carry out, the terms of this Settlement Agreement.

2.      Each Party will be solely responsible for any tax consequences incurred by it as a result of the settlement.

**I.      Representations, Warranties and Covenants**

1.      In the event that the Court does not issue the Preliminary Approval Order or the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court. If notwithstanding such efforts the Court does not issue the Preliminary Approval Order or the Final Approval Order, then the settlement will be null and void, and all funds in the Settlement Fund and the Settlement Administration Fund (including interest earned thereupon but net of any costs of Claims Administration incurred) must be returned in accordance with instructions to be provided jointly by Defendants.

2.      Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Representative Plaintiffs, to execute, deliver, and perform the settlement embodied in this Settlement Agreement and to consummate all of the transactions contemplated hereby.

3.      Each Defendant represents and warrants that he, she, or its authorized representative, who is a signatory hereof, has the authority to execute, deliver, and perform the settlement embodied in this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery and performance by Defendants, through each Defendant's authorized representative, of this Settlement Agreement and the consummation by it of the actions contemplated hereby has been duly authorized by all necessary corporate action on the part of each entity Defendant.

**J.      Miscellaneous General Provisions**

1.      This Agreement is not an admission of liability whatsoever by the Defendants or any of them as to any matter including, but not limited to, the Claims. The Defendants dispute that they are liable for the actions and/or omissions alleged by the Plaintiffs. This Agreement represents the compromise of disputed claims involving contested issues of law and fact and the existence of this Settlement Agreement, the terms of this Settlement Agreement, or the payment of the Settlement Fund or the Settlement Administration Fund may not be construed as an admission by any of the Defendants of liability, or an acknowledgment or admission that any of the Defendants violated or failed to comply with any law, obligation, or contract, or that any coverage exists or does not exist under any policy for defense, indemnity, or otherwise, or the amount of any Claim that was or could have been brought in the Action.

2.      The Parties acknowledge that prompt approval, consummation, and implementation of the settlement set forth in this Settlement Agreement are essential. The Parties must cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, promptly perform their respective obligations hereunder, and promptly take any and all actions and execute and deliver any and all additional documents and all other materials and information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

3.      This Settlement Agreement is subject to a termination provision, the terms of which are contained in a confidential addendum. If the termination provision is exercised, this Settlement Agreement will be rendered null and void in its entirety.

4.      In the event that the Court does not approve this Settlement Agreement, or that this Settlement Agreement is terminated for any reason, the Parties agree that no Party may refer to, cite, or offer in evidence all or any part of the recitals contained in Section I of this Settlement Agreement for any purpose in any proceeding, and that those recitals shall have no preclusive effect or other effect in any proceeding.

5.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and will not be deemed to constitute part of this Settlement Agreement or to affect its construction.

6.      This Settlement Agreement, including all Exhibits attached hereto, may not be modified or amended except in a writing signed by all of the Parties.

7.      This Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

8.      The determination of the terms of, and the drafting of, this Settlement Agreement, including its Exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Because this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities will be construed against the drafter does not apply. Each of the Parties has been represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

9.      All of the Exhibits of this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference.

10. Except for the confidential funding side letter(s) referenced in Paragraphs III.A.1 and III.A.2, and the confidential addendum referred to in Paragraph III.J.3, this Settlement Agreement and the Exhibits hereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the settlement of the Actions.

11. The Parties agree that any disputes regarding the terms and conditions of this Settlement Agreement or the Parties' rights and obligations under this Settlement Agreement must first be mediated in non-binding mediation before a mutually agreeable mediator and, if mediation is unsuccessful, will be resolved in the Court.

12. All notices to the Parties or counsel required by this Settlement Agreement must be made in writing and communicated by email and overnight delivery to the following addresses:

If to Class Counsel and/or Plaintiffs' Counsel:

Paul J. Hanly, Jr.
Andrea Bierstein
Simmons Hanly Conroy LLC
c/o Perlitz Litigation
One Court Street
Alton, Illinois 62002
phanly@simmonsfirm.com
abierstein@simmonsfirm.com

Mitchell Garabedian
William H. Gordon
Law Offices of Mitchell Garabedian
100 State Street, 6th Floor
Boston, MA 02109
mgarabedian@garabedianlaw.com
wgordon@garabedianlaw.com

If to Defendants or Defendants' Counsel:

Timothy P. O'Neill
MURPHY & KING, P.C.
One Beacon Street, 21st Floor
Boston, Massachusetts 02108
toneill@murphyking.com
tfolkman@murphyking.com

*Counsel for Father Paul E. Carrier, S.J.*

Jeffrey W. Kennedy
Christopher F. Wanat
MILANO & WANAT LLC
471 East Main Street
Branford, Connecticut 06405
cwanat@mwllc.us
jkennedy@mwllc.us

*Counsel for Hope Carter*

Stanley A. Twardy, Jr.
Thomas D. Goldberg
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
satwardy@daypitney.com
tgoldberg@daypitney.com

*Counsel for Fairfield University*

William J. Dailey, Jr.
Michael J. Kerrigan
SLOANE & WALSH, LLP
One Center Plaza, 8th Floor
Boston, Massachusetts 02108
wdaileyjr@sloanewalsh.com
mkerrigan@sloanewalsh.com

*Counsel for The Society of Jesus of New England, Inc.*

Bradford S. Babbitt
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597
bbabbitt@rc.com

*Counsel for the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., Inc.*

**[SIGNATURE PAGES FOLLOW]**

**IN WITNESS WHEREOF**, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on January 14 2019 and agree that it will take effect on when it is executed by all of the undersigned.

COUNSEL FOR PLAINTIFFS /
CLASS COUNSEL

_____
Mitchell Garabedian (phv04676)
William H. Gordon (phv04677)
Law Offices of Mitchell Garabedian
100 State Street, 6th Floor
Boston, MA 02109
mgarabedian@garabedianlaw.com
wgordon@garabedianlaw.com

COUNSEL FOR PLAINTIFFS /
CLASS COUNSEL

_____
Paul J. Hanly, Jr. (phv04680)
Andrea Bierstein (phv04678)
Simmons Hanly Conroy LLC
c/o Perlitz Litigation
One Court Street
Alton, Illinois 62002
phanly@simmonsfirm.com
abierstein@simmonsfirm.com

FATHER PAUL E. CARRIER, S.J.

_____

FAIRFIELD UNIVERSITY

_____
Kevin Lawlor
Executive Vice President & Chief
   Operating Officer

COUNSEL FOR THE SOVEREIGN
MILITARY HOSPITALLER ORDER OF
ST. JOHN OF JERUSALEM OF RHODES
AND OF MALTA, AMERICAN
ASSOCIATION, U.S.A., INC.

COUNSEL FOR HOPE CARTER

_____

Bradford S. Babbitt (ct13938)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597
Phone: (860) 275-8214
Fax: (860) 275-8299
bbabbitt@rc.com

_____

Jeffrey W. Kennedy (ct16419)
MILANO & WANAT LLC
471 East Main Street
Branford, CT 06405
Phone: (203) 315-7000
Fax: (203) 315-7007
jkennedy@mwllc.us

COUNSEL FOR THE SOCIETY OF JESUS
OF NEW ENGLAND, INC.

_____

William J. Dailey, Jr. (phv05018)
Michael J. Kerrigan (phv05175)
SLOANE & WALSH, LLP
3 Center Plaza, 8th Floor
Boston, MA 02108
Phone:  (617) 523-6010
Fax: (617) 227-0927
wdaileyjr@sloanewalsh.com
 mkerrigan@sloanewalsh.com

COUNSEL FOR THE SOVEREIGN
MILITARY HOSPITALLER ORDER OF
ST. JOHN OF JERUSALEM OF RHODES
AND OF MALTA, AMERICAN
ASSOCIATION, U.S.A., INC.

COUNSEL FOR HOPE CARTER

Bradford S. Babbitt (ct13938)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597
Phone: (860) 275-8214
Fax: (860) 275-8299
bbabbitt@rc.com

Jeffrey W. Kennedy (ct16419)
MILANO & WANAT LLC
471 East Main Street
Branford, CT 06405
Phone: (203) 315-7000
Fax: (203) 315-7007
jkennedy@mwllc.us

COUNSEL FOR THE SOCIETY OF JESUS
OF NEW ENGLAND, INC.

William J. Dailey, Jr. (phv05018)
Michael J. Kerrigan (phv05175)
SLOANE & WALSH, LLP
3 Center Plaza, 8th Floor
Boston, MA 02108
Phone:  (617) 523-6010
Fax: (617) 227-0927
wdaileyjr@sloanewalsh.com
mkerrigan@sloanewalsh.com

THE SOCIETY OF JESUS OF NEW
ENGLAND, INC.


_____
Michael C. McFarland, S.J.
Treasurer


SOVEREIGN MILITARY HOSPITALLER
ORDER OF ST. JOHN OF JERUSALEM
OF RHODES AND OF MALTA,
AMERICAN ASSOCIATION, U.S.A.,
INC.


_____
Rev. Dr. Jeffrey R. Trexler
Executive Director


COUNSEL FOR FAIRFIELD                    COUNSEL FOR PAUL E. CARRIER, S.J.
UNIVERSITY


_____     _____
Stanley A. Twardy, Jr. (ct 05096)              Timothy P. O'Neill (phv04968)
Thomas D. Goldberg (ct 04386)                  MURPHY & KING, P.C.
DAY PITNEY LLP                                 One Beacon St.
One Canterbury Green                           Boston, MA 02108
201 Broad Street                               Phone: (617) 423-0400
Stamford, CT  06901                            Fax: (617) 423-0498
Phone: (203) 977-7300                          tpo@murphyking.com
Fax: (203) 977-7301
satwardy@daypitney.com
tgoldberg@daypitney.com

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on January __, 2019 and agree that it will take effect on when it is executed by all of the undersigned.

