UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GESNER LECENAT a/k/a LECENAT GESNER JASON MAXWEL DERIZA a/k/a DERIZA JASON MAXWEL a/k/a JASON MAXWEL DERIZARD a/k/a DERIZARD JASON MAXWEL, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOUGLAS PERLITZ et al.,<br><br>Defendants. | Civil Action No.:<br>3:13-cv-01633-RNC<br>3:14-cv-00668-RNC |



## [~~PROPOSED~~] PRELIMINARY APPROVAL ORDER

Plaintiffs, Gesner Lecenat a/k/a Lecenat Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxel Derizard a/k/a Derizard Jason Maxwel, by and through their counsel, having moved this Court pursuant to Fed. R. Civ. P. 23 for a preliminary approval of a proposed Class Settlement in accordance with the terms of the Settlement Agreement submitted to this Court; the Court having read and considered the Settlement Agreement, and Defendants Father Paul E. Carrier, S.J.; Hope E. Carter; Fairfield University; The Society of Jesus of New England, Inc., and Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A., Inc. a/k/a Order of Malta, American Association USA (collectively "Defendants") having consented to the entry of this Order,

IT IS HEREBY ORDERED:

1. The Settlement Agreement, and all of its terms and conditions, is preliminarily approved as fair, just, reasonable and adequate, subject to further consideration at a final approval hearing (the "Final Approval Hearing"). All capitalized

1

terms not otherwise defined herein shall have the same meaning as in the Settlement Agreement.

2. For purposes of settlement only, the Court conditionally certifies the Settlement Class consisting of:

> All persons who, during the Class Period, were subject to Sexual Abuse on the island of Hispaniola by Douglas Perlitz, Father Carrier, or any other person affiliated with the school, programs, facilities, or orphanage commonly known as "Project Pierre Toussaint" or "PPT" and who claim that such Sexual Abuse was caused by or related to any act or omission of any Defendant.

Excluded from the Settlement Class are all persons who settled their claims in the cases consolidated with *Jean-Charles v. Perlitz*, No. 3:11-cv-00614-RNC, or in connection with those consolidated cases; and all persons who made claims in the Action and as to whom all such claims were dismissed. For purposes of this Settlement Class definition, "Class Period" means the period from January 1, 1996 through July 1, 2009; "Sexual Abuse" means all forms of sexual-related contact, molestation, touching, fondling, behavior, activity, interaction, exploitation, coercion, threats, and/or grooming; included in this definition are physical assault and/or battery in connection with such abuse and "Action" means the above-captioned proceedings, along with all of the cases consolidated with them.

3. The Court finds, subject to the Final Approval Hearing and solely within the context of and for the purposes of settlement, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e.g.*, whether Defendants are liable for any Sexual Abuse covered by the Settlement Class); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the

members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

4. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification will be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification. If that happens, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement may be considered as a factor in connection with any class certification issue(s).

5. For purposes of settlement only, the Court appoints Plaintiffs, Gesner Lecenat a/k/a Lecenant Gesner and Jason Maxwel Deriza a/k/a Deriza Jason Maxwel a/k/a Jason Maxwel Derizard a/k/a Derizard Jason Maxwel as Representative Plaintiffs. The Court further appoints Simmons Hanly Conroy and Law Offices of Mitchell Garabedian as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Gesner Lecenat and Maxwel Deriza will adequately protect the interests of the Settlement Class.

6. The Court appoints KCC LCC as the Claims Administrator pursuant to Fed. R. Civ. P. 53(c) to supervise and administer the notice as well as the processing of claims in accordance with the terms of the Settlement Agreement.

7. The Court appoints Hon John M. Greaney (Ret.) to act as Claims Assessor with the duties and functions described in the Settlement Agreement.

8. The fees of the Claims Administrator and of the Claims Assessor shall be paid from the Settlement Administration Fund. If the total cost of Claims Administration, including the fees of the Claims Assessor, exceeds the amount included in the Settlement Administration Fund, any additional costs of Claims Administration shall be paid out of

the Settlement Fund. If, at the conclusion of the Claims Administration process, the Settlement Administration Fund has not been fully exhausted, the balance remaining in the Settlement Administration Fund shall be returned to the Defendants.