COUNSEL FOR PLAINTIFFS /
CLASS COUNSEL

COUNSEL FOR PLAINTIFFS /
CLASS COUNSEL

_____

Mitchell Garabedian (phv04676)
William H. Gordon (phv04677)
Law Offices of Mitchell Garabedian
100 State Street, 6th Floor
Boston, MA 02109
mgarabedian@garabedianlaw.com
wgordon@garabedianlaw.com

_____

Paul J. Hanly, Jr. (phv04680)
Andrea Bierstein (phv04678)
Simmons Hanly Conroy LLC
c/o Perlitz Litigation
One Court Street
Alton, Illinois 62002
phanly@simmonsfirm.com
abierstein@simmonsfirm.com

FATHER PAUL E. CARRIER, S.J.

_____

FAIRFIELD UNIVERSITY

_____

Kevin Lawlor
Executive Vice President & Chief
   Operating Officer

THE SOCIETY OF JESUS OF NEW
ENGLAND, INC.

_____

Michael C. McFarland, S.J.
Treasurer

SOVEREIGN MILITARY HOSPITALLER
ORDER OF ST. JOHN OF JERUSALEM
OF RHODES AND OF MALTA,
AMERICAN ASSOCIATION, U.S.A.,
INC.

_____

Rev. Dr. Jeffrey R. Trexler
Executive Director

COUNSEL FOR FAIRFIELD
UNIVERSITY

_____

Stanley A. Twardy, Jr. (ct 05096)
Thomas D. Goldberg (ct 04386)
DAY PITNEY LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
Phone: (203) 977-7300
Fax: (203) 977-7301
satwardy@daypitney.com
tgoldberg@daypitney.com

COUNSEL FOR PAUL E. CARRIER, S.J.

_____

Timothy P. O'Neill (phv04968)
MURPHY & KING, P.C.
One Beacon St.
Boston, MA 02108
Phone: (617) 423-0400
Fax: (617) 423-0498
tpo@murphyking.com

**IN WITNESS WHEREOF**, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on January __, 2019 and agree that it will take effect on when it is executed by all of the undersigned.

COUNSEL FOR PLAINTIFFS /
CLASS COUNSEL

COUNSEL FOR PLAINTIFFS /
CLASS COUNSEL

_____

Mitchell Garabedian (phv04676)
William H. Gordon (phv04677)
Law Offices of Mitchell Garabedian
100 State Street, 6th Floor
Boston, MA 02109
mgarabedian@garabedianlaw.com
wgordon@garabedianlaw.com

_____

Paul J. Hanly, Jr. (phv04680)
Andrea Bierstein (phv04678)
Simmons Hanly Conroy LLC
c/o Perlitz Litigation
One Court Street
Alton, Illinois 62002
phanly@simmonsfirm.com
abierstein@simmonsfirm.com

FATHER PAUL E. CARRIER, S.J.

_____

FAIRFIELD UNIVERSITY

_____

Kevin Lawlor
Executive Vice President & Chief
    Operating Officer

THE SOCIETY OF JESUS OF NEW
ENGLAND, INC.


_____

Michael C. McFarland, S.J.
Treasurer


SOVEREIGN MILITARY HOSPITALLER
ORDER OF ST. JOHN OF JERUSALEM
OF RHODES AND OF MALTA,
AMERICAN ASSOCIATION, U.S.A.,
INC.



_____

Rev. Dr. Jeffrey R. Trexler
Executive Director


COUNSEL FOR FAIRFIELD                COUNSEL FOR PAUL E. CARRIER, S.J.
UNIVERSITY

_____      _____
Stanley A. Twardy, Jr. (ct 05096)    Timothy P. O'Neill (phv04968)
Thomas D. Goldberg (ct 04386)        MURPHY & KING, P.C.
DAY PITNEY LLP                       One Beacon St.
One Canterbury Green                 Boston, MA 02108
201 Broad Street                     Phone: (617) 423-0400
Stamford, CT  06901                  Fax: (617) 423-0498
Phone: (203) 977-7300                tpo@murphyking.com
Fax: (203) 977-7301
satwardy@daypitney.com
tgoldberg@daypitney.com

THE SOCIETY OF JESUS OF NEW
ENGLAND, INC.

*[signature]*                    1/17/2019

Michael C. McFarland, S.J.
Treasurer


SOVEREIGN MILITARY HOSPITALLER
ORDER OF ST. JOHN OF JERUSALEM
OF RHODES AND OF MALTA,
AMERICAN ASSOCIATION, U.S.A.,
INC.


Rev. Dr. Jeffrey R. Trexler
Executive Director


COUNSEL FOR FAIRFIELD                COUNSEL FOR PAUL E. CARRIER, S.J.
UNIVERSITY


Stanley A. Twardy, Jr. (ct 05096)        Timothy P. O'Neill (phv04968)
Thomas D. Goldberg (ct 04386)            MURPHY & KING, P.C.
DAY PITNEY LLP                           One Beacon St.
One Canterbury Green                     Boston, MA 02108
201 Broad Street                         Phone: (617) 423-0400
Stamford, CT 06901                       Fax: (617) 423-0498
Phone: (203) 977-7300                    tpo@murphyking.com
Fax: (203) 977-7301
satwardy@daypitney.com
tgoldberg@daypitney.com

COUNSEL FOR THE SOVEREIGN
MILITARY HOSPITALLER ORDER OF
ST. JOHN OF JERUSALEM OF RHODES
AND OF MALTA, AMERICAN
ASSOCIATION, U.S.A., INC.

COUNSEL FOR HOPE CARTER

_____
Bradford S. Babbitt (ct13938)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Phone: (860) 275-8214
Fax: (860) 275-8299
bbabbitt@rc.com

_____
Jeffrey W. Kennedy (ct16419)
MILANO & WANAT LLC
471 East Main Street
Branford, CT 06405
Phone: (203) 315-7000
Fax: (203) 315-7007
jkennedy@mwllc.us

COUNSEL FOR THE SOCIETY OF JESUS
OF NEW ENGLAND, INC.

_____
William J. Dailey, Jr. (phv05018)
Michael J. Kerrigan (phv05175)
SLOANE & WALSH, LLP
Center Plaza, 8th Floor
Boston, MA 02108
Phone: (617) 523-6010
Fax: (617) 227-0927
wdaileyjr@sloanewalsh.com
mkerrigan@sloanewalsh.com

# EXHIBIT A

# *PERLITZ* LITIGATION CLAIM FORM 1

**THIS CLAIM FORM MUST BE POSTMARKED,
SUBMITTED ELECTRONICALLY, OR DELIVERED IN
PERSON NO LATER THAN [DATE] TO BE VALID.
FAILURE TO COMPLY WITH THIS REQUIREMENT
WILL RESULT IN DISMISSAL OF YOUR CLAIM.**

Only individuals satisfying the requirements set forth in the Class Notice are Settlement Class Members potentially eligible to receive a Settlement Payment if the proposed Settlement Agreement is approved by the Court. (Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement.) **IF YOU BELIEVE YOU ARE ELIGIBLE TO BE A QUALIFYING SETTLEMENT CLASS MEMBER AS DESCRIBED IN THE NOTICE, YOU MUST SUBMIT A CLAIM FORM IN ORDER TO REQUEST A MONEY PAYMENT.**

**ONLY VETTED CLASS MEMBERS WHO HAVE PENDING LAWSUITS ARE ELIGIBLE TO SUBMIT THIS CLAIM FORM.**

**In order to receive a Settlement Payment, you must provide your name, an address to receive mail and notifications of acceptance or denial of membership in the Settlement Class, a telephone number to contact you, a copy of a government issued identification or a birth certificate, and a current photograph of you not already submitted in the form of a government identification. You also must identify the Case Number for your lawsuit.**

**Your Name, Address and Telephone Number:**

_____

_____

**Case Number of Lawsuit:** _____

**THE CLASS SETTLEMENT PROVIDES THAT ALL SETTLEMENT CLASS MEMBERS AGREE TO THE FOLLOWING TERMS. YOU MUST INITIAL EACH OF THE FOLLOWING PARAGRAPHS OR YOUR CLAIM WILL BE DENIED.**

_____ By submitting this Claim Form, I acknowledge and agree that this settlement, as set forth in the Settlement Agreement, will be my only and exclusive remedy for any and all Claims that I may have against the Defendants or other Released Parties.

_____ I acknowledge that, in exchange for my participating in this process, and as more fully set forth in the Settlement Agreement, I fully and finally release, remise, acquit and forever discharge all Defendants and other Released Parties from all Claims. I further understand that approval of this Claim Form will be determined by a neutral, court-appointed Claims

# *PERLITZ* LITIGATION CLAIM FORM 1

Administrator and that I have released all Claims even if the Claims Administrator does not approve my Claim Form.  I also expressly covenant, agree and acknowledge that:  (i) Defendants and all other Released Parties will not be subject to liability or expense of any kind with respect to my Claims; (ii) I will be permanently barred from initiating, asserting, litigating, and/or prosecuting any and all Claims against the Defendants and the Released Parties in any federal or state court in the United States or in any other tribunal or administrative or adjudicative body in any jurisdiction in the world; (iii) I will not directly or indirectly, commence, file, initiate, institute, prosecute, maintain, support, or consent to any action or proceedings against any of the Released Parties in any way arising out of, related to, or in connection with the Claims; and (iv) I will not be a recipient or beneficiary, directly or indirectly, of any other financial or other benefit relating to any such action or proceeding, in any jurisdiction anywhere in the world.

_____ I acknowledge and agree that each Qualifying Settlement Class Member is to receive an equal percentage of the total monies to be paid to all Qualifying Settlement Class Members after subtracting Class Counsel's attorneys' fees and all expenses paid by Class Counsel.