9. The Court approves the form and content of the Class Notice and Radio Publication Notice, attached hereto as Exhibit 1 and 2 (and to the Settlement Agreement as Exhibits D and F), and the Poster Notice attached hereto as Exhibit 3, and directs that Class Counsel and the Claims Administrator shall serve same upon the Settlement Class Members (by radio broadcast publication, poster publication, through newspaper publication, and by website as set forth in the express terms of the Settlement Agreement) no later than *March 29, 2019*. The Court finds that service of the Class Notice, Radio Publication Notice and Poster Notice in this manner, including newspaper publication as provided in III.E.3 of the Settlement Agreement, constitutes the best notice practicable under the circumstances to Settlement Class Members, and complies fully with the provisions set forth in Federal Rules of Civil Procedure, Rule 23, and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.  The Court further finds that the Class Notice, Radio Publication Notice and Poster Notice clearly and concisely inform the Settlement Class Members of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Rule 23. The Court authorizes the parties, through their counsel, to make non-substantive changes upon which they agree to the Class Notice, Radio Publication Notice and/or Poster Notice, and to the content of the notice that may appear in the newspaper, as may be required.

10. The Court approves the form and content of the Claim Forms attached hereto as Exhibits 4, 5, and 6 (and to the Settlement Agreement as Exhibit A, B, and B.).

11. Settlement Class Members must submit completed Claim Forms to participate in the settlement by the Final Claims Bar Date, which

4

is _May 13, 2019_.

12. As set forth in the Class Notice, the Settlement Class Members shall be afforded the right to either opt out from or object to the final approval of this Settlement Agreement.

13. Settlement Class Members shall have until _May 13, 2019_ to opt out of the Settlement Class. Any Settlement Class Member who opts out shall be excluded from the Settlement Class, and shall have no rights under the Settlement Agreement. A request for exclusion must be in writing and state the Settlement Class Member's name, address and telephone number and state in English or Haitian Kreyol that the Settlement Class Member wants to be excluded from the Settlement Class in the Perlitz Class Action Litigation. The request must be signed by the Settlement Class Member, dated and submitted according to the directions provided in the Class Notice by _May 13, 2019_.

14. All Settlement Class Members who do not opt-out shall have until _May 13, 2019_ to object to the proposed settlement. Only Settlement Class Members shall have the right to object to the settlement. If a Settlement Class Member seeks to object, the procedure and requirements to do so are fully set forth in the Class Notice. To do so, the Settlement Class Member must submit: (1) a written statement in proper format explaining the objection(s) with specificity signed by the Settlement Class Member and identifying the name, address, telephone number of the person objecting; (2) any documents or other material the Settlement Class Member wants the Court to consider in support of the objection; (3) proof that the Settlement Class Member qualifies as a Settlement Class Member; (4) a statement whether the objection applies only to the Settlement Class Member, a specific subset of the Settlement Class, or to the entire Settlement Class. The objection must be filed with the Court on or before _May 13, 2019_; and be mailed to the Claims Administrator and Class Counsel at the addresses set forth in the Class Notice. Any Settlement Class

Member objecting to Final Approval of the Settlement Agreement may, but need not, appear at the Final Approval Hearing, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's choice. Any Settlement Class Member who fails to timely object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action. At any time prior to the Final Approval Hearing, Class Counsel and Defendants shall have the right to respond in writing to any objections timely received.

15. The Final Approval Hearing shall be held before this Court on _June 5_, 2019 at _2:00_ at which time the Court will consider the entry of the Final Approval Order and will determine any amount of fees and costs that should be awarded to Class Counsel. Any Settlement Class Member may, but need not, appear at the Final Approval Hearing, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's choice and at the Settlement Class Member's own expense. Each Settlement Class Member who intends to appear at the Final Approval Hearing must file a Notice of Appearance with the Court within fourteen (14) calendar days prior to the Final Approval Hearing. If a Settlement Class Member, individually or through an attorney, intends to address the Court at the Final Approval Hearing in a language other than English, the Settlement Class Member must identify a court-approved interpreter in the Notice of Appearance. Notice of any such appearance shall be served, on or prior to the date of its filing, on the Claims Administrator. The Claims Administrator shall serve any such Notice of Appearance on Class Counsel and Defendants' Counsel within three (3) calendar days of receipt.

16. All proceedings in *Gervil St. Louis et. al v. Douglas Perlitz et. al*, No. 3:13-cv-01132 (RNC), and all cases consolidated with it, are hereby stayed other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement. No discovery shall be permitted other than as may be directed by the Court

upon the proper showing by the person seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules.

IT IS SO ORDERED.

Dated: February 11, 2019

By: /s/ Honorable Robert N. Chatigny
The Honorable Judge Robert N. Chatigny
United States District Court
District of Connecticut