I certify, declare, state and or verify **under penalty of perjury** under the laws of the United States of America that the foregoing information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

Dated _____, 2019

_____
Attorney Name:

Perlitz Litigation Class Settlement
c/o [Claims Administrator]
[Address]

## **IMPORTANT LEGAL MATERIALS**

101446106.3

EXHIBIT B

# *PERLITZ* LITIGATION CLAIM FORM 2

**THIS CLAIM FORM MUST BE POSTMARKED,
SUBMITTED ELECTRONICALLY, OR DELIVERED IN
PERSON NO LATER THAN [DATE], TO BE VALID.
FAILURE TO COMPLY WITH THIS REQUIREMENT
WILL RESULT IN DISMISSAL OF YOUR CLAIM.**

Only individuals satisfying the requirements set forth in the Class Notice are Settlement Class Members potentially eligible to receive a Settlement Payment if the proposed Settlement Agreement is approved by the Court. (Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.) **IF YOU BELIEVE YOU ARE ELIGIBLE TO BE A QUALIFYING SETTLEMENT CLASS MEMBER AS DESCRIBED IN THE NOTICE, YOU MUST SUBMIT A CLAIM FORM IN ORDER TO REQUEST A MONEY PAYMENT.**

**ONLY VETTED SETTLEMENT CLASS MEMBERS WHO HAVE NOT FILED LAWSUITS ARE ELIGIBLE TO SUBMIT THIS CLAIM FORM.**

**In order to receive a Settlement Payment, you must provide your name, an address to receive mail and notifications of acceptance or denial of membership in the Settlement Class, a telephone number to contact you, an identification of the school or orphanage owned, operated and or controlled by Defendants that you attended, a statement of the type of Sexual Abuse(s) of you, a copy of a government-issued identification or a birth certificate, and a photograph of you not already submitted in the form of a government identification.**

**Your Name, Address and Telephone Number:**

_____

_____

**Identify Locations of PPT Attended:**

_____

**Sexual Abuse:  How many times were you abused? _____**

**Summarize the incident(s) of Sexual Abuse:  _____**

_____

_____

**(Attach additional sheets if necessary.)**

# *PERLITZ* LITIGATION CLAIM FORM 2

**THE CLASS SETTLEMENT PROVIDES THAT ALL SETTLEMENT CLASS MEMBERS AGREE TO THE FOLLOWING TERMS. YOU MUST INITIAL EACH OF THE FOLLOWING PARAGRAPHS OR YOUR CLAIM WILL BE DENIED**.

_____ By submitting this Claim Form, I acknowledge and agree that this settlement, as set forth in the Settlement Agreement, will be my only and exclusive remedy for any and all Claims that I may have against the Defendants or other Released Parties.

_____ I acknowledge that in exchange for my participating in this process, and as more fully set forth in the Settlement Agreement, I fully and finally release, remise, acquit and forever discharge all Defendants and other Released Parties from all Claims. I further understand that approval of this Claim Form will be determined by a neutral, court-appointed Claims Administrator and that I have released all Claims even if the Claims Administrator does not approve my Claim Form. I also expressly covenant, agree and acknowledge that: (i) Defendants and all other Released Parties will not be subject to liability or expense of any kind with respect to my Claims; (ii) I will be permanently barred from initiating, asserting, litigating, and/or prosecuting any and all Claims against the Defendants and the Released Parties in any federal or state court in the United States or in any other tribunal or administrative or adjudicative body in any jurisdiction in the world; (iii) I will not directly or indirectly, commence, file, initiate, institute, prosecute, maintain, support, or consent to any action or proceedings against any of the Released Parties in any way arising out of, related to, or in connection with the Claims; and (iv) I will not be a recipient or beneficiary, directly or indirectly, of any other financial or other benefit relating to any such action or proceeding, in any jurisdiction anywhere in the world.

_____ I acknowledge and agree that each Qualifying Settlement Class Member is to receive an equal percentage of the total monies to be paid to all Qualifying Settlement Class Members after subtracting Class Counsel's attorneys' fees and all expenses paid by Class Counsel.

I certify, declare, state and or verify **under penalty of perjury** under the laws of the United States of America that the foregoing information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

Dated _____, 2019

_____
Attorney Name:

Perlitz Litigation Class Settlement
c/o [Claims Administrator]
[Address]

## **IMPORTANT LEGAL MATERIALS**

EXHIBIT C

**Return This Claim Form By [DATE] or Your Claim for a
Settlement Payment Will be Dismissed**

If you believe you are a Settlement Class Member, and you do not qualify as a Vetted Settlement Class Member according to the terms of the Settlement Agreement, you must submit *this* Claim Form.

Only one Claim Form may be submitted per individual. If the Claim Form is returned after [DATE], the Claim is incomplete and/or you do not submit the required documents, you will release your Claims and you will not be entitled to a Settlement Payment.

You may call the Claims Administrator at the number provided in the Class Notice or go to www.[address] if you have any questions. Do not go to any Defendant or court website or call any Defendant or court phone numbers, as no information pertaining to the settlement is available there.

Complete ALL sections and include the required documentation when submitting this Claim Form.

1. Provide your full name, date of birth, a mailing address to receive notifications of acceptance or denial of membership in the class, a telephone number to contact you, and an email address, if you have one.

| | |
|---|---|
| **Claimant Full Name** | |
| **Other Names Used** | |
| **Date of Birth** | |
| **Address** | |
| **Telephone number** | |
| **Email address** | |

2. If you are making a claim on your own behalf complete this section. If you are a parent or duly appointed guardian ad litem of a Settlement Class Member who is a minor or protected person; or a duly appointed executor, executrix, administrator or administratrix or equivalent duly appointed general representative of a deceased Settlement Class Member, complete this section as it pertains to the minor, protected person or deceased Settlement Class Member.

| | |
|---|---|
| **1. Locations of the Sexual Abuse** | |
| **2. Dates of the Sexual Abuse** | |
| **3. School or orphanage names and locations you attended at the time of the Sexual Abuse** | |
| **4. Names of any persons you told of the Sexual Abuse** | |
| **5. Names of any staff or volunteers (Haitian or American) that were working at the schools or orphanages when you attended "PPT"** | |

**3.** If you are completing this Claim Form on behalf of a Settlement Class Member you must: (1) provide documents that confirm your ability to legally represent the claimant; and (2) answer the following:

**Representative Name:** _____

**Basis of Representation:** _____

**4.** Describe, in detail, the Sexual Abuse you suffered. Include (a) the name of the person you claim committed the Sexual Abuse, (b) the type of the Sexual Abuse, (c) any persons present at the location before, during or after the Sexual Abuse, and (d) any violence, coercion or threats made or threatened before, during or after the assault. Attach additional pages if necessary. If you are completing this Claim Form on behalf of the Settlement Class Member, you should provide this information for the Settlement Class Member.

| |
|---|
| |
| |
| |
| |
| |
| |
| |
| |

|  |
|---|
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |
|  |

5. **CLAIM DOCUMENTATION:** Provide documents to support your claim.

**YOU MUST SUBMIT THE FOLLOWING DOCUMENTS:** a copy of a government-issued identification or a birth certificate, and a photograph of you not already submitted in the form of a government identification.

**YOU SHOULD ALSO SUBMIT ANY DOCUMENTS YOU MAY HAVE THAT SUPPORT YOUR CLAIM.** Supporting documents may include, for example, copies of any papers you have showing whether and when you attended or participated in any program at "Project Pierre Toussaint" ("PPT"), any documentary or photographic evidence you may have of your relationship to the staff person affiliated with PPT who Sexually Abused you on the island of Hispaniola, and/or any other documentary or photographic evidence that supports your claim.

**YOUR CLAIM WILL BE DENIED IF SUFFICIENT PROOF IS NOT PROVIDED. SUFFICIENCY OF PROOF IS TO BE DETERMINED EXCLUSIVELY BY A CLAIMS ASSESSOR.**

6. **ACKNOWLEDGEMENT OF SETTLEMENT TERMS:** The Settlement Agreement provides that all Settlement Class Members Agree to the terms below.

   **You must** initial each of the following paragraphs:

   _____ By submitting this Claim Form, I acknowledge and agree that this settlement, as set forth in the Settlement Agreement, will be my only and exclusive remedy for any and all Claims that I may have against the Defendants or other Released Parties. I further understand that (i) submission of this Claim Form does not guarantee that I will receive a Settlement Payment, (ii) a court-appointed Claims Assessor will determine whether I am a Qualifying Settlement Class Member entitled to a Settlement Payment, and (iii) the Claims Assessor's decision will be final.

   _____ I acknowledge that in exchange for my participating in this process, and as more fully set forth in the Settlement Agreement, I fully and finally release, remise, acquit and forever discharge all Defendants and other Released Parties from all Claims. I further understand that approval of this Claim Form will be determined by a neutral, court-appointed Claims Administrator and that I have released all Claims even if the Claims Administrator does not approve my Claim Form. I also expressly covenant, agree and acknowledge that: (i) Defendants and all other Released Parties will not be subject to liability or expense of any kind with respect to my Claims; (ii) I will be permanently barred from initiating, asserting, litigating, and/or prosecuting any and all Claims against the Defendants and the Released Parties in any federal or state court in the United States or in any other tribunal or administrative or adjudicative body in any jurisdiction in the world; (iii) I will not directly or indirectly, commence, file, initiate, institute, prosecute, maintain, support, or consent to any action or proceedings against any of the Released Parties in any way arising out of, related to, or in connection with the Claims; and (iv) I will not be a recipient or beneficiary, directly or indirectly, of any other financial or other benefit relating to any such action or proceeding, in any jurisdiction anywhere in the world.

   _____ I acknowledge and agree that each Qualifying Settlement Class Member is to receive an equal percentage of the total monies to be paid to all Qualifying Settlement Class Members after subtracting Class Counsel's attorneys' fees and all expenses paid by Class Counsel.

7. Sign and date this Claim Form.

   I certify, declare, state and or verify **under penalty of perjury** under the laws of the United States of America that the foregoing information supplied in this Claim Form by the

undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

Dated _____, 2019

_____
(Signature) (REQUIRED)

_____          _____
(Print Name) (REQUIRED)

_____
(Street Address) (REQUIRED)

_____          _____
(Telephone Number) (REQUIRED)                              (Country) (REQUIRED)

**Return this completed Claim Form with the required documentation by:**

1. Mail it to PERLITZ LITIGATION CLASS SETTLEMENT, c/o *** Consulting, [Address] postmarked by [DATE];
2. Email it to [Email address] by [DATE];
3. Upload it to [Website Address] by [DATE]; or
4. Submit it to the Claims Facilitator by [DATE] at the following location: [Location]

EXHIBIT D

# If You Were Sexually Abused By Douglas Perlitz or Someone From Project Pierre Toussaint, You Could Get Money From Class Action Settlement

---

*To Get Money You **MUST** Complete The Attached Claim Form By[DATE].*

---



People who attended and participated in programs at the Project Pierre Toussaint school and orphanage say they were sexually abused. They have sued Father Paul E. Carrier, S.J., Hope E. Carter, Fairfield University, The Haiti Fund, Inc., The Society of Jesus of New England, Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. Together these people and organizations that were sued are called the Defendants.

If you were sexually abused while attending or participating in programs at the Project Pierre Toussaint (also called "PPT") school or orphanage, or if you were sexually abused by anyone affiliated with PPT, between January 1, 1996 and July 1, 2009 you are included in this class action lawsuit as a "Settlement Class Member" and may be able to get money from this proposed settlement.

To get money you must complete the attached Claim Form and submit it with the documents it asks for by [DATE].

**You are <u>not</u> being sued and this is <u>not</u> a lawsuit against you.**
**You do not have to pay anyone to get your settlement money, but you will be responsible for any taxes on your settlement money.**

If you do not submit a Claim Form on time, you will not be able to get settlement money.

If you don't do anything, you will not get any settlement money and you will not be able to sue any of the Defendants for sexual abuse at PPT or by a PPT-affiliated person that happened between January 1, 1996 and July 1, 2009.

If you don't want to get settlement money and you *want* to be able to sue any of the Defendants for abuse at PPT or by a PPT-affiliated person that happened between January 1, 1996 and July 1, 2009 in a different lawsuit you must opt out of the settlement by [DATE].

If you do not opt out of the settlement you can submit a Claim Form for settlement money and object to the settlement if there is something about the settlement that you don't like. If you submit a Claim Form or object to the settlement you will no longer be able to sue any of the Defendants for sexual abuse at PPT or by a PPT-affiliated person that happened between January 1, 1996 and July 1, 2009.

## GENERAL INFORMATION ABOUT THE SETTLEMENT

### Why Has This Notice Been Published?

This Notice has been published because, if you were sexually abused while attending or participating in programs at the PPT schools or orphanages between January 1, 1996 and July 1, 2009 you have a right to know about this lawsuit and the settlement, including all of your rights and options, and you may be able to get settlement money.

The lawsuit is called *Gesner Lecenat et. al v. Douglas Perlitz, et al.*, Case No. 3:13-cv-01633 (RNC) and it is pending in the United States District Court, District of Connecticut.

### What Is the Lawsuit About?

Gesner Lecenat and Jason Maxwel Deriza (known as "Representative Plaintiffs"), brought lawsuits against Defendants in November 2013 and May 2014, claiming they were the victims of sexual abuse by Douglas Perlitz while attending the Project Pierre Toussaint schools or orphanages owned, operated and controlled by Defendants.

All of the Defendants deny these claims and the claims made in the class action complaints. The Defendants also deny that they owe anything to the Representative Plaintiffs or Settlement Class Members based on these claims.

### Why Is there a Settlement?

The Representative Plaintiffs and the Defendants have agreed to a settlement to put an end to the lawsuits. They all think that the proposed settlement is in the best interest of everyone involved because it ends the uncertainty, expense, risk, and delays of continuing the lawsuits and it provides money to eligible Settlement Class Members.

### Who is Included in the Class Action Lawsuits and Settlement?

Generally you are included in the class action lawsuits and settlement and able to get settlement money if you were molested, sexually touched or fondled, coerced, threatened, or groomed, or experienced sexual related behavior, activity, interaction, or exploitation including physical assault or battery on the island of Hispaniola by Douglas Perlitz, Father Carrier, or any other person affiliated with PPT at any time from January 1, 1996 through July 1, 2009 and who claim that this sexual abuse was caused by or related to or could have been prevented by any of the Defendants.

Specifically, the Court decided you are included in the class action lawsuits and settlement and able to get settlement money if you meet the following definition of the Settlement Class:

All persons who, during the Class Period, were subject to Sexual Abuse on the island of Hispaniola by Douglas Perlitz, Father Carrier, or any other person affiliated the school, programs, facilities, or orphanage commonly known as "Project Pierre Toussaint" or "PPT" and who claim that such Sexual Abuse was caused by or related to any act or omission of any Defendant.

Class Period means the period from January 1, 1996 through July 1, 2009.

Sexual Abuse means all forms of sexual-related contact, molestation, touching, fondling, behavior, activity, interaction, exploitation, coercion, threats, and/or grooming; included in this definition are physical assault and/or battery in connection with such abuse.

Action means the above-captioned proceedings, along with all of the cases consolidated with them.

## Who is NOT Included in the Class Action Lawsuits and Settlement?

You are not included in class action lawsuits or settlement if you settled your claims in the cases consolidated with or in connection with *Jean-Charles v. Perlitz,* No. 3:11-cv-00614-RNC or you made claims in the Action and your claims were dismissed.

## *SETTLEMENT BENEFITS*

## What Does the Settlement Provide?

The Defendants are paying a total of $60,000,000 to settle the lawsuits. Settlement Class Members who submit valid Claims Forms will receive money from the settlement. The amount of money each Settlement Class Member who submits a valid Claim Form will receive is not known at this time. These amounts will be determined if the Court approves the settlement and the total number of valid Claim Forms submitted.

## *YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT*

## What Rights and Options Do I Have in this Settlement?

Settlement Class Members can do nothing, submit a Claim Form to receive settlement money, object to the settlement, or opt out of the settlement.

   (a)   **What happens if I don't do anything?** If you do not do anything after reading this Notice, you will not receive any settlement money and you will give up your right to sue any of the Defendants about the abuse claims made in these lawsuits and resolved by this settlement. You will be bound by all orders and judgments of the Court.

   (b)   **What happens if I submit a Claim Form?** If you submit a Claim Form on time and with all of the required documents you will be eligible to receive settlement money if the Court grants final approval to the settlement and if your Claim Form is approved. You will also give up your right to sue any of the Defendants about the abuse claims made in these lawsuits and resolved by this settlement. You will be bound by all orders and judgments of the Court.

   (c)   **What happens if I object to the settlement?** If you object to the settlement the Court will consider your objection when deciding whether to grant final approval to the settlement. The Court may or may not agree with your objection

and cannot change the terms of the settlement. If you object, you will give up your right to sue any of the Defendants about the abuse claims made in these lawsuits and resolved by this settlement. You will be bound by all orders and judgments of the Court. You may object and also file a Claim Form for settlement money.

**(d)** **What happens if I opt out of the settlement?** If you opt out of the settlement you will not be able to get any settlement money and you cannot object to the settlement. You will keep your right to sue any of the Defendants about the abuse claims made in these lawsuits and resolved by this settlement and you will <u>not</u> be bound by any orders or judgments of the Court.

## How do I submit a Claim Form for Settlement money?

Complete and return the attached Claim Form along with the required documents by [DATE].

You may:

1) Mail your Claim Form and documents postmarked by [DATE]to:

PERLITZ LITIGATION CLASS SETTLEMENT
c/o *** Consulting
[Address]
[City] [ST] [Zip]

2) Email your Claim Form and documents to [Email address];

3) Upload your Claim Form and documents at [Website Address]; or

4) Submit your Claim Form and documents to the Claims Facilitator at:

[Address]
[City] [ST] [Zip]

## What documents do I need to submit with my Claim Form?

Unless you have been separately notified that you have been designated a Vetted Settlement Class Member, you must submit the documents described in the Claim Form, including:

1) a government-issued identification, birth certificate, and a current photograph of you (separate from your government identification); and

2) documents supporting your claim, *if you have them,* such as:

   a) documents or photographs showing whether and when you attended or participated in any program at PPT; and/or

   b) documents or photographs of your relationship to the PPT staff person who sexually abused you on the island of Hispaniola.

## What if I am a Minor or the Settlement Class Member passed away?

If the Settlement Class Member is a minor, is unable to complete the Claim Form because they are a protected person under Connecticut law, or is deceased or died after the Class Action was filed on July 1, 2018, the minor's parent, a duly appointed guardian ad litem or executor, executrix, administrator or administratrix or equivalent duly appointed general

representative may complete the Claim Form for the minor, protected person or deceased person.

## I need help completing my Claim Form, what Should I do?

For free help completing your Claim Form go to the Claims Facilitator's office anytime from [dates & hours of operation]. The office is located at:

[Address]
[City] [ST] [Zip]

## What Happens after I Submit a Claim Form?

If you submit a Claim Form, the Claims Administrator, and Claims Assessor have the right to verify the validity and accuracy of your Claim Form and the documents you provide to support your claim. If your Claim Form is considered valid, you will be later notified of the amount of your settlement money.

If your Claim Form or supporting documents are found to be invalid or insufficient, written notification will be mailed to the address you provided. You will then have thirty days to correct the problems with your claim. If you do not return your corrected Claim Form by the deadline due to disruption of mail service or inability to deliver mail to you or from you, you will not receive a deadline extension. Class Counsel will not receive hand delivered copies of any Claim Forms or supporting documentation. If you deliver a Claim Form or documentation to Class Counsel it will not be submitted.

## How Do I Object to the Settlement?

If you are a Settlement Class Member and you do not opt out of the settlement, you may object to the settlement if you don't like something about it. To object, you must submit a written letter stating that you object to the settlement in *Gesner Lecenat et. al v. Douglas Perlitz, et al.*, Case No. 3:13-cv-01633 (RNC). Your objection letter must include: (1) your name, address, telephone number; (2) the reasons why you object to the settlement; (3) any documents or other material you want the Court to consider in support of your objection; (3) proof that you qualify as a Settlement Class Member, such as papers or photographs documenting you attended PPT; (4) a statement whether your objection applies only to yourself, the entire class, a specific subset of the class. Submit your objection and supporting documentation by mail, email, online or at the Claims Facilitator's office.

1) Mail your objection and supporting documentation postmarked by [DATE]to:

PERLITZ LITIGATION CLASS SETTLEMENT
c/o *** Consulting
[Address]
[City] [ST] [Zip]

2) Email your objection and supporting documentation by [DATE]to [Email address];

3) Upload your objection and supporting documentation by [DATE] at [Website Address]; or

4) Submit your objection and supporting documentation by [DATE]to the Claims Facilitator at:

Unless the Court directs otherwise, any Settlement Class Member who fails to serve a written objection as described above will ***not*** be entitled to object to the approval of the settlement, to object to the judgment to be entered, or to be heard at the Final Approval Hearing.  Unless otherwise ordered by the Court, any Settlement Class Member who does not make his or her objection in the manner provided in this Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement, and to the award of attorneys' fees and expenses to Class Counsel.

## Can I speak in Court about my Objection?

Yes, you may ask to present an argument to the Court concerning your objection at the Final Approval Hearing, but it is not required. To address the Court in person at the Final Approval Hearing, you must submit a Notice of Appearance and Intent to Present Argument with the Court, and if you require an interpreter, you must provide the name of your court approved interpreter.  These materials, along with your written objection, must be filed with the Court in the format required by the Court and mailed to Class Counsel and to the Claims Administrator at the following addresses postmarked no later than [**DATE**].

| United States District Court, District of Connecticut 450 Main Street Hartford, CT 06103 | PERLITZ LITIGATION CLASS SETTLEMENT c/o *** Consulting [Address] [City] [ST] [Zip] | [Class Counsel] [Address] [City] [ST] [Zip] |
|---|---|---|

## How do I opt out of the Settlement?

If you don't want to receive any settlement money and you do not want to be bound by any orders or judgements of the Court in the settlement you must opt out of the settlement. To do so, you must prepare a written Request for Exclusion stating in English or Haitian Kreyol:

> "I want to be excluded from the Settlement Class in the Perlitz Class Action Litigation."

Your Request for Exclusion must also (1) include your name, current mailing address and telephone number, and (2) be in writing and signed and dated by you. Your Request for Exclusion must be in proper format and be prepared by you, not by anyone on your behalf (unless you are a minor, protected person or the Settlement Class Member is deceased. To be valid, your Request for Exclusion must be submitted by mail, email, online or at the Claims Facilitator's office to the Claims Administrator no later than [**DATE**].

1) Mail your Request for Exclusion postmarked by [DATE]to:

PERLITZ LITIGATION CLASS SETTLEMENT
c/o *** Consulting
[Address]
[City] [ST] [Zip]

2) Email your Request for Exclusion by [DATE]to [Email address];

3) Upload your Request for Exclusion by [DATE] at [Website Address]; or

4) Submit your Request for Exclusion by [DATE]to the Claims Facilitator at:

[Address]
[City] [ST] [Zip]

Any Request for Exclusion sent by mail must be actually received by the Claims Administrator no later than three days after [DATE]. If you do not submit your Request for Exclusion by the deadline due to disruption of mail service or inability to deliver mail to you or from you, you will <u>not</u> receive a deadline extension. Class Counsel will <u>not</u> receive hand delivered copies of any Requests for Exclusion. If you deliver a Request for Exclusion to Class Counsel it will <u>not</u> be submitted. You will not be excluded from the settlement if your Request for Exclusion is not submitted on time. You are not required to opt out from the settlement to refuse or forego any money payment to which you may be entitled under the settlement.

## <u>What happens if I don't do anything?</u>

If you are a Settlement Class Member and you do not do anything in response to this Notice—meaning you do not submit a Claim Form or a Request for Exclusion—you will not receive any settlement money and you will be bound by any final judgment approving the proposed settlement.

## <u>What rights am I giving up in Exchange for the Settlement?</u>

Unless you opt out of the settlement by filing a valid Request for Exclusion, you are agreeing to release the Defendants and related parties for any and all claims that are or could have been made in these lawsuits and are resolved and released by the Settlement Agreement. Generally, you are giving up your right to be part of any other lawsuit against any of the Defendants or related parties for the claims that this settlement resolves.

Included in the Settlement Agreement is something called a "Release of Claims." The Release paragraphs in the Settlement Agreement describes the exact Claims you give up in exchange for the settlement. You should carefully read the Release of Claims in Paragraph III.G of the Settlement Agreement and consider speaking to your personal attorney, if you are already represented, or to an attorney of your choice, at your own expense.

You may inspect a copy of the Settlement Agreement and other settlement documents, all of which have been filed with the Court and are available at www.[website].com.

## <u>Who Represents the Settlement Class?</u>

The Court has appointed Gesner Lecenat and Jason Maxwel Deriza as Class Representatives to represent the Settlement Class. The Court has also appointed the following attorneys to represent the Settlement Class as Class Counsel for the purposes of settlement of this lawsuit:

| | |
|---|---|
| Paul Hanly and Jayne Conroy | Mitchell Garabedian |
| Simmons Hanly Conroy LLC | Law Offices of Mitchell Garabedian |
| One Court Street | 100 State Street, 6th Floor |
| Alton, IL 62002 USA | Boston, MA 02109 USA |

## How will the Attorneys be Paid?

Class Counsel will be paid attorneys' fees and expenses from the Settlement Fund. These amounts will be automatically deducted from your settlement money before it is sent to you. You will <u>not</u> be required to pay these attorneys out of pocket for their services representing the Settlement Class in this lawsuit.  You have the right to hire your own attorney in this matter, but if you do, you will be responsible for paying that attorney. It is not necessary for you to hire your own attorney to get settlement money or opt out of the settlement.

## How much will the Attorneys be paid?

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to 33.33% percent of the Settlement Fund consistent with the provisions of Connecticut General Statutes, § 52-251c *plus* reimbursement of expenses. The attorneys' fees and expenses awarded by the Court will be paid out of the Settlement Fund before making payments to Settlement Class Members who submit valid Claim Forms.

## *FINAL APPROVAL OF SETTLEMENT*

## When Will the Court Decide Whether to Give Final Approval to the Settlement?

The Court will hold a Final Approval Hearing on [DATE], at [TIME], in Courtroom 228 of the United States District Court, District of Connecticut, located at 450 Main Street, Hartford, Connecticut, before the Honorable Judge Robert N. Chatigny, presiding (or his duly appointed successor), to determine whether the proposed settlement is fair, reasonable, and adequate. The date is subject to change. You are not required to attend the hearing either to participate in the settlement or to exclude yourself from the settlement, but you may attend the hearing at your own expense.

## Want more Information?

This Notice is only a summary of the proposed settlement. For more information, go to web address], where you can find additional details about the settlement and download relevant forms.  If you have any questions call the Claims Facilitator at _____. The Claims Facilitator either speaks fluent Haitian Kreyol or is working with an interpreter who does. The Claims Facilitator has been appointed to assist Settlement Class Members in filling out and submitting Claims Forms.

Pleadings and other papers filed in these lawsuits are also available for inspection and/or copying at the Court.

This Notice is not intended to, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the lawsuit, the merits of the claims or defenses asserted, or of the proposed settlement.  This Notice is simply to advise you of the pendency of the lawsuit, the terms of the proposed settlement, and your rights in connection with the proposed settlement and claims process.

**DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THE SETTLEMENT.  THEY WILL <u>NOT</u> BE ABLE TO HELP YOU.**

EXHIBIT E

| | |
|---|---|
| GESNER LECENAT a/k/a LECENAT GESNER JASON MAXWEL DERIZA a/k/a DERIZA JASON MAXWEL a/k/a JASON MAXWEL DERIZARD a/k/a DERIZARD JASON MAXWEL, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>DOUGLAS PERLITZ et al.,<br><br>        Defendants. | Civil Action No.:<br>3:13-cv-01633-RNC<br>3:14-cv-00668-RNC<br><br><br><br><br><br><br>                        , 201_ |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiffs, Gesner Lecenat a/k/a Lecenat Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxel Derizard a/k/a Derizard Jason Maxwel, by and through their counsel, having moved this Court pursuant to Fed. R. Civ. P. 23 for a preliminary approval of a proposed Class Settlement in accordance with the terms of the Settlement Agreement submitted to this Court; the Court having read and considered the Settlement Agreement, and Defendants Father Paul E. Carrier, S.J.; Hope E. Carter; Fairfield University; The Society of Jesus of New England, Inc., and Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., Inc. a/k/a Order of Malta, American Association USA (collectively "Defendants") having consented to the entry of this Order,

I<small>T</small> I<small>S</small> H<small>EREBY</small> O<small>RDERED</small>:

1.     The Settlement Agreement, and all of its terms and conditions, is preliminarily approved as fair, just, reasonable and adequate, subject to further consideration at a final approval hearing (the "Final Approval Hearing"). All capitalized terms not otherwise defined herein shall have the same meaning as in the Settlement Agreement.

2.     For purposes of settlement only, the Court conditionally certifies the Settlement Class consisting of:

> All persons who, during the Class Period, were subject to Sexual Abuse on the island of Hispaniola by Douglas Perlitz, Father Carrier, or any other person affiliated with the school, programs, facilities, or orphanage commonly known as "Project Pierre Toussaint" or "PPT" and who claim that such Sexual Abuse was caused by or related to any act or omission of any Defendant.

Excluded from the Settlement Class are all persons who settled their claims in the cases consolidated with *Jean-Charles v. Perlitz,* No. 3:11-cv-00614-RNC, or in connection with those consolidated cases; and all persons who made claims in the Action and as to whom all such claims were dismissed. For purposes of this Settlement Class definition, "Class Period" means the period from January 1, 1996 through July 1, 2009; "Sexual Abuse" means all forms of sexual-related contact, molestation, touching, fondling, behavior, activity, interaction, exploitation, coercion, threats, and/or grooming; included in this definition are physical assault and/or battery in connection with such abuse and "Action" means the above-captioned proceedings, along with all of the cases consolidated with them.

3.     The Court finds, subject to the Final Approval Hearing and solely within the context of and for the purposes of settlement, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Settlement Class is so numerous that joinder of all members is impracticable; there are

questions of fact and law common to the Settlement Class (*e.g.*, whether Defendant are liable for any Sexual Abuse covered by the Settlement Class); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

4.     If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification will be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification.  If that happens, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement may be considered as a factor in connection with any class certification issue(s).

5.     For purposes of settlement only, the Court appoints Plaintiffs, Gesner Lecenat a/k/a Lecenant Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a Derizard Jason Maxwel as Representative Plaintiffs. The Court further appoints Simmons Hanly Conroy and Law Offices of Mitchell Garabedian as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Gesner Lecenat and Maxwel Deriza will adequately protect the interests of the Settlement Class.

6.     The Court appoints KCC as the Claims Administrator pursuant to Fed. R. Civ. P. 53(c) to supervise and administer the notice as well as the processing of claims in accordance with the terms of the Settlement Agreement. The fees of the Claims Administrator shall be paid from the Settlement Administration Fund.  If the total cost of Claims Administration exceeds the amount included in the Settlement Administration

Fund, any additional costs of Claims Administration shall be paid out of the Settlement Fund. If, at the conclusion of the Claims Administration process, the Settlement Administration Fund has not been fully exhausted, the balance remaining in the Settlement Administration Fund shall be returned to the Defendants.

7.     The Court approves the form and content of the Class Notice and Radio Publication Notice, attached to the Settlement Agreement as Exhibits D and F, and the Poster Notice attached as Exhibit __ to the motion for preliminary approval of the Settlement Agreement, and directs that Class Counsel and the Claims Administrator shall serve same upon the Settlement Class Members (by radio broadcast publication, poster publication and by website as set forth in the express terms of the Settlement Agreement) no later than _____.  The Court finds that service of the Class Notice, Radio Publication Notice and Poster Notice in this manner constitutes the best notice practicable under the circumstances to Settlement Class Members, and complies fully with the provisions set forth in Federal Rules of Civil Procedure, Rule 23, and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.  The Court further finds that the Class Notice, Radio Publication Notice and Poster Notice clearly and concisely inform the Settlement Class Members of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Rule 23. The Court authorizes the parties, through their counsel, to make non-substantive changes upon which they agree to the Class Notice, Radio Publication Notice and/or Poster Notice as may be required.

8.     The Court approves the form and content of the Claim Forms attached to the Settlement Agreement as Exhibit A, B and C.

9.     Settlement Class Members must submit completed Claim Forms to participate in the settlement by the Final Claims Bar Date, which is _____.

10.    As set forth in the Class Notice, the Settlement Class Members shall be

afforded the right to either opt out from or object to the final approval of this Settlement Agreement.

11.     Settlement Class Members shall have until _____ to opt out of the Settlement Class.  Any Settlement Class Member who opts out shall be excluded from the Settlement Class, and shall have no rights under the Settlement Agreement.  A request for exclusion must be in writing and state the Settlement Class Member's name, address and telephone number and state in English or Haitian Kreyol that the Settlement Class Member wants to be excluded from the Settlement Class in the Perlitz Class Action Litigation.  The request must be signed by the Settlement Class Member, dated and submitted according to the directions provided in the Class Notice by _____.

12.     All Settlement Class Members who do not opt-out shall have until _____ to object to the proposed settlement.  Only Settlement Class Members shall have the right to object to the settlement.  If a Settlement Class Member seeks to object, the procedure and requirements to do so are fully set forth in the Class Notice. To do so, the Settlement Class Member must submit: (1) a written statement in proper format explaining the objection(s) with specificity signed by the Settlement Class Member and identifying the name, address, telephone number of the person objecting; (2) any documents or other material the Settlement Class Member wants the Court to consider in support of the objection; (3) proof that the Settlement Class Member qualifies as a Settlement Class Member; (4) a statement whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or to the entire Settlement Class.  The objection must be filed with the Court on or before _____; and be mailed to the Claims Administrator and Class Counsel at the addresses set forth in the Class Notice.  Any Settlement Class Member objecting to Final Approval of the Settlement Agreement may, but need not, appear at the Final Approval Hearing, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's choice.  Any Settlement Class Member who fails to timely object in the manner

prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action. At any time prior to the Final Approval Hearing, Class Counsel and Defendants shall have the right to respond in writing to any objections timely received.

13.     The Final Approval Hearing shall be held before this Court on _____, 2019 at _____ at which time the Court will consider the entry of the Final Approval Order and will determine any amount of fees and costs that should be awarded to Class Counsel. Any Settlement Class Member may, but need not, appear at the Final Approval Hearing, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's choice and at the Settlement Class Member's own expense. Each Settlement Class Member who intends to appear at the Final Approval Hearing must file a Notice of Appearance with the Court within fourteen (14) calendar days prior to the Final Approval Hearing. If a Settlement Class Member, individually or through an attorney, intends to address the Court at the Final Approval Hearing in a language other than English, the Settlement Class Member must identify a court-approved interpreter in the Notice of Appearance. Notice of any such appearance shall be served, on or prior to the date of its filing, on the Claims Administrator. The Claims Administrator shall serve any such Notice of Appearance on Class Counsel and Defendants' Counsel within three (3) calendar days of receipt.

14.     All proceedings in *Gervil St. Louis et. al v. Douglas Perlitz et. al*, No. 3:13-cv-01132 (RNC), and all cases consolidated with it, are hereby stayed other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement. No discovery shall be permitted other than as may be directed by the Court upon the proper showing by the person seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules.

IT IS SO ORDERED.

Dated: _____       By:_____
                          The Honorable Judge Robert N. Chatigny
                          United States District Court
                          District of Connecticut

EXHIBIT F

## <u>RADIO NOTICE</u>

This is an important statement issued at the direction of the United States District Court for the District of Connecticut, regarding the settlement of lawsuits concerning Project Pierre Toussaint and reports of sexual abuse of students.

If you were sexually abused by Douglas Perlitz, or anyone at the Project Pierre Toussaint school or orphanage at any time from January 1, 1996 through July 1, 2009 you could get money from a class action settlement.

To get money you **<u>MUST</u>** submit a Claim Form by [date].

For complete details and a Claim Form go to [web address], call  [phone number] or visit [Address] [City] [ST] [Zip]. [repeat web address, phone number and address if time permits].

EXHIBIT G

**Exhibit G: Terms of Structured Settlements**[*]

**Periodic Payments**

The [company name] ("Life Company") agrees to make payments in the following manner:

Payee(s): _____("Payee" or "Qualifying Settlement Class Member")

Final annuity periodic payments (the "Periodic Payments") details outlined in the ChronoGraph.

All sums set forth herein constitute damages on account of physical personal injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**Payee's Rights to Payments**

The Qualifying Settlement Class Member may elect to have all, part, or none of his or her Settlement Payment paid in periodic payments through a structured settlement arrangement entered into prior to payment of such Settlement Payment. Any payment to be paid to the Qualifying Settlement Class Member to be so structured shall be paid from the Settlement Fund to an assignment company(ies) pursuant to the assignment and release agreements reasonably acceptable to the Claims Administrator ("Assignment Agreements"). The Qualifying Settlement Class Member has no present right to payment of any structured awards that are subject of Assignment Agreements. The Qualifying Settlement Class Member acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Qualifying Settlement Class Member or any Payee; nor shall the Qualifying Settlement Class Member or any Payee have the right or power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

Each Assignment Agreement shall have a clause that the Qualifying Settlement Class Member shall indemnify and hold harmless the Settlement Administrator administering the Settlement Fund. The Claims Administrator may execute documents and take such actions as

---

[*] Capitalized terms not otherwise defined in this document shall have the meanings ascribed to them in the Settlement Agreement.

may be necessary to effectuate the assignment and payment of Settlement Payments under any Assignment Agreement.

### Payee's Beneficiary

Any payments to be made after the death of the Payee, pursuant to the terms of this agreement shall be made to such person or entity as shall be designated in writing by the Payee to Metropolitan Tower Life Insurance Company. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to Metropolitan Tower Life Insurance Company. The designation must be in a form acceptable to Metropolitan Tower Life Insurance Company before such payments are made. The Payee may request in writing that Metropolitan Tower Life Insurance Company change the beneficiary designation under this agreement. Metropolitan Tower Life Insurance Company will do so but will not be liable, however, for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.

### Consent to Qualified Assignment

The Qualifying Settlement Class Member acknowledges and agrees that the Defendants, and/or the Insurer will make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendants' and/or the Insurer's liability to make the Periodic Payments set forth in the Periodic Payment to MetLife Assignment Company Inc. ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendants and/or the Insurer immediately preceding the assignment of the Periodic Payments obligation.

Any such assignment, if made, shall be accepted by the Qualifying Settlement Class Member without right of rejection and shall completely release and discharge the Defendants and the Insurer from the Periodic Payments obligation assigned to the Assignee. The Plaintiff recognizes that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendants and the Insurer shall thereupon become final, irrevocable and absolute.

**Right to Purchase an Annuity**

The Defendants and/or the Insurer, itself or through its Assignee, reserves the right to fund the liability to make the Periodic Payments through the purchase of annuity policy from Metropolitan Tower Life Insurance Company ("the Life Company"). The Defendants, the Insurer or the Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Defendants, the Insurer or the Assignee may have Metropolitan Tower Life Insurance Company mail payments directly to the Payee(s). The Qualifying Settlement Class Member shall be responsible for maintaining a current mailing address for Payee(s) with Metropolitan Tower Life Insurance Company.

**Discharge of Obligation**

The liability and obligation assumed by Assignee to make each of the payments in the amount and at the time set forth in the Periodic Payment Section of this agreement shall be discharged pro tanto upon payment of each amount specified in this agreement. Each payment contemplated in this agreement shall be deemed made upon the mailing of a valid check or electronic transfer in the amount due to the address or bank account so designated in writing by said Payee. If said Payee notifies Assignee that any check so mailed was not received and upon receipt of written notification, Assignee shall direct the Annuity Issuer to initiate a stop payment action for such check and upon confirmation that such check was not previously negotiated shall promptly have the Annuity Issuer issue and mail a replacement check. If said Payee notifies Assignee that any scheduled EFT payment was not received and upon receipt of written notification, Assignee shall direct the Annuity Issuer to initiate a trace for such payment and upon confirmation that such payment was not credited to the account shall promptly have the Annuity Issuer issue an EFT replacement.

Qualifying Settlement Class Member:_____

Signature: _____

EXHIBIT H

List of Vetted Settlement Class Members
c/o Simmons Hanly Conroy
Perlitz Litigation
One Court Street, Alton, IL 62002

|  | **Name** |
|---|---|
| 1 | Christophe Faustin |
| 2 | Dieu-Dabel Bernard |
| 3 | Dorat Jean (Doratet) |
| 4 | Eliodor Fleuridor |
| 5 | Emile Jean-Pierre |
| 6 | Jacques Mackenson |
| 7 | Jamesly Guillaume |
| 8 | Jasmin Joseph |
| 9 | Jason Maxwell Deriza |
| 10 | Jean Moise Emile |
| 11 | Jheempson Brismac Joseph |
| 12 | Jose Bernardin |
| 13 | Kensley Previl |
| 14 | Louis Saint Cirin a/k/a Louis Saincirin |
| 15 | Luccé Calixte |
| 16 | Papouche Fils-Aime |
| 17 | Raynel Odilbert |
| 18 | Wisky Jerome |
| 19 | Geffrard Lecenat |
| 20 | Gesner Lecenat |
| 21 | Ilguens Jean |
| 22 | Johnson Audate |
| 23 | Watsonne (Wadson) Dorcine |
| 24 | Emmanuel Pierre |
| 25 | Gervil St. Louis |
| 26 | Mackenson Bien-Aimé |
| 27 | Joel Albert |
| 28 | Daphélus Baptiste |
| 29 | Eliphete Alibert |

| 30 | Erlick Benjamin |
|----|-----------------|
| 31 | Robens Pierre (DOB: December 4 1991) |
| 32 | Felix Pierre (Wilnaud Pierre) |
| 33 | Angelo Compere |
| 34 | Bernard Michel |
| 35 | Bien Aime Robenson |
| 36 | Franto Edmond |
| 37 | Fritzson Pierre |
| 38 | Gary Francois |
| 39 | Herby Francois |
| 40 | Jonas Estacin |
| 41 | Nickenson Alcinord |
| 42 | Philodin Telmir |
| 43 | Wendy Derice a/k/a Wendy Deruce |
| 44 | Benson Derilien |
| 45 | Guisman Pierre |
| 46 | Jocelyn (Joselyn) Frezin |
| 47 | Johnny Alcy |
| 48 | Mackinson Papillon |
| 49 | Paul Péniel |
| 50 | Wesley Jean Noel |
| 51 | Peterson Augustin |
| 52 | Antoine Charles |
| 53 | Antoinnier Orvillus |
| 54 | Arly Innosant |
| 55 | Chanel Daméus aka Channel Dameus |
| 56 | Edson Darcenis |
| 57 | Eliphete Adrien |
| 58 | Elivain Jean Francois |

| | |
|---|---|
| 59 | Elvio Lucien (Elviot Lucien) |
| 60 | Emmanuel Toussaint |
| 61 | Extra Pierre |
| 62 | Jaccin Gilles a/k/a Jackson Gilles |
| 63 | James Fenelon |
| 64 | Jean Jacques |
| 65 | Jean-Louis Pierre |
| 66 | Jeffeley Saint-Fleur |
| 67 | Jocelyn Joseph |
| 68 | Jonas Jean |
| 69 | Jonas Saint Juste |
| 70 | Jose Derval |
| 71 | Joseph Jidens |
| 72 | Jules Josme |
| 73 | Kenson Cheri |
| 74 | Lucny Joasil |
| 75 | Maken Michel |
| 76 | Makenson Dupassé |
| 77 | Milvoy Lubrin |
| 78 | Ocelyn Almonor |
| 79 | Patrick Jean (DOB: 4/16/90) |
| 80 | Philogene Nicken |
| 81 | Philogéne Nickenson |
| 82 | Vanel Nazaire aka Mazaire |
| 83 | Victor Derizard |
| 84 | Wilson Joseph |
| 85 | Wismond Joseph Edouard |
| 86 | Abdias Bel-Enfant |
| 87 | Ami Watson |

| 88 | Andy Laurent |
|---|---|
| 89 | Bessard Guilmy |
| 90 | Blaise Jean aka Blaise Jean Baptiste |
| 91 | Derisseau Fredlin |
| 92 | Donald Jean |
| 93 | Etienne Policarp |
| 94 | Frantzdy Mathieu |
| 95 | Frito Innocent |
| 96 | Garry Dolcine |
| 97 | Guivenel Metellus |
| 98 | Jackson Jean-Charles |
| 99 | Jackson Saint Julien |
| 100 | Jameson St. Julien |
| 101 | Jonas Sylvestre |
| 102 | Joseph Ovelt |
| 103 | Juderson Mauricet |
| 104 | Junior Etienne |
| 105 | Junior Jean Baptiste |
| 106 | Kelly Joseph |
| 107 | Morian Justilien Peterson Pierre (Carinage Name) |
| 108 | Myrtho Saintilmon |
| 109 | Nicodéme Dolcé |
| 110 | Patrick Jean (born 12/15/84) |
| 111 | Peterson Succeda |
| 112 | Pierre Evenson |
| 113 | Pierre Lormilus |
| 114 | Pierre Michel |
| 115 | Pierre Richard Alcide |
| 116 | Ricardo Toussaint |

| 117 | Roudely Jacques |
| 118 | Samuel Floreal |
| 119 | Sebien Presendieu |
| 120 | Wenson Dalusma |
| 121 | Wilfrid Cadet |
| 122 | Wilguens Pierre |
| 123 | Wilnot Joseph |
| 124 | Yves Cadet |
| 125 | Edlyn Jean Baptiste |
| 126 | Gogory Pierre |
| 127 | Jameson Norelieu |
| 128 | Jeff Bazile |
| 129 | Joblin Augustin |
| 130 | Joseph Jean-Pierre aka Jean Pierre Joseph |
| 131 | Livenston Augustin |
| 132 | Pedro St. Julien |
| 133 | Wilbert Joseph |

# EXHIBIT I

# ACKNOWLEDGMENT FORM –
## *To be executed upon receipt of Initial Distribution or Settlement Payment*

_____ I personally acknowledge and re-affirm that the Claim Form submitted on my behalf by my attorney on [date], was and remains true and accurate.

_____ I acknowledge and agree that this settlement, as set forth in the Settlement Agreement, will be my only and exclusive remedy for any and all Claims that I may have against the Defendants or other Released Parties.

_____ I acknowledge that, in exchange for an equal share of the monies remaining in the Settlement Fund after subtraction of attorneys' fees and expenses, as identified below, and as more fully set forth in the Settlement Agreement, I fully and finally release, remise, acquit and forever discharge all Defendants and other Released Parties from all Claims. I also expressly covenant, agree and acknowledge that: (i) Defendants and all other Released Parties will not be subject to liability or expense of any kind with respect to my Claims; (ii) I will be permanently barred from initiating, asserting, litigating, and/or prosecuting any and all Claims against the Defendants and the Released Parties in any federal or state court in the United States or in any other tribunal or administrative or adjudicative body in any jurisdiction in the world; (iii) I will not directly or indirectly, commence, file, initiate, institute, prosecute, maintain, support, or consent to any action or proceedings against any of the Released Parties in any way arising out of, related to, or in connection with the Claims; and (iv) I will not be a recipient or beneficiary, directly or indirectly, of any other financial or other benefit relating to any such action or proceeding, in any jurisdiction anywhere in the world.

_____ I acknowledge and agree that each Qualifying Settlement Class Member is to receive an equal percentage of the total monies to be paid to all Qualifying Settlement Class Members after subtracting Class Counsel's attorneys' fees and all expenses paid by Class Counsel. I further acknowledge and agree that, in connection with this settlement, Class Counsel will be receiving legal fees and reimbursement for expenses as approved by the Court on [insert date], and I am aware of the contents of that Order.

_____ I acknowledge and agree that: (i) I have reviewed the terms of this Acknowledgement and the terms of the Settlement Agreement with my attorneys; and (ii) I understand the terms of these documents and understand the effects that these documents will have on my legal rights.

_____ I acknowledge and agree that I have signed this Acknowledgement and have participated in this settlement freely, voluntarily, and without duress or coercion.

I certify, declare, state and or verify **under penalty of perjury** under the laws of the United States of America that the foregoing statement and all the information supplied in the Claim Form previously submitted on my behalf are true and correct to the best of my recollection, knowledge, and belief, and that this form was executed on the date set forth below.

Dated _____, 2019

# ACKNOWLEDGMENT FORM –
## To be executed upon receipt of Initial Distribution or Settlement Payment

_____
Name

Perlitz Litigation Class Settlement
c/o [Claims Administrator]
[Address]

EXHIBIT J

# RELEASE

In consideration of payment as approved by the United States District Court for the District of Connecticut, and other good and valuable consideration, and effective automatically upon the Effective Date, as defined in a certain Settlement Agreement entered into among the parties to the action styled *Lecenat et ano. v. Perlitz et al.*, Civil Action No.: 3:13-cv-01633-RNC (D. Ct.) (the "Action"), Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a Derizard Jason Maxwel ("Releasor") for himself, and his successors and assigns, fully and finally releases, remises, acquits, and forever discharges the Released Parties, as defined below, from all Claims, as defined below.

As used in this Release, "Released Parties" means: Father Paul E. Carrier; Hope Carter; Fairfield University; The Haiti Fund, Inc.; The Society of Jesus of New England, Inc.; Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., Inc. a/k/a Order of Malta, American Association USA; Douglas Perlitz; the USA Northeast Province of the Society of Jesus; the New York Province of the Society of Jesus; the Southern Province of the Society of Jesus; the Province of French Canada of the Society of Jesus; and all of their past, present, and future parent companies, subsidiaries, affiliated entities, organizations, companies, divisions, joint ventures, ecclesiastical subdivisions, societies, affiliated provinces, schools, parishes, directors, trustees, officers, shareholders, members, priests, religious, employees, agents (actual or apparent), volunteers, attorneys, insurers, heirs, executors, personal representatives and successors.

As used in this Release, "Claims" means any and all actual and potential claims, complaints, demands, debts, obligations, judgments, suits, actions, causes of actions, damages, grievances, liens, losses, controversies, agreements, promises, obligations, costs, attorneys' fees, rights, fines, penalties, expenses, or assessment of any nature whatsoever, any other liabilities of any sort and description, direct or indirect, at law, in

1

equity, or otherwise, fixed or contingent, known or unknown, suspected or unsuspected, and whether or not liquidated, including claims based on any type or kind of loss, injury, or liability whatsoever, that the Releasor has asserted in the Action, could have asserted, or could assert at any time in the future against the Released Parties, based upon acts or omissions occurring at any time up to the Effective Date that may have resulted in damages or which may result in future damage or injuries of any type or kind, whether such damages or injuries occur before or after the Effective Date.

The Releasor hereby acknowledges that the purpose of this Release is to resolve and release any and all Claims that the Releasor has or could have against any person or entity arising out of or related to the alleged conduct that forms the basis of the Claims against the Released Parties, and, accordingly, this Release extends to and protects any other persons or entities whether or not employed by or affiliated with the Released Parties with regard to any claims arising out of or related to the alleged conduct that forms the basis of the Claims against the Released Parties.

The Releasor hereby declares and represents that he has no outstanding liens, rights of reimbursement, or rights of subrogation affecting his ability to settle his claims, or, if any such liens or rights exist, that they will be the sole responsibility of the Releasor, who shall satisfy such liens or rights. The Releasor further declares and represents that all bills and expenses for medical services, hospital services, doctor services, counseling services, medications and medicines, including, but not limited to, benefits received from any public or private person or entity, benefits received from any State Children's Health Insurance Programs and/or Medicaid benefits (or their substantial equivalents), have been or will be paid in full by him, and that he will hold the Released Parties harmless of and from any and all liens or claims by public or private service providers and/or benefit providers.

The Releasor hereby consents and agrees to defend, indemnify and hold the Released Parties, collectively and individually, harmless from and against any now

2

pending or subsequently initiated suits, claims, proceedings, subrogations, liens, judgments, costs or expenses of any kind, including but not limited to attorneys' fees, contribution and/or indemnification of any person or organization, arising out of, in connection with or relating to medical services, hospital services, doctor services, counseling services, health care professional services, laboratory services, medications and/or medicines arising out of, in connection with or relating to the Claims and/or the incidents giving rise to them.

In addition to claims for medical services, hospital services, doctor services, counseling services, health care professional services, laboratory services, medications and/or medicines, the Releasor also hereby consents and agrees to hold the Released Parties, collectively and individually, harmless from and against any now pending or subsequently initiated suits, claims, proceedings, subrogations, liens, judgments, costs or expenses of any kind, including but not limited to attorneys' fees, and/or contribution of any other person or organization, arising out of, in connection with or relating to any judgment, assertion, or settlement of any claim by or on behalf of the Releasor, arising out of, in connection with or relating to (i) the incidents or conduct currently alleged or that could have been alleged in the Action and Claims referenced above, (ii) the injuries or damages allegedly sustained by the Releasor, and /or (iii) the Claims. The Releasor further also specifically agrees to hold the Released Parties, collectively and individually, harmless from and against any claim, proceeding and/or suit of any kind asserted by or on behalf of the Releasor arising out of or relating to the Claims and/or the incidents giving rise to them.

The Releasor hereby represents that, in entering into this Release, he has obtained the advice of legal counsel and has entered into this Release freely, voluntarily, and without duress or coercion.  The Releasor represents and warrants that he is the sole and lawful owner of all rights, title, and interest in and to all of his Claims released herein, that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any

Claims, and that he is not aware of any reason why he cannot release any and all of his Claims. The Releasor hereby declares and represents that the injuries arising from or relating to his Claims may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and that, in executing into this Release, each Releasor expressly understands and agrees that he relies upon his own judgment, belief, and knowledge of the nature, extent and duration of his injuries and damage.

As set forth in the Settlement Agreement, this Release shall be governed in all respects by Connecticut law.

The Releasor acknowledges that, prior to his execution of this Release, the Release was read aloud to him in full in Haitien Kreyol by an interpreter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of November, 2018

_____
Jason Maxwel Deriza a/k/a Deriza Jason Maxwel
a/k/a Jason Maxwel Derizard a/k/a Derizard Jason
Maxwel

Witnessed by:

_____
(print name)

**RELEASE**

In consideration of payment as approved by the United States District Court for the District of Connecticut, and other good and valuable consideration, and effective automatically upon the Effective Date, as defined in a certain Settlement Agreement entered into among the parties to the action styled *Lecenat et ano. v. Perlitz et al.*, Civil Action No.: 3:13-cv-01633-RNC (D. Ct.) (the "Action"), Gesner Lecenat a/k/a Lecenat Gesner] ("Releasor") for himself, and his successors and assigns, fully and finally releases, remises, acquits, and forever discharges the Released Parties, as defined below, from all Claims, as defined below.

As used in this Release, "Released Parties" means: Father Paul E. Carrier; Hope Carter; Fairfield University; The Haiti Fund, Inc.; The Society of Jesus of New England, Inc.; Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., Inc. a/k/a Order of Malta, American Association USA; Douglas Perlitz; the USA Northeast Province of the Society of Jesus; the New York Province of the Society of Jesus; the Southern Province of the Society of Jesus; the Province of French Canada of the Society of Jesus; and all of their past, present, and future parent companies, subsidiaries, affiliated entities, organizations, companies, divisions, joint ventures, ecclesiastical subdivisions, societies, affiliated provinces, schools, parishes, directors, trustees, officers, shareholders, members, priests, religious, employees, agents (actual or apparent), volunteers, attorneys, insurers, heirs, executors, personal representatives and successors.

As used in this Release, "Claims" means any and all actual and potential claims, complaints, demands, debts, obligations, judgments, suits, actions, causes of actions, damages, grievances, liens, losses, controversies, agreements, promises, obligations, costs, attorneys' fees, rights, fines, penalties, expenses, or assessment of any nature whatsoever, any other liabilities of any sort and description, direct or indirect, at law, in equity, or otherwise, fixed or contingent, known or unknown, suspected or unsuspected,

1

and whether or not liquidated, including claims based on any type or kind of loss, injury, or liability whatsoever, that the Releasor has asserted in the Action, could have asserted, or could assert at any time in the future against the Released Parties, based upon acts or omissions occurring at any time up to the Effective Date that may have resulted in damages or which may result in future damage or injuries of any type or kind, whether such damages or injuries occur before or after the Effective Date.

The Releasor hereby acknowledges that the purpose of this Release is to resolve and release any and all Claims that the Releasor has or could have against any person or entity arising out of or related to the alleged conduct that forms the basis of the Claims against the Released Parties, and, accordingly, this Release extends to and protects any other persons or entities whether or not employed by or affiliated with the Released Parties with regard to any claims arising out of or related to the alleged conduct that forms the basis of the Claims against the Released Parties.

The Releasor hereby declares and represents that he has no outstanding liens, rights of reimbursement, or rights of subrogation affecting his ability to settle his claims, or, if any such liens or rights exist, that they will be the sole responsibility of the Releasor, who shall satisfy such liens or rights. The Releasor further declares and represents that all bills and expenses for medical services, hospital services, doctor services, counseling services, medications and medicines, including, but not limited to, benefits received from any public or private person or entity, benefits received from any State Children's Health Insurance Programs and/or Medicaid benefits (or their substantial equivalents), have been or will be paid in full by him, and that he will hold the Released Parties harmless of and from any and all liens or claims by public or private service providers and/or benefit providers.

The Releasor hereby consents and agrees to defend, indemnify and hold the Released Parties, collectively and individually, harmless from and against any now pending or subsequently initiated suits, claims, proceedings, subrogations, liens,

judgments, costs or expenses of any kind, including but not limited to attorneys' fees, contribution and/or indemnification of any person or organization, arising out of, in connection with or relating to medical services, hospital services, doctor services, counseling services, health care professional services, laboratory services, medications and/or medicines arising out of, in connection with or relating to the Claims and/or the incidents giving rise to them.

In addition to claims for medical services, hospital services, doctor services, counseling services, health care professional services, laboratory services, medications and/or medicines, the Releasor also hereby consents and agrees to hold the Released Parties, collectively and individually, harmless from and against any now pending or subsequently initiated suits, claims, proceedings, subrogations, liens, judgments, costs or expenses of any kind, including but not limited to attorneys' fees, and/or contribution of any other person or organization, arising out of, in connection with or relating to any judgment, assertion, or settlement of any claim by or on behalf of the Releasor, arising out of, in connection with or relating to (i) the incidents or conduct currently alleged or that could have been alleged in the Action and Claims referenced above, (ii) the injuries or damages allegedly sustained by the Releasor, and /or (iii) the Claims. The Releasor further also specifically agrees to hold the Released Parties, collectively and individually, harmless from and against any claim, proceeding and/or suit of any kind asserted by or on behalf of the Releasor arising out of or relating to the Claims and/or the incidents giving rise to them.

The Releasor hereby represents that, in entering into this Release, he has obtained the advice of legal counsel and has entered into this Release freely, voluntarily, and without duress or coercion. The Releasor represents and warrants that he is the sole and lawful owner of all rights, title, and interest in and to all of his Claims released herein, that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any Claims, and that he is not aware of any reason why he cannot release any and all of his

Claims. The Releasor hereby declares and represents that the injuries arising from or relating to his Claims may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and that, in executing into this Release, each Releasor expressly understands and agrees that he relies upon his own judgment, belief, and knowledge of the nature, extent and duration of his injuries and damage.

As set forth in the Settlement Agreement, this Release shall be governed in all respects by Connecticut law.

The Releasor acknowledges that, prior to his execution of this Release, the Release was read aloud to him in full in Haitien Kreyol by an interpreter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of November, 2018

_____

Gesner Lecenat (a/k/a Lecenat Gesner)

Witnessed by:

_____

(print name)